| | |
|---|---|
| David C. Marcus (SBN 158704)<br>david.marcus@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>350 South Grand Avenue, Suite 2400<br>Los Angeles, California 90071<br>Tel: (213) 443-5312<br><br>Alan Schoenfeld (*pro hac vice*)<br>alan.schoenfeld@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Tel: (212) 937-7294<br><br>Allison Bingxue Que (SBN 324044)<br>allison.que@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Tel: (650) 858-6000<br><br>*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC* | Frank M. Pitre (SBN 100077)<br>fpitre@cpmlegal.com<br>COTCHETT PITRE & MCCARTHY LLP<br>840 Malcolm Road<br>Burlingame, CA 94010<br>Tel.: (650) 697-6000<br><br>*Attorneys for Plaintiffs Thomas LoSavio, Brenda Broussard and the Proposed Class*<br><br>Francis A. Bottini, Jr. (SBN 175783)<br>fbottini@bottinilaw.com<br>BOTTINI & BOTTINI, INC.<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>Tel.: (858) 914-2001<br><br>*Attorneys for Plaintiff Dominick Battiato and the Proposed Class*<br><br>David S. Casey, Jr. (SBN 060768)<br>dcasey@cglaw.com<br>CASEY GERRY SCHENK FRANCAVILLA<br>BLATT & PENFIELD LLP<br>110 Laurel Street<br>San Diego, CA 92101<br>Tel.: (619) 238-1811<br><br>*Attorneys for Plaintiffs Christopher Mallow, Jazmin Imaguchi and the Proposed Class* |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation** | Case No. 4:22-cv-05240-HSG<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Date:     January 3, 2023<br>Time:    2:00 p.m.<br>Judge:   Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2 – 4th Floor (via AT&T Conference) |

Pursuant to Local Civil Rule 16-9, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Conference Statement, and the Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. Nos. 4, 11), the parties submit this Joint Case Management Statement.

1. **JURISDICTION & SERVICE**

This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d), because certain Plaintiffs, putative class members, and Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collective, "Tesla" or "Defendants") are citizens of different states and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

Defendants have been served or have waived service of process. Defendants do not challenge personal jurisdiction.

**Plaintiffs:** The Court also has federal question jurisdiction over Plaintiffs' Magnuson-Moss Warranty Act claim under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

**Defendants:** Defendants have moved to compel enforcement of the arbitration agreement with Plaintiffs Brenda T. Broussard, Dominick Battiato, Christopher Mallow, and Jazmin Imaguchi and to stay their claims pending arbitration. Defendants have also moved to dismiss the Consolidated Class Action Complaint on various grounds, including that Plaintiff Thomas LoSavio has no standing to seek injunctive relief and that the Court has no subject matter jurisdiction over the MMWA claim because there are less than one hundred named plaintiffs in this case. ECF No. 30.

2. **FACTS**

**Plaintiffs:** Tesla is a car manufacturer whose vehicles are equipped with advanced driver assistance systems ("ADAS") technology. Tesla markets its ADAS technology as autonomous driving technology under names, including "Autopilot," "Enhanced Autopilot," and "Full Self-Driving Capability ("FSD"), the latter two which Tesla charges customers thousands of additional dollars above the vehicles base price. Plaintiffs bring this class action on behalf of

Tesla customers who were allegedly misled and deceived regarding the current and future capability of Tesla's ADAS technology and who suffered losses or harm as a result.

**Defendants:** For the sole purpose of Tesla's pending motion to dismiss, Tesla accepts all the pleaded facts as true (to the extent they do not contradict the facts that Tesla requests to be incorporated by reference or to be judicially noticed). Should this case survive the motion to dismiss and/or motion to compel arbitration, the scope of factual disputes will turn on the Court's ruling, and factual issues may include:

   a. Whether each Plaintiff knew his or her Tesla vehicle was not fully autonomous at the time of the purchase;
   b. Whether Tesla made any promise to each Plaintiff that his or her vehicle would become fully autonomous by a certain date;
   c. Whether each Plaintiff relied on any Tesla statement in purchasing his or her vehicle, and if so, which statement.

3. **LEGAL ISSUES**

At this stage, the primary legal issues in this action include the following:

   a. Which claims remain in Federal court and which claims, if any, are subject to arbitration
   b. Whether Plaintiffs Broussard, Battiato, Mallow, and Imaguchi should be compelled to arbitrate;
   c. Whether Plaintiffs have adequately pleaded each of their claims, which currently include, among other things, breach of express and implied warranties under both MMWA and California's Song-Beverly Act, fraud and deceit, negligence, negligent misrepresentation, unjust enrichment, as well as claims under California's Unfair Competition Law, Bus. & Prof Code Section 17200, *et seq.*, California's False Advertising Law, Cal. Bus & Prof. Code § 17500, *et seq.*, and the Consumer Legal Remedies Act, Civ. Code Section 1750, *et seq.*;
   d. Whether the Court has subject matter jurisdiction over Plaintiffs' request for injunctive relief and the MMWA claim;

e.  Whether Defendants have valid defenses;

                f.  Nature and extent of class wide damages; and

                g.  Whether class certification is appropriate.

4.  **MOTIONS**

    A.  **Pending Motions**

    On November 28, 2022, Defendants filed a Motion to Compel Arbitration and Stay Pending Arbitration and Motion to Dismiss. ECF No. 30. Plaintiffs' opposition to the motion is the due on December 28, 2022. Defendants' reply is due on January 12, 2023, and the hearing on the motion is set for March 23, 2023.

    B.  **Anticipated Motions**

    **Plaintiffs:** Plaintiffs anticipate filing a motion for class certification. If Defendants timely provide necessary class discovery, Plaintiffs anticipate filing a motion for class certification within 6 months after the pleadings are settled.

    **Defendants:** Defendant filed a Motion to Compel Arbitration and Stay Pending Arbitration and Motion to Dismiss. Should the case proceed beyond the pleading stage, Defendants preserve the right to file other motions, including a summary judgment motion on the named plaintiffs' claims.

5.  **AMENDMENT OF PLEADINGS**

    Plaintiffs contend that amendments to the complaint may be warranted after the Court's ruling on Defendants' motion to dismiss. The parties will work together to set a schedule for such amendments should it become necessary.

6.  **EVIDENCE PRESERVATION**

    The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in these actions.

7.  **DISCLOSURES**

    **Plaintiffs:** Plaintiffs propose to exchange initial disclosures within 14 days after the Court's initial case management conference. Plaintiffs oppose any stay of discovery. Should the

1 Court compel certain claims and/or plaintiffs to arbitrate, the Court should continue discovery on
2 the claims which remain before it.
3       **Defendants:** Defendants propose to stay discovery, including the exchange of initial
4 disclosure, until 21 days after a decision on Tesla's pending Motion to Compel Arbitration and
5 Stay Pending Arbitration and Motion to Dismiss. The hearing of those two motions is currently
6 scheduled for March 23, 2023. ECF No. 30. Defendants believe four of the five named
7 plaintiffs' claims should be resolved by the arbitrator and the one remaining named plaintiff's
8 claims should all be dismissed; in any event, Defendants believe the scope of anticipated
9 discovery in this court will be far narrower after Tesla's Motion to Compel Arbitration and Stay
10 Pending Arbitration and Motion to Dismiss are decided.
11       In the absence of a stay, Defendants propose to exchange initial disclosures within 14
12 days after the Court's initial case management conference.
13       The parties understand and will comply with their ongoing duty under Rule 26(e) to
14 supplement their disclosures after initial disclosures take place.

**8. DISCOVERY**

    **A.**     **Discovery taken to date**

None.

    **B.**     **Scope of anticipated discovery**

**Plaintiffs:**

Plaintiffs anticipate targeted discovery related to Tesla's knowledge of the capabilities of their ADAS technology, the feasibility of producing a fully self-driving in the near future, and the marketing and promotion of Tesla vehicles as it relates to these technologies. The targeted areas of document discovery may include, but are not limited to, information on Tesla's technology related to ADAS; Tesla's knowledge of regulatory requirements; Tesla's internal communications about the ADAS technology and fully self-driving vehicles; information necessary to determine issues related to damages and the propriety of class certification; Tesla's communications with its customers; and other information relating to the propriety of class certification.

Plaintiffs anticipate deposition discovery will involve Tesla's corporate representatives with knowledge about ADAS technology, the feasibility producing a fully self-driving car, marketing and promotional materials related to ADAS technology, including relevant non-parties who may have information about such topics.

Plaintiffs oppose any stay in discovery or phased discovery schedules that are targeted towards a Defendants summary judgement motion to dismiss named Plaintiffs. Defendants' proposal is unfair and creates one-way discovery in favor of Defendants.

**Defendants:**

Defendants propose to stay all discovery until Defendants' Motion to Compel Arbitration and Stay Pending Arbitration and Motion to Dismiss (and any subsequent motion(s) to dismiss if Plaintiffs are given an opportunity to further amend the complaint) has been resolved, and are prepared to file a motion to stay discovery if the Court directs. While Defendants understand that stays of discovery are not routinely granted, Defendants respectfully submit that the Court's ruling on the Motion to Compel Arbitration and Stay Pending Arbitration will significantly narrow the scope of this case and the scope of anticipated discovery in this court.

If discovery is not fully stayed, Defendants propose to focus initial discovery on certain issues that could potentially resolve the named plaintiffs' claims with a summary judgment motion. Other courts within this district have adopted phased discovery schedules in class actions where potentially dispositive issues can be tackled without forcing the parties to engage in burdensome and costly discovery. Accordingly, if discovery is not stayed, Defendants propose limited discovery as to the named plaintiffs' claims while the Motion to Compel Arbitration and Stay Pending Arbitration and Motion to Dismiss (and any subsequent motions to dismiss if Plaintiffs are given an opportunity to further amend the consolidated complaint) are pending. At this initial phase, Defendants anticipate propounding discovery on the following non-exhaustive list of topics: (i) each named plaintiff's reliance, if any, on the alleged misleading advertising or marketing statements, (ii) each named plaintiff's due diligence in exploring their claims against Defendants before the statutes of limitations expired, (iii) each named plaintiff's claimed damages or loss allegedly caused by the alleged misleading advertising or marketing of

Tesla's ADAS technology.  Defendants would in turn respond to Plaintiffs' discovery requests, subject to a Court-imposed limitation on the number of discovery requests that may be served by one side on the other side.  As to Plaintiffs' proposed scope of anticipated discovery, Defendants do not believe that discovery should be broad as Plaintiffs anticipate and reserve all rights.

\*\*\*

The parties also anticipate expert discovery on issues such as technical issues and damages.

### C. Proposed Limitations or Modifications of the Discovery Rules

**Plaintiffs:** Plaintiffs anticipate needing more than 10 depositions, but no more than 20.

**Defendants:** Defendants believe it is premature to address most, if not all, specific procedures governing discovery.  In any event, Defendants believe each side would need no more than 10 depositions in accordance with Rule 30.  Defendants contend that Plaintiffs should jointly notice and conduct fact-witness depositions and Rule 30(b)(6) depositions such that the same witness need not be available more than once.  Defendants contend that Plaintiffs should also jointly serve requests for production, requests for admission, and interrogatories to the extent that they seek information relevant to all the three Defendants.  The limits on discovery found in Rules 30, 31, and 33, or otherwise agreed to by the parties or ordered by the Court, shall be applied on a per-side and not per-party basis.

### D. Report on whether the parties have considered entering into a stipulated e-discovery order

The parties anticipate stipulating to a protocol governing ESI discovery in this matter.

## 9. CLASS ACTION

The parties have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs:** Plaintiffs anticipate filing a motion for class certification.

**Defendants:** Defendants contend that Plaintiffs cannot satisfy the class-certification prerequisites or requirements set forth in Fed. R. Civ. P. 23.

## 10. RELATED CASES

This Court ordered the following cases related and granted consolidation for *Matsko v. Tesla, Inc. et al.*, 4:22-cv-5264-HSG; *Battiato v. Tesla, Inc. et al.*, 4:22-cv-5264-JST; *Mallow v. Tesla, Inc. et al.*, 4:22-cv-5443-TLT. Plaintiffs filed a consolidated amended complaint in the consolidated action on October 28, 2022.

**Defendants:** Defendants believe another case currently pending before Judge Rachel P. Kovner of the Eastern District of New York should be transferred and consolidated with this case. That putative class action (*Nachman v. Tesla, Inc. et al.*, 2:22-cv-5976-RPK-ST) arises from the same allegations regarding Tesla's marketing of its ADAS technology, is brought on behalf of a proposed class who "purchased the Vehicles within New York … and paid for ADAS and FSD" against the same defendants, and asserts claims under sections 349 and 350 of New York General Business Law as well as unjust enrichment. Defendants are planning to file a motion to transfer, and alternatively, a motion to dismiss in that case on December 30, 2022.

11. **RELIEF**

    **Plaintiffs:** The relief sought by the Plaintiffs and putative class, includes but is not limited to:

    a. Monetary damages to be determined at trial;
    b. Declaratory relief;
    c. Injunctive relief;
    d. Plaintiffs' costs in connection with these actions, including attorneys' fees, consultant and expert fees, and other expenses; and
    e. Any other relief that the Court deems just and proper.

    **Defendants:** Defendants maintain that Plaintiffs are entitled to no relief. Defendants' time to file an answer has not yet run. Defendants will include any counterclaim in their answer if one is filed.

12. **SETTLEMENT AND ADR**

    The Parties are amenable in principle to private mediation but believe settlement discussions are premature as of the filing if this initial Case Management Statement.

13. **OTHER REFERENCES**

The Parties do not believe this case to be suitable for reference to special master or the Judicial Panel on Multidistrict Litigation.

14. **NARROWING OF ISSUES**

The parties have not identified any issues that may be narrowed at this time.

15. **EXPEDITED TRIAL PREFERENCE**

The parties agree that the case is not appropriate for an expedited trial procedure.

16. **SCHEDULING**

The parties propose the following schedule:

|  | **Plaintiffs' Proposal** | **Defendants' Proposal** |
| --- | --- | --- |
| Exchange of Initial Disclosures | 14 days after Initial Case Management Conference | 21 days after a decision on Tesla's pending Motion to Compel Arbitration and Stay Pending Arbitration and Motion to Dismiss |
| Summary Judgment Motion on Named Plaintiffs' Claims | Plaintiffs do not agree that discovery should proceed in phases as proposed by Defendants and therefore deadlines related to summary judgment should occur after the fact discovery cutoff date, which Plaintiffs propose is October 3, 2023. | 3 months after pleadings are settled |
| Opposition to summary judgment motion as to named plaintiffs' claims | Plaintiffs do not agree that discovery should proceed in phases as proposed by Defendants and therefore deadlines related to summary judgment should occur after the fact discovery cutoff date, which Plaintiffs propose is October 3, 2023. | 30 days after the deadline for summary judgment motion as to named plaintiffs' claims |

| | | | |
|---|---|---|---|
| Reply in support of summary judgment motion as to named plaintiffs' claims | Plaintiffs do not agree that discovery should proceed in phases as proposed by Defendants and therefore deadlines related to summary judgment should occur after the fact discovery cutoff date, which Plaintiffs propose is October 3, 2023. | 30 days after the deadline for opposition to summary judgment motion as to named plaintiffs' claims |
| Class Certification Motion and expert disclosures and reports relating to class certification | 6 months after pleadings are settled | 6 months after pleadings are settled |
| Opposition to class certification motion and disclosures of rebuttal expert witnesses and expert reports relating to class certification | 30 days after the deadline for class certification motion | 30 days after the deadline for class certification motion |
| Reply in support of class certification motion | 30 days after the deadline for class certification motion | 30 days after the deadline for opposition to the class certification motion is due |
| Class certification hearing | 30 days after the deadline for reply in support of class certification motion | 30 days after the deadline for reply in support of class certification motion |
| Fact Discovery Cutoff | October 3, 2023 | 60 days after the class certification hearing |
| Expert disclosures and reports related to merits issues | October 31, 2023 | 30 days after the close of fact discovery |
| Rebuttal expert disclosures and reports related to merits issues | November 30, 2023 | 30 days after Plaintiffs' expert disclosures and reports related to merits issues are due |
| Expert Discovery Cut Off | December 21, 2023 | 14 days after rebuttal expert disclosures and reports related to merits issues are due |
| Last Day to File Dispositive and *Daubert* Motions | Sept. 18, 2023 | 21 days after the close of expert discovery |

| | | |
|---|---|---|
| Opposition | Oct. 9, 2023 | 30 days after the deadline to file dispositive and *Daubert* motions |
| Reply | Oct. 18, 2023 | 30 days after the deadline to file oppositions to dispositive and *Daubert* motions |
| Hearing deadline for File Dispositive and *Daubert* Motions | October 23, 2023 | 30 days after the deadline to file reply in support of dispositive and *Daubert* motions |
| Final Pretrial Conference | January 15, 2024 | 3 months after the hearing on dispositive and *Daubert* motions |
| Jury Trial | January 29, 2024 | 14 days after the final pretrial conference |

17. **TRIAL**

**Plaintiffs:** Plaintiffs propose, subject to this Court's approval, a jury trial to begin on January 29, 2024. Plaintiffs expect the length of the trial not to exceed 15 to 20 court days.

**Defendants:** Tesla believes it is premature to determine a trial duration at this time because it will depend on the resolution of dispositive motions including, for example, Tesla's pending Motion to Compel Arbitration and Stay Pending Arbitration and Motion to Dismiss, the anticipated summary judgment motion on the named plaintiffs' claims, and Plaintiffs' anticipated class certification motion.

18. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiffs:** Plaintiffs have filed Certifications of Interested Entities or Persons as required by Civil L.R. 3-15 on December 27, 2022. ECF No. 34.

**Defendants:** Tesla has filed Certifications of Interested Entities or Persons as required by Civil L.R. 3-15 on October 12, 2022. ECF No. 19.

## 19. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 20. OTHER

The parties have no other issues to raise at this time.

Dated: December 27, 2022          **COTCHETT PITRE & MCCARTHY LLP**

By: */s/ Frank M. Pitre*
Frank M. Pitre

Frank M. Pitre (SBN 100077)
fpitre@cpmlegal.com
Nabilah A. Hossain (SBN 329689)
nhossain@cpmlegal.com
Andrew F. Kirtley (SBN 328023)
akirtley@cpmlegal.com

*Attorneys for Plaintiffs Thomas LoSavio, Brenda Broussard and the Proposed Class*

Dated: December 27, 2022          **BOTTINI & BOTTINI, INC.**

By: */s/ Francis A. Bottini, Jr.*
Francis A. Bottini, Jr.

Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com
Nicholaus H. Woltering (SBN 337193)
nwoltering@bottinilaw.com

*Attorneys for Plaintiff Dominick Battiato and the Proposed Class*

Dated: December 27, 2022          **CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**

By: */s/ Gayle M. Blatt*
Gayle M. Blatt

David S. Casey, Jr. (SBN 060768)

| | | |
|---|---|---|
| 1 | | dcasey@cglaw.com |
| 2 | | Gayle M. Blatt (SBN 122048) |
| | | gmb@cglaw.com |
| 3 | | Jeremy Robinson (SBN 188325) |
| | | jrobinson@cglaw.com |
| 4 | | P. Camille Guerra (SBN 326546) |
| 5 | | camille@cglaw.com |
| | | Michael J. Morphew (SBN 304463) |
| 6 | | mmorphew@cglaw.com |
| 7 | | *Attorneys for Attorneys for Plaintiffs Christopher Mallow, Jazmin Imaguchi and the Proposed Class* |
| 8 | | |
| 9 | | |
| 10 | Dated: December 27, 2022 | **WILMER CUTLER PICKERING HALE AND DORR LLP** |
| 11 | | |
| 12 | | By: /s/ Alan Schoenfeld |
| | | Alan Schoenfeld |
| 13 | | *Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC* |
| 14 | | |

**ATTORNEY ATTESTATION**

I, Frank M. Pitre, am the ECF User whose ID and password are being used to file the Joint Case Management Statement and Rule 26(f) Report. In compliance with Civil Local Rule 5-l(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from each signatory.

Dated: December 27, 2022 By: */s/ Frank M. Pitre*
Frank M. Pitre