FRANK M. PITRE (SBN 100077)
fpitre@cpmlegal.com
NABILAH A. HOSSAIN (SBN 329689)
nhossain@cpmlegal.com
ANDREW F. KIRTLEY (SBN 328023)
akirtley@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577

FRANCIS A. BOTTINI, JR. (SBN 175783)
fbottini@bottinilaw.com
NICHOLAUS H. WOLTERING (SBN 337193)
nwoltering@bottinilaw.com
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Fax: (858) 914-2002

DAVID S. CASEY, JR. (SBN 060768)
dcasey@cglaw.com
GAYLE M. BLATT (SBN 122048)
gmb@cglaw.com
JEREMY ROBINSON (SBN 188325)
jrobinson@cglaw.com
P. CAMILLE GUERRA (SBN 326546)
camille@cglaw.com
MICHAEL J. MORPHEW (SBN 304463)
mmorphew@cglaw.com
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation**<br><br>This Case Relates To All Actions | Case No. 4:22-cv-05240-HSG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE/JUDCIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL AND STAY PENDING ARBITRATION AND MOTION TO DISMISS**<br><br>Hon. Haywood S. Gilliam, Jr.<br>Date: March 23, 2023<br>Time: 2:00 p.m.<br>Courtroom 2 – 4th Floor<br><br>Consolidated Am. Complaint filed: Oct. 28, 2022 |

## I. INTRODUCTION

Plaintiffs LoSavio, Broussard, Battiato, Mallow, and Imaguchi ("Plaintiffs") submit this opposition to Defendants Tesla Inc., Tesla Lease Trust, and Tesla Finance LLC ("Defendants" or "Tesla"), Request for Incorporation by Reference / Judicial Notice ("RJN") in Support of Defendant's Motion to Compel and Stay Pending Arbitration and Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Complaint). The Court should deny Defendant's RJN as to Exhibits A-D and F-L filed with the Declaration of Allison Que because they are not incorporated by reference into the complaint. The Court should also deny Defendant's RJN as to Exhibits A-D, F, G, J-L filed with the Declaration of Allison Que because the facts and statements contained within them are not properly subject to judicial notice under Fed. R. Evid. 201(b).

To the extent the Court does take judicial notice of any above referenced exhibits attached to the Que Declaration, it should only take judicial notice of the fact that the documents exist, and not the facts or interpretations of the facts contained therein.

## II. LEGAL STANDARD

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), *cert. denied sub nom*. *Hagan v. Khoja*, 139 S. Ct. 2615 (2019). There are two exceptions to this rule: judicial notice under Federal Rule of Evidence 201 and the incorporation-by-reference doctrine. *Id.* The Federal Rules of Evidence permit a court to judicially notice a "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja,* 899 F.3d at 999.

Documents may also be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim, even if the document is not attached to the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Refer extensively, ordinarily at least, means more than once. *Khoja,* 899 F.3d at 1003, *citing Coto*

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference / Judicial Notice
Case No. 4:22-cv-05240-HSG

1

*Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Judicial notice as a result of incorporation by reference is only appropriate if, among other things, "the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto* 593 F.3d 1031, 1038. The mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Id.* at 1038, *citing Ritchie*, 342 F.3d at 908–09.

### III.    ARGUMENT

#### A.    Exhibits A-D and F-L are not incorporated into the complaint.

The Court should deny Defendant's request to find Exhibits A-D and F-L incorporated by reference because these documents are each referenced once within the complaint and therefore are not referred to extensively. *See Ritchie*, 342 F.3d at 1003 (For *extensively* to mean anything, it should, ordinarily at least, mean more than once. Otherwise, the rule would simply require a complaint to "*refer*" to a document) (emphasis added). The reference to these exhibits in the Complaint also do not form the basis of the Complaint.

Defendant's reliance on *See In re Facebook, Inc.*, 367 F. Supp. 3d 1108, 1118 (N.D. Cal. 2019) for the proposition that these exhibits, which include, "articles, interviews, videos, and conference transcripts are therefore incorporated into the Complaint by reference" is misguided. (Def. RJN 1:15-16). In that case, the Court took judicial notice of Facebook's Restated Certificate of Incorporation because it affected the legal rights of Defendants and the provisions had independent legal significance. *Id.* at 1118. The Court denied as moot, Defendants' request for judicial notice of other documents

Since the documents are not referenced extensively in the Complaint and do not form the basis of the Complaint, they are not incorporated by reference and the Court should not find Exhibits A-D and F-L incorporated by reference in ruling on Defendant's motion.

#### B.    Contents of Exhibits A-D and F-L are not appropriate for judicial notice.

Defendant also argues that Exhibits A-D, F, G, and J-L are subject to judicial notice because the documents are available on publicly accessible websites and are thus "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." (Def. RJN 1:21-24). While the website themselves may be appropriate for judicial notice, a court cannot

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference / Judicial Notice
Case No. 4:22-cv-05240-HSG

2

take judicial notice of hearsay statements contained on the website, or within the articles, interviews, and blog posts maintained on the website, unless an exception to the hearsay rule applies. *See Joslin v. H.A.S. Ins. Brokerage,* 184 Cal. App. 3d 369, 374, 228 Cal. Rptr. 878 (Ct. App. 1986) (Taking judicial notice of a document is not the same as accepting the truth of its contents or accepting a particular interpretation of its meaning.") (citations omitted). Facts contained on the website are also not subject to judicial notice unless they are "not subject to reasonable dispute." Fed. R. Evid. 201(b); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) ("Information appearing on the third-party websites is not proper for judicial notice because it is not capable of accurate and ready determination."). Here, Defendants do not even attempt to argue that the facts and statements contained within the websites themselves are proper subjects for judicial notice.

Defendant also argues that Exhibits J and K, are earnings call transcripts, that are separately amenable to judicial notice on the basis that the authenticity of those transcripts cannot reasonably be questioned. (Def. RJN 1:26-28) While this is true, it is only the first part of the analysis, and the Court must also consider that fact or facts that it is noticing from these transcripts. *Khoja,* 899 F.3d at 999. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for the truth." *Id*. Defendants cite certain statements made by Musk during these calls for the truth of the matter as evidence that "Tesla would and did keep improving, refining, and validating its various ADAS features, with the goal to achieve more advanced autonomous driving in the unspecified future." (Def. Mot. 4:9-13; FN 3). However, the portions facts cited by Defendants in Exhibits J and K cannot be "accurately and readily determined" from sources whose accuracy cannot be reasonably be questioned. Fed. R. Ev. 201(b). These facts are subject to reasonable dispute and therefore do not qualify for judicial notice. *Khoja,* 899 F.3d at 1000.

///

///

///

///

Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference / Judicial Notice
Case No. 4:22-cv-05240-HSG

3

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's request for incorporation by reference of Exhibits A-D and F-L attached to the Que Declaration and deny Defendants' request to take judicial notice of the contents of Exhibits A-D, F, G, J-L attached to the Que Declaration.

Dated: December 28, 2022    **COTCHETT, PITRE & McCARTHY, LLP**

By:   /s/ *Frank M. Pitre*
FRANK M. PITRE
NABILAH A. HOSSAIN
ANDREW F. KIRTLEY
*Attorneys for Plaintiffs Thomas LoSavio, Brenda Broussard, and the Proposed Class*

Dated: December 28, 2022    **BOTTINI & BOTTINI, INC.**

By:   /s/ *Francis A. Bottini, Jr.*
FRANCIS A. BOTTINI, JR.
NICHOLAUS H. WOLTERING
*Attorneys for Plaintiff Dominick Battiato and the Proposed Class*

Dated: December 28, 2022    **CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**

By:   /s/ *Gayle M. Blatt*
DAVID S. CASEY, JR.
GAYLE M. BLATT
JEREMY ROBINSON
P. CAMILLE GUERRA
MICHAEL J. MORPHEW

*Attorneys for Plaintiffs Christopher Mallow, Jazmin Imaguchi, and the Proposed Class*

Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference / Judicial Notice
Case No. 4:22-cv-05240-HSG

4

# ATTORNEY ATTESTATION

I, Frank M. Pitre, am the ECF User whose ID and password are being used to file this Opposition to Defendants' Request for Incorporation by Reference / Judicial Notice in Support of Defendants' Motion to Compel and Stay Pending Arbitration and Motion to Dismiss. In compliance with Civil Local Rule 5-l(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from each signatory.

Dated:  December 28, 2022

By:  */s/ Frank M. Pitre*
Frank M. Pitre

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference / Judicial Notice
Case No. 4:22-cv-05240-HSG

5