1  David C. Marcus (SBN 158704)
   david.marcus@wilmerhale.com
2  WILMER CUTLER PICKERING
      HALE AND DORR LLP
3  350 South Grand Avenue, Suite 2400
   Los Angeles, California 90071
4  Tel: (213) 443-5312

5  Alan Schoenfeld (*pro hac vice*)
   alan.schoenfeld@wilmerhale.com
6  WILMER CUTLER PICKERING
      HALE AND DORR LLP
7  7 World Trade Center
   250 Greenwich Street
8  New York, New York 10007
   Tel: (212) 937-7294
9
   Allison Bingxue Que (SBN 324044)
10 allison.que@wilmerhale.com
   WILMER CUTLER PICKERING
11    HALE AND DORR LLP
   2600 El Camino Real, Suite 400
12 Palo Alto, California 94306
   Tel: (650) 858-6000
13
   *Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, Tesla Finance LLC*
14

15              **UNITED STATES DISTRICT COURT**

16      **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

17                                    )  CASE NO.: 4:22-cv-5240-HSG
                                      )
18                                    )  **DEFENDANTS TESLA, INC., TESLA**
                                      )  **LEASE TRUST, AND TESLA FINANCE**
19 IN RE TESLA ADVANCED DRIVER        )  **LLC'S REPLY IN SUPPORT OF THE**
   ASSISTANCE SYSTEMS LITIGATION      )  **REQUEST FOR INCORPORATION BY**
20                                    )  **REFERENCE/JUDICIAL NOTICE**
                                      )
21                                    )
                                      )  *[Filed concurrently with Defendants' Reply*
22                                    )  *Brief in Support of Motion to Compel and Stay*
                                      )  *Pending Arbitration and Motion to Dismiss]*
23                                    )
                                      )  Hon. Haywood S. Gilliam, Jr.
24                                    )  Date: March 23, 2023
                                      )  Time: 2:00 p.m.
25                                    )  Courtroom 2 – 4th floor
                                      )  Amended Consolidated Complaint Filed:
26                                    )  October 28, 2022
                                      )
27                                    )
                                      )
28

In connection with their Motion to Compel and Stay Pending Arbitration and Motion to Dismiss, Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC ("Tesla") filed a Request for Incorporation by Reference/Judicial Notice, asking the Court to consider some of the documents that LoSavio cited and relied on in the Consolidated Class Action Complaint. ECF 30-13. LoSavio's opposition (ECF No. 37-1, "Opp.") provides no basis for the Court to decline Tesla's request.

LoSavio's objection to Tesla's request for incorporation by reference has no merit. Specifically, he argues that because Exhibits A-D and F-L are not referred to "extensively," they cannot be incorporated by reference. Opp. 2. That is not the law. Indeed, *Khoja*, on which LoSavio relies, expressly acknowledged that incorporation is available even where the complaint did not reference the materials "at all." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Consider *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005), where the Ninth Circuit accepted defendants' request for incorporation of the "surrounding photos and captions"—never referenced in the complaint—because the full picture was necessary to understand whether the challenged statements were capable of being deemed defamatory. *Id.* at 1076; *see also Khoja*, 899 F.3d at 1004 (incorporating quotations that are "not extensive" but form the basis of plaintiff's claims). So the key question is whether the statements form the basis of Plaintiffs' complaint, and they obviously do. LoSavio's legal theory is that Tesla misled the public for over a decade and that this alleged scheme has tolled all his claims. *See, e.g.*, ECF No. 37 at 3-4 & n.4, 12-15; *see also* Compl. ¶¶ 1, 128, 135, 163, 174-175, 188, 192, 201, 207, 216. He cannot cherry-pick those statements—a tactic that the incorporation-by-reference doctrine seeks to prevent. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (the "policy concern" underlying the doctrine is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based"), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-682 (9th Cir. 2006).

Just as meritless is LoSavio's objection to Tesla's request for judicial notice. He objects to the Court accepting as true the facts contained in Exhibits A-D, F, G, and J-L. Opp. 2-3. But that is not what Tesla seeks. With respect to Exhibits A-G and L, Tesla just asks that the Court

take judicial notice that the websites said what they said at the time. "Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time," even if they cannot take judicial notice of "whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (internal quotation marks omitted); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (similar). Given that LoSavio's theory is that the information in the public realm misled the public and that he should not be faulted for failing to discover his claims before all the statutes of limitations expired (Opp. 11-14), the information available to the public at the time is relevant and amenable to judicial notice. The same is true for Exhibits J and K, both official earnings call transcripts. LoSavio again objects to the Court accepting as true the matters asserted in the transcript, but Tesla has not asked the Court to consider Exhibits J and K for that purpose. All Tesla asks is that the Court take note of what Tesla said in those filings at the relevant point in time—a routine request and one that LoSavio cannot mount a plausible objection to. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Coll., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006). In short, none of LoSavio's objections "warrant rejection of Tesla's equest for judicial notice" because the Court can keep in mind the documents' proper use. *Colyer v. Acelrx Pharms., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015).

For the reasons stated above, the Court should grant Tesla's request for incorporation by reference and judicial notice.

Respectfully submitted,

Dated: January 12, 2023

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: */s/ Alan Schoenfeld*
Alan Schoenfeld

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, Tesla Finance LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2023, I electronically filed the above document and supporting documents with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.


Dated: January 12, 2023                                   By:     */s/ Alan Schoenfeld*
                                                                           Alan Schoenfeld