# Exhibit 123



1200 New Jersey Avenue SE.
Washington, DC 20590

May 4, 2022

**SENT VIA E-MAIL**

Eddie Gates
Director, Field Quality                                              NEF-104
Tesla, Inc.                                                           PE22-002
45500 Freemont Blvd.
Freemont, CA 94538

Dear Mr. Gates,

This letter is to inform you that the Office of Defects Investigation (ODI) of the National Highway Traffic Safety Administration (NHTSA) has opened a Preliminary Evaluation (PE22-002) to investigate allegations of unexpected brake activation in certain model year (MY) 2021-2022 Model 3 & Y vehicles manufactured by Tesla, Inc. (Tesla), and to request certain information.

This office has received (758) seven hundred and fifty-eight reports of unexpected brake activation in certain (MY) 2021-2022 Model 3 & Y vehicles. A copy of each of the reports is enclosed for your information.

Unless otherwise stated in the text, the following definitions apply to these information requests:

- **Level 2 ADAS[1]:** a driver support feature (Advanced Driver Assistance System) on the vehicle that can control both steering and braking/accelerating simultaneously under some circumstances. The human driver must remain fully and continuously engaged in the (Level 2) driving task.[2]

- **Subject vehicles:** all model year (MY) 2021-2022 Tesla Model 3 & Y vehicles manufactured for sale or lease in the United States, including, but not limited to, the District of Columbia, and current U.S. territories and possessions.

---

[1] Unless otherwise specified herein, any terms in these information requests that relate to an Advanced Driver Assistance System (ADAS), including the SAE International levels of driving automation, should be construed to have the same meaning as any overlapping term defined in NHTSA First Amended Standing General Order 2021-01, which is located at https://www.nhtsa.gov/sites/nhtsa.gov/files/2021-08/First_Amended_SGO_2021_01_Final.pdf
[2] "Level 2" means the same as and is coterminous with the definition of "Level or Category 2 - Partial Driving Automation" in SAE J3016 Taxonomy and Definitions for Terms Related to Driving Automation Systems for On-Road Motor Vehicles § 5.3 (April 2021).

- **Subject System**: All driver assistance systems with automatic braking functions including all associated sensors, control modules, hardware, software, data, actuators, wiring, and any other systems on or off the vehicle that contributes to the conferral of any Level 2 vehicle braking system capabilities manufactured for use as original equipment or service replacement parts in the subject vehicles.

- **Alleged defect:** Any one or more of the following symptoms or conditions occurring while utilizing the subject system:

    1. Automatic collision preparation system failure or malfunction, including all associated fault codes;
    2. Allegations of false collision alert warnings by the subject system;
    3. Allegations of missed emergency braking activations by the subject system;
    4. Allegations of unnecessary emergency braking by the subject system; or
    5. Allegations of excessive or unrequested braking by the subject system.

- **Tesla: Tesla, Inc. (collectively, "Tesla"),** all of its past and present officers and employees, whether assigned to its principal offices or any of its field or other locations, including all of its divisions, subsidiaries (whether or not incorporated) and affiliated enterprises and all of their headquarters, regional, zone and other offices and their employees, and all agents, contractors, consultants, attorneys and law firms and other persons engaged directly or indirectly (e.g., employee of a consultant) by or under the control of Tesla (including all business units and persons previously referred to), who are or, in or after January 10, 2010, were involved in any way with any of the following related to the alleged defect in the subject vehicles:

    a. Design, engineering, analysis, modification or production (e.g., quality control);
    b. Testing, assessment or evaluation;
    c. Consideration, or recognition of potential or actual defects, reporting, record-keeping and information management, (e.g., complaints, field reports, warranty information, part sales), analysis, claims, or lawsuits; or
    d. Communication to, from or intended for zone representatives, fleets, dealers, or other field locations, including but not limited to people who have the capacity to obtain information from dealers.

- **Document:** "Document(s)" is used in the broadest sense of the word and shall mean all original written, printed, typed, recorded, or graphic matter whatsoever, however produced or reproduced, of every kind, nature, and description, and all non-identical copies of both sides thereof, including, but not limited to, papers, letters, memoranda, correspondence, communications, electronic mail (e-mail) messages (existing in hard copy and/or in electronic storage), faxes, mailgrams, telegrams, cables, telex messages, notes, annotations, working papers, drafts, minutes, records, audio and video recordings, data, databases, other information bases, summaries, charts, tables, graphics, other visual displays, photographs, statements, interviews, opinions, reports, newspaper articles, studies, analyses, evaluations, interpretations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, blueprints, drawings, as-builts, changes, manuals, publications, work schedules, journals, statistical data, desk, portable and

    computer calendars, appointment books, diaries, travel reports, lists, tabulations, computer printouts, data processing program libraries, data processing inputs and outputs, microfilms, microfiches, statements for services, resolutions, financial statements, governmental records, business records, personnel records, work orders, pleadings, discovery in any form, affidavits, motions, responses to discovery, all transcripts, administrative filings and all mechanical, magnetic, photographic and electronic records or recordings of any kind, including any storage media associated with computers, including, but not limited to, information on hard drives, floppy disks, backup tapes, and zip drives, electronic communications, including but not limited to, the Internet and shall include any drafts or revisions pertaining to any of the foregoing, all other things similar to any of the foregoing, however denominated by Tesla, any other data compilations from which information can be obtained, translated if necessary, into a usable form and any other documents.  For purposes of this request, any document which contains any note, comment, addition, deletion, insertion, annotation, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to production.  In all cases where original and any non-identical copies are not available, "document(s)" also means any identical copies of the original and all non-identical copies thereof.  Any document, record, graph, chart, film or photograph originally produced in color must be provided in color.  Furnish all documents whether verified by Tesla or not.  If a document is not in the English language, provide both the original document and an English translation of the document.

- **Other Terms:**  To the extent that they are used in these information requests, the terms "claim," "consumer complaint," "dealer field report," "field report," "fire," "fleet," "good will," "make," "model," "model year," "notice," "property damage," "property damage claim," "rollover," "type," "warranty," "warranty adjustment," and "warranty claim," whether used in singular or in plural form, have the same meaning as found in 49 CFR 579.4.

In order for my staff to evaluate the alleged defect, certain information is required.  Pursuant to 49 U.S.C. § 30166, please provide numbered responses to the following information requests.  Insofar as Tesla has previously provided a document to ODI, Tesla may produce it again or identify the document, the document submission to ODI in which it was included and the precise location in that submission where the document is located.  When documents are produced, the documents shall be produced in an identified, organized manner that corresponds with the organization of this information request letter (including all individual requests and subparts).  When documents are produced and the documents would not, standing alone, be self-explanatory, the production of documents shall be supplemented and accompanied by explanation.

Please repeat the applicable request verbatim above each response.  After Tesla's response to each request, identify the source of the information and indicate the last date the information was gathered.

1. State, by model and model year, the number of subject vehicles Tesla has manufactured for sale or lease in the United States.  Separately, for each subject vehicle manufactured to date by Tesla, state the following:

    a. Vehicle identification number (VIN);
    b. Model;
    c. Model Year;
    d. Subject component trade / trim name, part number and design version installed as original equipment;
        i)   Software version;
        ii)  Firmware version;
        iii) Hardware version;
    e. Date of manufacture;
    f. Date warranty coverage commenced;
    g. Date and mileage at which the "Full Self Driving" (FSD) option was enabled;
    h. The State in the United States where the vehicle was originally sold or leased (or delivered for sale or lease).
    i. Latest known vehicle mileage and commensurate date;
    j. Cumulative mileage covered with the subject system engaged; and
    k. Date and identities of the most recent software, firmware, and hardware updates.

    Provide the table in Microsoft Access 2010, or a compatible format, entitled "PRODUCTION DATA."

2. State the number of each of the following, received by Tesla, or of which Tesla is otherwise aware, which relate to, or may relate to, the alleged defect in the subject vehicles:

    a. Consumer complaints;
    b. Field reports;
    c. Reports involving a crash, injury or fatality;
    d. Property damage claims;
    e. Third-party arbitration proceedings where Tesla, Inc. is or was a party to the arbitration; and
    f. Lawsuits, both pending and closed, in which Tesla, Inc. is or was a defendant or codefendant.

    For subparts "a" through "f" state the total number of each item (e.g., consumer complaints, field reports, etc.) separately.  Multiple incidents involving the same vehicle are to be counted separately.  Multiple reports of the same incident are also to be counted separately (i.e., a consumer complaint and a field report involving the same incident in which a crash occurred are to be counted as a crash report, a field report and a consumer complaint).

    In addition, for items "e" and "f," provide a summary description of the alleged problem and causal and contributing factors and Tesla's assessment of the problem, with a summary of the significant underlying facts and evidence.  For items "e" and "f," identify the parties to the action, as well as the caption, court, docket number, and date on which the complaint or other document initiating the action was filed.

3. Separately, for each item (complaint, report, claim, notice, or matter) within the scope of your response to Request No. 2, state the following information:

   a. Tesla's file number or other identifier used;
   b. The category of the item, as identified in Request No. 2 (i.e., consumer complaint, field report, etc.);
   c. Vehicle owner or fleet name (and fleet contact person), street address, email address and telephone number;
   d. Vehicle's VIN;
   e. Vehicle's model and model year;
   f. Vehicle's mileage at time of incident;
   g. Software, firmware, and hardware versions in place at the time of the incident, along with vehicle and mileage and date of installation; Incident date, local time, and local time zone;
   h. Report or claim date;
   i. Whether a crash is alleged;
   j. Incident description including;
      a. Whether FSD was active at the time of the incident;
      b. AEB braking activation; yes or no;
      c. Initial Speed of braking event;
      d. Final Speed of braking event;
      e. Average Deceleration during event;
      f. Max Deceleration during event;
      g. Video; yes or no;
      h. Target detected during event;

   Provide this information in Microsoft Access 2010, or a compatible format, entitled "REQUEST NUMBER TWO DATA."

4. Produce copies of all documents, telematics reports / data, imagery (video or photo), and data logs related to each item within the scope of Request No. 2. Organize the documents separately by category (i.e., consumer complaints, field reports, etc.) and describe the method Tesla used for organizing the documents. Describe in detail the search methods and search criteria used by Tesla to identify the items in response to Request No. 2.

   In addition, provide a full copy of any expert report that has been produced by Tesla or received from another party in a lawsuit, arbitration, or a pre-suit claim regarding the incidents identified in Request Number 2. This includes any reports produced or exchanged for experts designated by any part in such litigation, including Tesla, plaintiff (s), or co-defendants. This does not include reports that Tesla has never produced to another party, to the extent Tesla claims a privilege exists for such a report.

5. State, by model and model year, a total count for all of the following categories of claims, collectively, that have been received to date that relate to, or may relate to, the alleged defect in the subject vehicles: warranty claims; extended warranty claims; claims for good will services that were provided; field, zone, or similar adjustments and reimbursements; and

Case 3:22-cv-05240-RFL   Document 51-9   Filed 04/12/23   Page 7 of 15

6

warranty claims or repairs made in accordance with a procedure specified in a technical service bulletin or customer satisfaction campaign.

Separately, for each such claim, state the following information:

  a. Tesla's claim number;
  b. Vehicle owner or fleet name (and fleet contact person), street address, email address and telephone number;
  c. VIN;
  d. Repair date;
  e. Vehicle mileage at time of repair;
  f. Repairing dealer's or facility's name, telephone number, city and state or ZIP code;
  g. Labor operation number(s);
  h. Problem code(s);
  i. Diagnostic trouble code(s);
  j. Replacement part number(s) and description(s);
  k. Concern stated by customer;
  l. Cause as stated on the repair order;
  m. Correction as stated on the repair order; and
  n. Additional comments, if any, by dealer/technician relating to claim and/or repair.

Provide this information in Microsoft Access 2010, or a compatible format, entitled "WARRANTY DATA."

6. Describe in detail the search methods and search criteria used by Tesla to identify the claims in response to Request No. 5, including the labor operations, problem codes, diagnostic trouble codes, part numbers and any other pertinent parameters used.

Provide a list of all labor operations, labor operation descriptions, problem codes, and problem code descriptions, diagnostic trouble codes and diagnostic trouble code descriptions applicable to the alleged defect in the subject vehicles. State whether the diagnostic trouble codes are automatically reported to the warranty database electronically or manually entered into the warranty database by a claims administrator.

State, by make and model year, the terms of the new vehicle warranty coverage offered by Tesla on the subject vehicles (i.e., the number of months and mileage for which coverage is provided and the vehicle systems that are covered). Describe any extended warranty coverage option(s) that Tesla offered for the subject vehicles and state by option, model, and model year, the number of vehicles that are covered under each such extended warranty.

7. Produce copies of all service, warranty, and other documents that relate to, or may relate to, the alleged defect in the subject vehicles, that Tesla has issued to any dealers, regional or zone offices, field offices, fleet purchasers, or other entities. This includes, but is not limited to, bulletins, advisories, informational documents, training documents, or other documents or communications, with the exception of standard shop manuals. Also include the latest draft copy of any communication that Tesla is planning to issue within the next 120 days.

8. Describe all assessments, analyses, tests, test results, studies, surveys, simulations, investigations, inquiries and/or evaluations (collectively, "actions") that relate to, or may relate to, the alleged defect in the subject vehicles that have been conducted, are being conducted, are planned, or are being planned by, or for, Tesla. For each such action, provide the following information:

   a. Action title or identifier;
   b. The actual or planned start date;
   c. The actual or expected end date;
   d. Brief summary of the subject and objective of the action;
   e. Engineering group(s)/supplier(s) responsible for designing and for conducting the action; and
   f. A brief summary of the findings and/or conclusions resulting from the action.

   For each action identified, provide copies of all documents related to the action, regardless of whether the documents are in interim, draft, or final form. Organize the documents chronologically by action.

9. Describe all hardware and software modifications or changes made by, or on behalf of, Tesla in the design, material composition, manufacture, quality control, supply, or installation of the subject system, from the start of production to date, which relate to, or may relate to, the alleged defect in the subject vehicles. For each such modification or change, provide the following information:

   a. The date or approximate date on which the modification or change was incorporated into vehicle production;
   b. A detailed description of the modification or change;
   c. The reason(s) for the modification or change;
   d. The part number(s) (service and engineering) of the original component;
   e. The part number(s) (service and engineering) of the modified component;
   f. The firmware version (service and engineering) of the original system;
   g. The firmware version (service and engineering) of the modified system);
   h. Whether the original unmodified component was withdrawn from production and/or sale, and if so, when;
   i. When the modified component was made available as a service component; and
   j. Whether the modified component can be interchanged with earlier production components.

   Also, provide the above information for any modification or change that Tesla is aware of which may be incorporated into vehicle production within the next 120 days.

10. Describe, and provide copies of, all documents relating to each of the following topics regarding the alleged defect in the subject systems in the subject vehicles:

    a. Detailed description of the system design and operation, including all associated sensor technologies and specifications;
    b. Describe and provide copies of all documents relating to all active emergency braking system function diagrams with detailed system operation points such as Min/Max speed

activation thresholds (mph), Min/Max braking g-force, brake pedal release threshold (mm or m/sec$^2$), steering wheel release input threshold rates, acceleration pedal release threshold (mm or m/sec$^2$), TTCs (audio/visual warning activation, restraint activation, brake activation), FORs (Field Occurrence Rates), and brake pressure available on each wheel (FL(front left), FR(front right), RL(rear left), RR(rear right));

    c. Tesla robustness testing related to road topology (e.g., metal bridges, Clothoid, S-shape curves…etc.), vehicle driving fluctuations (e.g., frequent steering, pitch change…etc.), vehicle direction (e.g., oncoming traffic, cross traffic, adjacent areas…etc.), vehicle sizes (e.g. a large truck), camera vision system reflection characteristics (material and shape), interference (e.g., shadow patterns, horizon glare, other object detection/classification patterns), blockage (e.g., dirt, snow, heavy rain…etc.), and small body detection (e.g., infants, animals…etc.);

    d. For each sensor and camera configuration, list end-to-end system suppliers, sensor type, camera type, specific vehicle locations, range, FOV (Field of Vision), and all horizontal and vertical calibration procedures; and

    e. All system related controllers and sensors DRBFM (Design Review Based on Failure Modes), D-FMEA (Design-Failure Mode and Effect Analysis) or IQ-FMEA (IQ software-Failure Mode and Effect Analysis) signed off by Tesla DNR engineers.

    f. Any kits that have been released or developed by Tesla for use in service repairs to the subject component/assembly.

11. Furnish Tesla's assessment of the alleged defect in the subject system of the subject vehicles. Provide separate responses for each condition that may result in unnecessary autonomous braking.  Include the following information for each condition:

    a. The causal or contributory factor(s);
    b. The failure mechanism(s);
    c. The failure mode(s), including the specific operating conditions at which the unnecessary autonomous braking can occur (e.g., vehicle speed, driving scenario);
    d. Tesla's assessment of the safety risk of each condition;
    e. Tesla's assessment of factors affecting the operator's ability to resume safe operation of the vehicle, including reports alleging repeatable system malfunction within the same driving cycle and after restarting the vehicle; and
    f. The risk to motor vehicle safety that it poses; and
    g. What warnings, if any, the operator and the other persons both inside and outside the vehicle would have that the alleged defect was occurring, or subject component was malfunctioning; and
    h. The reports included with this inquiry.

**Legal Authority for This Request**

This letter is being sent to Tesla pursuant to 49 U.S.C. § 30166, which authorizes NHTSA to conduct any investigation that may be necessary to enforce Chapter 301 of Title 49 and to request reports and the production of things. It constitutes a new request for information.

**Civil Penalties**

Tesla's failure to respond promptly and fully to this letter could subject Tesla to civil penalties pursuant to 49 U.S.C. § 30165 or lead to an action for injunctive relief pursuant to 49 U.S.C. § 30163. (Other remedies and sanctions are available as well.) The Vehicle Safety Act, 49 U.S.C. § 30165(a)(3), provides for civil penalties of up to $24,423 per violation per day, with a maximum of $114,954,525 for a related series of daily violations, for failing or refusing to perform an act required under 49 U.S.C. § 30166. See 49 C.F.R. § 578.6(a)(3). This includes failing to respond completely, accurately, or in a timely manner to ODI information requests.

If Tesla cannot respond to any specific request or subpart(s) thereof, please state the reason why it is unable to do so. If on the basis of attorney client, attorney work product, or other privilege, Tesla does not submit one or more requested documents or items of information in response to this information request, Tesla must provide a privilege log identifying each document or item withheld, and stating the date, subject or title, the name and position of the person(s) from, and the person(s) to whom it was sent, and the name and position of any other recipient (to include all carbon copies or blind carbon copies), the nature of that information or material, and the basis for the claim of privilege and why that privilege applies.

**Confidential Business Information**

**All business confidential information must be submitted directly to the Office of Chief Counsel as described in the following paragraph and should not be sent to this office.** In addition, do not submit any business confidential information in the body of the letter submitted to this office. Please refer to PE22-002 in Tesla, Inc. response to this letter and in any confidentiality request submitted to the Office of Chief Counsel.

If Tesla, Inc. claims that any of the information or documents provided in response to this information request constitute confidential commercial material within the meaning of 5 U.S.C. § 552(b)(4), or are protected from disclosure pursuant to 18 U.S.C. § 1905, Tesla, Inc. must submit supporting information together with the materials that are the subject of the confidentiality request, in accordance with 49 CFR Part 512. Additional information can be found here:https://www.nhtsa.gov/coronavirus/submission-confidential-business-information.

If you have any questions regarding submission of a request for confidential treatment, contact Daniel Rabinovitz, Trial Attorney, Office of Chief Counsel at daniel.rabinovitz@dot.gov or (202) 366-8534.

**Due Date**

Tesla's response to this letter, in duplicate, together with a copy of any confidentiality request, must be submitted to this office by **June 20, 2022**.  Tesla's response must include all non-confidential attachments and a redacted version of all documents that contain confidential information.  If Tesla, Inc. finds that it is unable to provide all of the information requested within the time allotted, Tesla, Inc. must request an extension from me at (202) 366-5226 no later than five business days before the response due date.  If Tesla, Inc. is unable to provide all of the information requested by the original deadline, it must submit a partial response by the original deadline with whatever information Tesla, Inc. then has available, even if an extension has been granted.

Please send email notification to Ajit Alkondon at ajit.alkondon@dot.gov and to ODI_IRresponse@dot.gov when Tesla, Inc. sends its response to this office and indicate whether there is confidential information as part of Tesla's response.

If you have any technical questions concerning this matter, please call Ajit Alkondon of my staff at (202) 366-3565.

                                          Sincerely,

                                          *Gregory Magno*

                                          Gregory Magno, Chief
                                          Vehicle Defects Division D
                                          Office of Defects Investigation

Enclosure 1, Copies of the subject reports referenced in the introduction of this letter identified by the following ODI reference numbers.

11422581, 11424607, 11432896, 11433125, 11435659, 11437066, 11439015, 11439044, 11439113,
11439627, 11439689, 11439876, 11439924, 11440477, 11440478, 11440519, 11440598, 11440662,
11440921, 11440953, 11441036, 11441199, 11441206, 11441236, 11441393, 11441587, 11441651,
11441698, 11441955, 11441957, 11441960, 11442036, 11442044, 11442199, 11442291, 11442335,
11442554, 11442747, 11442775, 11442777, 11442852, 11442937, 11443110, 11443226, 11443253,
11443491, 11443714, 11443897, 11444044, 11444508, 11444600, 11444619, 11445838, 11446268,
11446804, 11447065, 11447350, 11447511, 11447787, 11448296, 11448306, 11448386, 11448397,
11448479, 11448623, 11449334, 11449340, 11449468, 11449612, 11449658, 11449728, 11449732,
11449799, 11449851, 11449873, 11449874, 11449880, 11449882, 11449883, 11449884, 11449899,
11449908, 11449910, 11449915, 11449917, 11449926, 11449933, 11449961, 11449967, 11449971,
11449977, 11449980, 11449982, 11449991, 11450002, 11450011, 11450012, 11450018, 11450019,
11450020, 11450022, 11450030, 11450035, 11450039, 11450063, 11450078, 11450085, 11450096,
11450102, 11450103, 11450118, 11450123, 11450129, 11450142, 11450143, 11450146, 11450153,
11450156, 11450171, 11450182, 11450183, 11450189, 11450192, 11450193, 11450194, 11450197,
11450221, 11450224, 11450225, 11450230, 11450234, 11450240, 11450245, 11450260, 11450261,
11450263, 11450283, 11450292, 11450299, 11450300, 11450318, 11450322, 11450323, 11450326,
11450343, 11450350, 11450356, 11450364, 11450377, 11450378, 11450406, 11450411, 11450431,
11450456, 11450459, 11450463, 11450481, 11450482, 11450485, 11450490, 11450498, 11450499,
11450507, 11450520, 11450534, 11450535, 11450539, 11450541, 11450551, 11450610, 11450628,
11450632, 11450647, 11450656, 11450664, 11450793, 11450805, 11450816, 11450864, 11450868,
11419673, 11422267, 11429825, 11432109, 11437264, 11437979, 11439075, 11439792, 11439881,
11439975, 11439978, 11440149, 11440516, 11440580, 11440581, 11440611, 11440638, 11440687,
11440818, 11440857, 11440892, 11441161, 11441400, 11441457, 11441522, 11441689, 11441777,
11441827, 11441879, 11441880, 11441906, 11442622, 11442690, 11442803, 11443194, 11443310,
11443589, 11443709, 11443841, 11443861, 11444136, 11444212, 11444832, 11445016, 11445323,
11445716, 11445740, 11446231, 11446402, 11446403, 11446459, 11446758, 11447208, 11447292,
11447397, 11447475, 11447875, 11447934, 11448117, 11448260, 11448556, 11448854, 11448951,
11449109, 11449417, 11449493, 11449538, 11449801, 11449816, 11449825, 11449863, 11449879,
11449888, 11449907, 11449913, 11449927, 11449930, 11449935, 11449936, 11449943, 11449945,
11449948, 11449950, 11449969, 11449972, 11449975, 11449981, 11449993, 11450004, 11450014,
11450024, 11450047, 11450052, 11450054, 11450057, 11450060, 11450068, 11450070, 11450076,
11450083, 11450090, 11450093, 11450109, 11450117, 11450127, 11450133, 11450134, 11450145,
11450154, 11450166, 11450169, 11450172, 11450199, 11450212, 11450227, 11450229, 11450231,
11450232, 11450237, 11450238, 11450247, 11450253, 11450259, 11450270, 11450290, 11450303,
11450308, 11450310, 11450317, 11450319, 11450327, 11450328, 11450349, 11450355, 11450366,
11450368, 11450370, 11450371, 11450375, 11450380, 11450387, 11450388, 11450389, 11450395,
11450420, 11450434, 11450467, 11450475, 11450493, 11450496, 11450542, 11450544, 11450559,
11450567, 11450568, 11450587, 11450603, 11450611, 11450616, 11450645, 11450653, 11450668,
11450714, 11450749, 11450840, 11450862, 11450870, 11450894, 11450927, 11450990, 11451012,
11451049, 11451079, 11451088, 11451012, 11450990, 11451079, 11450927, 11451049, 11451167,
11451141, 11451297, 11451111, 11451118, 11451243, 11451173, 11451422, 11451409, 11451459,
11451517, 11451463, 11451595, 11451586, 11451643, 11451694, 11451658, 11451626, 11451770,

11451791, 11451792, 11451848, 11451909, 11452143, 11452069, 11452070, 11452139, 11452214,
11452193, 11452181, 11452306, 11452627, 11452618, 11452409, 11452429, 11452352, 11452644,
11452503, 11452375, 11452421, 11452519, 11452540, 11452570, 11452532, 11452472, 11452617,
11452647, 11452639, 11452358, 11452384, 11452458, 11452522, 11452523, 11452510, 11452494,
11452623, 11452355, 11452573, 11452598, 11452605, 11452450, 11452591, 11452526, 11452487,
11452521, 11452479, 11452415, 11452364, 11452402, 11452649, 11452581, 11452359, 11452645,
11452499, 11452436, 11452530, 11452368, 11452481, 11452602, 11452507, 11452430, 11452583,
11452441, 11452544, 11452335, 11452560, 11452447, 11452559, 11452443, 11452361, 11452642,
11452456, 11452449, 11452551, 11452471, 11452428, 11452478, 11452515, 11452628, 11452527,
11452616, 11452466, 11452630, 11452626, 11452432, 11452407, 11452550, 11452376, 11452556,
11452391, 11452783, 11452871, 11452706, 11452796, 11452673, 11452870, 11452823, 11452781,
11452798, 11452834, 11452709, 11452833, 11452662, 11452835, 11452687, 11452818, 11452912,
11452678, 11452878, 11452854, 11452718, 11452726, 11452701, 11452702, 11452735, 11452680,
11452829, 11452886, 11452657, 11452852, 11452688, 11452797, 11452770, 11452850, 11452764,
11452889, 11452884, 11452888, 11452887, 11452725, 11452918, 11452691, 11452676, 11452723,
11452758, 11452683, 11452864, 11452863, 11452721, 11452985, 11453024, 11452972, 11452960,
11453053, 11452987, 11453031, 11453045, 11452982, 11453000, 11453011, 11452992, 11452955,
11452947, 11452969, 11452949, 11452994, 11453028, 11452966, 11453052, 11452939, 11452975,
11452943, 11453025, 11452929, 11452948, 11453050, 11452981, 11452971, 11453033, 11452998,
11452977, 11452925, 11452964, 11452930, 11452986, 11453060, 11453096, 11453164, 11453069,
11453162, 11453144, 11453075, 11453067, 11453084, 11453127, 11453116, 11453123, 11453122,
11453074, 11453108, 11453289, 11453272, 11453188, 11453260, 11453305, 11453206, 11453214,
11453286, 11453294, 11453177, 11453314, 11453285, 11453250, 11453247, 11453191, 11453259,
11453512, 11453360, 11453511, 11453343, 11453384, 11453332, 11453374, 11453526, 11453431,
11453369, 11453389, 11453549, 11453427, 11453363, 11453451, 11453469, 11453464, 11453607,
11453604, 11453654, 11453702, 11453700, 11453836, 11453946, 11453849, 11453925, 11453763,
11453737, 11453841, 11454170, 11454076, 11454078, 11453992, 11454081, 11454046, 11454193,
11454187, 11454238, 11454297, 11454273, 11454263, 11454245, 11454329, 11454337, 11454377,
11454367, 11454547, 11454502, 11454432, 11454556, 11454452, 11454544, 11454552, 11454514,
11454578, 11454489, 11454674, 11454913, 11454923, 11454950, 11455031, 11455108, 11455083,
11455122, 11455128, 11455026, 11455056, 11455037, 11455136, 11455139, 11455163, 11455313,
11455424, 11455573, 11455617, 11455550, 11455695, 11455661, 11455854, 11455830, 11455882,
11455870, 11455871, 11455995, 11455980, 11455959, 11456264, 11456393, 11456435, 11456453,
11456430, 11456481, 11456677, 11456554, 11456627, 11456615, 11456884, 11456795, 11456721,
11456716, 11456811, 11456729, 11456862, 11456766, 11457004, 11457054, 11457053, 11457020,
11456977, 11457065, 11457104, 11457067, 11457355, 11457347, 11457284, 11457247, 11457350,
11457312, 11457441, 11457424, 11457434, 11457385, 11457418, 11457452, 11457374, 11457546,
11457554, 11457470, 11457467, 11457651, 11457714, 11457654, 11457620, 11457822, 11458074,
11458342, 11458280, 11458359, 11458306, 11458424, 11458417, 11458500, 11458669, 11458609,
11458668, 11458925, 11459066, 11459325, 11459454, 11459610, 11459483, 11459480, 11459471,
11459656, 11459815, 11459932, 11459987, 11460183, 11460314, 11460600, 11460567, 11460513,

11460673, 11460798, 11461179, 11461338, 11461668, 11461751, 11461991, 11462116, 11461994, 11461992, 11462334

<u>ENCLOSURE – INFORMATION FOR REQUESTS FOR CONFIDENTIAL TREATMENT</u>

If you believe that your response contains any material that you claim is confidential business information, submit these materials to NHTSA's Office of the Chief Counsel in accordance with 49 C.F.R. Part 512.  **All requests for confidential treatment must be submitted directly to the Office of the Chief Counsel.  Upon request, ODI will provide you with a secure file transfer link for your submission to the Office of the Chief Counsel.**

Requests for confidential treatment are governed by Part 512.  A current version of this regulation is available on the internet at http://www.ecfr.gov by selecting Title 49 "Transportation," selecting "Parts 500 – 599" and then selecting Part 512 "Confidential Business Information."

**<u>How to request confidential treatment</u>**:

To facilitate social distancing due to COVID-19, NHTSA is treating electronic submission as an acceptable method for submitting confidential business information to the agency under Part 512.  If you claim that any of the information or documents provided in your response constitutes confidential business information within the meaning of 5 U.S.C. § 552(b)(4), or are protected from disclosure pursuant to 18 U.S.C. § 1905, you must request a secure file transfer link from the ODI contact listed in your Information Request.  ODI will copy a representative from the Office of the Chief Counsel on the secure file transfer link for your request for confidential treatment.  You must submit supporting information together with the materials that are the subject of the confidentiality request, in accordance with Part 512, to the Office of the Chief Counsel.  Do not send a hardcopy of a request for confidential treatment to NHTSA's headquarters.

Your request must include a request letter that contains supporting information, pursuant to Part 512.8.  Your request must also include a certificate, pursuant to Part 512.4(b) and Part 512, Appendix A.

You are required to submit one unredacted "confidential version" of the information for which you are seeking confidential treatment.  Pursuant to Part 512.6, the words "ENTIRE PAGE CONFIDENTIAL BUSINESS INFORMATION" or "CONFIDENTIAL BUSINESS INFORMATION CONTAINED WITHIN BRACKETS" (as applicable) <u>must</u> appear at the top of each page containing information claimed to be confidential.  In the latter situation, where not all information on the page is claimed to be confidential, identify each item of information for which confidentiality is requested within brackets: "[   ]."

You are also required to submit one redacted "public version" of the information for which you are seeking confidential treatment.  Pursuant to Part 512.5(a)(2), the redacted "public version" should include redactions of any information for which you are seeking confidential treatment (i.e., the only information that should be unredacted is information for which you are **not** seeking confidential treatment).

For questions about a request for confidential treatment, please contact Dan Rabinovitz in the Office of the Chief Counsel at Daniel.Rabinovitz@dot.gov or (202)366-8534.