| | |
|---|---|
| FRANK M. PITRE (SBN 100077) | DAVID S. CASEY, JR. (SBN 060768) |
| fpitre@cpmlegal.com | dcasey@cglaw.com |
| JULIE L. FIEBER (SBN 202857) | GAYLE M. BLATT (SBN 122048) |
| jfieber@cpmlegal.com | gmb@cglaw.com |
| NABILAH A. HOSSAIN (SBN 329689) | JEREMY ROBINSON (SBN 188325) |
| nhossain@cpmlegal.com | jrobinson@cglaw.com |
| ANDREW F. KIRTLEY (SBN 328023) | P. CAMILLE GUERRA (SBN 326546) |
| akirtley@cpmlegal.com | camille@cglaw.com |
| **COTCHETT, PITRE & McCARTHY, LLP** | MICHAEL J. MORPHEW (SBN 304463) |
| San Francisco Airport Office Center | mmorphew@cglaw.com |
| 840 Malcolm Road | **CASEY GERRY SCHENK FRANCAVILLA** |
| Burlingame, CA 94010 | **BLATT & PENFIELD, LLP** |
| Telephone: (650) 697-6000 | 110 Laurel Street |
| Fax: (650) 697-0577 | San Diego, CA 92101 |
| | Telephone: (619) 238-1811 |

FRANCIS A. BOTTINI, JR. (SBN 175783)
fbottini@bottinilaw.com
YURY A. KOLESNIKOV (SBN 271173)
ykolesnikov@bottinilaw.com
NICHOLAUS H. WOLTERING (SBN 337193)
nwoltering@bottinilaw.com
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Fax: (858) 914-2002

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation**<br><br>*This Filing Relates To All Actions* | Case No. 4:22-cv-05240-HSG<br><br>**PLAINTIFFS' NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO SHORTEN TIME TO HEAR MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:  Hon. Haywood S. Gilliam, Jr.<br>Room: Courtroom 2, 4th Floor |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Civil Local Rules 6-1(b) and 6-3(a), Plaintiffs Thomas J. LoSavio, Brenda T. Broussard, Dominick Battiato, Christopher Mallow, and Jazmin Imaguchi (collectively, "Plaintiffs") hereby move the Court for an order shortening time to hear Plaintiffs' fully-briefed motion for preliminary injunction and provisional class certification (Dkt. No. 42), which is currently set to be heard on June 29, 2023. Pursuant to Civil Local Rule 6-3(d), this administrative motion will be decided after receipt of the motion and any opposition thereto by the Honorable Haywood S. Gilliam, Jr., in Courtroom 2 on the Fourth Floor of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, California 94612. This motion is based on this notice of motion and administrative motion, the supporting memorandum of points and authorities, the accompanying declaration of Yury A. Kolesnikov, and all of the files in the above-captioned action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Currently pending before the Court is Plaintiffs' fully-briefed motion for preliminary injunction and provisional class certification ("Motion") (Dkt. No. 42), currently set for a hearing on June 29, 2023, which was the earliest available hearing date for a regularly-noticed motion at the time the Motion was filed. By their Motion, Plaintiffs seek to enjoin Tesla's ongoing false and deceptive claims about its Full Self Driving Capability ("FSD") and other advanced driver assistance ("ADAS") technologies, which claims, in turn, cause many Tesla owners to dangerously over-rely on those technologies to drive their cars for them. Plaintiffs also seek an order requiring Tesla either to deactivate the FSD software in more than 360,000 vehicles currently on the road due to the technology's numerous unremedied safety defects that were the subject of a nationwide recall by the National Highway Traffic Safety Administration ("NHTSA") in February 2023, or at least to notify FSD owners of the defects. As shown by Plaintiffs' Motion and supporting evidence, Tesla's challenged practices are subjecting hundreds of thousands of putative class members and the broader public to significant ongoing risk of death and serious bodily injury.

Given the substantial ongoing threat to public safety, Plaintiffs now move the Court under Civil Local Rule 6-3 to advance the hearing on the Motion from June 29 to either May 11, May 18, June 1, or June 8.  Advancing the hearing date would not prejudice Tesla given that the Motion is already fully briefed and, if the Motion is denied, would provide clarity to the parties in moving forward.  On the other hand, if the Motion is granted in whole or in part, leaving the Motion to be heard on June 29 will have the effect of exposing putative class members and the public to a serious threat to public safety for many additional weeks while the Motion lingers fully briefed but unheard.

As required by Civil Local Rule 6-3, Plaintiffs met and conferred with Tesla, but Tesla would not stipulate to advance the hearing date.  When asked whether they had conflicts with any of Plaintiffs' four proposed earlier hearing dates, Tesla's counsel failed to identify any conflicts and merely indicated that they "can do June 1 or June 8, with a strong preference for June 8 given schedules." *See* Declaration of Yury A. Kolesnikov ("Kolesnikov Decl.") ¶¶ 12–15.  Given this, and the substantial threat of ongoing harm identified in the Motion, Plaintiffs respectfully request that the Court advance the hearing on the Motion to the earliest available of the proposed hearing dates of May 11, May 18, June 1, or June 8.

## II.   BACKGROUND

Plaintiffs' pending Motion seeks to protect hundreds of thousands of putative class members and the public from Tesla and its CEO Elon Musk's ongoing reckless endangerment by, among other things:  (1) prohibiting Tesla from continuing to make false and deceptive claims about FSD and its other ADAS technology, and (2) deactivating FSD in the more than 360,000 FSD vehicles currently on the road until such time as FSD's known defects are remedied.  *See generally* Dkt. No. 42, Notice of Motion ("Ntc. Mot.") ¶¶ 1–9. As detailed in the Motion, many consumers are drawn to Tesla vehicles and pay thousands of dollars for FSD believing that it will do what its name says — make their Tesla vehicle fully self-driving. *See* Dkt. No. 42, Motion ("Mot.") at 9–10.  In reality, FSD is merely a driver-*assistance* technology that does ***not*** make cars self-driving under ***any*** circumstances, much less *fully* self-driving.  In support of the Motion, Plaintiffs and putative class members submitted declarations detailing how they were misled, despite conducting extensive research, by Tesla's false and deceptive labeling and marketing.  *See* Dkt. Nos. 42-8 through 42-18 (declarations in support of the Motion); Dkt. Nos. 50-2 through 50-6 (declarations in support of the reply); *see also* Mot. at 12:7–15 (noting Tesla's

marketing claims about FSD and Autopilot are the target of numerous ongoing investigations and actions by, among other things, the USDOJ Criminal Division, the SEC, and the California DMV).

Crucially, the evidence submitted in support of the Motion extensively documents how Tesla's continuing misrepresentations and operation of FSD not only misleads the public, but also ***endangers the public***. As detailed in the Motion, drivers' over-reliance on Tesla's ADAS technology, combined with the same or similar ADAS failures occurring over an extended period, has caused significant death and injury over the years. NHTSA has an ongoing investigation into the numerous fatalities nationwide that have occurred due to Tesla cars crashing at high speed into emergency vehicles, including one such accident that occurred in California just days after NHTSA's FSD recall in February 2023. *See* Mot. at 11:15–21. Tesla's ADAS technology has also recently caused cars to: (1) fail to detect and collide at high speed with emergency vehicles and tractor trailers; (2) suddenly veer off the road and into concrete barriers; (3) abruptly stop in the middle of the highway, causing a multi-car pile-up; and (4) hit a student after failing to detect flashing school bus stop signs. *See, e.g.*, Mot. at 11:22–12:5, 15:20–28; Dkt. No. 50, Reply Mem. ("Reply") at 1:17–24, 7:16–19, 8:4–15.

As Plaintiffs' Motion and extensive supporting evidence demonstrate, this threat is not just imminent, ***it is ongoing***. And it has no likelihood of being abated unless the Court acts and issues the requested preliminary injunction. Thus, to protect putative class members and the public, Plaintiffs filed the Motion on March 22, 2023. *See* Dkt. Nos. 42–43. Tesla filed its opposition on April 5. *See* Dkt. Nos. 45–46. Plaintiffs filed their Reply on April 12. *See* Dkt. Nos. 50–51.

Soon after filing their Reply, Plaintiffs began efforts to advance the hearing date on the Motion. As required by Civil Local Rule 6-3, Plaintiffs met and conferred with Tesla about stipulating to advance the hearing date, but Tesla refused. *See* Kolesnikov Decl. ¶¶ 12–13. To streamline this motion to shorten time, Plaintiffs' counsel then specifically asked Tesla's counsel whether they "have a conflict" with any of Plaintiffs' proposed hearing dates of May 11, May 18, June 1, or June 8. *Id.* ¶ 14. In response, Tesla's counsel failed to identify any conflicts with any of Plaintiffs' proposed hearing dates but, instead, side-stepped the question, replying only that they "can do June 1 or June 8, with a strong preference for June 8 given schedules." *Id.* ¶ 15.

/ / /

III.     ARGUMENT

District courts have the inherent power to control their dockets. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also WeRide Corp. v. Kun Huang*, 2019 U.S. Dist. LEXIS 130781, at *7 (N.D. Cal. Aug. 5, 2019) (granting motion to advance hearing date). Moreover, under Civil Local Rule 6-3, the Court can enlarge or shorten time upon a motion and a showing that "substantial harm or prejudice …would occur if the Court did not change the time." Civ. L.R. 6-3(a)(3). This includes "shorten[ing] time for the Court to hear a motion." *See* Civ. L.R. 6-3(a)(4).

Here, Plaintiffs' pending and fully-briefed Motion makes clear the substantial harm and prejudice that would occur in the two months before the June 29 hearing date and that could be avoided by advancing the hearing date as requested in this motion. *See generally* Mot. at 9–12; Reply at 7–8. To begin with, the Motion documents how Tesla's deeply unpredictable and unsafe ADAS technology, combined with Tesla's false representations that its ADAS technology makes its cars fully self-driving, make for a dangerous cocktail that endangers public safety and has spawned numerous civil and criminal investigations of Tesla's marketing practices. *See, e.g.*, Mot. at 9–12; Reply at 7–8, 12–13. The Motion is supported by declarations from Plaintiffs and class members detailing how they were misled by Tesla's false and misleading statements despite conducting extensive research and despite having advanced degrees and decades of professional experience, including as attorneys, physicians, engineers, and technologists. *See* Mot. at 9-10; Dkt. Nos. 42-8 through 42-18.

The Motion also documents how Tesla's false and deceptive representations about its ADAS technology cause drivers to over-rely on that technology to drive their cars for them, leading to significant deaths and injuries. *See* Mot. at 11–12, 20–21; Reply at 7–8, 12–13. Indeed, NHTSA data shows that Tesla's ADAS technology has been responsible for approximately 70% of the hundreds of ADAS-involved crashes in the U.S. *See* Reply at 8:7–8. To make matters worse, in February 2023, NHTSA issued an unprecedented nationwide recall of all 362,758 Tesla vehicles with FSD technology. *See* Mot. at 12. The recall identifies four new FSD safety defects, not previously identified by NHTSA's other ongoing FSD defect investigations, that pose an ongoing risk of harm to Plaintiffs, class members, and the public. *See id.* These newly identified defects include traveling or turning through intersections during a stale yellow light, not stopping at stop signs, not reducing vehicle speed

in response to changes in posted speed limits, and changing lanes out of a turn-only lane to continue traveling straight. *See id.*; Reply at 8 & nn.10–11.

Simply put, until there is a hearing and decision on the Motion, Plaintiffs, class members, and the general public continue to be at increased risk of death or serious bodily injury from FSD owners' over-reliance on FSD to drive their cars for them and from unremedied FSD defects identified by NHTSA. There would be no prejudice to Tesla from advancing the hearing. *See supra* at 2. And if the Court were to agree with Plaintiffs, a prompt hearing would alleviate the risk of wholly preventable deaths and injuries from serious unremedied FSD defects and widespread misuse of FSD during the time that the Motion would otherwise linger fully briefed but unheard.

## IV. CONCLUSION

For the foregoing reasons, including the substantial ongoing threat of death and serious bodily injury to putative class members and the broader public, Plaintiffs respectfully request that the Court advance the hearing on the Motion from June 29, 2023, to the earliest available of Plaintiffs' four proposed hearing dates of May 11, May 18, June 1, or June 8, 2023.

Dated: April 26, 2023                                Respectfully submitted,

**BOTTINI & BOTTINI, INC.**

By: */s/ Yury A. Kolesnikov*
FRANCIS A. BOTTINI, JR.
YURY A. KOLESNIKOV
NICHOLAUS H. WOLTERING

*Attorneys for Plaintiff Dominick Battiato and the Proposed Class*

Dated: April 26, 2023                                **COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Frank M. Pitre*
FRANK M. PITRE
JULIE L. FIEBER
NABILAH A. HOSSAIN
ANDREW F. KIRTLEY

*Attorneys for Plaintiffs Thomas LoSavio, Brenda Broussard, and the Proposed Class*

| | | |
|---|---|---|
| 1 | Dated: April 26, 2023 | **CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP** |
| 2 | | |
| 3 | | By: _/s/ Gayle M. Blatt_ |
| | | DAVID S. CASEY, JR. |
| 4 | | GAYLE M. BLATT |
| | | JEREMY ROBINSON |
| 5 | | P. CAMILLE GUERRA |
| | | MICHAEL J. MORPHEW |
| 6 | | |
| 7 | | *Attorneys for Plaintiffs Christopher Mallow, Jazmin Imaguchi, and the Proposed Class* |

# ATTORNEY ATTESTATION

I, Yury A. Kolesnikov, am the ECF User whose ID and password are being used to file this Plaintiffs' Notice of Motion and Administrative Motion to Shorten Time to Hear Plaintiffs' Motion for Preliminary Injunction. In compliance with Civil Local Rule 5-l(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from each signatory.

Dated: April 26, 2023

By: /s/ Yury A. Kolesnikov
Yury A. Kolesnikov