| | |
|---|---|
| FRANK M. PITRE (SBN 100077) | DAVID S. CASEY, JR. (SBN 060768) |
| fpitre@cpmlegal.com | dcasey@cglaw.com |
| JULIE L. FIEBER (SBN 202857) | GAYLE M. BLATT (SBN 122048) |
| jfieber@cpmlegal.com | gmb@cglaw.com |
| NABILAH A. HOSSAIN (SBN 329689) | JEREMY ROBINSON (SBN 188325) |
| nhossain@cpmlegal.com | jrobinson@cglaw.com |
| ANDREW F. KIRTLEY (SBN 328023) | P. CAMILLE GUERRA (SBN 326546) |
| akirtley@cpmlegal.com | camille@cglaw.com |
| **COTCHETT, PITRE & McCARTHY, LLP** | MICHAEL J. MORPHEW (SBN 304463) |
| San Francisco Airport Office Center | mmorphew@cglaw.com |
| 840 Malcolm Road | **CASEY GERRY SCHENK FRANCAVILLA** |
| Burlingame, CA 94010 | **BLATT & PENFIELD, LLP** |
| Telephone: (650) 697-6000 | 110 Laurel Street |
| Fax: (650) 697-0577 | San Diego, CA 92101 |
| | Telephone: (619) 238-1811 |

FRANCIS A. BOTTINI, JR. (SBN 175783)
fbottini@bottinilaw.com
YURY A. KOLESNIKOV (SBN 271173)
ykolesnikov@bottinilaw.com
NICHOLAUS H. WOLTERING (SBN 337193)
nwoltering@bottinilaw.com
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Fax: (858) 914-2002

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation**<br><br>*This Filing Relates To All Actions* | Case No. 4:22-cv-05240-HSG<br><br>**DECLARATION OF YURY A. KOLESNIKOV IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SHORTEN TIME TO HEAR MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Room: Courtroom 2, 4th Floor |

I, Yury A. Kolesnikov, declare as follows:

1. I am an attorney at Bottini & Bottini, Inc., counsel for Plaintiff Dominick Battiato in this action. I submit this declaration pursuant to Civil Local Rule 6-3(a) in support of Plaintiffs' administrative motion to shorten time to hear Plaintiffs' motion for preliminary injunction and provisional class certification. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration. If called upon to do so, I could and would testify to these facts.

2. On March 22, 2023, Plaintiffs Thomas J. LoSavio, Brenda T. Broussard, Dominick Battiato, Christopher Mallow, and Jazmin Imaguchi (collectively, "Plaintiffs") filed a motion for preliminary injunction and provisional class certification ("Motion"). The Motion is supported by numerous Plaintiff and putative class member declarations and more than a hundred exhibits of documentary evidence. *See* Dkt. Nos. 42, 43.

3. The Motion seeks various preliminary injunctive relief as set forth in Plaintiffs' Notice of Motion (Dkt. No. 42) at Paragraphs 1–9. The relief sought includes enjoining Tesla's ongoing false and deceptive claims about its Full Self Driving Capability ("FSD") and other advanced driver assistance ("ADAS") technologies that are causing many Tesla owners to dangerously over-rely on those technologies to drive their cars for them, resulting in fatal and serious automobile crashes. Plaintiffs also seek an order requiring Tesla either to temporarily deactivate the FSD software in more than 360,000 vehicles currently on the road until the technology's numerous safety defects that were the subject of a February 2023 nationwide recall by the National Highway Traffic Safety Administration ("NHTSA") are remedied, or at least to notify FSD owners of those defects.

4. On April 5, 2023, Defendants filed an opposition to the Motion. *See* Dkt. Nos. 45, 46.

5. The opposition argues that a preliminary injunction is not warranted because, among other things, Plaintiffs are unlikely to succeed on the merits of their claims; Plaintiffs would not suffer irreparable harm; an injunction would impose an enormous burden on Tesla; and the proposed injunction would not be in the public interest.

6. On April 12, 2023, Plaintiffs filed a reply in further support of the Motion. The reply is supported by additional Plaintiff and class member declarations and additional documentary evidence. *See* Dkt. Nos. 50, 51.

7. The Motion is now fully briefed and currently set for a hearing on June 29, 2023.

8. Plaintiffs' moving and reply papers in support of the Motion, and the evidence submitted therewith, set forth in great detail the substantial harm, including death and serious bodily injury, to Plaintiffs, putative class members, and the general public, that would be prevented by issuing preliminary injunctive relief as soon as possible.

9. The evidence submitted in support of the Motion extensively documents how Tesla's continuing false and deceptive labeling and claims about FSD and its other ADAS technology not only mislead the public, but also endanger the public. As detailed in the Motion, drivers' over-reliance on Tesla's ADAS technology, combined with the same or similar ADAS failures occurring over an extended period, has caused significant death and injury over the years. The NHTSA has an ongoing investigation into the numerous fatalities nationwide that have occurred due to Tesla cars crashing at high speed into emergency vehicles, including one such accident that occurred in California just days after the NHTSA's FSD recall in February 2023.

10. As detailed in Plaintiffs' moving and reply papers, Tesla's ADAS technology has, among other things, recently caused cars to: (1) fail to detect and collide at high speed with emergency vehicles and tractor trailers; (2) suddenly veer off the road and into concrete barriers; (3) abruptly stop in the middle of the highway, causing a multi-car pile-up; and (4) hit a student after failing to detect flashing school bus stop signs.

11. As Plaintiffs' Motion and the extensive documentary evidence submitted in support of the Motion demonstrate, this threat is not just imminent, it is ongoing. And it has no likelihood of being abated unless the Court acts and issues the requested preliminary injunction. Accordingly, advancing the hearing on Plaintiffs' fully-briefed Motion is necessary to alleviate the risk of wholly preventable deaths and injuries from the unremedied FSD defects and widespread misuse of FSD during the time that the Motion would otherwise linger fully briefed but unheard.

12. On April 14, 2023, I e-mailed Defendants' counsel, Alan E. Schoenfeld, to inquire if Defendants would stipulate to advancing the hearing on the Motion.

13. By e-mail dated April 16, 2023, Mr. Schoenfeld responded that "Tesla doesn't see any basis to advance the hearing and does not consent to plaintiffs' request to do so."

14. On April 20, 2023, in order to streamline this motion to shorten time, I further e-mailed Mr. Schoenfeld, informing him that Plaintiffs would proceed with filing an administrative motion to advance the hearing on the Motion and asking him to let me know if Defendants' counsel had a conflict on any of the following proposed hearing dates:  May 11, May 18, June 1, and June 8.

15. Mr. Schoenfeld responded by e-mail dated April 20, 2023, stating in its entirety: "Yury, thanks.  We can do June 1 or June 8, with a strong preference for June 8 given schedules."  Mr. Schoenfeld's response does not identify any conflicts with any of the proposed hearing dates.

16. The only previous time modifications in the case, whether by stipulation or Court order, was a stipulation and order concerning the filing of Plaintiffs' consolidated amended complaint and extending the briefing schedule for subsequent motion practice.  *See* Dkt. Nos. 17, 22.

17. The Court has not yet held an initial case management conference or issued a subsequent case management order.  As a result, granting Plaintiffs' administrative motion to shorten time would have no effect on the schedule for the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 26, 2023, in La Jolla, California.

                                                  *s/ Yury A. Kolesnikov*
                                                    Yury A. Kolesnikov