David C. Marcus (SBN 158704)
david.marcus@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Tel: (213) 443-5312

Alan Schoenfeld (*pro hac vice*)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 937-7294

Allison Bingxue Que (SBN 324044)
allison.que@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, Tesla Finance LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| IN RE TESLA ADVANCED DRIVER ASSISTANCE SYSTEMS LITIGATION | CASE NO.: 4:22-cv-5240-HSG <br><br> **DEFENDANTS TESLA, INC., TESLA LEASE TRUST, AND TESLA FINANCE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SHORTEN TIME TO HEAR THEIR MOTION FOR PRELIMINARY INJUNCTION** <br><br> *[Filed concurrently with Declaration of Alan Schoenfeld]* <br><br> Hon. Haywood S. Gilliam, Jr. <br> Courtroom 2 – 4th floor |

1  Plaintiffs waited six months after filing suit to seek a preliminary injunction (PI), and now they claim to be suffering such a "substantial threat of ongoing harm" that the Court must advance the PI hearing—which Plaintiffs noticed for June 29—to mid-May or early June. Admin. Mot. 2. As Tesla has explained, Plaintiffs' PI request fails for multiple reasons, including but not limited to the lack of any urgency. Plaintiffs' PI briefing is so deficient that the Court can deny it on submission.

Plaintiffs' request to advance the hearing is unjustified, and any claim of urgency is belied by the circumstances. Plaintiffs waited six months to bring the PI motion, and then an additional month after that to bring this motion to shorten, and have proposed hearing dates that are only a few weeks in advance of the currently scheduled hearing date, undermining any claim of urgency. They then improperly used their administrative motion as a sur-reply for their PI motion, opting to rehash their flawed arguments instead of justifying their request to shorten time and advance the hearing date. As part of that effort, Plaintiffs assert that the proposed class would be prejudiced "for many additional weeks while the [PI] Motion lingers fully briefed but unheard" if the June 29 hearing is not advanced. Admin. Mot. 2. Plaintiffs repeat their meritless allegations that Tesla's representations about its Advanced Driver Assistance Systems (ADAS) technology and the "unremedied FSD defects" would lead to "deaths and injuries." *Id.* at 4-5. They again conflate Tesla's Autopilot technology with Full-Self Driving (FSD) Beta, and their scattered reports of accidents are primarily about drivers' misuse of the former, not the latter. Plaintiffs are simply wrong that Tesla's statements are misleading. But more fundamentally, both Autopilot and FSD are safe. *See* Dkt. 45 [Opp. to PI Mot.] at 6.

Plaintiffs have shown no "substantial harm or prejudice that would occur" if the Court does not advance the hearing date on their PI motion. L.R. 6-3(a)(3). Their request to advance should be denied, and the PI motion should be decided by the Court in the ordinary course.

## I.  BACKGROUND

More than a month ago and six months after first filing suit, Plaintiffs filed the PI motion on March 22, 2023. The PI motion bears little relation to their complaint. Plaintiffs' complaint, at bottom, asserts that they overpaid for a premium feature they did not receive. The complaint

1  makes general statements about enjoining Tesla from continuing false advertising, *see, e.g.*,
2  Compl. ¶ 12 (seeking to enjoin "false, deceptive, or misleading statements to the public regarding
3  the abilities, limitations, flaws, and value of Tesla's ADAS packages and technology"), but despite
4  many gratuitous and irrelevant details on crashes involving Tesla vehicles, it nowhere seeks or
5  asserts claims that would entitle Plaintiffs to enjoin Tesla customers' actual use of their vehicles'
6  Full-Self Driving (FSD) software.  Six months later, Plaintiffs sought a sweeping mandatory
7  injunction that would effectively dismantle Tesla's FSD program altogether, including its safety
8  enhancements, and requested Tesla to immediately (1) stop using the terms "self-driving" and
9  "autonomous,"[1] (2) deactivate drivers' FSD Beta software and stop offering it to other drivers, and
10 (3) "provide conspicuous written notice" by email and in-car pop-up that this Court has held
11 Tesla's use of those terms was deceptive.  Dkt. 42 [PI Mot. Notice] at 1-3.  As shown in Tesla's
12 opposition to the PI motion, the injunction Plaintiffs seek is unwarranted and would in fact harm
13 Tesla, its customers, and the public, which benefits from the enhanced safety features that comprise
14 FSD.  *See* Dkt. 45 [PI Opp.] at 6, 21-23.

After filing the PI motion on March 22, Plaintiffs waited until April 14 "to inquire if [Tesla] would stipulate to advancing the hearing on the [PI] Motion."  Dkt. 53-1, ¶ 12.  After Tesla responded that it "doesn't see any basis to advance the hearing and does not consent to plaintiffs' request to do so" (*id.* ¶ 13), Plaintiffs did not respond until four days later on April 20, and in that response offered four dates, two of which are around mid-May.  *Id.* ¶ 14.  As Plaintiffs acknowledge, Tesla's counsel responded on the same day that "[Tesla] can do June 1 or June 8, with a strong preference for June 8 given schedules."  *Id.* ¶ 15.  Plaintiffs did not follow up.[2]

## II.  ARGUMENT

Plaintiffs have offered no basis to advance the hearing date on their meritless PI motion. The PI motion, similar to the complaint, is rife with legal flaws that warrant summary denial.

---

[1] As discussed in Tesla's PI opposition, Tesla does not describe its vehicles as autonomous, but instead repeatedly reminds drivers to actively and attentively supervise all aspects of vehicle operation.  *See* Dkt. 45 [PI Opp.] at 6-11.

[2] While Plaintiffs did not ask Tesla to identify specific conflicts with the proposed May dates, Tesla now files a supporting declaration attesting to its counsel's preexisting commitments. Schoenfeld Decl. ¶ 5.

Plaintiffs are not entitled to any prospective relief, let alone a sweeping mandatory injunction based on misconceptions and falsehoods about Tesla's technology that would inflict substantial and permanent harm to Tesla, its customers, and the public. *See generally* Dkt. 45 [Opp. to PI Mot.].

Among the many flaws in Plaintiffs' PI motion, their delay in seeking preliminary injunctive relief "implies a lack of urgency and irreparable harm," and justifies denial of their PI request. Dkt. 45 [Opp. to PI Mot.] at 20 (quoting *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)). Plaintiffs concede that delay is relevant, but argue that it is "only one factor" that is not determinative here. Dkt. 50 [Reply iso PI Mot.] at 9. Yet they are silent on what other factors should be considered. *Id.* Instead, Plaintiffs argue only that they are justified in sitting on the PI motion for six months because of some "recent events that all occurred after the [amended complaint] was filed." *Id.* Contrary to Plaintiffs' assertion, however, there is no new factual development that excuses Plaintiffs from the six-month delay. The only "new" facts they point to are (1) Tesla's widespread rollout of FSD Beta (which, as they admit, took place more than *five* months ago) (*id.*); (2) Tesla's voluntary and over-the-air recall (*id.*), which took place in February 2023 and which addressed NHTSA's potential concerns that narrow issues might arise in "specific and rare circumstances" (Dkt. 45 [Opp. to PI Mot.] at 18), and (3) unidentified "continuing misrepresentations" (Dkt. 50 [Reply iso PI Mot.] at 9). None of those facts is relevant to resolution of the complaint or the PI motion, and none of those facts justify Plaintiffs' six-month delay.

Plaintiffs' motion to advance the hearing date is even less plausibly justified. The facts as they exist today were known to the Plaintiffs when they filed the PI motion. Yet they delayed over four weeks to ask that the Court advance the date of the hearing. Plaintiffs' claim that "leaving the [PI] Motion to be heard on June 29 will have the effect of exposing putative class members and the public to a serious threat to public safety for many additional weeks while the Motion lingers fully briefed but unheard" (Admin. Mot. 2) is not only factually baseless but simply not credible in light of the continued delays. *See Freelancer Int'l Pty Ltd v. Upwork Global, Inc..*, 2020 WL 6929088, at *2 (N.D. Cal. Sept. 9, 2020) (denying request to shorten preliminary injunction hearing where plaintiffs "waited five months" before seeking relief from court); *see*

*also Plata v. Schwarzenegger*, 2009 WL 1178652, at *1 (N.D. Cal. May 1, 2009) (denying request to shorten time as "undermined … by Defendants' own delay": "If Defendants were suffering substantial harm each day that the Court's March 24 order remained in effect, then it would be expected that they would have appealed and sought a stay as soon as possible, rather than waiting thirty days to do so").

As Plaintiffs acknowledge, Local Rule 6-3 requires that the party seeking to shorten the time to "[i]dentif[y] the substantial harm or prejudice that would occur if the Court did not change the time."  Civil L.R. 6-3(a)(3).  Just as Plaintiffs cannot manufacture any irreparable harm for their PI motion, Plaintiffs cannot show any "substantial harm or prejudice" they would suffer from having the motion heard on June 29.  Rehashing allegations made in their PI briefing, Plaintiffs again fail to identify any non-speculative harm to themselves or to the public, let alone any harm that they would suffer if the June 29 hearing was not moved up by a few weeks.  Both Tesla vehicles and the FSD technology are safe, *see* Dkt. 45 [Opp. to PI Mot.] at 6 (collecting evidence of Tesla's sterling safety record, including that vehicles equipped with FSD Beta experienced airbag-deploying crashes five times less frequently than the average U.S. car in 2022), and Tesla is—and always has been—transparent with its customers about what their vehicles can and cannot do.

Plaintiffs' arguments to the contrary are scattershot and unfocused.  Against Tesla's decorated safety record, Plaintiffs can only point to misleading anecdotes.  As the most glaring example, even in this motion to shorten, Plaintiffs continue to conflate Tesla's Autopilot technology with FSD Beta, and their scattered reports of accidents are primarily about drivers' misuse of the Autopilot system and are unrelated to FSD.  *See* Admin. Mot. 4.  Even then, Plaintiffs are wrong that Tesla's statements are misleading or that either Autopilot or FSD is unsafe.  Indeed, just recently, a Los Angeles jury found that Tesla's statements about its ADAS features were not misleading and that Tesla was not responsible for her accident.  *See* Schoenfeld Decl. Ex. 1 [*Hsu v. Tesla Inc.*, No. 20STCV18473 (Cal. Super. Ct., L.A. Cnty.), Special Verdict (Apr. 21, 2023)]. Against Tesla's myriad disclosures and truthful marketing Plaintiffs implausibly contend that they *continue* to be misled by the very advertisements they assert are misleading.  Admin. Mot. 2-4.

Finally, Plaintiffs claim that the hearing must be moved up because they are at risk from other (unidentified) FSD owners' use of the technology. *Id.* at 4-5. That kind of speculation cannot show any cognizable harm or prejudice to justify Plaintiffs' PI request, let alone anything "substantial" that would warrant disturbing the current hearing schedule. Civil L.R. 6-3(a)(3).

### III.   CONCLUSION

For the foregoing reasons, Tesla respectfully requests that the Court deny Plaintiffs' request to advance the PI hearing that is currently scheduled for June 29, 2023. If the Court grants the motion and advances the hearing date, counsel for Tesla is available on Plaintiffs' identified June 1 and June 8 dates. *See* Schoenfeld Decl. ¶ 5.

Dated: May 1, 2023

Respectfully submitted,

WILMER CUTLER PICKERING
  HALE AND DORR LLP

By:   */s/ Alan Schoenfeld*
      Alan Schoenfeld

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, Tesla Finance LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2023, I electronically filed the above document and supporting declaration with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated: May 1, 2023                               By:   /s/ Alan Schoenfeld
                                                       Alan Schoenfeld