| | |
|---|---|
| David C. Marcus (SBN 158704)<br>david.marcus@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>350 South Grand Avenue, Suite 2400<br>Los Angeles, California 90071<br>Tel: (213) 443-5312<br><br>Alan Schoenfeld (*pro hac vice*)<br>alan.schoenfeld@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Tel: (212) 937-7294<br><br>Allison Bingxue Que (SBN 324044)<br>allison.que@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Tel: (650) 858-6000<br><br>*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC* | Frank M. Pitre (SBN 100077)<br>fpitre@cpmlegal.com<br>COTCHETT PITRE & MCCARTHY LLP<br>840 Malcolm Road<br>Burlingame, CA 94010<br>Tel.: (650) 697-6000<br><br>*Attorneys for Plaintiffs Thomas LoSavio, Brenda Broussard, and the Proposed Class*<br><br>Francis A. Bottini, Jr. (SBN 175783)<br>fbottini@bottinilaw.com<br>BOTTINI & BOTTINI, INC.<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>Tel.: (858) 914-2001<br><br>*Attorneys for Plaintiff Dominick Battiato and the Proposed Class*<br><br>David S. Casey, Jr. (SBN 060768)<br>dcasey@cglaw.com<br>CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP<br>110 Laurel Street<br>San Diego, CA 92101<br>Tel.: (619) 238-1811<br><br>*Attorneys for Plaintiffs Christopher Mallow, Jazmin Imaguchi, and the Proposed Class* |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation** | Case No. 4:22-cv-05240-HSG<br><br>**CLASS ACTION**<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Date:      November 21, 2023<br>Time:     2:00 p.m.<br>Judge:    Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2 – 4th Floor<br>               1301 Clay Street<br>               Oakland, CA  94612 |

Pursuant to Local Civil Rule 16-9, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Conference Statement, and the Court's Order Granting Motion to Compel Arbitration, Granting Motion to Dismiss, and Denying Motion for Preliminary Injunction (ECF No. 57), the parties submit this Updated Joint Case Management Statement in advance of the Case Management Conference ("CMC") set for November 21, 2023.

## 1. **JURISDICTION & SERVICE**

This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d), because Plaintiff Thomas LoSavio ("LoSavio" or "Plaintiff"), putative class members, and Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collectively, "Tesla" or "Defendants") are citizens of different states and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  Defendants have been served or have waived service of process.  Defendants do not challenge personal jurisdiction.

The prior operative complaint (the Consolidated Amended Complaint) was filed in October 2022 by five consolidated plaintiffs.  ECF No. 23.  Defendants responded with a motion to compel arbitration as to four plaintiffs, and a motion to dismiss all plaintiffs' claims under Rules 12(b)(1) and 12(b)(6), which plaintiffs opposed.  ECF Nos. 30, 37, 38.  In March 2022, plaintiffs filed a motion for preliminary injunction, which Defendants opposed.  ECF Nos. 42, 45, 50.

The Court ruled on those motions in September 2023.  ECF No. 57.  First, the Court compelled to arbitration the claims of four plaintiffs (Brenda Broussard, Dominik Battiato, Christopher Mallow, and Jazmin Imaguchi), stayed the case as to those four plaintiffs, and directed the parties to file periodic status updates every 120 days.  *Id.* at 13.  Second, the Court granted the motion to dismiss the claims of the fifth plaintiff (Thomas LoSavio, who purchased a Tesla in January 2017) on the basis that the prior complaint did not sufficiently allege facts that the limitations periods applicable to his claims were subject to tolling, but granting LoSavio leave to amend.  *Id.* at 18.  In light of these rulings, the Court denied the motion for preliminary injunction.  *Id.* at 19.

**Updated Joint Case Management Statement and Rule 26(f) Report**
Case No. 4:22-cv-05240-HSG

1

On October 30, 2023, Plaintiff LoSavio filed the now-operative Consolidated Second Amended Complaint ("SAC"), and the Court has approved a stipulated briefing schedule for Defendants' response.  ECF No. 65.

**Plaintiff:**  The SAC sufficiently alleges all jurisdictional requirements, including that LoSavio has standing to seek prospective injunctive relief.  The SAC also significantly amends the allegations showing that the limitation periods applicable to LoSavio's claims were tolled due to Defendants' conduct.  Plaintiffs' counsel are conferring with the four plaintiffs whose claims were compelled to arbitration about moving forward with their claims in the appropriate arbitral forums.

**Defendants:**   Defendants currently intend to move to dismiss the SAC on various grounds, including that LoSavio has no standing to seek injunctive relief.[1]

## 2. FACTS

**Plaintiff:**  Tesla is a car manufacturer whose vehicles are equipped with advanced driver assistance systems ("ADAS") technology under the names "Autopilot," "Enhanced Autopilot," and "Full Self-Driving Capability" ("FSD"), the latter two which cost customers thousands of additional dollars above the vehicle base price.  Plaintiff alleges Tesla falsely and deceptively markets its ADAS technology as making cars "self-driving," and also falsely and deceptively represents on a continual basis that it is highly likely or certain that Tesla is only 6-12 months away from developing its ADAS technology into a market-ready SAE Level 4 or 5 autonomous vehicle technology.  Plaintiff brings this class action on behalf of the consuming public and on behalf of Tesla customers who were misled and deceived by Tesla regarding the current and future capability of its ADAS technology, who suffered harm as a result, including ongoing and imminent harms meriting public injunctive relief.

If this case survives Defendants' anticipated motion to dismiss, the factual issues will likely include:

   a. How ordinary consumers interpret "Autopilot," "Full Self-Driving," and "Full

---

[1] Defendants do not waive any rights to enforce arbitration agreements with respect to any absent classmembers.

**Updated Joint Case Management Statement and Rule 26(f) Report**  
Case No. 4:22-cv-05240-HSG

2

Self-Driving Capability" in relation to Tesla vehicles;

b. The nature and extent of Tesla's knowledge regarding how consumers interpret "Autopilot," "Full Self-Driving," and "Full Self-Driving Capability" in relation to Tesla vehicles;

c. Whether Tesla, by act or omission, represented to consumers that Tesla's ADAS technology would make their new Tesla vehicles wholly or partially self-driving at the time of delivery;

d. Whether Tesla, by act or omission, represented to consumers that Tesla was highly likely or certain to develop, within a certain period of time, technology capable of making Tesla vehicles autonomous or fully self-driving; and

e. Whether Tesla's representations were and are likely to deceive the consuming public.

**Defendants:** For the sole purpose of Tesla's anticipated motion to dismiss, Tesla will accept all the pleaded facts in the SAC as true (to the extent they do not contradict the facts that Tesla requested or will request to be incorporated by reference or to be judicially noticed). Should this case survive the motion to dismiss, the scope of factual disputes will turn on the Court's ruling, and factual issues may include but are not limited to:

a. Whether Tesla made any promise to LoSavio regarding the autonomous capability of his car by a certain date or within a certain period of time and, if so, what were the terms of that promise;

b. Whether LoSavio relied on any Tesla statement in purchasing his vehicle, and if so, which statement;

c. Whether LoSavio suffered any loss or harm from any alleged conduct by Tesla.

3. **LEGAL ISSUES**

At the pleading stage, the primary legal issues in this action include the following:

a. Whether any of Plaintiff LoSavio's claims in the SAC are barred by the applicable statutes of limitations;

       b.   Whether Plaintiff LoSavio has adequately pleaded each of his claims for relief for violations of California's Unfair Competition Law, Bus. & Prof. Code Section 17200, *et seq.*, False Advertising Law, Cal. Bus & Prof. Code § 17500, *et seq.*, and Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, as well as claims for breach of express and implied warranties under California's Song-Beverly Act, fraud and deceit, negligence, negligent misrepresentation, and unjust enrichment.

       c.   Whether the Court has subject matter jurisdiction over Plaintiff's request for injunctive relief;

Beyond the pleading stage, the primary legal issues will include:

       d.   Whether class certification is appropriate and, and if so, the nature and extent of the class and any subclasses;

       e.   Whether Defendants have classwide liability under Plaintiff's claims;

       f.   Whether Plaintiff is a typical and adequate class representative;

       g.   Whether Defendants have valid defenses;

       h.   Whether declaratory and public injunctive relief is warranted and, if so, the appropriate nature and scope of that relief; and

       i.   The nature and extent of class wide damages, restitution, and other monetary relief.

## 4. MOTIONS

### A. Pending Motions

No motions are pending.

### B. Anticipated Motions

**Plaintiff:** Plaintiff anticipates filing a motion for class certification. If Defendants timely provide necessary class discovery, Plaintiff anticipates filing a motion for class certification within 6 months after the pleadings are settled. Plaintiff may also file other motions, including motions for preliminary injunction and provisional class certification and motions for summary judgment.

**Defendants:** Defendants will oppose Plaintiff's anticipated "motion for class certification" and "motion for preliminary injunction and provisional class certification," the


latter of which was already denied by the Court once (ECF No. 57).  Should the case proceed beyond the pleading stage, Defendants reserve the right to file other motions, including a summary judgment motion on LoSavio's claims.  Defendants also intend, at the appropriate time, to enforce arbitration agreements entered into with absent classmembers, and Defendants do not waive any rights to enforce arbitration agreements with respect to absent classmembers.

**5. AMENDMENT OF PLEADINGS**

**Plaintiff:**  Plaintiff contends that further amendments to the complaint may be warranted after the Court's ruling on Defendants' anticipated motion to dismiss the SAC, particularly amendments on the many legal issues that the Court's prior order (ECF No. 57) did not address because it dismissed Plaintiff's claims on a single threshold issue, ruling that Plaintiff had not adequately pleaded facts concerning the tolling of applicable statutes of limitation.  As a result, Plaintiffs have not yet had the benefit of the Court's analysis regarding pleading deficiencies (if any) with respect to Plaintiff's claims for relief.

**Defendants:**  Defendants believe that the SAC should be dismissed with prejudice, including because the SAC fails to address the deficiencies identified in this Court's order (ECF No. 57) and any further amendment would be futile.

**6. EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in these actions.

**7. DISCLOSURES**

**Plaintiff:**  Plaintiff opposes any stay of discovery and proposes that the parties exchange initial disclosures on December 12, 2023, 21 days after the upcoming case management conference on November 21, 2023.

**Defendants:**  Defendants propose to stay discovery, including the exchange of initial disclosure, until 21 days after a decision on Tesla's anticipated motion to dismiss SAC.  Per the parties' agreement, Defendants will notice a hearing for the first available date on the Court's

calendar when Defendants file their motion to dismiss. ECF No. 65. Defendants believe LoSavio's claims remain fundamentally flawed and should all be dismissed; in any event, Defendants believe the scope of anticipated discovery in this court will be far narrower after Defendants' anticipated motion to dismiss is decided.

In the absence of a stay, Defendants agree to exchange initial disclosures within 21 days after the upcoming November 21, 2023 case management conference given the holiday schedule.

The parties understand and will comply with their ongoing duty under Rule 26(e) to supplement their disclosures after initial disclosures take place.

## 8. DISCOVERY

### A. Discovery taken to date

None.

### B. Scope of anticipated discovery

**Plaintiff:** Plaintiff anticipates targeted discovery related to the capabilities of Tesla's ADAS technology, the feasibility and likely timeline of Tesla being able to produce a truly autonomous or fully self-driving vehicle during the period relevant to this litigation, Tesla's marketing, promotion, and other statements regarding its ADAS technology, and Tesla's knowledge regarding each of these topics and their effects on consumers purchasing and driving behaviors. The targeted areas of document discovery may include, but are not limited to, information on Tesla's technology related to ADAS and autonomous vehicles; Tesla's knowledge of regulatory requirements related to ADAS and autonomous vehicle technology; Tesla's internal communications and communications with regulators and other third-parties about ADAS and autonomous vehicle technology; Tesla's communications with its customers and persons expressing interest in Tesla vehicles and technology; and information relevant to class certification and relief sought, including damages and injunctive relief.

Plaintiff anticipates deposition discovery will involve Tesla's corporate representatives with knowledge about ADAS and autonomous vehicle technology, the feasibility and likely timeline of Tesla being able to produce a truly autonomous or fully self-driving vehicle during

the period relevant to this litigation, and Tesla's marketing and promotion related to its ADAS technology, as well as non-parties who may have relevant information about such topics.

Plaintiff opposes any stay in discovery or phasing or staging of discovery.

**Defendants:**

Defendants propose to stay all discovery until Defendants' anticipated motion to dismiss SAC has been resolved, and are prepared to file a motion to stay discovery if the Court directs. While Defendants understand that stays of discovery are not routinely granted, Defendants respectfully submit that the Court's ruling on the anticipated motion to dismiss will significantly narrow the scope of this case and the scope of anticipated discovery in this court. This is particularly so when the Court already dismissed once all the claims as time-barred and Tesla believes that the SAC fails to cure that deficiency, along with various other deficiencies.

If discovery is not fully stayed, Defendants propose to focus initial discovery on certain issues that could potentially resolve LoSavio's claims with a summary judgment motion. Other courts within this district have adopted phased discovery schedules in class actions where potentially dispositive issues can be tackled without forcing the parties to engage in burdensome and costly discovery. Accordingly, if discovery is not stayed, Defendants propose limited discovery as to LoSavio's claims while Defendants' anticipated motion to dismiss SAC is pending. At this initial phase, Defendants anticipate propounding discovery on the following non-exhaustive list of topics: (i) the basis for LoSavio's belief that his car would become fully autonomous "within a year or two, or some other reasonably short period," (ii) LoSavio's reliance, if any, on the alleged misleading advertising or marketing statements, (iii) LoSavio's due diligence in exploring his claims against Defendants before the statutes of limitations expired, (iv) LoSavio's post-purchase communications with Tesla; (v) LoSavio's claimed damages or loss allegedly caused by the alleged misleading advertising or marketing of Tesla's ADAS technology. Defendants would in turn respond to LoSavio's discovery requests, subject to a Court-imposed limitation on the number of discovery requests that may be served by one

side on the other side.  As to LoSavio's proposed scope of anticipated discovery, Defendants do not believe that discovery should be broad as LoSavio anticipates and reserve all rights.

\*\*\*

The parties also anticipate expert discovery on issues such as technical issues and damages.

### C. Proposed Limitations or Modifications of the Discovery Rules

**Plaintiff:**  Plaintiff anticipates needing more than 10 depositions, but no more than 20.

**Defendants:**  Defendants believe it is premature to address most, if not all, specific procedures governing discovery.  In any event, Defendants believe each side would need no more than 10 depositions in accordance with Rule 30.  Defendants contend that LoSavio should notice and conduct fact-witness depositions and Rule 30(b)(6) depositions such that the same witness need not be available more than once.  The limits on discovery found in Rules 30, 31, and 33, or otherwise agreed to by the parties or ordered by the Court, shall be applied on a per-side and not per-party basis.

### D. Report on whether the parties have considered entering into a stipulated e-discovery order

The parties anticipate stipulating to a protocol governing ESI discovery in this matter.

## 9. CLASS ACTION

The parties have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiff:**  Plaintiff anticipates filing a motion for class certification.  The action is maintainable as a class action under Rule 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4).  *See* SAC ¶¶ 147-150.  As set forth in the operative SAC, the action seeks certification of a proposed nationwide class ("All persons who purchased or leased from Tesla, Inc. (or any entity it directly or indirectly owns or controls, including but not limited to Tesla Lease Trust and Tesla Finance LLC) a new Tesla vehicle with 'Autopilot,' 'Enhanced Autopilot,' or 'Full Self-Driving Capability' (collectively, 'Class Vehicles') at any time from January 1, 2016, to the present ('Class Period')") and a proposed California class comprising members of the nationwide class

"who either purchased or leased that vehicle in California or who currently reside in California." *Id.* ¶¶ 144-146. Facts showing that Plaintiff is entitled to maintain the action under Rule 23(a) and 23(b) are set forth in detail in the SAC. *See, e.g., id.* ¶¶ 147-149.

Plaintiff disagrees with Defendants' position below that individual issues are likely to defeat predominance. Among other things, Tesla's alleged false marketing and unlawful and unfair trade practices were targeted at the consuming public generally, and Plaintiff brings consumer-protection claims that do not require showing individual reliance but only that ordinary consumers are likely to be deceived.

**Defendants:** Defendants contend that Plaintiff cannot satisfy the class-certification prerequisites or requirements set forth in Fed. R. Civ. P. 23 for multiple reasons, including but not limited to: (1) the arbitration agreement presents obstacles to predominance and, potentially, numerosity; and (2) individualized issues such as statutes of limitations, exposure to the purported marketing materials, and reliance (or the lack of) on any such materials all predominate over common questions.

**10.   RELATED CASES**

This Court ordered the following cases related and granted consolidation for *Matsko v. Tesla, Inc. et al.*, 4:22-cv-5264-HSG; *Battiato v. Tesla, Inc. et al.*, 4:22-cv-5264-JST; *Mallow v. Tesla, Inc. et al.*, 4:22-cv-5443-TLT. Plaintiff filed the operative SAC in the consolidated action on October 30, 2023. ECF No. 61.

**Defendants:** On October 27, 2023, Defendants were served with a putative class action complaint brought by Joel Richardson in the San Diego Superior Court. *Richardson v. Tesla, Inc. et al.*, 37-2023-00042794-cu-bc-ctl (Cal. Sup. Ct.). *Richardson* appears to arise from substantially similar allegations regarding Tesla's marketing of its ADAS technology as the instant case, is brought on behalf of the same proposed nationwide class and California class as this case against the same defendants for overlapping state and common law claims. Tesla's time to respond to the *Richardson* complaint or remove that case to the federal court has not yet run. Tesla believes that *Richardson* should be removed to federal court and transferred to this

Court to avoid conflicts, conserve resources, and promote an efficient determination of both actions. Therefore, Tesla intends to remove the complaint and move to transfer in the Southern District of California, to transfer that case to this Court so that the two cases can be consolidated. Tesla thereafter intends to move to compel arbitration of Richardson's claims, as he agreed to the arbitration provision this Court previously enforced and has not opted out.

Separately, as Tesla identified in prior case management statements (ECF No. 35 at 7; ECF No. 39 at 8), shortly after this case was filed, another individual plaintiff, Michael Nachman, brought a putative class action in the Eastern District of New York on October 5, 2022. Nachman arises from the same allegations regarding Tesla's marketing of its ADAS technology, is brought on behalf of a proposed class who "purchased the Vehicles within New York … and paid for ADAS and FSD" against the same defendants as this case, and asserts claims under sections 349 and 350 of New York General Business Law as well as unjust enrichment. Nachman opposed Tesla's pre-motion request to transfer the case to this Court. On September 30, 2023, Judge Kovner of the Eastern District of New York dismissed both claims on the ground that the GBL claims are untimely and that the unjust enrichment claim is duplicative of the other claims. Judge Kovner allowed Nachman to file a motion seeking leave to file an amended complaint to remedy the deficiencies identified in the order, and that motion is due November 20, 2023 per the plaintiff's extension request.

11. **RELIEF**

**Plaintiff:** The relief sought by the Plaintiff and the putative class includes but is not limited to:

    a. Declaratory relief;

    b. Public injunctive relief;

    c. Damages and/or equitable restitution to be determined at trial;

    d. Litigation costs, including attorneys' fees and consultant and expert fees;

    e. Any other relief that the Court deems just and proper.

**Defendants:** Defendants maintain that Plaintiff is entitled to no relief. Defendants' time

to file an answer has not yet run.  Defendants will include any counterclaim in their answer if one is filed.

**12.     SETTLEMENT AND ADR**

The Parties are amenable in principle to private mediation but believe settlement discussions are premature as of the filing of this Updated Case Management Statement.

**13.     OTHER REFERENCES**

The Parties do not believe this case to be suitable for reference to special master or the Judicial Panel on Multidistrict Litigation.

**14.     NARROWING OF ISSUES**

The parties have not identified any issues that may be narrowed at this time.

**15.     EXPEDITED TRIAL PREFERENCE**

The parties agree that the case is not appropriate for an expedited trial procedure.

**16.     SCHEDULING**

The parties propose the following schedule:

|  | **Plaintiff's Proposal** | **Defendants' Proposal** |
|---|---|---|
| Exchange of Initial Disclosures | 12/12/2023 (21 days after the upcoming CMC) | 21 days after a decision on Tesla's anticipated motion to dismiss SAC |
| Summary Judgment Motion on Named Plaintiff's Claims | N/A (Plaintiff opposes Defendants' proposal to phase discovery and front-load summary judgment. Summary judgment should occur after the fact discovery cutoff date.) | 3 months after pleadings are settled |
| Opposition to summary judgment motion as to named Plaintiff's claims | N/A | 30 days after the deadline for summary judgment motion as to Plaintiff's claims |
| Reply in support of summary judgment motion as to named Plaintiff's claims | N/A | 30 days after the deadline for opposition to summary judgment |

**Updated Joint Case Management Statement and Rule 26(f) Report**
Case No. 4:22-cv-05240-HSG

| | | | motion as to Plaintiff's claims |
|---|---|---|---|
| Class Certification Motion and expert disclosures and reports relating to class certification | 6 months after pleadings are settled | 6 months after pleadings are settled | |
| Opposition to class certification motion and disclosures of rebuttal expert witnesses and expert reports relating to class certification | 30 days after the deadline for class certification motion | 30 days after the deadline for class certification motion | |
| Reply in support of class certification motion | 30 days after the deadline for opposition to the class certification motion | 30 days after the deadline for opposition to the class certification motion is due | |
| Class certification hearing | 30 days after the deadline for reply in support of class certification motion | 30 days after the deadline for reply in support of class certification motion | |
| Fact Discovery Cutoff | 60 days after the class certification hearing | 60 days after the class certification hearing | |
| Expert disclosures and reports related to merits issues | 30 days after the close of fact discovery | 30 days after the close of fact discovery | |
| Rebuttal expert disclosures and reports related to merits issues | 30 days after Plaintiff's expert disclosures and reports related to merits issues are due | 30 days after Plaintiff's expert disclosures and reports related to merits issues are due | |
| Expert Discovery Cut Off | 14 days after rebuttal expert disclosures and reports related to merits issues are due | 14 days after rebuttal expert disclosures and reports related to merits issues are due | |
| Last Day to File Dispositive and *Daubert* Motions | 21 days after the close of expert discovery | 21 days after the close of expert discovery | |
| Opposition | 30 days after the deadline to file dispositive and *Daubert* motions | 30 days after the deadline to file dispositive and *Daubert* motions | |
| Reply | 30 days after the deadline to file oppositions to | 30 days after the deadline to file oppositions to | |

| | | |
|---|---|---|
| | dispositive and *Daubert* motions | dispositive and *Daubert* motions |
| Hearing deadline for File Dispositive and *Daubert* Motions | 30 days after the deadline to file reply in support of dispositive and *Daubert* motions | 30 days after the deadline to file reply in support of dispositive and *Daubert* motions |
| Final Pretrial Conference | 30 days after the hearing on dispositive and *Daubert* motions | 3 months after the hearing on dispositive and *Daubert* motions |
| Jury Trial | 14 days after the final pretrial conference | 14 days after the final pretrial conference |

17. **TRIAL**

   **Plaintiff:**  Plaintiff proposes a jury trial to begin in early 2025.  Plaintiff expects the length of the trial not to exceed 15 to 20 court days.

   **Defendants:**  Tesla believes it is premature to determine a trial duration at this time because it will depend on the resolution of dispositive motions including, for example, Tesla's anticipated motion to dismiss SAC, the anticipated summary judgment motion on LoSavio's claims, and LoSavio's anticipated class certification motion.

18. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

   **Plaintiff:** Plaintiff filed Certifications of Interested Entities or Persons as required by Civil L.R. 3-15 on December 27, 2022. ECF No. 34.

   **Defendants:** Tesla has filed Certifications of Interested Entities or Persons as required by Civil L.R. 3-15 on October 12, 2022.  ECF No. 19.

19. **PROFESSIONAL CONDUCT**

   All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. **OTHER**

   The parties have no other issues to raise at this time.

| | | |
|---|---|---|
| 1 | Dated: November 14, 2023 | **COTCHETT PITRE & MCCARTHY LLP** |
| 2 | | By: */s/ Frank M. Pitre* |
| 3 | | Frank M. Pitre |
| 4 | | Frank M. Pitre (SBN 100077) |
| | | fpitre@cpmlegal.com |
| 5 | | Julie L. Fieber (SBN 202857) |
| | | jfieber@cpmlegal.com |
| 6 | | Nabilah A. Hossain (SBN 329689) |
| 7 | | nhossain@cpmlegal.com |
| | | Andrew F. Kirtley (SBN 328023) |
| 8 | | akirtley@cpmlegal.com |
| 9 | | *Attorneys for Plaintiffs Thomas LoSavio, Brenda Broussard, and the Proposed Class* |
| 10 | | |
| 11 | Dated: November 14, 2023 | **BOTTINI & BOTTINI, INC.** |
| 12 | | By: */s/ Francis A. Bottini, Jr.* |
| 13 | | Francis A. Bottini, Jr. |
| 14 | | Francis A. Bottini, Jr. (SBN 175783) |
| | | fbottini@bottinilaw.com |
| 15 | | Nicholaus H. Woltering (SBN 337193) |
| 16 | | nwoltering@bottinilaw.com |
| 17 | | *Attorneys for Plaintiff Dominick Battiato and the Proposed Class* |
| 18 | | |
| 19 | Dated: November 14, 2023 | **CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP** |
| 20 | | |
| 21 | | By: */s/ Gayle M. Blatt* |
| | | Gayle M. Blatt |
| 22 | | |
| 23 | | David S. Casey, Jr. (SBN 060768) |
| | | dcasey@cglaw.com |
| 24 | | Gayle M. Blatt (SBN 122048) |
| | | gmb@cglaw.com |
| 25 | | Jeremy Robinson (SBN 188325) |
| | | jrobinson@cglaw.com |
| 26 | | P. Camille Guerra (SBN 326546) |
| | | camille@cglaw.com |
| 27 | | Michael J. Morphew (SBN 304463) |
| | | mmorphew@cglaw.com |
| 28 | | |

Updated Joint Case Management Statement and Rule 26(f) Report  14
Case No. 4:22-cv-05240-HSG

|   |   |   |
|---|---|---|
|   |   | *Attorneys for Attorneys for Plaintiffs Christopher Mallow, Jazmin Imaguchi, and the Proposed Class* |
| Dated:  November 14, 2023 |   | **WILMER CUTLER PICKERING HALE AND DORR LLP** |
|   | By: | /s/ *Alan Schoenfeld* <br> Alan Schoenfeld |
|   |   | *Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC* |

**ATTORNEY ATTESTATION**

I, Frank M. Pitre, am the ECF User whose ID and password are being used to file the Updated Joint Case Management Statement and Rule 26(f) Report. In compliance with Civil Local Rule 5-l(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each signatory.

Dated:   November 14, 2023                    By:   */s/ Frank M. Pitre*
                                                           Frank M. Pitre

**Updated Joint Case Management Statement and Rule 26(f) Report**                         16
Case No. 4:22-cv-05240-HSG