David C. Marcus (SBN 158704)
david.marcus@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Tel: (213) 443-5312

Alan Schoenfeld (*pro hac vice*)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 937-7294

Allison Bingxue Que (SBN 324044)
allison.que@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, Tesla Finance LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IN RE TESLA ADVANCED DRIVER ASSISTANCE SYSTEMS LITIGATION | CASE NO.: 4:22-cv-5240-HSG<br><br>**DEFENDANTS TESLA, INC., TESLA LEASE TRUST, AND TESLA FINANCE LLC'S NOTICE OF PENDENCY OF OTHER ACTIONS PER L.R. 3-13**<br><br>Hon. Haywood S. Gilliam, Jr.<br>Courtroom 2 – 4th floor |

Pursuant to Civil Local Rule 3-13, Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collective, "Tesla") hereby submit this Notice of Pendency of Other Actions ("Notice") to update this Court and all the parties in the above-captioned matter about two separate putative class actions that involve all or a material part of the same subject matter as the instant case and against the same defendants.

***Richardson v. Tesla, Inc. et al.*, 37-2023-00042794-cu-bc-ctl (Cal. Sup. Ct.).** On October 27, 2023, before Plaintiff's second amended complaint in this was due to be filed, Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC were served with a putative class action complaint brought by individual plaintiff Joel Richardson in the San Diego Superior Court. *See* Exhibit A of Declaration of Alan Schoenfeld.[1] *Richardson* appears to arise from substantially similar allegations regarding Tesla's marketing of its ADAS technology as the instant case. In addition, *Richardson* is brought on behalf of the same proposed nationwide class and California class as this case, and against the same defendants. Further, *Richardson* asserts overlapping claims as this case, including express warranty claim under sections 1791.2(a) and 1794 of the California Civil Code, implied warranties claim under sections 1791.1, 1792, and 1794 of the California Civil Code, claims under the California False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq.*), the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), and the California Unfair Competition Law (Cal. Bus & Prof. Code § 17200, *et seq.*), fraud and deceit claim under sections 1572, 1573, 1710 of the California Civil Code, negligent misrepresentation, negligence, and unjust enrichment claims.

Tesla's time to respond to the *Richardson* complaint or remove that case to the federal court has not yet run. Tesla believes that *Richardson* should be removed to federal court and transferred to this Court to avoid conflicts, conserve resources, and promote an efficient determination of both actions. Therefore, Tesla intends to remove the complaint and move to transfer in the Southern District of California, to transfer that case to this Court so that the two cases can be consolidated. Tesla thereafter intends to move to compel arbitration of Richardson's

---

[1] The Declaration of Alan Schoenfeld is filed concurrently with this Notice, hereinafter as "Schoenfeld Decl."

claims, as he agreed to the arbitration provision this Court previously enforced and has not opted out.

*Nachman v. Tesla, Inc. et al.*, **2:22-cv-5976-RPK-ST (E.D.N.Y.).** As Tesla identified in prior case management statements (ECF No. 35 at 7; ECF No. 39 at 8), shortly after this case was filed, another individual plaintiff, Michael Nachman, brought a putative class action in the Eastern District of New York on October 5, 2022. *See* Schoenfeld Decl. Ex. B. *Nachman* arises from the same allegations regarding Tesla's marketing of its ADAS technology, is brought on behalf of a proposed class who "purchased the Vehicles within New York … and paid for ADAS and FSD" against the same defendants as this case, and asserts claims under sections 349 and 350 of the New York General Business Law as well as unjust enrichment. Nachman opposed Tesla's pre-motion request to transfer the case to this Court. On September 30, 2023, Judge Kovner of the Eastern District of New York dismissed both claims on the ground that the GBL claims are untimely and that the unjust enrichment claim is duplicative of the other claims. *See* Schoenfeld Decl. Ex. C. Judge Kovner allowed Nachman to file a motion seeking leave to file an amended complaint to remedy the deficiencies identified in the order, and that motion is due November 20, 2023 per the plaintiff's extension request.

Respectfully submitted,

Dated: November 14, 2023

WILMER CUTLER PICKERING
HALE AND DORR LLP

By:  */s/ Alan Schoenfeld*
     Alan Schoenfeld

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, Tesla Finance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2023, I electronically filed the above document and supporting documents with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated: November 14, 2023            By:   */s/ Alan Schoenfeld*
                                                                               Alan Schoenfeld