# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MICHAEL NACHMAN,

                Plaintiff,                      **MEMORANDUM AND ORDER**

           v.                                  22-CV-5976 (RPK) (ST)

TESLA, INC.; TESLA LEASE TRUST;
and TESLA FINANCE LLC,

                Defendants.
----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

        Plaintiff Michael Nachman alleges in this action that defendants' statements about the automated driving capabilities of Tesla cars constituted deceptive or misleading practices in violation of New York General Business Law Sections 349 and 350 and unjustly enriched defendants. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). As explained below, plaintiff's claims under the New York General Business Law are time-barred, and plaintiff has failed to state a claim for unjust enrichment. The complaint is accordingly dismissed.

## BACKGROUND

        The following facts are taken from plaintiff's complaint and assumed true for the purposes of the order.

        Defendants Tesla, Inc.; Tesla Lease Trust; and Tesla Finance LLC manufacture, market, sell, and/or lease vehicles under the brand name Tesla. Compl. 2 (Dkt. #1). In 2014, defendants began equipping some of their vehicles with hardware intended to enable certain automated driving capabilities. *Id.* ¶ 32. At that time, the necessary software to enable those features did not yet

1

exist. *Ibid.* Over the next several years, defendants continued to develop self-driving technology for their products. *See id.* ¶¶ 32–46.

In October 2016, defendants announced that the "Full Self Driving Capability" ("FSDC") package was available for customers. *Id.* ¶ 46. At a press conference that same day, Elon Musk, the Chief Executive Officer of Tesla, Inc., claimed that Teslas would be able to drive from Los Angeles to New York. *Id.* ¶ 49. Musk later repeated that claim in a tweet. *Id.* ¶ 51. Defendants also published on their official blog a video purporting to show a Tesla driving without any human intervention. *Id.* ¶ 48. A message accompanying the video stated that "[t]he car [was] driving itself." *Ibid.*

In December 2016, plaintiff visited a Tesla dealership and met with a sales representative who helped him customize a car for purchase, using Tesla's website. *Id.* ¶ 90. The website advised that "[a]ll Tesla vehicles . . . have the hardware needed for full self-driving capability," *id.* ¶ 93, and included the video appearing to show a Tesla driving without any human intervention, *id.* ¶ 91. The website also advertised the FSDC package as "enabling full self-driving in almost all circumstances," while noting that "[i]t is not possible to know exactly when each element of the functionality described above will be available." *Id.* ¶ 95. After viewing the website, plaintiff purchased the FSDC package, paying an additional $8,000 above the standard cost for a Tesla. *Id.* ¶ 100. But "[c]ontrary to Tesla's representations," plaintiff's Tesla was not capable of full self-driving. *Id.* ¶ 101.

Over the next few years, Musk made public statements representing that Tesla cars would be capable of full self-driving within two years or less. *See* Compl. ¶¶ 8, 57, 68, 70, 76, 84.

In October 2020, defendants increased the price of the FSDC package and informed some existing FSDC customers that their cars would require a $1,000 hardware upgrade to maintain compatibility with self-driving technology moving forward. *Id.* ¶ 64.

2

In October 2022, plaintiff filed this lawsuit, alleging that defendants engaged in deceptive business practices and false advertising, by promising to deliver technology that would make their cars capable of full self-driving but failing to do so. Plaintiff asserts three causes of action.[1] First, plaintiff brings a claim under Section 349 of New York's General Business Law, *id.* ¶¶ 116–25, which provides a right of action to challenge "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. GEN. BUS. LAW § 349. Second, plaintiff brings a claim under Section 350 of New York's General Business Law, Compl. ¶¶ 126–33, which provides a right of action to challenge "[f]alse advertising in the conduct of any business, trade, or commerce or in the furnishing of any service." N.Y. GEN. BUS. LAW § 350. Third, plaintiff brings a claim for unjust enrichment, Compl. ¶¶ 134–37, arguing that defendants' "deceptive, fraudulent, and misleading labeling, advertising, marketing, and sales" enriched them at the expense of plaintiff, *id.* ¶ 136.

Defendants move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's claims under Sections 349 and 350 are time-barred and deficient on the merits. Mot. to Dismiss 2. Defendants further contend that plaintiff's unjust enrichment claim should be dismissed as duplicative of his Sections 349 and 350 claims. *Ibid.*

---

[1] The introduction to plaintiff's complaint mentions in passing a few other causes of action—"for violations of the federal Magnuson-Moss Warranty Act and California's False Advertising Law, Consumer Legal Remedies Act, and Unfair Competition Law, as well as common law claims for fraud and deceit, negligent misrepresentation, [and] negligence." Compl. ¶ 12. But plaintiff does not mention any of those claims in the "Causes of Action" section of his complaint, *see id.* ¶¶ 116–37, and he has not disputed defendants' assertion that the causes of action are not "actually asserted" by plaintiff, Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Compl. ("Mot. to Dismiss") 2 n.3 (Dkt. #20); *see generally* Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") (Dkt. #22). Accordingly, I do not construe the complaint as presenting such claims.

3

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." A complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the "plausibility standard is not akin to a 'probability requirement,'" it does require that a plaintiff allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (quoting *Twombly*, 550 U.S. 544, at 556). In contrast, a complaint fails to state a plausible claim when, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or when, as a matter of fact, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679. Although the court must accept all facts alleged in a complaint as true, this principle does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678.

In reviewing a motion to dismiss, a court may consider only (i) the complaint itself, (ii) documents attached to the complaint or incorporated by reference, (iii) documents the plaintiff both relied on and knew of when bringing suit, and (iv) matters in the public record which are properly subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999).

**DISCUSSION**

Defendants' motion to dismiss is granted. Plaintiff's claims under Sections 349 and 350 are time-barred, and plaintiff's unjust enrichment claim is dismissed as duplicative of his other claims.

4

**I.     Plaintiff's Claims Under Sections 349 and 350 Are Untimely.**

Plaintiff's claims under Sections 349 and 350 are untimely.  Though the statute of limitations is an affirmative defense, a complaint may be dismissed for failure to state a claim if the allegations in the complaint "show that relief is barred by the applicable statute of limitations." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see, e.g.*, *Muto v. CBS Corp.*, 668 F.3d 53, 60 (2d Cir. 2012); *LC Cap. Partners, LP v. Frontier Ins. Grp., Inc.*, 318 F.3d 148, 156 (2d Cir. 2003).

Plaintiff's complaint establishes untimeliness because plaintiff's asserted injuries occurred more than three years ago.  Claims under Sections 349 and 350 of New York's General Business Law have a three-year statute of limitations that begins to run "when plaintiff has been injured by a deceptive act or practice."  *Gaidon v. Guardian Life Ins. Co.*, 750 N.E.2d 1078, 1083 (N.Y. 2001); *see, e.g., Kanwar v. Walgreen Co.*, No. 20-CV-6256 (JMA) (AYS), 2021 WL 6118103, at *4 (E.D.N.Y. Nov. 22, 2021).[2]  Plaintiff's theory of injury under Sections 349 and 350 is that he was injured because he paid a premium price that he would not have paid but for the defendants' deceptive marketing—a common basis for alleging injury under these statutes.  Compl. ¶¶ 116–133; *see, e.g.*, *Axon v. Fla.'s Nat. Growers, Inc.*, 813 F. App'x 701, 703 (2d Cir. 2020) (addressing customers' claims under Sections 349 and 350 that they bought product when "the price of the product was inflated as a result of defendant's deception"); *Orlander*, 802 F.3d at 302 (discussing "price premium" cases involving purchase of consumer goods); *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 481 (S.D.N.Y. 2014) (compiling cases operating under this theory).  Specifically, plaintiff alleges that he and others "have been injured inasmuch as they, having viewed the Vehicles label, paid a premium for the [FSDC] features[]."  Compl. ¶ 123; *see*

---

[2] Because both Section 349 and Section 350 claims require a plaintiff to allege that he has "suffered injury as a result of an allegedly deceptive practice," *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d. Cir. 2015) (citation omitted), both types of claims accrue when the plaintiff suffers such an injury.  *See Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 452–53 (E.D.N.Y. 2007) (collecting New York cases applying the same accrual analysis to both Section 349 and 350 claim).

5

*id.* at 2 ("Plaintiff and all class members were harmed by paying more to purchase Vehicles with [advanced driver assistance systems] than Defendant's Tesla vehicles without [advanced driver assistance systems]."); *see also id.* ¶¶ 121, 130. But the three-year statute of limitations for Sections 349 or 350 claims based on that injury has run, because plaintiff made his purchase in December 2016, *id.* ¶ 90, but did not file this lawsuit until October 2022.

Plaintiff seeks to avoid that conclusion by invoking the New York Court of Appeal's decision in *Gaidon*, but *Gaidon* involved a distinct theory of injury. The plaintiffs in *Gaidon* bought life insurance from defendants who allegedly promised that "after a specified period, 'the policy's dividends would thereafter cover the premium costs.'" 750 N.E.2d at 1080 (citation omitted). That did not happen, and instead defendants "demanded additional premium payments beyond the dates by which they led plaintiffs to believe that premium payments would 'vanish.'" *Id.* at 1081. Plaintiffs alleged that defendants' misleading marketing had "lured them into purchasing policies by using illustrations that created unrealistic expectations as to the prospects of premium disappearance upon a strategically chosen 'vanishing date.'" *Id.* at 1084 (emphasis omitted). The Court of Appeals held that plaintiffs' claim was timely because plaintiffs plausibly alleged an injury on "the date when those additional premiums were demanded," at which point plaintiffs "were called upon either to pay additional premiums or lose coverage and forfeit the premiums they previously paid." *Ibid.*; *see id.* at 1083 ("We . . . agree with plaintiffs that their injuries occurred when they were first called upon to pay additional premiums beyond the date by which they were led to believe that policy dividends would be sufficient to cover all premium costs.").

Plaintiff has alleged no comparable injury occurring within the statute of limitations. To be sure, plaintiff argues in opposing dismissal that, like the defendants in *Gaidon*, the defendants here made statements that created "unrealistic expectations" about future events. Pl.'s Opp'n 7.

6

But the injury plaintiff alleges is simply that he paid a premium price when he bought the car—an event that occurred more than three years before he filed his lawsuit. Indeed, while plaintiff suggests that this case is "similar to *Gaidon*" in that Tesla demanded additional money from "some owners" for hardware upgrades after those consumers' initial purchase, *id.* at 10 (citing Compl. ¶ 64), plaintiff does not suggest that he was among those owners, or that he paid any additional money to Tesla for automated driving features after he bought the car, *see* Compl. ¶ 64. Because plaintiff has not alleged any injury occurring within the statute of limitations, his claims under Sections 349 and 350 are untimely.

Plaintiff has not defended the timeliness of the complaint on any other rationale. To be sure, in his complaint, plaintiff mentions in gross various grounds for tolling:

> To the extent that there are any statutes of limitations applicable to Plaintiff's and Class members' claims, the running of the limitations periods have been tolled by various doctrines and rules, including but not limited to equitable tolling, the discovery rule, the fraudulent concealment rule, equitable estoppel, the repair rule, and class action tolling.

Compl. ¶ 108. But defendants contest each of these theories in their motion to dismiss, Mot. to Dismiss 8–10, and plaintiffs have offered no response, *see generally* Pl.'s Opp'n. Accordingly, plaintiff has abandoned these theories. In any event, the discovery rule is inapplicable because accrual of Section 349 and 350 claims is "not dependent upon any date when discovery of the alleged deceptive practice is said to occur." *Gould v. Helen of Troy Ltd.*, No. 16-CV-2033 (GBD), 2017 WL 1319810, at *2 (S.D.N.Y. Mar. 30, 2017) (citation omitted). Class-action tolling is unavailable because the first putative class action alleging that Tesla deceptively and misleadingly marketed its FSDC technology was filed in September 2022—after the statute of limitations had run on plaintiff's claims. *See* Compl. (Dkt. #1), *Matsko v. Tesla, Inc.*, No. 22-CV-5240 (HSG) (Sept. 14, 2022); *see also Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974) (discussing class-action tolling). And while some courts have held that the statute of limitations for a breach-

7

of-warranty claim runs from the time that defendants failed to perform a repair covered by the warranty, that principle has no application outside the context of a warranty claim. *See, e.g.*, *Mayernik v CertainTeed LLC*, 476 F. Supp. 3d 625, 632 (S.D. Ohio 2020); *Mydlach v. DaimlerChrysler Corp.*, 875 N.E.2d 1047, 1059 (Ill. 2007). Finally, equitable tolling, equitable estoppel, and fraudulent concealment are unavailable because plaintiff has not adequately pleaded in the complaint that "the action was brought within a reasonable period of time" after the plaintiff "was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d. Cir. 2007) (quoting *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 568 (N.Y. App. Div. 2005)); *see ibid.* (explaining that plaintiff "bears the burden" of alleging "facts giving rise to the equitable tolling or equitable estoppel claim").

Plaintiff's claims under Sections 349 and 350 are accordingly dismissed as time-barred.

## II. Plaintiff's Unjust Enrichment Claim Is Dismissed.

Plaintiff's unjust enrichment claim is dismissed because it is duplicative of his other claims. "The basis of a claim for unjust enrichment is that the defendant has obtained a benefit which in equity and good conscience should be paid to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012) (citation and quotation marks omitted). And while "[i]n a broad sense, this may be true in many cases . . . unjust enrichment is not a catchall cause of action to be used when others fail." *Ibid.* Instead, it may be used "only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Ibid.* "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Ibid.*

Plaintiff's unjust-enrichment claim is duplicative under these principles. Sections 349 and 350 of New York's General Business Law already provide causes of action to plaintiffs

8

challenging deceptive and misleading conduct. And plaintiff bases his unjust enrichment claim on the same factual allegations that underlie his claims under those provisions—namely, that defendant sold an automated-driving package through the use of "deceptive, fraudulent, and misleading labeling, advertising, marketing, and sales." Compl. ¶ 136; *see id.* ¶¶ 123, 129. Because plaintiff's unjust enrichment claim is "based on the same allegations" as his claims under the General Business Law, the unjust enrichment claim may not go forward. *See Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 249 (S.D.N.Y. 2021) (collecting cases dismissing unjust enrichment claims when they were duplicative of Sections 349 and 350 claims); *Stoltz v. Fage Dairy Processing Indus.*, No. 14-CV-3826 (MKB), 2015 WL 5579872, at *27 (E.D.N.Y. 2015)

Plaintiff contends that his claims may go forward based simply on a difference between the elements of an unjust enrichment claim and the elements of claims under Sections 349 and 350, relying on three district court cases. *See* Pl.'s Opp'n 18. But the first, *Nuss v. Sabad*, No. 10-CV-0279 (LEK) (TWD), 2016 WL 4098606 (N.D.N.Y. July 28, 2016), is inapposite. In *Nuss*, the court denied summary judgment on an unjust enrichment claim because a "reasonable trier of fact could find unjust enrichment" on the facts presented without "establishing all of the elements for one of" the tort claims plaintiff alleged. *Id.* at *11. Here, however, plaintiff bases his claim of unjust enrichment on the same facts as his Section 349 and 350 claims. *See* Compl. ¶¶ 134–36. And while he observes that the elements of these causes of action are not identical, that is not enough to save his unjust enrichment claim. *See Corsello*, 967 N.E.2d at 790–91 (dismissing unjust enrichment claim as duplicative of claims for trespass, taking, and deceptive acts or practices).

The two other cases plaintiff cites—*Warner v. Starkist Co.*, No. 18-CV-0406 (GLS) (ATB), 2019 WL 1332573, at *3 (N.D.N.Y. Mar. 25, 2019), and *McCracken v. Verisma Sys., Inc.*, No. 14-CV-6248 (MAT), 2017 WL 2080279, at *8 (W.D.N.Y. May 15, 2017)—"hinge on a

9

misapplication of *Nuss* and the underlying authority on which *Nuss* relied." *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 117 (S.D.N.Y. 2021). Both cases reasoned that unjust enrichment claims are not duplicative of Sections 349 and 350 claims because "[t]he elements for an unjust enrichment claim are distinct." *Warner*, 2019 WL 1332573, at *3; *see McCracken*, 2017 WL 2080279, at *8 (noting the differing elements of unjust enrichment and Sections 349 and 350 claims). But as discussed above, *Corsello* makes clear that determining whether an unjust enrichment claim duplicates another claim requires comparing the factual basis for the claims, rather than "a formulaic, element-to-element comparison between two causes of action," *Cooper*, 553 F. Supp. 3d at 117; *see Corsello*, 967 N.E.2d at 790–91. Because the same factual allegations support plaintiff's unjust enrichment claim and his claims under Sections 349 and 350, the unjust enrichment claim is duplicative.

Plaintiff fares no better in avoiding dismissal by noting that unjust enrichment has a longer statute of limitations than Sections 349 and 350 and that the New York General Business Law makes available distinct remedies. A plaintiff cannot escape the statute of limitations applicable to his statutory claims by recasting those claims under an unjust enrichment theory. Thus, in *Corsello*, the New York Court of Appeals held that an unjust enrichment claim should be dismissed in part because it was duplicative of a deceptive-practice claim under Section 349—even though the deceptive practices claim was time-barred. *Corsello*, 967 N.E.2d at 1184–85. The Court reasoned that to the extent that plaintiff's claim under Section 349 (and his other causes of action) was defective, "an unjust enrichment claim cannot remedy the defects." *Id.* at 1185. Similarly, plaintiff's argument that the statutory remedies under Section 349 are broader than the remedies available for unjust enrichment would have been equally true in *Corsello*—but the Court of Appeals nevertheless found the unjust enrichment claim there duplicative. Because plaintiffs here do not allege any distinct factual allegations, *see* Compl. ¶¶ 134–36, they cannot rely on the fact

10

that narrower relief is available for unjust enrichment claims than for claims under Sections 349 and 350.

Finally, plaintiff cannot save his claim for unjust enrichment by noting that it is pleaded "in the alternative." Compl. ¶ 135. A plaintiff may plead unjust enrichment in the alternative when a jury could find unjust enrichment on one view of the evidence, or a different theory of recovery on a different view of the facts—such as when a jury might find that a plaintiff was entitled to recover on a contract or, alternatively, that no contract existed but that defendant's retention of funds would be unjust. *See, e.g., Ford v. Rensselaer Polytechnic Inst.*, 507 F. Supp. 3d 406, 419 (N.D.N.Y. 2020) ("[I]f defendant successfully proves that there is no valid, enforceable contractual provision that affords plaintiffs relief, then their unjust enrichment claim would be viable regardless of their erstwhile breach of contract claims."); *Burton v. Iyogi, Inc.*, No. 13-CV-6926 (DAB), 2015 WL 4385665, at *11 (S.D.N.Y. Mar. 16, 2015) (declining to dismiss unjust enrichment claim as duplicative of breach-of-contract claim "because there is a dispute of fact as to whether there is a valid and enforceable contract"). But "even pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to 'explain how their unjust enrichment claim is not merely duplicative of their other causes of action.'" *Bermudez v. Colgate-Palmolive Co.*, No. 21-CV-10988 (JLR), 2023 WL 2751044, at *15 (S.D.N.Y. Mar. 31, 2023) (quoting *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017)) (collecting cases); *see, e.g., Gardner v. Sensio Inc.*, No. 22-CV-4666 (DLC), 2022 WL 17584273, at *7 (S.D.N.Y. Dec. 12, 2022); *Engram v. GSK Consumer Healthcare Holdings (US) Inc.*, No. 19-CV-2886 (EK) (PK), 2021 WL 4502439, at *7 (E.D.N.Y. Sept. 30, 2021). That is the case here.

Plaintiff's unjust enrichment claim is accordingly dismissed as duplicative.

**III.     Plaintiff May Seek Leave to File an Amended Complaint.**

While defendants argue that plaintiff should be denied leave to amend in this case because amendment would be futile, the parties' discussion of futility is limited. Accordingly, plaintiff may file a motion seeking leave to file an amended complaint to remedy the deficiencies identified in this order within 30 days.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted. If plaintiff wishes to amend his pleadings, he shall file a motion within thirty days seeking leave to amend, with the proposed amended complaint attached as an exhibit. The motion should explain how the amended complaint addresses the pleading defects identified in this opinion. Otherwise, judgment shall be entered.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: September 30, 2023
Brooklyn, New York