1 | Frank M. Pitre (SBN 100077)
fpitre@cpmlegal.com
COTCHETT PITRE & MCCARTHY LLP
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000

*Attorneys for Plaintiffs Thomas LoSavio, Brenda Broussard, and the Proposed Class*

Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com
BOTTINI & BOTTINI, INC.
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel.: (858) 914-2001

*Attorneys for Plaintiff Dominick Battiato and the Proposed Class*

David S. Casey, Jr. (SBN 060768)
dcasey@cglaw.com
CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP
110 Laurel Street
San Diego, CA 92101
Tel.: (619) 238-1811

*Attorneys for Plaintiffs Christopher Mallow, Jazmin Imaguchi, and the Proposed Class*

David C. Marcus (SBN 158704)
david.marcus@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Tel: (213) 443-5312

Alan Schoenfeld (*pro hac vice*)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 937-7294

Allison Bingxue Que (SBN 324044)
allison.que@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation** | Case No. 3:22-cv-05240-RFL <br><br> **<u>CLASS ACTION</u>** <br><br> **JOINT CASE MANAGEMENT STATEMENT FOLLOWING ORDER REASSIGNING CASE** <br><br> Judge: Hon. Rita F. Lin <br> Courtroom: 15 – 18th Floor <br> 450 Golden Gate Ave., <br> San Francisco, CA  94102 |

Joint Case Management Statement Following Order Reassigning Case
Case No. 3:22-cv-05240-RFL

Pursuant to paragraph 9 of the Order Reassigning Case (ECF 69), which reassigned this putative class action from the Honorable Haywood S. Gilliam to this Court, the parties submit this Updated Joint Case Management Statement.

**a.     Date Filed**

The first action of this putative consumer class action was filed on September 14, 2022.

**b.     Parties**

The parties are five plaintiffs and three defendants.

The five plaintiffs are individual Tesla customers. Four of them (Brenda Broussard, Dominick Battiato, Christopher Mallow, and Jazmin Imaguchi) were compelled to arbitration, and their claims have been stayed. ECF 57 at 13:17-20. The fifth plaintiff (Thomas LoSavio) timely opted out of arbitration, but the Court dismissed his complaint, holding all his claims were time-barred on the face of the prior operative complaint, and granted him leave to amend to allege additional facts relevant to whether any tolling doctrines apply to the applicable statutes of limitations. *Id.* at 18:19-28. As alleged in the now-operative Consolidated Second Amended Complaint ("SAC"), LoSavio is a California resident who, when he purchased a Tesla vehicle in 2017, paid Tesla $8,000 above the vehicle base price for future access to Tesla's advanced driver assistance systems ("ADAS") package named "Full Self-Driving Capability," commonly known as "FSD." *See* ECF 61 (SAC) ¶¶ 16, 152-169.

The three defendants are Tesla entities. As alleged, (1) Tesla, Inc. dba Tesla Motors, Inc., manufactures, sells, and leases electric vehicles, and ADAS technology for those vehicles, under the brand name "Tesla"; (2) Tesla Lease Trust holds the titles to Tesla vehicles in Tesla's vehicle leasing program; and (3) Tesla Finance LLC, a wholly owned subsidiary of Tesla, Inc., manages Tesla's vehicle lease program and is the beneficial owner of the leasing assets held in trust by Tesla Lease Trust. *See id.* ¶¶ 20-24.

**c.     Claims**

In the operative SAC, Plaintiff LoSavio brings the following claims against Defendants: (1) Breach of Express Warranty; (2) Breach of Implied Warranties; (3) Violation of the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; (4) Violation of the Consumer Legal

Remedies Act, Cal. Civ. Code § 1750, *et seq.*; (5) Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (6) Fraud and Deceit; (7) Negligent Misrepresentation; (8) Negligence; and (9) Unjust Enrichment.

There are currently no counterclaims, cross-claims, or third-party claims.

### d. Facts

**Plaintiff:** As alleged in the SAC, Tesla makes, sells, and services electric vehicles and proprietary technology that automates certain driving tasks, known in the industry as advanced driver assistance systems ("ADAS") technology. Tesla sells to its customers the right to use present and future versions of its ADAS technology (i.e., Tesla regularly transmits ADAS software updates to vehicles). Tesla offers three ADAS packages: "Autopilot," "Enhanced Autopilot," and "Full Self-Driving Capability" (commonly known as "FSD"). Autopilot is the most basic and comes standard on all Tesla vehicles. The Enhanced Autopilot and FSD packages include more ADAS features but cost thousands of dollars above the vehicle base price. As measured by the industry standard for categorizing automated and autonomous driving technologies (ranging from SAE Level 1 for simple driving task automation to SAE Level 5 for fully autonomous vehicles), Tesla's ADAS technology is and has always been an SAE Level 2 technology. By definition, an SAE Level 2 technology automates some driving tasks (e.g., advanced cruise control) but it does not drive the car.

Plaintiff alleges Tesla has become the world's leading electric car maker, in significant part, by falsely and deceptively marketing that its ADAS technology (and especially its flagship FSD software) makes its cars "self-driving." Since at least 2016, Tesla CEO Elon Musk has made continual public statements, often covered by the press, in which he falsely and deceptively represents that Tesla is perpetually on the cusp of developing a fully autonomous vehicle that would require no human oversight or even a human driver (e.g., a robo-taxi). Regularly, Musk has falsely and deceptively stated that it is highly likely or even certain (e.g., "100%") that Tesla is only 6 to 12 months away from developing for an SAE Level 4 or 5 technology for its FSD customers. LoSavio alleges that Tesla and Musk knew or should have known that these marketing practices were false and misleading, including because they had no reasonable basis

1  for making the 6-to-12-month projections. LoSavio further alleges that he and other Tesla
2  customers were deceived by these marketing practices into paying thousands of dollars for FSD
3  or another Tesla ADAS package, and that the consuming public is likely to be deceived by these
4  same ongoing marketing practices, thus warranting public injunctive relief.

5        LoSavio's individual experience was that he paid Tesla $8,000 in 2017 for the right to
6  use future versions of FSD. At that time, FSD was still in "beta" testing and not accessible to the
7  vast majority of FSD customers, including LoSavio. LoSavio purchased FSD in reliance on
8  Musk's repeated representations that Tesla would soon have FSD software that would make
9  Tesla vehicles self-driving in at least some circumstances, and that the software would
10 continually improve thereafter. Over the next several years, LoSavio saw regular FSD software
11 updates to his car, but Tesla repeatedly delayed activating FSD on his car. Over those several
12 years, Tesla employees told LoSavio that, before FSD could be activated, his car required
13 various hardware updates (such as a new FSD computer and a new driver-facing camera), and
14 that he needed to schedule various Tesla service appointments, which Tesla often cancelled. In or
15 about late April 2022, LoSavio concluded he was being strung along and filed suit later that year.

16       The factual issues in this case will likely include:

17           1.  How ordinary consumers interpret "Autopilot" and "Full Self-Driving," and
18              Tesla's knowledge regarding how consumers interpret those terms;
19           2.  Whether Tesla deceptively represents to consumers that its ADAS technology will
20              make its vehicles wholly or partially self-driving at the time of purchase, or within
21              a reasonably short period thereafter;
22           3.  Whether Tesla's marketing practices deceived LoSavio; and
23           4.  Whether Tesla's marketing practices were and are likely to deceive the public.

24 **Defendants:**  While Tesla does not believe all the alleged facts above are true or
25 accurate, at the pleading stage, Tesla will accept all the pleaded facts in the SAC as true (to the
26 extent they do not contradict the facts that Tesla requested or will request to be incorporated by
27 reference or to be judicially noticed).  Should this case survive the motion to dismiss, the scope
28 of factual disputes will turn on the Court's ruling, and factual issues may include but are not

limited to:

1. Whether Tesla made any promise to LoSavio regarding the autonomous capability of his car by a certain date or within a certain period of time and, if so, what were the terms of that promise;
2. Whether LoSavio relied on any Tesla statement in purchasing his vehicle, and if so, which statement;
3. Whether LoSavio suffered any loss or harm from any alleged conduct by Tesla.

e. **Legal Issues**

At the pleading stage, the primary legal issues in this action include the following:

1. Whether any of Plaintiff LoSavio's claims in the SAC are barred by the applicable statutes of limitations, or whether any tolling doctrines apply;
2. Whether Plaintiff LoSavio has adequately pleaded each of his claims for relief for violations of California's Unfair Competition Law, Bus. & Prof. Code Section 17200, *et seq.*, False Advertising Law, Cal. Bus & Prof. Code § 17500, *et seq.*, and Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, as well as claims for breach of express and implied warranties under California's Song-Beverly Act, fraud and deceit, negligence, negligent misrepresentation, and unjust enrichment.
3. Whether the Court has subject matter jurisdiction over Plaintiff's request for injunctive relief;

Beyond the pleading stage, the primary legal issues will include:

4. Whether class certification is appropriate and, and if so, the nature and extent of the class and any subclasses;
5. Whether Defendants have classwide liability under Plaintiff's claims;
6. Whether Plaintiff is a typical and adequate class representative;
7. Whether Defendants have valid defenses;
8. Whether declaratory and public injunctive relief is warranted and, if so, the appropriate nature and scope of that relief; and

9. The nature and extent of class wide damages, restitution, and other monetary relief.[1]

**f.      Relief**

**Plaintiff:** The relief sought by the Plaintiff and the putative class includes but is not limited to: (1) declaratory relief; (2) public injunctive relief, including but not limited to an order prohibiting Tesla and Musk from using the branding "Full-Self Driving" and "FSD" to market its SAE Level 2 ADAS technology, and from otherwise describing its SAE Level 2 technology as making cars "autonomous" or "self-driving"; (3) damages and/or equitable restitution, to be determined at trial; (4) litigation costs, including attorneys' fees and consultant and expert fees; and (5) any other relief that the Court deems just and proper.

**Defendants:** Defendants maintain that Plaintiff is entitled to no relief. Defendants' time to file an answer has not yet run. Defendants will include any counterclaim in their answer if one is filed.

**g.      Discovery**

The parties have not conducted any discovery. In prior Joint Case Management Statements, the parties presented competing discovery plans (*see* ECF 35, 39, 66), but all associated Case Management Conferences were vacated, and no case schedule or case management order has been issued. The parties' separate statements below present their respective views on the scope of anticipated discovery and anticipated discovery management issues.

**Plaintiff:** Plaintiff anticipates targeted discovery related to the capabilities of Tesla's ADAS technology, the feasibility and likely timeline of Tesla being able to produce software capable of making a car fully self-driving during the relevant period, how Tesla marketed its ADAS technology at issue, and Tesla's knowledge regarding each of these topics and their effects on consumers' purchasing and driving behaviors. The targeted areas of document discovery will likely include requests for Tesla's internal communications, communications with its customers, communications with regulators and journalists about the current state and future

---

[1] Defendants Tesla Lease Trust and Tesla Finance LLC also reserve the right to challenge LoSavio's standing to bring claims against these two entities as he does not allege that he leased his car from Tesla or financed through Tesla for his car purchase.

1  development of its ADAS software, information relevant to class certification, and information
2  relevant to damages, injunctive relief, and other relief sought. Plaintiff anticipates deposing Tesla
3  corporate representatives with knowledge of the above topics, as well as non-parties. Plaintiff
4  will oppose any Tesla proposal to stay discovery, or to phase or stage discovery.

5  **Defendants:** Defendants propose to stay all discovery until Defendants' motion to
6  dismiss the SAC has been resolved, and are prepared to file a motion to stay discovery if the
7  Court directs. As explained in Tesla's pending motion to dismiss the SAC (ECF 71), all the
8  claims remain time-barred and LoSavio has failed to address the deficiencies identified in Judge
9  Gilliam's order, in addition to various other reasons that warrant dismissal of all the claims.

10  If discovery is not fully stayed, Defendants propose to focus initial discovery on certain
11  issues that could potentially resolve LoSavio's claims with a summary judgment motion. Other
12  courts within this district have adopted phased discovery schedules in class actions where
13  potentially dispositive issues can be tackled without forcing the parties to engage in burdensome
14  and costly discovery. Accordingly, if discovery is not stayed, Defendants propose limited
15  discovery as to LoSavio's claims while Defendants' anticipated motion to dismiss SAC is
16  pending. At this initial phase, Defendants anticipate propounding discovery on the following
17  non-exhaustive list of topics: (i) the basis for LoSavio's belief that his car would become fully
18  autonomous "within a year or two, or some other reasonably short period," (ii) LoSavio's
19  reliance, if any, on the alleged misleading advertising or marketing statements, (iii) LoSavio's
20  due diligence in exploring his claims against Defendants before the statutes of limitations
21  expired, (iv) LoSavio's post-purchase communications with Tesla; (v) LoSavio's claimed
22  damages or loss allegedly caused by the alleged misleading advertising or marketing of Tesla's
23  ADAS technology. Defendants would in turn respond to LoSavio's discovery requests, subject
24  to a Court-imposed limitation on the number of discovery requests that may be served by one
25  side on the other side. As to LoSavio's proposed scope of anticipated discovery, Defendants do
26  not believe that discovery should be broad as LoSavio anticipates and reserve all rights.

27  **h.**     **Related Cases**
28  This is a consolidated putative class action comprising three member cases. *See Matsko v.*

1  *Tesla, Inc.*, No. 4:22-cv-5264-RLF; *Battiato v. Tesla, Inc.*, No. 4:22-cv-5264-RLF; *Mallow v.*
2  *Tesla, Inc.*, No. 4:22-cv-5443-RLF. These cases were related and consolidated for all purposes
3  under the name *In re Tesla Advanced Driver Assistance Systems Litigation.* ECF 22 at 2-3.
4        **Plaintiffs**:  As alleged in the operative complaint (SAC ¶ 142), on July 28, 2022, the
5  California Department of Motor Vehicles ("DMV"), which licenses motor vehicle manufacturers
6  and dealerships in California (including Tesla's Fremont factory and dozens of retail stores),
7  brought two related administrative enforcement actions against Tesla for "untrue," "misleading,"
8  and "deceptive" marketing of its Autopilot and FSD technology. *See In the Matter of the*
9  *Accusation Against Tesla Inc. dba Tesla Motors, Inc., a Vehicle Manufacturer*, No. 21-02188,
10  Accusation (July 28, 2022) (attached to the SAC as Exhibit A); *In the Matter of the Accusation*
11  *Against Tesla Inc. dba Tesla Motors, Inc., a Vehicle Dealer*, No. 21-02189, Accusation (July 28,
12  2022) (attached to the SAC as Exhibit B). The DMV alleges that Tesla's use of the product
13  labels "Autopilot" and "Full Self-Driving Capability," and statements on Tesla's website about
14  those technologies, "represent that vehicles equipped with those ADAS features will operate as
15  an autonomous vehicle, but vehicles equipped with those ADAS features could not at the time of
16  those advertisements, and cannot now, operate as autonomous vehicles." *Id.* For relief, the DMV
17  seeks restitution and the revocation or suspension of Tesla's California vehicle manufacturer
18  license and vehicle dealer license. *Id.* On or about November 7, 2023, DMV filed these
19  enforcement actions with the Office of Administrative Hearings, Case No. 2023110196, which
20  assigned the matter to Judge Juliet E. Cox and set a hearing date for September 9, 2024.
21        Regarding the *Richardson* action Tesla discusses below, Plaintiffs take no position on the
22  Tesla's motion to transfer that action to this Court, but Plaintiffs likely will oppose any motion
23  by Tesla to consolidate *Richardson* with this matter *before* Tesla moves to compel Richardson's
24  claims to arbitration. That order of operations would needlessly delay the prosecution of
25  LoSavio's claims if Tesla's motion to compel Richardson's claims to arbitration is granted,
26  particularly in light of this Court's stated preference in its Standing Order for dismissing without
27  prejudice (rather than staying) actions compelled to arbitration.
28

**Defendants:** On October 27, 2023, Defendants were served with a putative class action complaint brought by Joel Richardson in the San Diego Superior Court. *Richardson v. Tesla, Inc. et al.*, 37-2023-00042794-cu-bc-ctl (Cal. Sup. Ct.). *Richardson* appears to arise from substantially similar allegations regarding Tesla's marketing of its ADAS technology as the instant case, is brought on behalf of the same proposed nationwide class and California class as this case against the same defendants for overlapping state and common law claims. Tesla has since removed the case to the Southern District of California, 3:23-cv-02151-L-JLB (S.D. Cal.), and filed a motion to transfer it to this Court so that it can be consolidated with this case. Tesla thereafter intends to move to compel arbitration of Richardson's claims, as he agreed to the arbitration provision this Court previously enforced and has not opted out.

Separately, shortly after this case was originally filed, another individual plaintiff, Michael Nachman, brought a putative class action in the Eastern District of New York on October 5, 2022. Nachman arises from the same allegations regarding Tesla's marketing of its ADAS technology, is brought on behalf of a proposed class who "purchased the Vehicles within New York … and paid for ADAS and FSD" against the same defendants as this case, and asserts claims under sections 349 and 350 of New York General Business Law as well as unjust enrichment. Nachman opposed Tesla's pre-motion request to transfer the case to this Court. On September 30, 2023, Judge Kovner of the Eastern District of New York dismissed both claims on the ground that the GBL claims are untimely and that the unjust enrichment claim is duplicative of the other claims. Judge Kovner allowed Nachman to file a motion seeking leave to file an amended complaint to remedy the deficiencies identified in the order, and the parties' briefing is expected to be completed by December 18, 2023.

i. **Procedural History**

This putative class action was filed on September 14, 2022 with the caption *Matsko v. Tesla, Inc*. ECF 1. Two related putative class actions were filed that same month. *See Battiato v. Tesla, Inc.*, No. 4:22-cv-05264; *Mallow v. Tesla, Inc.*, No. 4:22-cv-05443. Within a month, the three cases were related and consolidated for all purposes and recaptioned as *In re Tesla Advanced Driver Assistance Systems Litigation*. ECF 22. Plaintiffs then filed a Consolidated

1  Amended Complaint in October 2022 ("FAC") (ECF 23). In response, Defendants filed a Motion
2  to Compel and Stay Pending Arbitration and Motion to Dismiss the FAC, which was fully
3  briefed. *See* ECF 30, 37, 38. On March 22, 2023, Plaintiffs filed a Motion for Preliminary
4  Injunction and Provisional Class Certification, which also was fully briefed. *See* ECF 42, 45, 50.
5        On September 30, 2023, the Court entered an order resolving those motions. *See* ECF 57.
6  First, the Court granted Tesla's motion to compel arbitration as to four of the five plaintiffs
7  (Broussard, Battiato, Mallow, and Imaguchi), stayed the case as to those four plaintiffs, and
8  directed the parties to provide status reports every 120 days regarding the status of the arbitration
9  as to those plaintiffs' claims. *Id.* at 13:17-20. Second, the Court granted Tesla's motion to
10 dismiss the claims of the fifth plaintiff (LoSavio), finding that LoSavio's claims arising from his
11 2017 FSD purchase were barred by the applicable statutes of limitations on the face of the FAC
12 and that LoSavio's arguments that tolling doctrines apply to his claims were not sufficiently
13 alleged in the FAC, and granting LoSavio leave to amend to address that deficiency. *Id.* at 18:19-
14 28. Third, in light of the foregoing rulings, the Court denied Plaintiffs' motion for preliminary
15 injunction. *Id.* at 19:20-23.
16       On October 30, 2023, Plaintiff LoSavio filed the now-operative Consolidated Second
17 Amended Complaint ("SAC"). ECF 61. Defendants moved to dismiss the SAC on December 4,
18 2023. ECF 71. Pursuant to a stipulated briefing schedule, Plaintiffs' opposition to the motion to
19 dismiss the SAC is due on January 8, 2024, and Defendants' reply is due on January 22, 2024.
20 ECF 63. A hearing on this motion is set for February 27, 2024.
21       No ADR proceedings or settlement conferences have been scheduled or concluded, and
22 there have been no appellate proceedings, nor any previous referral to a magistrate judge.
23 **j.**     **Deadlines**
24       There are no deadlines in the matter except for those set forth in the parties' stipulated
25 briefing schedule for Defendants' Motion to Dismiss the SAC, filed on December 4, 2023, which
26 provides that Plaintiffs' opposition is due on January 8, 2024, and that Defendants' reply is due
27 on January 22. ECF 63. A hearing on the motion to dismiss is set for February 27, 2024.
28

**k.     Any Modification of Deadlines**

The parties do not request any modification of the deadlines set forth above in § j.

**l.     Consent to Magistrate**

The parties do not consent to a magistrate judge for trial.

**m.     Emergency**

**Plaintiff:**  A case management conference should be set as soon as practicable. This matter has been pending for over a year with no discovery, and Plaintiff feels strongly that discovery needs to begin as soon as possible. There is urgency to this matter for all the reasons detailed in Plaintiff's motion for preliminary injunction, which was filed in March 2023 after the federal government issued an unprecedented nationwide recall of FSD in February 2023. These reasons include that Tesla is "continuing to engage in false and deceptive labeling and marketing with respect to its FSD system, with the foreseeable result of causing a significant number of fatal and non-fatal vehicle collisions on the nation's roads due to Tesla owners over-relying on FSD to drive their cars for them." ECF 42 at 3:17-19; ECF 50.

**Defendants:**  Tesla does not believe there is any emergency necessitating an immediate case management conference.  As explained in Tesla's pending motion to dismiss the SAC (ECF 71), all the claims remain time-barred and LoSavio has failed to address the deficiencies identified in Judge Gilliam's order, in addition to various other reasons that warrant dismissal of the whole case.  Continuance of the case management conference is therefore justified under this Court's Civil Standing Order.  Civil Standing Order at 2 (allowing continuance of the initial case management conference to 15 days after the hearing on a motion to dismiss "that is dispositive of the *entire* case") (emphasis in original).  Indeed, the reason that there has been no initial management conference is because Judge Gilliam previously vacated the initial case management conference upon his ruling on Tesla's prior motion to dismiss the FAC (ECF 41) and again continued it while Tesla's current motion to dismiss the SAC was pending (ECF 68). Nor can LoSavio claim any emergency based on the already-denied motion for preliminary injunction, which was not filed until six months after he filed this lawsuit, and for the other reasons Tesla explained in its opposition thereto.

| | | |
|---|---|---|
| 1 | Dated: December 11, 2023 | **COTCHETT PITRE & MCCARTHY LLP** |
| 2 | | By:   */s/ Frank M. Pitre* |
| 3 | |         Frank M. Pitre |
| 4 | | Frank M. Pitre (SBN 100077) |
| | | fpitre@cpmlegal.com |
| 5 | | Julie L. Fieber (SBN 202857) |
| | | jfieber@cpmlegal.com |
| 6 | | Nabilah A. Hossain (SBN 329689) |
| | | nhossain@cpmlegal.com |
| 7 | | Andrew F. Kirtley (SBN 328023) |
| | | akirtley@cpmlegal.com |
| 8 | | |
| 9 | | *Attorneys for Plaintiffs Thomas LoSavio, Brenda Broussard, and the Proposed Class* |
| 10 | | |
| 11 | Dated: December 11, 2023 | **BOTTINI & BOTTINI, INC.** |
| 12 | | By:   */s/ Francis A. Bottini, Jr.* |
| | |         Francis A. Bottini, Jr. |
| 13 | | Francis A. Bottini, Jr. (SBN 175783) |
| 14 | | fbottini@bottinilaw.com |
| | | Nicholaus H. Woltering (SBN 337193) |
| 15 | | nwoltering@bottinilaw.com |
| 16 | | *Attorneys for Plaintiff Dominick Battiato and the Proposed Class* |
| 17 | | |
| 18 | Dated: December 11, 2023 | **CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP** |
| 19 | | |
| | | By:   */s/ Gayle M. Blatt* |
| 20 | |         Gayle M. Blatt |
| 21 | | David S. Casey, Jr. (SBN 060768) |
| | | dcasey@cglaw.com |
| 22 | | Gayle M. Blatt (SBN 122048) |
| | | gmb@cglaw.com |
| 23 | | Jeremy Robinson (SBN 188325) |
| | | jrobinson@cglaw.com |
| 24 | | P. Camille Guerra (SBN 326546) |
| 25 | | camille@cglaw.com |
| | | Michael J. Morphew (SBN 304463) |
| 26 | | mmorphew@cglaw.com |
| 27 | | *Attorneys for Attorneys for Plaintiffs Christopher Mallow, Jazmin Imaguchi, and the Proposed Class* |
| 28 | | |

| | | |
|---|---|---|
| 1 | Dated: December 11, 2023 | **WILMER CUTLER PICKERING HALE AND DORR LLP** |
| 2 | | |
| 3 | | By: *"/s/ Alan Schoenfeld"* <br> Alan Schoenfeld |
| 4 | | |
| 5 | | *Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC* |

## ATTORNEY ATTESTATION

I, Frank M. Pitre, am the ECF User whose ID and password are being used to file the Joint Case Management Statement Following Order Reassigning Case. In compliance with Civil Local Rule 5-l(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each signatory.

Dated:   December 11, 2023                              By:   */s/ Frank M. Pitre*
                                                                           Frank M. Pitre