1  David C. Marcus (SBN 158704)
   david.marcus@wilmerhale.com
2  WILMER CUTLER PICKERING
      HALE AND DORR LLP
3  350 South Grand Avenue, Suite 2400
   Los Angeles, California 90071
4  Tel: (213) 443-5312

5  Alan Schoenfeld (*pro hac vice*)
   alan.schoenfeld@wilmerhale.com
6  WILMER CUTLER PICKERING
      HALE AND DORR LLP
7  7 World Trade Center
   250 Greenwich Street
8  New York, New York 10007
   Tel: (212) 937-7294

9
   Allison Bingxue Que (SBN 324044)
10 allison.que@wilmerhale.com
   WILMER CUTLER PICKERING
11    HALE AND DORR LLP
   2600 El Camino Real, Suite 400
12 Palo Alto, California 94306
   Tel: (650) 858-6000

13
   *Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, Tesla Finance LLC*
14

15                    **UNITED STATES DISTRICT COURT**

16           **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

17                                          )   CASE NO.: 3:22-cv-5240-RFL
                                            )
18                                          )   **DEFENDANTS TESLA, INC., TESLA**
                                            )   **LEASE TRUST, AND TESLA FINANCE**
19 IN RE TESLA ADVANCED DRIVER              )   **LLC'S ADMINISTRATIVE MOTION TO**
   ASSISTANCE SYSTEMS LITIGATION            )   **CONSIDER WHETHER CASES SHOULD**
20                                          )   **BE RELATED**
                                            )
21                                          )
                                            )   Hon. Rita F. Lin
22                                          )   Courtroom 15 – 18th floor
                                            )
23                                          )
                                            )
24                                          )
                                            )
25                                          )
                                            )
26                                          )
                                            )
27                                          )
                                            )
28

Pursuant to Civil L.R. 3-12 and 7-11, Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collectively, "Tesla") respectfully request that *Richardson v. Tesla, Inc.*, Case No. 3:24-cv-00209-EMC (N.D. Cal.), which was transferred to this District from the Southern District of California on January 8, 2024 and initially assigned to the Hon. Edward M. Chen, be treated as a related case to this case, *In re Tesla Advanced Driver Assistance Systems Litigation*. This requested relief will unite nearly identical cases raising the exact same issues and will serve the Court's interest in judicial efficiency by eliminating the burden of proceeding with such similar cases simultaneously. Tesla's counsel reached out to Plaintiff Joel Richardson's counsel to seek consent to relate the two cases. While Plaintiff's counsel responded to the email, he did not indicate whether Plaintiff opposes or consents to Tesla's request. Plaintiff's counsel did not respond to Tesla's follow-up email. *See* Declaration of Alan Schoenfeld, ¶ 3.[1]

*Richardson*'s procedural history informs why these cases should be deemed related. As summarized in Tesla's recently filed case management statement (ECF No. 72 at 8), just days after Judge Gilliam granted Tesla's motion to compel arbitration and motion to dismiss (ECF No. 57), Richardson filed his nearly identical suit in California state court. Tesla timely removed the case to the Southern District of California and then moved to transfer the case to this Court under 28 U.S.C. § 1404(a) on the grounds that the interests of justice and judicial efficiency compelled transfer and eventual consolidation. On January 8, 2024, the Southern District of California granted Tesla's motion to transfer Richardson's case to this district. Richardson's counsel did not file an opposition to Tesla's motion to transfer, and he has not appeared on the docket to date. Schoenfeld Decl. ¶ 4.

"An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(1)-(2). Courts in this district have found this standard met where, as here, "[t]he issues and legal arguments in [both] case[s] are identical," even though

---

[1] Filed concurrently herewith, hereinafter "Schoenfeld Decl."

the parties were not. *Frances v. Fed. Emergency Mgmt. Agency*, No., 1999 WL 430745, at *1 (N.D. Cal. June 9, 1999) (relating cases "involv[ing] different plaintiffs"); *see also Meras Engineering, Inc. v. CH2O, Inc.*, 2012 WL 3629008, at *4 (N.D. Cal. Aug. 21, 2012) (relating cases involving different plaintiffs and some different allegations); *Financial Fusion, Inc. v. Ablaise Ltd.*, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006) (same).

These two cases fit the bill. The claims overlap entirely, and the factual allegations are essentially identical. *See* Schoenfeld Decl., Exs. A, B. Indeed, Richardson's complaint contains many allegations that appear to be copied verbatim from the complaint in this case. The two cases rely on the same (flawed) legal theory: that Tesla allegedly misled customers when marketing its ADAS technology, and that those customers paid more than they otherwise would have. The parties are essentially identical: Both cases cover the same putative class, and the defendants (who are represented by the same defense counsel in both cases) are the same. And, finally, both cases raise the same arbitration issues that Judge Gilliam, who presided over this case before it was re-assigned to this Court, already ruled on. Richardson entered into the same arbitration agreement as the Arbitration Plaintiffs, and (like them) he did not opt out of that agreement.

Adjudicating these two cases separately and before different judges in this district would certainly create "unduly burdensome duplication of labor and expense," because Tesla would need to brief the same arbitration issues that were already decided by Judge Gilliam, and risk "conflicting results" on the merits if the case were not transferred and Judge Chen concluded that Richardson somehow is not bound by the arbitration agreement. Civil L.R. 3-12(a)(2).

For these reasons, Tesla respectfully requests that the above-captioned case and *Richardson v. Tesla, Inc.*, Case No. 3:24-cv-00209-EMC (N.D. Cal.) be treated as related cases and that *Richardson* be re-assigned to this Court.

Respectfully submitted,

Dated: January 18, 2024

WILMER CUTLER PICKERING
    HALE AND DORR LLP

By:   */s/ Alan Schoenfeld*
       Alan Schoenfeld

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, Tesla Finance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2024, I electronically filed the above document and supporting declaration with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.  In addition, I will cause to be served the above document and supporting declaration via first class mail to Richardson's counsel on January 19, 2024, certificate of service of which will be filed separately.

Dated: January 18, 2024                                    By:     /s/ Alan Schoenfeld
                                                                           Alan Schoenfeld