1  David C. Marcus (SBN 158704)
   david.marcus@wilmerhale.com
2  WILMER CUTLER PICKERING
     HALE AND DORR LLP
3  350 South Grand Avenue, Suite 2400
   Los Angeles, California 90071
4  Tel: (213) 443-5312

5  Alan Schoenfeld (*pro hac vice*)
   alan.schoenfeld@wilmerhale.com
6  WILMER CUTLER PICKERING
     HALE AND DORR LLP
7  7 World Trade Center
   250 Greenwich Street
8  New York, New York 10007
   Tel: (212) 937-7294

9
   Allison Bingxue Que (SBN 324044)
10 allison.que@wilmerhale.com
   WILMER CUTLER PICKERING
11   HALE AND DORR LLP
   2600 El Camino Real, Suite 400
12 Palo Alto, California 94306
   Tel: (650) 858-6000

13
   *Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, Tesla Finance LLC*
14

15                     **UNITED STATES DISTRICT COURT**

16            **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

17 |                                          | CASE NO.: 3:22-cv-5240-RFL
18 |                                          | **DEFENDANTS TESLA, INC., TESLA LEASE TRUST, AND TESLA FINANCE LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S MARCH 11, 2024 SUBMISSION**
19 | IN RE TESLA ADVANCED DRIVER ASSISTANCE SYSTEMS LITIGATION |
20 |                                          |
21 |                                          |
22 |                                          | Hon. Rita F. Lin
   |                                          | Courtroom 15 – 18th floor
23
24
25
26
27
28

Pursuant to Civil Local Rules 7-3 and 7-11, Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collectively, "Tesla") respectfully request leave to file a response to Plaintiff Thomas LoSavio's March 11, 2024 submission regarding the alleged pre-purchase misrepresentations for his fraud-based claims (ECF No. 84-1, "Pre-Purchase Allegation Chart") and post-purchase misrepresentations supporting his equitable estoppel argument (ECF No. 84-2, "Post-Purchase Allegation Chart").  Leave to respond is warranted because LoSavio's 70-page Allegation Charts make new arguments that he had not previously raised in his opposition to Tesla's motion to dismiss, and absent leave to file a response, Tesla would be unable to respond to those arguments in writing.  Tesla also believes that its anticipated short response will aid the Court in resolving Tesla's pending motion.  For that reason, Tesla proposes that it be allowed to file a 10-page response within one week from entry of the Court's order granting this administrative motion.  Tesla's counsel contacted LoSavio's counsel to request consent.  LoSavio's counsel objected to Tesla's request.

LoSavio's 70-page Allegation Charts are replete with arguments and misleadingly paraphrased allegations, and Tesla should be allowed an opportunity to respond.  *First*, many of the arguments or allegations in the Allegation Charts were not even present or were only addressed in passing in LoSavio's 15-page opposition to Tesla's motion to dismiss (ECF No. 74).  For example, the Pre-Purchase Allegation Chart discusses at length Tesla's November 12, 2016 newsletter (ECF No. 84-1 at 7-8)—one of the only two statements his Second Amended Complaint identifies as something he saw around his purchase, but his opposition never discussed why that particular statement was false or misleading or how any (if at all) allegations in the complaint support an inference that Tesla knew the statement to be false or misleading when the statement was made.  *See generally* ECF No. 74.  Similar examples abound, and Tesla should have an opportunity to respond to LoSavio's arguments as to each of these previously unaddressed statements.  *Second*, LoSavio tries to inject into the Allegation Charts new allegations that were not in the Second Amended Complaint.  For example, the Pre-Purchase Allegation Chart now appears to rely on the allegation that Tesla had not developed full self-driving technology at the time of his purchase, but his Second Amended Complaint alleges the opposite—that he knew his

car was not fully autonomous when he bought it. As another example, the Post-Purchase Allegation Chart asserts that he "contemporaneously" saw the majority of the statements he identifies, even though the Second Amended Complaint is completely silent on that point.

In contrast to LoSavio's 70-page submissions, Tesla only needs 10 pages to respond to LoSavio's new arguments and correct his misleading citations to the complaint. Tesla's anticipated response will further show why LoSavio's submission does not move the needle on the pending motion—that is, the two charts only confirm that his suit should be dismissed with prejudice and that his claims are undeniably time-barred. Tesla believes that the Court will benefit from a response to the Allegation Charts, in writing, in advance of the hearing. For all the above reasons, Tesla respectfully requests leave to file a 10-page response to LoSavio's March 11, 2024 submission within 7 days of the Court's order granting this administrative motion.

Respectfully submitted,

Dated: March 14, 2024

WILMER CUTLER PICKERING HALE AND DORR LLP

By:  /s/ Alan Schoenfeld
     Alan Schoenfeld

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, Tesla Finance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2024, I electronically filed the above document and supporting declaration with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated: March 14, 2024                By:   */s/ Alan Schoenfeld*
                                            Alan Schoenfeld