1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANK M. PITRE (SBN 100077)
fpitre@cpmlegal.com
JULIE L. FIEBER (SBN 202857)
jfieber@cpmlegal.com
NABILAH A. HOSSAIN (SBN 329689)
nhossain@cpmlegal.com
ANDREW F. KIRTLEY (SBN 328023)
akirtley@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577

FRANCIS A. BOTTINI, JR. (SBN 175783)
fbottini@bottinilaw.com
NICHOLAUS H. WOLTERING (SBN 337193)
nwoltering@bottinilaw.com
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Fax: (858) 914-2002

DAVID S. CASEY, JR. (SBN 060768)
dcasey@cglaw.com
GAYLE M. BLATT (SBN 122048)
gmb@cglaw.com
JEREMY ROBINSON (SBN 188325)
jrobinson@cglaw.com
P. CAMILLE GUERRA (SBN 326546)
camille@cglaw.com
MICHAEL J. MORPHEW (SBN 304463)
mmorphew@cglaw.com
**CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation**<br><br><br><br>This Case Relates To All Actions | Case No. 3:22-cv-05240-RFL<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RESPONE TO COURT-ORDERED CHARTS** |

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

The Court should deny Tesla's administrative motion ("Motion") (ECF No. 85) for leave to file a response Plaintiff Thomas LoSavio's two court-ordered charts identifying his allegations concerning Tesla's alleged (1) pre-purchase fraudulent or misleading statements and (2) post-purchase statements supporting equitable estoppel. *See* ECF No. 81 ("Order"); ECF No. 83 ("Charts"). Consistent with the Court's Order, the filed charts do not cite legal authorities or otherwise make legal argument; they merely (in the Court's words) "identify" the allegations that the Court requested be identified, along with other specific Court-ordered information, within the confines of a five-column chart. Because there are many columns and, as in the exemplar chart provided by the Court, much of the supporting information is repeated across many rows of allegations, the two charts in the end run approximately 70 pages.

The Court's Order requiring Plaintiff to file these charts says nothing about Tesla getting a response, much less the ten pages of additional briefing (on top of the 25 pages of combined briefing from its motion to dismiss and reply briefs). Nevertheless, Tesla seeks leave to file an additional 10 pages—i.e., the equivalent of another full-length reply brief—unfettered by any of the formatting or content-based constraints to which Plaintiff was subject when he filed the charts. *See, e.g.*, Mot. at 2 (Tesla explaining it seeks leave to file a response that "will further show why LoSavio's submission does not move the needle on the pending motion," and that "the two charts only confirm that his suit should be dismissed with prejudice"). To give Tesla this additional briefing would effectively give Tesla three briefs to Plaintiff's one brief on the motion to dismiss, unfairly prejudicing Plaintiff.

Beyond the general unfairness of Tesla's proposal, Tesla's specific reasons for needing a response are hardly compelling. Tesla first argues it needs to respond to LoSavio's inclusion in the charts of the alleged fact, not expressly discussed in Plaintiff's opposition to Tesla's pending motion to dismiss, that he received a Tesla newsletter in November 2016 containing statements that he allegedly saw before purchasing his Tesla. *See* SAC ¶ 154 & Ex. D; *see also* Mot. at 1 (Tesla stating "similar examples abound" but declining to provide any). Tesla's argument fails because the newsletter statements are highly similar to alleged false and misleading statements on Tesla's website from the same time period that the parties have already briefed. *Compare* Charts (ECF No. 84-1) at 7-8, 17-18, *and* SAC ¶ 154 & Ex. D (2016 Tesla *newsletter* statements that all new Tesla cars "now have full self-driving hardware, enabling a rapidly

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

expanding set of new Autopilot features to be introduced over time," and that FSD "will ultimately take you from home to work and find a parking space on its own" and will "be substantially safer than a human driver"), *with* Charts at  1, 6, 8, *and* SAC ¶ 153 & Ex. C (2016 Tesla *website* statements that all new Tesla vehicles "have the hardware needed for full self driving capability at a safety level substantially greater than that of a human driver," and that FSD "is designed to conduct short and long distance trips with no action required by the person in the driver's seat"). Because such statements feature prominently in Plaintiff's brief opposing Tesla's motion to dismiss, *see* ECF No. 74 (Pl.'s MTD Opp.) at 4:1-5, 4:1-20, 7:7-9, 10:15-21, Tesla already has had a full and fair opportunity to respond to these statements in its reply brief. Tesla's other argument that LoSavio's allegation that "Telsa had not developed full self-driving technology at the time is his purchase" is "the opposite" of his allegation "that he knew his car was not fully autonomous when he bought it" (Mot. at 2) makes no sense. There is zero tension between those allegations.

For these reasons, Plaintiff respectfully requests that Tesla's Motion be denied.


Respectfully submitted,

**COTCHETT, PITRE & McCARTHY, LLP**


Dated: March 18, 2024

*/s/ Andrew F. Kirtley*
FRANK M. PITRE
JULIE L. FIEBER
NABILAH A. HOSSAIN
ANDREW F. KIRTLEY

*Attorneys for Plaintiff Thomas LoSavio and the Proposed Class*

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff's Response to Defendants' Admin. Mot. for Leave to File Response to Court-Ordered Charts;
Case No. 3:22-cv-05240-RFL

2