UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation** | Case No. 22-cv-05240-RFL <br><br> **NOTICE OF QUESTIONS FOR HEARING** <br><br> Re: Dkt. No. 71 |

The Court requests that the parties be prepared to address the following questions at the hearing on Defendants' Motion to Dismiss, set for April 30, 2024, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse.

1. Plaintiff states that he reviewed website statements prior to his purchase in which Tesla represented that the car had the "hardware needed for full self-driving capability," but that this was false because the car lacked lidar. (Dkt. No. 61 ("SAC") ¶¶ 58, 152, 153.) Tesla contends that Plaintiff was insufficiently diligent in discovering the lack of lidar on his car and the necessity of lidar for fully autonomous self-driving. What does Tesla contend would have put Plaintiff on inquiry notice that, even when the software for autonomous driving became available, the car might still lack the necessary hardware components?

2. Plaintiff states that he reviewed statements made by Musk in 2016 that Tesla would be able to drive itself from Los Angeles to New York "without the need for a single touch" "by the end of next year" in deciding to purchase the FSD software package. (SAC ¶¶ 57–60, 152.) He contends that, after his purchase, Musk lulled him into not bringing suit by promising every year that such technology would be implemented

1

within the next year, in statements reported in media that he read. (*See, e.g.*, SAC ¶¶ 64, 66, 78.) Tesla argues that Plaintiff cannot rely on equitable estoppel because the statements at issue cannot be the same ones as those that form the basis for his underlying claim. However, the statements forming the basis for his underlying claims were allegedly made pre-sale, whereas the statements supporting his equitable estoppel argument were allegedly made post-sale. On what basis does Tesla contend that those statements are the "same"? Is it sufficient that the statements relate to the same topic?

3. Plaintiff concedes that he knew his car was not self-driving when he bought it. Does Plaintiff therefore agree that his implied and express warranty claims are not based on a warranty that the car was already self-driving?

4. If Plaintiff's implied and express warranty claims are based on a warranty that the car would become self-driving within a reasonable time, how is that a promise to "preserve or maintain" a feature of the car? Cal. Civ. Code § 1791.2(a)(1).

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions. If the parties intend to rely on legal authorities not cited in their briefs, they shall read those citations into the record at the hearing and email rflcrd@cand.uscourts.gov with a courtesy copy of the list of those citations (**not** the actual cases, just the citations) immediately after the hearing.

**IT IS SO ORDERED.**

Dated: April 24, 2024

RITA F. LIN
United States District Judge