| | |
|---|---|
| Frank M. Pitre (SBN 100077)<br>fpitre@cpmlegal.com<br>COTCHETT PITRE & MCCARTHY LLP<br>840 Malcolm Road<br>Burlingame, CA 94010<br>Tel.: (650) 697-6000<br><br>*Attorneys for Plaintiffs Thomas LoSavio, Brenda Broussard, and the Proposed Class*<br><br>Francis A. Bottini, Jr. (SBN 175783)<br>fbottini@bottinilaw.com<br>BOTTINI & BOTTINI, INC.<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>Tel.: (858) 914-2001<br><br>*Attorneys for Plaintiff Dominick Battiato and the Proposed Class*<br><br>David S. Casey, Jr. (SBN 060768)<br>dcasey@cglaw.com<br>CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP<br>110 Laurel Street<br>San Diego, CA 92101<br>Tel.: (619) 238-1811<br><br>*Attorneys for Plaintiffs Christopher Mallow, Jazmin Imaguchi, and the Proposed Class* | David C. Marcus (SBN 158704)<br>david.marcus@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>350 South Grand Avenue, Suite 2400<br>Los Angeles, California 90071<br>Tel: (213) 443-5312<br><br>Alan Schoenfeld (*pro hac vice*)<br>alan.schoenfeld@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Tel: (212) 937-7294<br><br>Allison Bingxue Que (SBN 324044)<br>allison.que@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Tel: (650) 858-6000<br><br>*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC* |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation** | Case No. 3:22-cv-05240-RFL<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Judge:        Hon. Rita F. Lin<br>Courtroom:  15 – 18th Floor (via Zoom)<br>                     450 Golden Gate Ave.,<br>                     San Francisco, CA 94102 |

1   In advance of the June 5, 2024 Case Management Conference, and pursuant to Civil
2 Local Rule 16-10(d) and the Standing Order for All Judges of the Northern District of California,
3 the parties submit this Joint Case Management Statement and Rule 26(f) Report.

4 **A.   JURISDICTION AND SERVICE**

5   This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C.
6 § 1332(d), because Plaintiff Thomas LoSavio ("LoSavio" or "Plaintiff"), putative class members,
7 and Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collectively, "Tesla" or
8 "Defendants") are citizens of different states and the amount in controversy exceeds $5,000,000,
9 exclusive of interest and costs.  Defendants have been served or have waived service of process.
10 Defendants do not challenge personal jurisdiction.  There are five plaintiffs, four of whom
11 (Brenda Broussard, Dominick Battiato, Christopher Mallow, and Jazmin Imaguchi) had their
12 claims compelled to arbitration and stayed. ECF 57 at 13:17-20.  The other plaintiff (Thomas
13 LoSavio) timely opted out of arbitration.

14   **Plaintiff:**  No separate statement.

15   **Defendants:**  Tesla is continuing to investigate the underlying facts, including the scope
16 of unnamed putative class members who have a binding arbitration agreement with Tesla, and
17 reserves the right to move to compel arbitration as to those putative class members at the
18 appropriate time.  *Hill v. Xerox Business Servs., LLC*, 59 F.4th 457 (9th Cir. 2023).

19 **B.   FACTS**

20   **Plaintiff:** Plaintiff alleges that Tesla makes, sells, and services electric vehicles and
21 proprietary technology that automates certain driving tasks, known in the industry as advanced
22 driver assistance systems ("ADAS") technology. Tesla sells its customers the right to use present
23 and future versions of the software component of this technology, which Tesla has consistently
24 stated it intends to develop into a more advanced technology that is capable of making Tesla cars
25 fully self-driving. Tesla has historically offered three ADAS packages: "Autopilot," "Enhanced
26 Autopilot," and "Full Self-Driving Capability" (commonly known as "FSD"). Autopilot is the
27 most basic and comes standard on all Tesla vehicles. The Enhanced Autopilot and FSD packages
28 include more ADAS features but cost thousands of dollars above the vehicle base price. As

1  measured by the industry standard for categorizing automated and autonomous driving
2  technologies (ranging from SAE Level 0 for no driving task automation to SAE Level 5 for fully
3  autonomous vehicles), Tesla's ADAS technology has always been an SAE Level 2 technology.
4  By definition, an SAE Level 2 technology automates some driving tasks (e.g., advanced cruise
5  control) but it does not make the car self-driving.
6        Plaintiff alleges Tesla became the world's leading electric car maker, in significant part,
7  by falsely and deceptively marketing that its ADAS technology (and especially its flagship FSD
8  technology) makes, or would soon make, its cars "self-driving." Since at least 2016, Tesla and its
9  CEO Elon Musk have falsely and misleadingly represented, including on Tesla's website, that
10 Tesla cars have all the hardware needed for full self-driving capability. During that same period,
11 Tesla and Musk have made continual public statements, which often receive significant press
12 coverage, that falsely and misleadingly represent that Tesla is perpetually on the cusp of
13 developing a fully self-driving vehicle capable of, for example, driving itself across the entire
14 United States without any human intervention and operating as a fully autonomous robo-taxi.
15 Plaintiff alleges that Tesla and Musk knew or should have known that these representations were
16 false and misleading, including because they had no reasonable basis for making them. Plaintiff
17 further alleges that he and other Tesla customers were deceived by these representations into
18 purchasing a Tesla vehicle and, in many cases, paying thousands of additional dollars for the
19 right to use present and/or future versions of Tesla's FSD technology. Plaintiff further alleges
20 that Tesla's false and deceptive marketing practices are ongoing and that the consuming public is
21 likely to be deceived by them, thus warranting public injunctive relief.
22       Plaintiff Thomas LoSavio's individual experience is that, in January 2017, he purchased a
23 new Tesla vehicle and paid Tesla an additional $8,000 for the right to use future versions of
24 FSD. At that time, FSD was still in "beta" testing and not accessible to LoSavio and the vast
25 majority of other FSD customers. LoSavio purchased his vehicle and FSD in reliance on Tesla's
26 and Musk's false and deceptive representations, including that all new Tesla cars had the
27 hardware needed for full self-driving capability and that Tesla's self-driving technology would
28 soon allow a Tesla vehicle to drive itself across the country without a single human intervention.

1   In or about late April 2022, Tesla still had not activated FSD on LoSavio's vehicle, and LoSavio
2   concluded that the most likely explanation was that Tesla had deceived him about the state of its
3   purported self-driving technology and strung him along, and he sued Tesla later that same year.
4   On May 15, 2024, the Court denied Tesla's motion to dismiss argument that LoSavio's claims
5   were untimely, ruling that LoSavio had adequately alleged facts supporting the timeliness of his
6   claims under both the delayed discovery rule and the equitable estoppel doctrine based, in part, on
7   Musk's alleged lulling statements in continually promising, with increasing detail and specificity,
8   that Tesla was perpetually on the cusp of producing a fully self-driving car. ECF 96.
9       The factual issues in this case will likely include:
10      1.  How ordinary consumers interpret "Autopilot" and "Full Self-Driving," and
11          Tesla's knowledge regarding how consumers interpret those terms;
12      2.  Whether Tesla deceptively represents to consumers that its ADAS technology will
13          make its vehicles wholly or partially self-driving at the time of purchase, or within
14          a reasonably short period thereafter;
15      3.  Whether Tesla's marketing practices deceived LoSavio; and
16      4.  Whether Tesla's marketing practices were and are likely to deceive the public.
17      **Defendants:**  As narrowed by the Court's May 15, 2024 order on Tesla's motion to
18  dismiss the SAC (ECF No. 96, "MTD Order"), this case centers on two alleged representations
19  Tesla purportedly made to a single named plaintiff, LoSavio:  (1) "representations that Tesla
20  vehicles have the hardware needed for full self-driving capability" and (2) "representations that a
21  Tesla car would be able to drive itself cross-country in the coming year."  MTD Order at 3.
22  Despite having purchased his Tesla vehicle in January 2017, more than five years before he
23  brought this lawsuit, the Court held at the pleading stage that "LoSavio's repeated attempts to
24  update his car's technology and talk with Tesla establish a plausible basis for diligence" and
25  therefore tolled his claims.  MTD Order at 5.  According to his counsel, LoSavio "is not … an
26  ordinarily diligent consumer" and "is a particularly diligent consumer."  Apr. 30, 2024 Hr'g Tr.
27  30:23-:31:1.  As narrowed by the Court's MTD Order, the factual issues in this case will likely
28  include but are not limited to:

1. Whether and when Tesla made the above alleged representation(s) to LoSavio;
2. Whether the above alleged representation(s) were false or misleading when made;
3. Tesla's knowledge regarding whether the above alleged representation(s) were false or misleading when made;
4. Whether LoSavio relied on the above alleged representation(s) in purchasing his Class Vehicle;
5. Whether and when LoSavio was put on notice of his claims;
6. Whether LoSavio conducted reasonable diligence to discover his claims;
7. Whether LoSavio suffered any loss or harm from any alleged conduct by Tesla;
8. How many putative class members entered into an arbitration agreement with Tesla, including an arbitration agreement that contains a class action waiver, and how many opted out such arbitration agreement;
9. Among those putative class members who did not enter an arbitration agreement with Tesla or otherwise opted out their arbitration agreements with Tesla, when they purchased the Class Vehicles.

C.  **LEGAL ISSUES**

The primary legal issues will include:

1. Whether LoSavio's claims are timely under the delayed discovery rule and/or equitable estoppel doctrine, or whether his claims are instead time-barred;
2. Whether class certification is appropriate, and if so, the nature and extent of the class and any subclasses;
3. Whether Defendants have classwide liability under LoSavio's claims;
4. Whether LoSavio is a typical and adequate class representative;
5. Whether Defendants have valid defenses;
6. Whether declaratory and public injunctive relief is warranted and, if so, the appropriate nature and scope of that relief; and
7. The nature and extent of class wide damages, restitution, and other monetary relief.

D.     **MOTIONS**

      **1**   **Pending Motions**

There is currently no pending motion in this case.

      **2**   **Anticipated Motions**

**Plaintiff:** Plaintiff anticipates filing a motion for class certification. Plaintiff may file a motion for summary judgment and/or partial summary judgment, and may also file a renewed motion for preliminary injunction, which the Court previously denied without prejudice due to the procedural posture of the case at that time. *See* ECF 57 at 19 (Sept. 30, 2023).

Plaintiff was apprised on the date of this filing of Tesla's proposal below to be permitted to file a pre-class certification motion for summary judgment, and that such motion would be *in addition to* a post-class certification motion. Plaintiff has not had adequate time to understand and consider Tesla's proposal, but Plaintiff will meet and confer with Tesla on this issue before the case management conference on June 5, 2024. Plaintiff's initial reaction is that Plaintiff is generally opposed to having two rounds of motions for summary judgment (as opposed to one round), especially when the timing of Tesla's proposed "early" motion for summary judgment comes only 3-4 months into discovery, which seems to make it impracticable for Plaintiff to file a cross-motion for summary judgment at the same time.

**Defendants:** Tesla will oppose LoSavio's motion for class certification and renewed motion for preliminary injunction.

Consistent with this Court's Civil Standing Order, Tesla believes that discovery is likely to yield an undisputed factual record showing the untimeliness of LoSavio's claims, his lack of entitlement to any tolling or delayed discovery doctrine, and/or the lack of merit of his substantive claims, particularly with respect to the reliance element. Given the uniqueness of the sole named plaintiff and the nature of his claims, if the Court allows, Tesla may file an early summary judgment motion as to LoSavio's individual claims—in addition to any summary judgment motion that may be filed at the close of discovery—if, in Tesla's good-faith judgment, a narrow, focused motion could be filed based on undisputed facts.

1  E.  **AMENDMENT OF PLEADINGS**

2  **Plaintiff:**  Plaintiff intends to file a further amended complaint on or before June 5, 2024,
3  as permitted by the Court's recent order granting in part and denying in part Tesla's motion to
4  dismiss the SAC. *See* ECF 96 at 7 (May 15, 2024).

5  Plaintiff believes that the last day for amendment should be after a reasonable amount of
6  discovery has occurred, and thus proposes below in Section O the date of December 5, 2024.
7  Plaintiff opposes Tesla's position that the last day for amendment should be on June 5, 2024,
8  before any discovery has occurred. Regarding Tesla's statement below that Plaintiff has had
9  "plenty of chances" to amend, Plaintiff notes there have been four amendments to date, the first
10 and second of which were filed for administrative reasons within a month-and-a-half after the
11 case was initiated, *see* ECF 6 (first amendment filed nine days after original complaint to add
12 two plaintiffs); ECF 22, 23 (second amendment filed by stipulation of the parties as consequence
13 of consolidation), and the third of which was dismissed by Judge Gilliam due to lack of
14 allegations on a single issue (tolling of the statute of limitations). ECF 23, 57. Plaintiff thus will
15 have had only one chance to amend (i.e., the further amended complaint to be filed on June 5,
16 2024) after receiving a ruling on the numerous issues raised by Telsa's motions to dismiss.

17 **Defendants:**  At this stage and subject to Tesla's review of LoSavio's further amended
18 complaint, Tesla currently does not intend to move to dismiss that amended complaint.
19 However, Plaintiff indicates above that he may seek leave to further amend his complaint after
20 June 5, 2024, the due date for his third amended complaint.  Tesla will oppose that motion for
21 leave to further amend the complaint.  Plaintiff has been given plenty of chances to bolster his
22 case, and any further amendment would be futile and would not facilitate efficient resolution of
23 the case.

24 F.  **EVIDENCE PRESERVATION**

25 The parties have reviewed the Guidelines Relating to the Discovery of Electronically
26 Stored Information. The parties expect to negotiate a stipulated ESI Protocol in the coming
27 weeks and, in the course of those negotiations, expect to meet and confer regarding reasonable
28 and proportionate steps taken to preserve evidence relevant to the issues in this action.

G. **DISCLOSURES**

The parties propose to exchange initial disclosures by June 26, 2024, 21 days after the initial case management conference.

H. **DISCOVERY**

The parties have not conducted any discovery. In prior Joint Case Management Statements, the parties presented competing discovery plans (*see* ECF 35, 39, 66), but all associated Case Management Conferences were vacated, and no case schedule or case management order has been issued from the Court. The parties anticipate filing a stipulated protective order and stipulated ESI protocol.

The parties believe it is premature to discuss any modification to the rule that a party must obtain leave of court if a deposition will result in more than 10 fact depositions per side. However, should a party believe that it requires additional depositions, the parties agree to meet and confer in good faith to determine if there is good cause. If the parties cannot agree, the party seeking the additional depositions can seek leave of court.

The parties' separate statements below present their respective views on the scope of anticipated discovery and anticipated discovery management issues.

**Plaintiff:** Plaintiff anticipates taking discovery related to issues raised by the complaint, including Tesla's efforts to develop a fully self-driving car; the reasonable bases that Tesla contends existed for Tesla and Musk for make their alleged false and deceptive statements and omissions about Autopilot and FSD; how Tesla's and Musk's statements and omissions affected consumer beliefs, purchasing decisions, and driving behaviors; and Tesla's knowledge about each of these topics. Document discovery will likely include ESI discovery of Tesla's internal communications, communications with its customers, communications with regulators and journalists, information relevant to class certification, and information relevant to relief sought including damages and injunctive relief. Plaintiff anticipates deposing Tesla corporate representatives with knowledge of the above topics, as well as non-parties.

In the schedule below, Plaintiff proposes eight months for pre-class certification discovery to allow reasonable time for the parties to propound and answer discovery requests,

1  work through discovery disputes (which often require multiple meet and confers followed by
2  letter briefing or motion practice), and comply with the many timelines typically set forth in a
3  stipulated ESI protocol yet to be negotiated by the parties (e.g., negotiating search terms,
4  producing privilege logs), and for Plaintiff's counsel to review and digest documents produced
5  by Tesla (the volume of which is presently unknown), conduct pre-class certification depositions,
6  work with Plaintiff's experts, and draft the class certification motion and supporting filings. The
7  eight months is particularly justified if there are pre-class certification motions for summary
8  judgment filed by one or both parties, the briefing of which would likely require the diversion of
9  significant time and resources. *See also infra* note 2.

10  **Defendants:** Tesla will serve initial discovery requests relating to LoSavio's individual
11  claims and request a deposition date.
12  Tesla will in turn respond to LoSavio's discovery requests, subject to a Court-imposed
13  limitation on the number of discovery requests that may be served by one side on the other side.
14  As mentioned above, Tesla is continuing to investigate the underlying facts regarding the
15  scope of unnamed putative class members who have a binding arbitration agreement with Tesla
16  and reserves its right to move to compel arbitration as to such putative class members.
17  As to LoSavio's proposed scope of anticipated discovery, Tesla does not agree that
18  discovery should be broad as LoSavio anticipates and reserve all rights.  The Court's MTD Order
19  significantly narrows the scope of LoSavio's case and held that his fraud claims "may go
20  forward to the extent they are based on two alleged representations." ECF 96 at 3.  Nor has
21  LoSavio justified why he would need eight months to conduct pre-class certification discovery
22  and prepare the class certification motion.

23  **I.    CLASS ACTIONS**
24  The parties have reviewed the Procedural Guidance for Class Action Settlements.
25  **Plaintiff:** Plaintiff anticipates filing a motion for class certification.  The action is
26  maintainable as a class action under Rule 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4).  *See*
27  SAC ¶¶ 147-150.  As set forth in the operative SAC, the action seeks certification of a proposed
28  nationwide class ("All persons who purchased or leased from Tesla, Inc. (or any entity it directly

1  or indirectly owns or controls, including but not limited to Tesla Lease Trust and Tesla Finance
2  LLC) a new Tesla vehicle with 'Autopilot,' 'Enhanced Autopilot,' or 'Full Self-Driving
3  Capability' (collectively, 'Class Vehicles') at any time from January 1, 2016, to the present
4  ('Class Period')") and a proposed California class comprising members of the nationwide class
5  "who either purchased or leased that vehicle in California or who currently reside in California."
6  *Id.* ¶¶ 144-146.  Facts showing that Plaintiff is entitled to maintain the action under Rule 23(a)
7  and 23(b) are set forth in detail in the SAC.  *See, e.g., id.* ¶¶ 147-149.

8  Plaintiff disagrees with Defendants' positions stated below, including their position that
9  individual issues are likely to defeat commonality and predominance.  Among other things,
10 Tesla's alleged false marketing and unlawful and unfair trade practices were targeted at the
11 consuming public generally, and Plaintiff brings consumer-protection claims that do not require
12 showing individual reliance but only that ordinary consumers are likely to be deceived.

13 **Defendants:**  Defendants contend that LoSavio cannot satisfy the class-certification
14 prerequisites or requirements set forth in Fed. R. Civ. P. 23, including but not limited to: (1) the
15 arbitration agreement presents obstacles to predominance and, potentially, numerosity; and
16 (2) individualized issues such as statutes of limitations and the applicability of tolling or delayed-
17 discovery doctrines, exposure to the purported marketing materials, and reliance (or the lack of)
18 on any such materials all predominate over common questions, thus rendering LoSavio atypical
19 as compared to other class members.  *See supra* C.

20 **J.     RELATED CASES**

21 This is a consolidated putative class action comprising three member cases.  *See Matsko v.*
22 *Tesla, Inc.*, No. 4:22-cv-5264-RLF; *Battiato v. Tesla, Inc.*, No. 4:22-cv-5264-RLF; *Mallow v.*
23 *Tesla, Inc.*, No. 4:22-cv-5443-RLF. These cases were related and consolidated for all purposes
24 under the name *In re Tesla Advanced Driver Assistance Systems Litigation.* ECF 22 at 2-3. This
25 case has also been related to *Richardson v. Tesla, Inc.*, No. 3:24-cv-0209-RFL, but order of this
26 Court. ECF 78 (Jan. 23, 2024).

27 **Plaintiff:** Regarding the related *Richardson* action, Tesla's administrative motion to
28 relate that case to this one set forth Tesla's view that the plaintiff in that case is bound by Tesla's

1  arbitration agreement and thus suggested that Tesla would respond to the *Richardson* complaint
2  by moving to compel his claims to arbitration. *See* ECF 75 at 2 (Jan. 18, 2024).
3        Other related proceedings not before this Court include two administrative enforcement
4  actions brought in July 2022 by the California Department of Motor Vehicles ("DMV") against
5  Tesla for "untrue," "misleading," and "deceptive" marketing of its Autopilot and FSD
6  technology. *See* SAC ¶ 142; *In the Matter of the Accusation Against Tesla Inc. dba Tesla*
7  *Motors, Inc., a Vehicle Manufacturer*, No. 21-02188, Accusation (July 28, 2022) (attached to the
8  SAC as Exhibit A); *In the Matter of the Accusation Against Tesla Inc. dba Tesla Motors, Inc., a*
9  *Vehicle Dealer*, No. 21-02189, Accusation (July 28, 2022) (attached to the SAC as Exhibit B).
10 The DMV alleges that Tesla's use of the product labels "Autopilot" and "Full Self-Driving
11 Capability," and statements on Tesla's website about those technologies, "represent that vehicles
12 equipped with those ADAS features will operate as an autonomous vehicle, but vehicles
13 equipped with those ADAS features could not at the time of those advertisements, and cannot
14 now, operate as autonomous vehicles." *Id.* For relief, the DMV seeks restitution and the
15 revocation or suspension of Tesla's California vehicle manufacturer license and vehicle dealer
16 license. *Id.* On or about November 7, 2023, DMV filed these enforcement actions with the Office
17 of Administrative Hearings, Case No. 2023110196, which assigned the matter to Judge Juliet E.
18 Cox and set a hearing date for September 9, 2024.
19       **Defendants:**  This case is currently related to *Richardson v. Tesla*, 3:24-cv-0209 (N.D.
20 Cal.), which appears to arise from virtually identical allegations regarding Tesla's marketing of
21 its ADAS technology as the instant case, including those survived the motion to dismiss in this
22 case, and is brought on behalf of the same proposed nationwide class and California class as this
23 case against the same defendants for overlapping state and common law claims.
24       Separately, shortly after this case was originally filed, another individual plaintiff,
25 Michael Nachman, brought a putative class action in the Eastern District of New York on
26 October 5, 2022. *Nachman* arises from the same allegations regarding Tesla's marketing of its
27 ADAS technology, is brought on behalf of a proposed class who "purchased the Vehicles within
28 New York … and paid for ADAS and FSD" against the same defendants as this case, and

Joint Case Management Statement and Rule 26(f) Report      10
Case No. 3:22-cv-05240-RFL

involves claims under sections 349 and 350 of New York General Business Law as well as unjust enrichment. Nachman opposed Tesla's pre-motion request to transfer the case to this Court. On September 30, 2023, Judge Kovner of the Eastern District of New York dismissed both claims on the ground that the GBL claims are untimely and that the unjust enrichment claim is duplicative of the other claims. Nachman's motion seeking leave to file an amended complaint to remedy the deficiencies identified in the order is currently pending decision from the court.

K. **RELIEF**

**Plaintiff:** The relief sought by Plaintiff and the putative class includes but is not limited to:

a. Declaratory relief;
b. Public injunctive relief;
c. Damages and/or equitable restitution to be determined at trial;
d. Litigation costs, including attorneys' fees and consultant and expert fees;
e. Any other relief that the Court deems just and proper.

**Defendants:** Tesla maintains that LoSavio is entitled to no relief. Tesla's time to file an answer has not yet run. Tesla will include any counterclaim in its answer if one is filed.

L. **SETTLEMENT AND ADR**

The Parties are amenable in principle to private mediation but believe settlement discussions are premature as of the filing of this Case Management Statement.

M. **OTHER REFERENCES**

The Parties do not believe this case to be suitable for reference to a special master or to the Judicial Panel on Multidistrict Litigation.

N. **NARROWING OF ISSUES**

Following the Court's MTD Order, the Parties have not identified any issues that may be narrowed at this time.

O. **SCHEDULING**

The Parties propose the following schedule:

|  | **Plaintiff's Proposal** | **Tesla's Proposal** |
|---|---|---|
| Initial Case Management Conference | June 5, 2024 (per MTD Order) | June 5, 2024 (per MTD Order) |
| Third Amended Complaint | June 5, 2024 (per MTD Order) | June 5, 2024 (per MTD Order) |
| Answer | June 19, 2024 (per MTD Order) | June 19, 2024 (per MTD Order)[1] |
| Exchange of initial disclosures | June 26, 2024 | June 26, 2024 |
| Early summary judgment motion on LoSavio's claims | N/A[2] | October 11, 2024 |
| Opposition to early summary judgment on LoSavio's claims | N/A | November 8, 2024 |
| Reply in support of early summary judgment on LoSavio's claims | N/A | December 6, 2024 |
| Hearing on early summary judgment on LoSavio's claims | N/A | January 7, 2025 at 10:00 a.m. |
| Last date for amendment of pleadings | December 5, 2024[3] | June 5, 2024[4] |
| Class certification motion and expert disclosures and reports relating to class certification | February 27, 2025 | February 4, 2025 |

---

[1] June 19, 2024 is a federal holiday, so it is Tesla's understanding that the Answer will be due June 20, 2024. Fed. R. Civ. P. 6.

[2] *See infra* § D.2 (explaining that Plaintiff was apprised of Tesla's proposal to file an "early" motion for summary judgment on the date of this filing and, thus, has not had adequate time to understand and consider Tesla's proposal, but that Plaintiff will meet and confer with Tesla on this issue before the case management conference on June 5, 2024).

[3] *See infra* § E (explaining Plaintiff's rationale for this date).

[4] Consistent with this Court's Civil Standing Order that "the parties must propose a full litigation schedule, including a proposed last day to amend pleadings," Tesla believes June 5, 2024 should be the last day for Plaintiff to amend his complaint. As stated in Section E, *supra*, Tesla will oppose Plaintiff's motion for leave to further amend the complaint after June 5, 2024.

|  | **Plaintiff's Proposal** | **Tesla's Proposal** |
|---|---|---|
| Opposition to class certification motion and disclosures of rebuttal expert witnesses and expert reports relating to class certification | March 27, 2025 | March 4, 2025 |
| Reply in support of class certification motion | April 24, 2025 | April 1, 2025 |
| Class certification hearing | May 27, 2025 | April 29, 2025 at 10:00 a.m. |
| Last day to notice depositions | July 1, 2024 | May 28, 2025 |
| Further case management conference | July 2, 2025 | May 28, 2025 at 10:00 a.m. |
| Close of fact discovery | July 31, 2025 | June 30, 2025 |

**P.    TRIAL**

**Plaintiff:** Consistent with this Court's Civil Standing Order ("If the case is a putative class action, the parties shall propose a schedule through the class certification hearing only"), Plaintiff does not propose a jury trial date. Plaintiff expects the length of any jury trial would not exceed 15 to 20 court days.

**Defendants**: Tesla believes it is premature to determine a trial duration at this time because it will depend on at least the anticipated summary judgment motion on LoSavio's individual claims and his anticipated class certification motion.

**Q.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiff:** Plaintiff has filed Certifications of Interested Entities or Persons as required by Civil L.R. 3-15 on December 27, 2022. ECF 34.

**Defendants:** Tesla has filed Certifications of Interested Entities or Persons as required by Civil L.R. 3-15 on October 12, 2022. ECF 19.

Joint Case Management Statement and Rule 26(f) Report
Case No. 3:22-cv-05240-RFL

13

R.  **PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

S.  **OTHER MATTERS**

The parties have no other matters to raise at this time.

|   |   |   |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: May 29, 2024 | **COTCHETT PITRE & MCCARTHY LLP** |
| 3 | | By:   */s/ Andrew F. Kirtley* |
| 4 | | Andrew F. Kirtley |

Frank M. Pitre (SBN 100077)
fpitre@cpmlegal.com
Thomas E. Loeser (SBN 202724)
tloeser@cpmlegal.com
Julie L. Fieber (SBN 202857)
jfieber@cpmlegal.com
Nabilah A. Hossain (SBN 329689)
nhossain@cpmlegal.com
Andrew F. Kirtley (SBN 328023)
akirtley@cpmlegal.com

**BOTTINI & BOTTINI, INC.**

Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**

David S. Casey, Jr. (SBN 060768)
dcasey@cglaw.com
Gayle M. Blatt (SBN 122048)
gmb@cglaw.com
Jeremy Robinson (SBN 188325)
jrobinson@cglaw.com
P. Camille Guerra (SBN 326546)
camille@cglaw.com

*Attorneys for Plaintiffs and the Proposed Class*

Dated: May 29, 2024        **WILMER CUTLER PICKERING HALE AND DORR LLP**

By:   */s/ Alan Schoenfeld*
        Alan Schoenfeld

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

**ATTORNEY ATTESTATION**

I, Andrew F. Kirtley, am the ECF User whose ID and password are being used to file the Joint Case Management Statement and Rule 26(f) Report. In compliance with Civil Local Rule 5-l(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each signatory.

Dated:  May 29, 2024                                  By:    */s/ Andrew F. Kirtley*
                                                                            Andrew F. Kirtley