```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3       Before The Honorable Rita F. Lin, District Judge
 4
 5  MATSKO, et al.,                )
                                   )
 6          Plaintiffs,            )
                                   )
 7  vs.                            )  No. C 22-05240-RFL
                                   )
 8  TESLA, INC., et al.,           )
                                   )
 9          Defendants.            )
    _____)
10
11                                    San Francisco, California
                                      Wednesday, June 5, 2024
12
13   TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
              RECORDING 10:02 - 10:18 = 16 MINUTES
14
    APPEARANCES:
15
    For Plaintiff:
16                             Cotchett Pitre & McCarthy, LLP
                               840 Malcolm Road
17                             Burlingame, California 94010
                           BY: ANDREW KIRTLEY, ESQ.
18                             JULIE L. FIEBER, ESQ.

19                             Cotchett Pitre & McCarthy, LLP
                               999 North Northlake Way
20                             Suite 215
                               Seattle, Washington 98103
21                         BY: THOMAS E. LOESER, ESQ.
22
23           (APPEARANCES CONTINUED ON THE NEXT PAGE.)
24
25
```

*Echo Reporting, Inc.*

*Echo Reporting, Inc.*

```
                                                                    2
 1  For Defendants:
                              Wilmer Cutler Pickering Hale
 2                              & Dorr, LLP
                              7 World Trade Center
 3                            New York, New York 10007
                         BY:  ALAN E. SCHOENFELD, ESQ.
 4
                              Wilmer Cutler Pickering Hale
 5                              & Dorr, LLP
                              Grand Avenue, Suite 2400
 6                            Los Angeles, California 90071
                         BY:  DAVID C. MARCUS, ESQ.
 7
 8  Transcribed by:           Echo Reporting, Inc.
                              Contracted Court Reporter/
 9                            Transcriber
                              echoreporting@yahoo.com
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1  Wednesday, June 5, 2024                              10:02 a.m.
 2                    P-R-O-C-E-E-D-I-N-G-S
 3                          --oOo--
 4        THE CLERK:  Calling civil case 22-5240, In Re:
 5  Tesla Advanced Driver Assistance Systems Litigation.
 6      Counsel, please state your appearances for the record,
 7  beginning with the Plaintiffs.  Sorry.
 8      Mr. Kirtley, we can't hear you.
 9          MR. KIRTLEY (via Zoom):  Good morning, your Honor.
10  Andrew Kirtley on behalf of Plaintiffs.
11          MS. FIEBER (via Zoom):  And, good morning, your
12  Honor.  Julie Fieber, also on behalf of Plaintiffs.
13          MR. LOESER (via Zoom):  And, Tom Loeser on behalf
14  of Plaintiffs.
15          MR. SCHOENFELD (via Zoom):  Good morning, your
16  Honor.  Alan Schoenfeld on behalf of Tesla.
17          MR. MARCUS (via Zoom):  Good morning, your Honor.
18  Also, David Marcus on behalf of Tesla.
19          THE COURT:  Good morning to all of you.  Thank you
20  for the case management statement, which gets me up to speed
21  on where you all are.  Just in terms of the scheduling
22  proposal.  Let me walk you through my thoughts on that and
23  then I can hear about any further follow up or questions you
24  have.
25      I saw Tesla's proposal for early summary judgment
```

4

1  motion on Plaintiff LoSavio's claims.  I understand why that
2  request is being made, but it seems to me that that motion
3  is very similar to the issues we're likely to confront at
4  class certification, and so I think it makes more sense for
5  the Court to hear that motion at the same time as it hears
6  class certification.  So, I'm going to schedule that motion
7  for the same time as that.
8      At the same time, I recognize that it may be that after
9  Mr. LoSavio's deposition that Tesla believes that that will
10 really affect the outcome of the case and that Mr. LoSavio,
11 for whatever reason, is not an appropriate plaintiff.  And I
12 want to make sure that, if that happens, that you all go
13 through the ADR process before we go through class
14 certification on summary judgment on that issue.
15     So, that's my overall thinking in setting the case
16 schedule that I'm about to layout, but I'm open to hearing
17 more after I let you know what the game plan is.
18     So, I have the third amended complaint deadline as
19 today as previously set.  The answer deadline is June 20th,
20 since June 19th is a federal holiday.  Then I have exchange
21 of initial disclosures, as the parties agreed, on June 26th.
22 And then, I'm setting August 5th as the last day for
23 amendment of pleadings.  I typically set it 60 days out from
24 the initial case management conference.  I don't see a
25 special circumstance to suggest we should do something

5

different here, although I recognize both party's concerns on that issue.

And then, I'm setting class certification along the deadlines that Tesla proposed, so February 4th for the class cert motion and expert disclosures and reports relating to class certification. Then, March 4th for the opposition and disclosures of rebuttal experts and expert reports relating to class certification. April 1st for the reply. And then, the class cert hearing April 29th. I recognize that that's about a month sooner than Plaintiffs' proposal, but since we don't have to do the summary judgment motion, I'm hopeful that that will still give everybody enough time.

Setting the last date of noticed deposition is May 28th, and setting that for further case management conference at 10:00 a.m. and close of fact discovery on June 30th.

After class cert hearing, at the -- we can set a further case schedule earlier than that if it makes sense. Let's just see what's going on after the class cert hearing and we can set trial and pretrial at that time too, if need be.

So, I was also thinking, in terms of an ADR deadline, I saw that you all wanted to do private mediation, which makes perfect sense here. My thought, I'm interested in hearing what you have to say on this, would be to set December 6th

1  as the deadline for early ADR and that would mean that I
2  would set October 4th as the deadline for you to give me a
3  joint letter saying what day you plan to mediate and who the
4  mediator is.  I think it would be valuable for you all after
5  taking some initial discovery about some of the issues that
6  you raised in the case management statement to be able to
7  have a chance at early ADR.
8       Open to hearing more from the parties if there's
9  questions or other things you want me to consider about the
10 schedule.  Let me start with Plaintiffs.
11          MR. KIRTLEY:  Just -- thank you, your Honor.  One
12 question about what your Honor has in mind regarding this
13 early motion for summary judgment being filed at the same
14 time as class cert.  Is your Honor imagining that that would
15 be a separately noticed motion, or that it would be folded
16 in?
17          THE COURT:  My thought was that if Defendants,
18 after doing discovery, believes that -- you know, if Tesla
19 believes that there is a valid summary judgment motion
20 against the individual Plaintiff, Mr. LoSavio, they can
21 notice it for the same day as class certification.
22          MR. KIRTLEY:  I'll just let your Honor know, one
23 thing that the parties have discussed since this case
24 management statement was filed, is the possibility of doing
25 cross motions for summary judgment before class cert.  The

1 parties were able to meet --
2          THE COURT:  If that's something that Plaintiffs
3 are interested in -- it didn't strike me as the type of
4 issue that typically the parties want that early legal
5 determination on, but if the parties think it would be
6 helpful to have that early legal determination, both of you
7 think it would be helpful to have cross motions, and the
8 Defendant wants to -- wants to waive the one-way
9 intervention, I'd be interested in hearing your -- you all's
10 explanation of why you think it would be productive and also
11 be open to doing that.
12          MR. KIRTLEY:  All right.  So I think, speaking for
13 Plaintiffs.  Plaintiffs would be interested in that,
14 provided that there is -- that there is sufficient time for
15 discovery to occur.  And I think the -- the class
16 certification motion deadline that your Honor has in mind of
17 February 4th, makes sense for that.
18       So, we -- we spoke with -- with Defendants about this
19 yesterday, they seemed open, but I think needed to speak
20 with their clients.  So we don't yet know their position.
21          THE COURT:  And will you tell me what it is that
22 you think the summary judgment motion would be about and why
23 it would be productive to have it prior to class cert?
24          MR. KIRTLEY:  Sure.  So the summary judgment
25 motion would be about -- would be about merits liability on

```
 1  the -- you know, on the false advertising claim, on the CLRA
 2  claim, on the UCL claim, and go right on down the line.  And
 3  then, after that, we can deal with all of the issues
 4  regarding class cert.
 5          THE COURT:  Okay.  And is it the parties -- is it
 6  your proposal then, from the Plaintiffs' side, that the
 7  dates that Tesla originally proposed for the early summary
 8  judgment motion to be cross motions now, be along the time
 9  line that you all proposed there?  An October filing with a
10  January 7th hearing date?
11          MR. KIRTLEY:  No, it would be the briefing
12  schedule beginning on February 4th, which would mean --
13          THE COURT:  Oh, I see.  And then class cert
14  happening after that?
15          MR. KIRTLEY:  Right.  I mean our -- so our -- if
16  this is the way that things proceed, our issue, as we noted
17  in the case management statement -- for example, with a
18  briefing schedule that would be begin in October, October
19  11th, that's only four months away.  It's just not enough
20  time.
21          THE COURT:  If we're going to do cross motions,
22  that will be dispositive really of the whole -- potentially
23  for either of you of the whole case.
24          MR. KIRTLEY:  Right.
25          THE COURT:  I understand the argument.  I think it
```

1  would be helpful for me to hear from Defendants why you
2  think that doing a -- doing the cross motions before --
3  before class cert would be valuable.
4          MR. SCHOENFELD:  I'm not sure -- thanks, your
5  Honor.  And I appreciate all of the attention to the
6  schedule.  I'm not sure that makes sense under the, sort of,
7  posture that your Honor has sort of preliminary adopted
8  here.  What we were envisioning for our summary judgment is,
9  as your Honor is obviously very well aware, we think there
10 are consequential statute of limitations and reliance issues
11 that are particular to Mr. LoSavio.  We don't think that
12 requires a ton of discovery.  We can certainly accomplish it
13 on the schedule that we have proposed here, but those issues
14 are potentially outcome determinative of the case.  He's the
15 only named plaintiff.  And also, they're very relevant to
16 class certification, because they will either point up or
17 resolve some potentially individualized issues about tolling
18 and the availability of -- the availability of any kind of
19 fraudulent concealment doctrine or anything like that.
20      I don't think that it makes sense for there to be kind
21 of plenary cross motions for summary judgment on the
22 schedule that your Honor is contemplating, because it
23 doesn't really make sense to move for summary judgment on
24 February 4th when discovery doesn't close until June and
25 there's not even merits expert discovery contemplated on

10

1 this schedule.
2     So, I think in honor of what your -- what your -- in
3 light of what your Honor is sort of contemplating here, I
4 think summary judgment motions focused on particular issues
5 unique to Mr. LoSavio -- and I don't mean to sound like this
6 as a kind of one sided thing -- but, you know, there is one
7 named plaintiff and there are certain issues, and
8 potentially he wants to move on summary judgment, with
9 respect to things like statute of limitations or tolling.
10 But I don't think -- you know, plenary summary judgment
11 motions go into the merits of the claims make sense to be
12 coincident with class certification.
13         THE COURT:  It seems to me that unless the
14 Defendant is going to agree to do -- to waive one-way
15 intervention, to do early summary judgment as a cross
16 motions, that it just doesn't make sense to do early summary
17 judgment.
18     So, what I'm going to do is to set the schedule that I
19 just described, and if you all come to an agreement on doing
20 a form of cross motions before then, if you have certain
21 issues that you think would be helpful to have partial cross
22 motions on from the Court that would aid resolution of the
23 case, I'm open to hearing it, but right now I think we
24 should just set the class cert schedule that I set forth.
25 And to the extent you think there is a problem with Mr.

11

1 LoSavio as an individual plaintiff, then I can hear that
2 with class cert as a summary judgment motion and as part of
3 the class cert motion.
4        MR. SCHOENFELD:  I appreciate that, your Honor.
5 Just two clarifying questions on that one.
6      Do you mean to say that Tesla does have the right to
7 file a summary judgment motion, as to unique issues on Mr.
8 LoSavio, at the same time as class certification?
9        THE COURT:  Yes.  I don't think that there is
10 something that requires -- I don't see a problem with that.
11        MR. SCHOENFELD:  Okay.
12        THE COURT:  Yes, you can file it at class
13 certification.
14        MR. SCHOENFELD:  And then my other question was,
15 with respect to the August 30th deadline you set for further
16 amendments, is that a motion for leave to amend or is that
17 an amendment that the Court is essentially ordering there's
18 good cause?  Did I misunderstand the Court?
19        THE COURT:  I'm sorry, which deadline are you
20 asking about?
21        MR. SCHOENFELD:  I thought you said that there was
22 a third amended complaint due today, but any further
23 amendments to the pleadings was August 5th, and I just
24 wanted to understand if that was a motion for leave to amend
25 or kind of amendment as of right.

1          THE COURT: So, the motion for leave to amend --
2          MR. SCHOENFELD: Okay.
3          THE COURT: -- by that date.
4          MR. SCHOENFELD: Got it.
5          THE COURT: Thank you for (indiscernible) that.
6 Yes. Last day to move to -- for leave to amend the
7 pleadings.
8          MR. SCHOENFELD: Okay, perfect. Thank you very
9 much.
10         THE COURT: Anything else I can help the parties
11 with?
12         MR. KIRTLEY: Nothing further from Plaintiffs.
13         MR. SCHOENFELD: Can I -- can I just make one
14 modest sort of suggestion or request? I do think it would
15 be useful for purposes of ADR for us to at least see
16 Plaintiffs' class certification motion. I think that's just
17 instructive in assisting my client and sort of understanding
18 the case. Is your Honor willing to push the early ADR
19 deadline back until after the class cert motion is filed?
20 And if you're not, I completely understand, I'm just
21 thinking about what inputs are particularly helpful for my
22 -- from my client's perspective.
23         THE COURT: What's the Plaintiffs' view on that?
24         MR. KIRTLEY: Plaintiffs, I think, would be fine
25 pushing the ADR deadline until later.

13

```
 1            THE COURT:  That's fine.  Let me set that then
 2  February 28th.  February 28th, 2025 will be the ADR
 3  deadline.  And then I will ask you all for a letter update
 4  December 13th.  Please -- you should submit a joint letter
 5  update with a mediator name and date.  I just want to make
 6  sure you get on calendar when you're supposed to.
 7            MR. SCHOENFELD:  thank you very much.
 8            THE COURT:  And, obviously, if you think ADR makes
 9  sense, you can always talk to each other earlier on after
10  Mr. LoSavio's deposition if something surprising happens
11  during that.
12            MR. KIRTLEY:  Your Honor, just one clarifying
13  question.  Is the February 28th date, would that be the date
14  to -- the deadline to mediate?
15            THE COURT:  Yes, to -- to conduct the mediation.
16            MR. KIRTLEY:  Would it be possible to put that
17  like one week -- one or two weeks later so that it's not --
18  that deadline is not four days before our opposition --
19  before the parties oppositions are due?
20            THE COURT:  That's fine.  I can set it March 14th,
21  if that works for Defendant.
22            MR. KIRTLEY:  Great.
23            MR. SCHOENFELD:  That's fine.  Thank you, your
24  Honor.
25            THE COURT:  Okay.  March 14th.  I'm going to keep
```

14

1 the December deadline the same for the letter.  It just
2 takes so long to get on people's calendars these days.
3      Thank you, all.
4           MR. KIRTLEY:  Thank you, Judge.
5           MR. SCHOENFELD:  Thanks, your Honor.
6      (Proceedings adjourned at 10:18 a.m.)

15

1                    CERTIFICATE OF TRANSCRIBER

3      I certify that the foregoing is a true and correct
4 transcript, to the best of my ability, of the above pages of
5 the official electronic sound recording provided to me by
6 the U.S. District Court, Northern District of California, of
7 the proceedings taken on the date and time previously stated
8 in the above matter.
9      I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.

            [signature]

17           Echo Reporting, Inc., Transcriber
18               Friday, June 7, 2024