1   Frank M. Pitre (SBN 100077)
    fpitre@cpmlegal.com
2   COTCHETT PITRE & MCCARTHY LLP
    840 Malcolm Road
3   Burlingame, CA 94010
    Tel.: (650) 697-6000
4
    *Attorneys for Plaintiffs Thomas LoSavio,*
5   *Brenda Broussard, and the Proposed Class*

6   Francis A. Bottini, Jr. (SBN 175783)
    fbottini@bottinilaw.com
7   BOTTINI & BOTTINI, INC.
    7817 Ivanhoe Avenue, Suite 102
8   La Jolla, CA 92037
    Tel.: (858) 914-2001
9
    *Attorneys for Plaintiff Dominick Battiato*
10  *and the Proposed Class*

11  David S. Casey, Jr. (SBN 060768)
    dcasey@cglaw.com
12  CASEY GERRY SCHENK FRANCAVILLA
    BLATT & PENFIELD LLP
13  110 Laurel Street
    San Diego, CA 92101
14  Tel.: (619) 238-1811

15  *Attorneys for Plaintiffs Christopher Mallow,*
    *Jazmin Imaguchi, and the Proposed Class*

    David C. Marcus (SBN 158704)
    david.marcus@wilmerhale.com
    WILMER CUTLER PICKERING
        HALE AND DORR LLP
    350 South Grand Avenue, Suite 2400
    Los Angeles, California 90071
    Tel: (213) 443-5312

    Alan Schoenfeld (*pro hac vice*)
    alan.schoenfeld@wilmerhale.com
    WILMER CUTLER PICKERING
        HALE AND DORR LLP
    7 World Trade Center
    250 Greenwich Street
    New York, New York 10007
    Tel: (212) 937-7294

    Allison Bingxue Que (SBN 324044)
    allison.que@wilmerhale.com
    WILMER CUTLER PICKERING
        HALE AND DORR LLP
    2600 El Camino Real, Suite 400
    Palo Alto, California 94306
    Tel: (650) 858-6000

    *Attorneys for Defendants Tesla, Inc., Tesla*
    *Lease Trust, and Tesla Finance LLC*

16

## IN THE UNITED STATES DISTRICT COURT

17

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

18

## SAN FRANCISCO DIVISION

19

20  **In re Tesla Advanced Driver Assistance Systems Litigation**

21

22

23

24

25

26

27

28

Case No. 3:22-cv-05240-RFL

**CLASS ACTION**

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Judge:      Hon. Rita F. Lin

Courtroom:   15 – 18th Floor

Pursuant to the Court's Civil Standing Order, the Parties state that they have based this [Proposed] Stipulated Proposed Order on the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, with the deviations indicated in the attached redline (Exhibit A).

1.    PURPOSES AND LIMITATIONS[1]

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that a Designating Party reasonably and in good faith believes is entitled to confidentiality protection under applicable legal or equitable principles, including information that contains or reflects trade secrets, confidential or

---

[1] For the avoidance of doubt, except for Plaintiff LoSavio, all the named Plaintiffs in this case have been compelled to arbitration.  ECF No. 57.  Tesla expressly reserves the right to enforce arbitration agreements against absent class members.

proprietary business or financial information, commercially sensitive information, and/or private personal, client, or customer information about any Party, Non-Party, or employee of any Party.

2.3.    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4.    <u>Conflicted Expert</u>: any consultant, investigator, firm or Expert (a) who is an employee or contractor of an automobile manufacturer competitor of Tesla; or (b) who was an employee of an automobile manufacturer competitor of Tesla anytime within 1 year prior to the time disclosure is made. Protected Material may not be disclosed to a Conflicted Expert without written agreement by the Designating Party or a Court order prior to the disclosure.

2.5.    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" pursuant to this Protective Order.

2.6.    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter (including responses to discovery, depositions, copies, excerpts, summaries, or compilations thereof).

2.7.    <u>Expert</u>: a person engaged because of his, her or its specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8.    "<u>HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY</u>" Information or <u>Items</u>: "CONFIDENTIAL" Information or Items that contain information sufficiently sensitive that the Designating Party reasonably and in good faith believes its disclosure to another Party, for use in connection with this litigation and notwithstanding this protective order, or Non-Party would create a substantial risk of monetary or non-monetary injury (including, for example,

competitive or commercial disadvantage), to the Designating Party or its employees, customers, or clients.

2.9.    In-House Counsel: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10.    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11.    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12.    Party: any party to this action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel of Record (and their support staffs).

2.13.    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14.    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.16.    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. If a Party identifies a document that it believes is unlawfully in the public domain, the Parties shall confer in good faith regarding its proper designation. Any use of Protected Material at trial shall be governed by a separate agreement or order. Nothing in this Order shall prevent a Producing Party from any use of its own documents and information.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that the Designating Party believes in good faith qualifies for protection from public disclosure under applicable legal or equitable principles.

1    If it comes to a Designating Party's attention that information or items that it designated

2    for protection do not qualify for protection, that Designating Party must promptly notify all other

3    Parties that it is withdrawing the mistaken designation.

4    5.2.   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

5    (*see, e.g.*, section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

6    Material that qualifies for protection under this Order must be clearly so designated before the

7    material is disclosed or produced.

8    Designation in conformity with this Order requires:

9    (a)    For information in documentary form (e.g., paper or electronic documents,

10    but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

11    Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

12    EYES ONLY" to the bottom of each document that contains protected material or, in the case of

13    an electronic document that is produced in native form or is impracticable to produce in a form

14    with the affixed legend, by placing the legend on a placeholder document bearing the

15    document's production number, *and* by adding the designation or a reasonably clear abbreviation

16    of the designation ("CONFID" for CONFIDENTIAL and "HC—AEO" for HIGHLY

17    CONFIDENTIAL — ATTORNEYS' EYES ONLY are acceptable) in the file name itself. A

18    Receiving Party shall exercise good faith efforts to ensure that any copies or print-outs of

19    natively produced documents or data, and any translations, excerpts, summaries, or compilations

20    of such native documents or data, include a confidentiality legend that matches the

21    confidentiality designation the Designating Party applied to the natively produced documents or

22    data. A Party or Non-Party that makes original documents or materials available for inspection

23    need not designate them for protection until after the inspecting Party has indicated which

24    material it would like copied and produced. During the inspection and before the designation, all

25    of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY

26    CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified

27    the documents it wants copied and produced, the Producing Party must determine which

28

[PROPOSED] STIPULATED PROTECTIVE ORDER                                                    5
Case No. 3:22-cv-05240-RFL

1  documents qualify for protection under this Order. Then, before producing the specified

2  documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY

3  CONFIDENTIAL — ATTORNEYS' EYES ONLY" legend as specified above.

4  (b) for testimony given in deposition or in other pretrial or trial proceedings,

5  that the Designating Party may, before the close of the deposition, hearing, or other proceeding,

6  invoke the right to make confidentiality designations or may do so after the preparation of the

7  final transcript. In the latter case: (i) the Designating Party shall, within 30 days after receipt of a

8  final transcript, identify the specific portions of the testimony as to which protection is sought

9  and specify the level of protection being asserted by notifying the court reporter and all Parties,

10  in writing; (ii) the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

11  CONFIDENTIAL — ATTORNEYS' EYES ONLY" (whichever is specified by the Designating

12  Party) for 30 days after receipt of the final transcript or until the Designating Party provides his,

13  her, or its designations, whichever occurs sooner; and (iii) after conclusion of the designation

14  period provided in (ii), only those portions of the testimony that are appropriately and timely

15  designated for protection shall be covered by the provisions of this Protective Order.

16  (c) for information produced in some form other than documentary and for

17  any other tangible items, that the Producing Party affix in a prominent place on the exterior of

18  the container or containers in which the information or item is stored the legend

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," if only

20  a portion or portions of the information or item warrant protection, the Producing Party, to the

21  extent practicable, shall identify the protected portion(s).

22  5.3.  Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

23  designate qualified information or items shall not be deemed a waiver of the Designating Party's

24  right to secure protection under this Order for such material. A Party may correct an inadvertent

25  failure to designate by supplemental written notice, provided that at the time of designation the

26  material must still qualify under this order and applicable legal principles for the protection

27

28

1  designated. The Receiving Party must make reasonable efforts to assure that the material is

2  treated in accordance with the provisions of this Order.

3     5.4.    <u>Designations Prior to Entry of Protective Order</u>. If the Parties have produced any

4  Disclosure or Discovery Material to each other designated "CONFIDENTIAL" or "HIGHLY

5  CONFIDENTIAL — ATTORNEYS' EYES ONLY" prior to and in anticipation of the entry of

6  this Protective Order, and have been maintaining such designated Disclosure or Discovery

7  Material on an attorney's eyes only basis pending the entry of this Protective Order, it shall be

8  treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

9  ONLY" as defined in this Protective Order (and not be disclosed to unauthorized individuals).

10  Following the entry of this order, such Disclosure or Discovery Material shall be governed by the

11  terms of this Protective Order as though it were in place at the time of its production.

12  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

13     6.1.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

14  confidentiality at any time, up until 60 days before trial, by notifying the Designating Party in

15  writing as provided in Section 6.2 below. Unless a prompt challenge to a Designating Party's

16  confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

17  economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

18  right to challenge a confidentiality designation by electing not to mount a challenge promptly

19  after the original designation is disclosed.

20     6.2.    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution

21  process by providing written notice of each designation it is challenging and describing the basis

22  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

23  notice must recite that the challenge to confidentiality is being made in accordance with this

24  specific paragraph of the Protective Order, identify the Disclosure or Discovery Material at issue

25  by document and/or production number, range, or category or type of documents or information,

26  as applicable, with sufficient specificity that the Designating Party can determine what

27  designations are being challenged, and explain why the Challenging Party does not believe the

28

material is entitled to the designation. Mass, indiscriminate, or routinized challenges are prohibited. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper. The Designating Party will then have an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it first engages in this meet and confer process or has a reasonable basis to believe the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3.   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to preserve confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 30 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 30 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's

designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed

or produced by another Party or by a Non-Party in connection with this case only for

prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

disclosed only to the categories of persons and under the conditions described in this Order.

When the litigation has been terminated, a Receiving Party must comply with the provisions of

Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by

a Receiving Party at a location and in a secure manner that ensures that access is limited to the

persons authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as

employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

information for this litigation and who have signed the "Acknowledgment and Agreement to Be

Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including In-House Counsel) of the

Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom

disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

and Agreement to Be Bound" (Exhibit A), provided however that "CONFIDENTIAL"

information may not be disclosed to any Conflicted Expert. With respect to any Conflicted

Expert, no disclosure of "CONFIDENTIAL" information shall occur unless Tesla is given at

least 14 days prior written notice of the identity of the Conflicted Expert (including name,

1    address, current job title and the names of any direct competitors by which he or she has been

2    employed), Tesla is afforded an opportunity to object to the disclosure of the designated material

3    and a resolution to any such objection has been reached either by agreement or Court order;

4           (d)    the Court and its personnel;

5           (e)    court reporters or stenographers, or video operators and their staff,

6    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure

7    is reasonably necessary for this litigation and who have signed the "Acknowledgment and

8    Agreement to Be Bound" (Exhibit A);

9           (f)    during their depositions, witnesses in the action to whom disclosure is

10   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

11   (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

12   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

13   separately bound by the court reporter and may not be disclosed to anyone except as permitted

14   under this Stipulated Protective Order.

15          (g)    the author or recipient of a document containing the information, a

16   custodian or other person who otherwise possessed or knew the information, or, provided he or

17   she signs Exhibit A, any other person whom counsel in good faith believes to have knowledge of

18   the matters contained in the designated material; and

19          (h)    special masters, mediators, or other third parties retained by the Parties for

20   settlement purposes or resolution of discovery disputes or mediation.

21       7.3.   <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"</u>

22   <u>Information or Items</u>. No documents or information designated as "HIGHLY CONFIDENTIAL

23   — ATTORNEYS' EYES ONLY" shall be disclosed to any third party, except by written

24   stipulation of the Parties, by order of the Court, or as otherwise provided herein. Unless

25   otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

26   Party may disclose any information or items designated "HIGHLY CONFIDENTIAL —

27   ATTORNEYS' EYES ONLY" only to:

28

[PROPOSED] STIPULATED PROTECTIVE ORDER          10
Case No. 3:22-cv-05240-RFL

1           (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

2 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

3 information for this action and who have signed the "Acknowledgment and Agreement to Be

4 Bound" (Exhibit A);

5           (b)     Designated In-House Counsel of the Receiving Party who has signed the

6 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7           (c)     Experts of the Receiving Party who have signed the "Acknowledgment

8 and Agreement to Be Bound" (Exhibit A); provided however, that material designated

9 "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" may not be disclosed to any

10 Conflicted Expert.  With respect to any Conflicted Expert, no disclosure of "HIGHLY

11 CONFIDENTIAL — ATTORNEYS' EYES ONLY information shall occur unless Tesla is

12 given at least 14 days prior written notice of the identity of the Conflicted Expert (including

13 name, address, current job title and the names of any direct competitors by which he or she has

14 been employed), Tesla is afforded an opportunity to object to the disclosure of the designated

15 material and a resolution to any such objection has been reached either by agreement or Court

16 order.

17           (d)     the Court and its personnel;

18           (e)     court reporters, stenographers, or video operators and their staff engaged

19 to record proceedings in this action who have signed the "Acknowledgment and Agreement to

20 Be Bound" (Exhibit A);

21           (f)     Professional Vendors, professional jury or trial consultants and mock

22 jurors or arbitrators to whom disclosure is reasonably necessary for this action and who have

23 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24           (g)     the author or recipient of a document containing the information, a

25 custodian or other person who otherwise possessed or knew the information, or, provided he or

26 she signs Exhibit A, any other person whom counsel in good faith believes to have knowledge of

27 the matters contained in the designated material; and

28

(h)     special masters, mediators, or other third-parties retained by the Parties for settlement purposes or resolution of discovery disputes or mediation.

7.4.    <u>Unauthorized Use and Disclosure</u>. Protected Material shall be held in strict confidence by each of the authorized persons listed in Sections 7.2 and 7.3 above ("Authorized Persons"), and shall be used or disclosed solely for the prosecution or defense of this action (including any court proceedings between the Parties to confirm, vacate, or modify any final award) and for no other purposes. The Authorized Persons shall not disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY Information or Items or discuss the content thereof with anyone other than other Authorized Persons without the prior written consent of counsel for the Designating Party, and shall not use such information for any purpose other than this action. If any Party determines that disclosure of Protected Material to other third parties is necessary or appropriate, such Party shall request the modification of this Protective Order to permit such additional disclosure or make application to the Court for relief.

8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," by another Party (including a third Party), the Party subject to a requirement to produce the designated information must, to the extent permitted by applicable law:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court, law enforcement or government agency.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" by any person whose interests are implicated. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    PRODUCTION OF PRIVILEGED MATERIAL

11.1.    No Waiver by Disclosure. This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Stipulation, if a Party (the "Disclosing Party") discloses information in connection with this action that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture – in this or any other federal or state action or proceeding – of any claim of privilege or work-product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.

11.2.    Notification Requirements; Best Efforts of Receiving Party. A Disclosing Party must promptly notify the Receiving Party of the Privileged Information ("the Receiving Party"),

1  in writing, that it has disclosed that Privileged Information without intending a waiver by the

2  disclosure and explain why the Protected Information is privileged. Upon such notification, the

3  Receiving Party must cease reviewing, disseminating, or using the Privileged Information.

4  Unless it contests the claim of attorney-client privilege or work product protection in accordance

5  with Section 11.3 – the Receiving Party must promptly (a) notify the Disclosing Party that it will

6  make best efforts to identify and return, sequester, or destroy (or in the case of electronically

7  stored information, delete) the Privileged Information and any reasonably accessible copies it

8  has, and (b) provide written certification that it will cease further review, dissemination, and use

9  of the Privileged Information. If the Disclosing Party wishes to remove files or metadata from a

10  production deliverable, it shall provide an overlay production to replace any affected

11  deliverables.

12        11.3.   <u>Contesting Claim of Privilege or Work Product Protection</u>. If the Receiving Party

13  of Privileged Information contests the claim of attorney-client privilege or work-product

14  protection, the Receiving Party must first meet and confer with the Disclosing Party pursuant to

15  the Protective Order.  If the Parties reach an impasse following the meet and confer, the Parties

16  shall submit a joint letter to the Court outlining the dispute (a "Privilege Disclosure Letter"). The

17  Privilege Disclosure Letter must not assert as a ground for compelling disclosure the fact or

18  circumstances of the production to the Receiving Party. Pending resolution of the Privilege

19  Disclosure Letter, the Receiving Party must not use the challenged information in any way and

20  must not disclose the challenged information to any person or use the challenged information.

21        11.4.   <u>Attorney's Ethical Responsibilities</u>. Nothing in this Order overrides any attorney's

22  ethical responsibilities to refrain from examining or disclosing materials that the attorney knows

23  or reasonably should know to be privileged and/or otherwise protected and to inform the

24  Disclosing Party that such materials have been produced.

25        11.5.   <u>Burden of Proving Privilege or Work-Product Protection</u>. The Disclosing Party

26  retains the burden – upon challenge pursuant to Section 11.3 – of establishing the privileged or

27  protected nature of the Privileged Information.

28

11.6.    In camera Review. Nothing in this Order limits the right of any Party to petition the Court for an *in camera* review of the Privileged Information.

11.7.    Voluntary and Subject Matter Waiver. This Order does not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

11.8.    Review. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Further nothing contained herein is intended to reduce the time frame provided to the Disclosing Party to complete their review should they choose to do so.

11.9.    Proportionality. Nothing contained herein is intended to limit a Party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12.    MISCELLANEOUS

12.1.    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2.    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be

1   filed under seal pursuant to a court order authorizing the sealing of the specific Protected

2   Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

3   request establishing that the Protected Material at issue is privileged, protectable as a trade

4   secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file

5   Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the

6   Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5

7   unless otherwise instructed by the court.

8          12.4.   <u>Parties Bound</u>. The undersigned Outside Counsel of Record represent that they

9   are authorized to execute and stipulate to entry of this Protective Order on behalf of their

10  respective clients. Each person employed by any Party hereto or their counsel to whom

11  disclosure is made of any Protected Material shall be bound by the terms of this Protective

12  Order.

13         12.5.   <u>Enforcement</u>. The Court shall have the authority to enforce the provisions of this

14  Protective Order as part of the litigation. Any person or entity that violates the terms of this

15  Protective Order shall be subject to proceedings before the Court for the purposes of appropriate

16  sanctions or other remedies, and the Court shall have continuing jurisdiction to resolve any

17  controversy regarding enforcement of, or claims of violation of, this Protective Order after

18  issuance of the final judgment.

19         12.6.   <u>Modification</u>. As discovery in this case progresses, this Order may be modified or

20  amended either by written agreement of the Parties or by order of the Court upon good cause

21  shown.

22         12.7.   <u>No Waiver</u>. Nothing contained herein shall be deemed a waiver of:

23              (a)     any Party's or third party's right to object to any discovery requests on any

24  ground, including on relevance, proportionality, or burden;

25              (b)     any Party's right to seek an order compelling discovery with respect to any

26  discovery request;

27

28

1      (c)    any Party's right to object to the admission of any evidence on any ground

2   in this Proceeding;

3      (d)    any Party's or third party's use and review of its own documents and its

4   own Protected Material in its sole and complete discretion; or

5      (e)    the status of any material as a trade secret.

6   13.    <u>FINAL DISPOSITION</u>

7        Within 60 days after the final disposition of this action, as defined in Section 4, each

8   Receiving Party must return all Protected Material to the Producing Party or destroy such

9   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

10  compilations, summaries, and any other format reproducing or capturing any of the Protected

11  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

12  submit a written certification to the Producing Party (and, if not the same person or entity, to the

13  Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

14  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

15  not retained any copies, abstracts, compilations, summaries, or any other format reproducing or

16  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

17  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

18  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

19  product, and consultant and expert work product, even if such materials contain Protected

20  Material. Any such archival copies that contain or constitute Protected Material remain subject to

21  this Protective Order as set forth in Section 4 (DURATION).

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER                                            18
Case No. 3:22-cv-05240-RFL

## **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *In re Tesla Advanced Driver Assistance Systems Litigation*, Case No. 3:22-cv-05240-RFL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER                                             19
Case No. 3:22-cv-05240-RFL

1   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3   Dated:  September 4, 2024                **WILMER CUTLER PICKERING HALE AND DORR LLP**

4

5

6                                            By:    _/s/ Alan Schoenfeld_____

7                                                   Alan Schoenfeld

8                                            *Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

9

10                                           **COTCHETT PITRE & MCCARTHY LLP**

11  Dated:  September 4, 2024

12                                           By:    _/s/ Julie L. Fieber_____
                                                    Frank M. Pitre
13                                                  Frank M. Pitre (SBN 100077)
                                                    fpitre@cpmlegal.com
14                                                  Thomas E. Loeser (SBN 202724)
                                                    tloeser@cpmlegal.com
15                                                  Julie L. Fieber (SBN 202857)
                                                    jfieber@cpmlegal.com
16                                                  Nabilah A. Hossain (SBN 329689)
                                                    nhossain@cpmlegal.com
17

18                                           **BOTTINI & BOTTINI, INC.**

19                                                  Francis A. Bottini, Jr. (SBN 175783)
                                                    fbottini@bottinilaw.com
20
                                             **CASEY GERRY SCHENK FRANCAVILLA**
21
                                             **BLATT & PENFIELD, LLP**
22
                                                    David S. Casey, Jr. (SBN 060768)
23                                                  dcasey@cglaw.com
                                                    Gayle M. Blatt (SBN 122048)
24                                                  gmb@cglaw.com
                                                    Jeremy Robinson (SBN 188325)
25                                                  jrobinson@cglaw.com
                                                    P. Camille Guerra (SBN 326546)
26                                                  camille@cglaw.com

27                                           *Attorneys for Plaintiffs and the Proposed Class*

28

[PROPOSED] STIPULATED PROTECTIVE ORDER                                              20
Case No. 3:22-cv-05240-RFL

## **ATTORNEY ATTESTATION**

I, Alan Schoenfeld, am the ECF User whose ID and password are being used to file this joint stipulation. In compliance with Civil Local Rule 5-l(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each signatory.

Dated:   September 5, 2024

By:   */s/ Alan Schoenfeld*
      Alan Schoenfeld

1

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3

Dated: _____        _____

4                                                By:  Hon. Rita F. Lin
                                                    United States District Court Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28