# EXHIBIT A

Frank M. Pitre (SBN 100077)
fpitre@cpmlegal.com
COTCHETT PITRE & MCCARTHY LLP
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000

*Attorneys for Plaintiffs Thomas LoSavio,
Brenda Broussard, and the Proposed Class*

Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com
BOTTINI & BOTTINI, INC.
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel.: (858) 914-2001

*Attorneys for Plaintiff Dominick Battiato
and the Proposed Class*

David S. Casey, Jr. (SBN 060768)
dcasey@cglaw.com
CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD LLP
110 Laurel Street
San Diego, CA 92101
Tel.: (619) 238-1811

*Attorneys for Plaintiffs Christopher Mallow,
Jazmin Imaguchi, and the Proposed Class*

David C. Marcus (SBN 158704)
david.marcus@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Tel: (213) 443-5312

Alan Schoenfeld (*pro hac vice*)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 937-7294

Allison Bingxue Que (SBN 324044)
allison.que@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000

*Attorneys for Defendants Tesla, Inc., Tesla
Lease Trust, and Tesla Finance LLC*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation** | Case No. 3:22-cv-05240-RFL |
| | **CLASS ACTION** |
| | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| | Judge:        Hon. Rita F. Lin |
| | Courtroom:   15 – 18th Floor |

1

2                    Plaintiff,

3        v.                                  Case No.  C

4                                            STIPULATED PROTECTIVE ORDER FOR
                                             LITIGATION INVOLVING PATENTS,
5                                            HIGHLY SENSITIVE CONFIDENTIAL
                                             INFORMATION AND/OR TRADE
6                    Defendant.              SECRETS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to the Court's Civil Standing Order, the Parties state that they have based this [Proposed] Stipulated Proposed Order on the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, with the deviations indicated in the attached redline (Exhibit A).

1.      PURPOSES AND LIMITATIONS[1]

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the ~~parties~~Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The ~~parties~~Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The ~~parties~~Parties further acknowledge, as set forth in Section ~~14.4,~~12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a ~~party~~Party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1.      ~~2.1~~      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.      ~~2.2~~      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that ~~qualify for~~a Designating Party reasonably and in good faith believes is entitled to confidentiality protection under ~~Federal Rule of Civil Procedure 26(c).~~applicable legal or equitable principles, including information that contains or reflects trade secrets, confidential or proprietary business or financial information,

---

[1] For the avoidance of doubt, except for Plaintiff LoSavio, all the named Plaintiffs in this case have been compelled to arbitration.  ECF No. 57.  Tesla expressly reserves the right to enforce arbitration agreements against absent class members.

1    commercially sensitive information, and/or private personal, client, or customer information

2    about any Party, Non-Party, or employee of any Party.

3        2.3.    ~~2.3~~    Counsel (without qualifier): Outside Counsel of Record and ~~House~~In-

4    House Counsel (as well as their support staff).

5        ~~2.4    [*Optional*: Designated House Counsel: House Counsel who seek access to "HIGHLY~~

6    ~~CONFIDENTIAL—ATTORNEYS' EYES ONLY" information in this matter.]~~

7        2.4.    Conflicted Expert: any consultant, investigator, firm or Expert (a) who is an

8    employee or contractor of an automobile manufacturer competitor of Tesla; or (b) who was an

9    employee of an automobile manufacturer competitor of Tesla anytime within 1 year prior to the

10    time disclosure is made. Protected Material may not be disclosed to a Conflicted Expert without

11    written agreement by the Designating Party or a Court order prior to the disclosure.

12        2.5.    ~~2.5~~    Designating Party: a Party or Non-Party that designates information or

13    items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

14    "HIGHLY CONFIDENTIAL —— ATTORNEYS' EYES ONLY" ~~[*Optional*: or "HIGHLY~~

15    ~~CONFIDENTIAL—SOURCE CODE"]~~pursuant to this Protective Order.

16        2.6.    ~~2.6~~    Disclosure or Discovery Material: all items or information, regardless of

17    the medium or manner in which it is generated, stored, or maintained (including, among other

18    things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

19    or responses to discovery in this matter (including responses to discovery, depositions, copies,

20    excerpts, summaries, or compilations thereof).

21        2.7.    ~~2.7~~    Expert: a person ~~with~~engaged because of his, her or its specialized

22    knowledge or experience in a matter pertinent to the litigation, along with his or her employees

23    and support personnel, who ~~(1)~~has been retained by a Party or its counsel to serve as an expert

24    witness or as a consultant in this action~~, (2) is not a past or current employee of a Party or of a Party's~~

25    ~~competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a~~

26    ~~Party's competitor~~.

27

28

1        2.8.    2.8        "HIGHLY CONFIDENTIAL —— ATTORNEYS' EYES ONLY"

2   Information or Items: extremely sensitive "Confidential"CONFIDENTIAL" Information or Items,"

3   that contain information sufficiently sensitive that the Designating Party reasonably and in good

4   faith believes its disclosure of which to another Party, for use in connection with this litigation

5   and notwithstanding this protective order, or Non-Party would create a substantial risk of serious

6   harm that could not be avoided by less restrictive meansmonetary or non-monetary injury (including,

7   for example, competitive or commercial disadvantage), to the Designating Party or its

8   employees, customers, or clients.

9        2.9        [Optional: "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:

10   extremely sensitive "Confidential Information or Items" representing computer code and associated

11   comments and revision histories, formulas, engineering specifications, or schematics that define or

12   otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of

13   which to another Party or Non-Party would create a substantial risk of serious harm that could not be

14   avoided by less restrictive means.]

15        2.9.    2.10    HouseIn-House Counsel: attorneys who are employees of a partyParty to

16   this action. HouseIn-House Counsel does not include Outside Counsel of Record or any other

17   outside counsel.

18        2.10.    2.11    Non-Party: any natural person, partnership, corporation, association, or

19   other legal entity not named as a Party to this action.

20        2.11.    2.12    Outside Counsel of Record: attorneys who are not employees of a party to

21   this action but are retained to represent or advise a party to this action and have appeared in this

22   action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

23   that party.

24        2.12.    2.13    Party: any party to this action, including all of its officers, directors,

25   employees, consultants, retained expertsExperts, and Outside Counsel of Record (and their

26   support staffs).

27

28

2.13. 2.14 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14. 2.15 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15. 2.16 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." [Optional: or as "HIGHLY CONFIDENTIAL – SOURCE CODE."]

2.16. 2.17 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. If a Party identifies a document that it believes is unlawfully in the public domain, the Parties shall confer in good faith regarding its proper designation. Any use of Protected Material at trial shall be governed by a separate agreement or order. Nothing in this Order shall prevent a Producing Party from any use of its own documents and information.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1.    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that ~~qualifies under the appropriate standards. To the extent it is practical to do so,~~ the Designating Party ~~must designate~~<u>believes in good faith qualifies</u> for protection ~~only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.~~<u>from public disclosure under applicable legal or equitable principles.</u>

~~Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.~~

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection~~at all or do not qualify for the level of protection initially asserted~~, that Designating Party must promptly notify all other ~~parties~~<u>Parties</u> that it is withdrawing the mistaken designation.

5.2.    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.,* ~~second paragraph of~~ section 5.2(a) below), or as otherwise stipulated or ordered,

Disclosure or Discovery

Material that qualifies for protection under this Order must be clearly so designated

before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    ~~(a) for~~For information in documentary form (e.g., paper or electronic documents,

but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —— ATTORNEYS'

EYES ONLY" ~~[*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] to~~to the bottom of

each ~~page~~document that contains protected material. ~~If only a portion or portions of the material on a~~

~~page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,~~

~~by making appropriate markings in the margins) and must specify, for each portion, the level of protection~~

~~being asserted.~~

or, in the case of an electronic document that is produced in native form or is

impracticable to produce in a form with the affixed legend, by placing the legend on a

placeholder document bearing the document's production number, *and* by adding the designation

or a reasonably clear abbreviation of the designation ("CONFID" for CONFIDENTIAL and

"HC—AEO" for HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY are acceptable)

in the file name itself. A Receiving Party shall exercise good faith efforts to ensure that any

copies or print-outs of natively produced documents or data, and any translations, excerpts,

summaries, or compilations of such native documents or data, include a confidentiality legend

that matches the confidentiality designation the Designating Party applied to the natively

produced documents or data. A Party or Non-Party that makes original documents or materials

available for inspection need not designate them for protection until after the inspecting Party has

indicated which material it would like copied and produced. During the inspection and before the

designation, all of the material made available for inspection shall be deemed

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —— ATTORNEYS' EYES ONLY." After

the inspecting Party has identified the documents it wants copied and produced, the Producing

Party must determine which documents, or portions thereof, qualify for protection under this

Order. Then, before producing the specified documents, the Producing Party must affix the

appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —— ATTORNEYS'

EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE]) to each page that

contains Protected Material. If only a portion or portions of the material on a page qualifies for protection,

the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

markings in the margins) and must specify, for each portion, the level of protection being asserted.legend

as specified above.

(b)        (b) for testimony given in deposition or in other pretrial or trial

proceedings, that the Designating Party identify on the recordmay, before the close of the

deposition, hearing, or other proceeding, all protected testimony and specify the level of protection

being asserted. When it is impractical to identify separately each portion of testimony that is entitled to

protection and it appears that substantial portions of the testimony may qualify for protection.invoke the

right to make confidentiality designations or may do so after the preparation of the final

transcript. In the latter case: (i) the Designating Party may invoke on the record (before the

deposition, hearing, or other proceeding is concluded) a right to have up to 21 days toshall, within 30

days after receipt of a final transcript, identify the specific portions of the testimony as to which

protection is sought and to specify the level of protection being asserted. Only those portions of the

testimony that are appropriately designated for protection within the 21 days shall be covered by the

provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the

deposition or up to 21 days afterwards if that period is properly invoked, that by notifying the court

reporter and all Parties, in writing; (ii) the entire transcript shall be treated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —— ATTORNEYS' EYES ONLY."

(whichever is specified by the Designating Party) for 30 days after receipt of the final transcript

or until the Designating Party provides his, her, or its designations, whichever occurs sooner; and

(iii) after conclusion of the designation period provided in (ii), only those portions of the

1  testimony that are appropriately and timely designated for protection shall be covered by the

2  provisions of this Protective Order.

3  Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other

4  proceeding to include Protected Material so that the other parties can ensure that only authorized

5  individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present

6  at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

7  designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8  Transcripts containing Protected Material shall have an obvious legend on the title page that the

9  transcript contains Protected Material, and the title page shall be followed by a list of all pages (including

10 line numbers as appropriate) that have been designated as Protected Material and the level of protection

11 being asserted by the Designating Party. The Designating Party shall inform the court reporter of these

12 requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall

13 be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

14 EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript

15 shall be treated only as actually designated.

16  (c)  (c) for information produced in some form other than documentary and for

17 any other tangible items, that the Producing Party affix in a prominent place on the exterior of

18 the container or containers in which the information or item is stored the legend

19 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – – ATTORNEYS' EYES ONLY,"

20 [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]. If if only a portion or portions of the

21 information or item warrant protection, the Producing Party, to the extent practicable, shall

22 identify the protected portion(s) and specify the level of protection being asserted.

23  5.3.  5.3  Inadvertent Failures to Designate. If timely corrected, an inadvertent

24 failure to designate qualified information or items does not, standing alone, waive shall not be

25 deemed a waiver of the Designating Party's right to secure protection under this Order for such

26 material. Upon timely correction of a designation, the A Party may correct an inadvertent failure to

27 designate by supplemental written notice, provided that at the time of designation the material

28

1  must still qualify under this order and applicable legal principles for the protection designated.

2  The Receiving Party must make reasonable efforts to assure that the material is treated in

3  accordance with the provisions of this Order.

4       5.4.    Designations Prior to Entry of Protective Order. If the Parties have produced any

5  Disclosure or Discovery Material to each other designated "CONFIDENTIAL" or "HIGHLY

6  CONFIDENTIAL — ATTORNEYS' EYES ONLY" prior to and in anticipation of the entry of

7  this Protective Order, and have been maintaining such designated Disclosure or Discovery

8  Material on an attorney's eyes only basis pending the entry of this Protective Order, it shall be

9  treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

10  ONLY" as defined in this Protective Order (and not be disclosed to unauthorized individuals).

11  Following the entry of this order, such Disclosure or Discovery Material shall be governed by the

12  terms of this Protective Order as though it were in place at the time of its production.

13  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

14       6.1.    ~~6.1~~    Timing of Challenges. Any Party or Non-Party may challenge a

15  designation of confidentiality at any time, up until 60 days before trial, by notifying the

16  Designating Party in writing as provided in Section 6.2 below. Unless a prompt challenge to a

17  Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial

18  unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a

19  Party does not waive its right to challenge a confidentiality designation by electing not to mount

20  a challenge promptly after the original designation is disclosed.

21       6.2.    ~~6.2~~    Meet and Confer. The Challenging Party shall initiate the dispute

22  resolution process by providing written notice of each designation it is challenging and

23  describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been

24  made, the written notice must recite that the challenge to confidentiality is being made in

25  accordance with this specific paragraph of the Protective Order. ~~The parties,~~ identify the

26  Disclosure or Discovery Material at issue by document and/or production number, range, or

27  category or type of documents or information, as applicable, with sufficient specificity that the

28

Designating Party can determine what designations are being challenged, and explain why the Challenging Party does not believe the material is entitled to the designation. Mass, indiscriminate, or routinized challenges are prohibited. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the. The Designating Party will then have an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engagedfirst engages in this meet and confer process first or establishes thator has a reasonable basis to believe the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   6.3.  6.3  Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retainpreserve confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 2130 days of the initial notice of challenge or within 14 days of the partiesParties agreeing that the meet and confer process will not resolve their dispute, whichever is earlierlater.[1] Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 2130 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming

---

[1] Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The burden of persuasion would remain on the Designating Party.

that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all ~~parties~~Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    ~~7.1~~    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of ~~section 15~~Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[2] that ensures that access is limited to the persons authorized under this Order.

7.2.    ~~7.2~~    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    ~~(a)~~ the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

---

[2] ~~It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.~~

1      (b)    (b) the officers, directors, and employees (including House In-House

2    Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation

3    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4      (c)    (c) Experts (as defined in this Order) of the Receiving Party to whom

5    disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

6    and Agreement to Be Bound" (Exhibit A); , provided however that "CONFIDENTIAL"

7    information may not be disclosed to any Conflicted Expert. With respect to any Conflicted

8    Expert, no disclosure of "CONFIDENTIAL" information shall occur unless Tesla is given at

9    least 14 days prior written notice of the identity of the Conflicted Expert (including name,

10   address, current job title and the names of any direct competitors by which he or she has been

11   employed), Tesla is afforded an opportunity to object to the disclosure of the designated material

12   and a resolution to any such objection has been reached either by agreement or Court order;

13     (d)    (d) the court Court and its personnel;

14     (e)    (e) court reporters or stenographers, or video operators and their staff,

15   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure

16   is reasonably necessary for this litigation and who have signed the "Acknowledgment and

17   Agreement to Be Bound" (Exhibit A);

18     (f)    (f) during their depositions, witnesses in the action to whom disclosure is

19   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

20   (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

21   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

22   separately bound by the court reporter and may not be disclosed to anyone except as permitted

23   under this Stipulated Protective Order.

24     (g)    (g) the author or recipient of a document containing the information or, a

25   custodian or other person who otherwise possessed or knew the information. , or, provided he or

26   she signs Exhibit A, any other person whom counsel in good faith believes to have knowledge of

27   the matters contained in the designated material; and

28

1          (h)    special masters, mediators, or other third parties retained by the Parties for

2    settlement purposes or resolution of discovery disputes or mediation.

3          7.3.    Disclosure of "HIGHLY CONFIDENTIAL —— ATTORNEYS' EYES ONLY"

4    [*Optional*: and "HIGHLY CONFIDENTIAL – SOURCE CODE"] Information or Items. No

5    documents or information designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

6    ONLY" shall be disclosed to any third party, except by written stipulation of the Parties, by order

7    of the Court, or as otherwise provided herein. Unless otherwise ordered by the ~~court~~Court or

8    permitted in writing by the Designating Party, a Receiving Party may disclose any information or

9    ~~item~~items designated "HIGHLY CONFIDENTIAL —— ATTORNEYS' EYES ONLY" [*Optional*:

10   or "HIGHLY CONFIDENTIAL – SOURCE CODE"] only to:

11          (a)    ~~(a) the~~ Receiving Party's Outside Counsel of Record in this action, as well

12   as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose

13   the information for this ~~litigation~~action and who have signed the "Acknowledgment and

14   Agreement to Be Bound" ~~that is attached hereto as~~ (Exhibit A);

15          ~~[(b) *Optional as deemed appropriate in case-specific circumstances:* Designated House Counsel~~

16   ~~of the Receiving Party³ (1) who has no involvement in competitive decision-making, (2) to whom~~

17   ~~disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and~~

18   ~~Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1),~~

19   ~~below, have been followed];⁴~~

20          (b)    Designated In-House Counsel of the Receiving Party who has signed the

21   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22

23

24   ~~³ It may be appropriate under certain circumstances to limit the number of Designated House Counsel who may~~
     ~~access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this provision.~~
25
     ~~⁴ This Order contemplates that Designated House Counsel shall not have access to any information or items~~
26   ~~designated "HIGHLY CONFIDENTIAL – SOURCE CODE." It may also be appropriate under certain~~
     ~~circumstances to limit how Designated House Counsel may access "HIGHLY CONFIDENTIAL – ATTORNEYS'~~
27   ~~EYES ONLY" information. For example, Designated House Counsel may be limited to viewing "HIGHLY~~
     ~~CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only if it is filed with the court under seal, or in the~~
28   ~~presence of Outside Counsel of Record at their offices.~~

(c) (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed]:; provided however, that material designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" may not be disclosed to any Conflicted Expert.  With respect to any Conflicted Expert, no disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY information shall occur unless Tesla is given at least 14 days prior written notice of the identity of the Conflicted Expert (including name, address, current job title and the names of any direct competitors by which he or she has been employed), Tesla is afforded an opportunity to object to the disclosure of the designated material and a resolution to any such objection has been reached either by agreement or Court order.

(d) (d) the courtCourt and its personnel;

(e) (e) court reporters, stenographers, or video operators and their staff engaged to record proceedings in this action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) Professional Vendors, professional jury or trial consultants,⁵ and Professional Vendorsmock jurors or arbitrators to whom disclosure is reasonably necessary for this litigationaction and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);and

(g) (f) the author or recipient of a document containing the information or, a custodian or other person who otherwise possessed or knew the information., or, provided he or she signs Exhibit A, any other person whom counsel in good faith believes to have knowledge of the matters contained in the designated material; and

(h) special masters, mediators, or other third-parties retained by the Parties for settlement purposes or resolution of discovery disputes or mediation.

---

⁵ *Alternative:* The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may wish to draft a simplified, precisely tailored Undertaking for mock jurors to sign.

1          7.4.     Unauthorized Use and Disclosure. Protected Material shall be held in strict

2    confidence by each of the authorized persons listed in Sections 7.2 and 7.3 above ("Authorized

3    Persons"), and shall be used or disclosed solely for the prosecution or defense of this action

4    (including any court proceedings between the Parties to confirm, vacate, or modify any final

5    award) and for no other purposes. The Authorized Persons shall not disclose CONFIDENTIAL

6    or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY Information or Items or discuss

7    the content thereof with anyone other than other Authorized Persons without the prior written

8    consent of counsel for the Designating Party, and shall not use such information for any purpose

9    other than this action. If any Party determines that disclosure of Protected Material to other third

10   parties is necessary or appropriate, such Party shall request the modification of this Protective

11   Order to permit such additional disclosure or make application to the Court for relief.

12        7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL —

13   ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL — SOURCE CODE"]

14   Information or Items to Designated House Counsel[6] or Experts.[7]

15        (a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a

16   Party that seeks to disclose to Designated House Counsel any information or item that has been

17   designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b)

18   first must make a written request to the Designating Party that (1) sets forth the full name of the

19   Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated

20   House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in

21   sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive

22   decision-making.[8]

23

24   [6] *Alternative*: The parties may exchange names of a certain number of Designated House Counsel instead of
following this procedure.

25   [7] *Alternative*: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information or
items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a
26   current officer, director, or employee of a competitor of a Party or anticipated to become one.

27   [8] It may be appropriate in certain circumstances to require any Designated House Counsel who receives "HIGHLY
CONFIDENTIAL — ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant

28

1    (a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a

2    Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been

3    designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY

4    CONFIDENTIAL – SOURCE CODE"] pursuant to paragraph 7.3(c) first must make a written request to

5    the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]

7    information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full

8    name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the

9    Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or

10    entity from whom the Expert has received compensation or funding for work in his or her areas of

11    expertise or to whom the expert has provided professional services, including in connection with a

12    litigation, at any time during the preceding five years,[9] and (6) identifies (by name and number of the case,

13    filing date, and location of court) any litigation in connection with which the Expert has offered expert

14    testimony, including through a declaration, report, or testimony at a deposition or trial, during the

15    preceding five years.[10]

16    (b) A Party that makes a request and provides the information specified in the preceding

17    respective paragraphs may disclose the subject Protected Material to the identified Designated House

18    Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection

19    from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

20    (c) A Party that receives a timely written objection must meet and confer with the Designating

21    Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days

22    of the written objection. If no agreement is reached, the Party seeking to make the disclosure to

23
24    changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities.

25    [9] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any
26    confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

27    [10] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's
28    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

[PROPOSED] STIPULATED PROTECTIVE ORDER    16
Case No. 3:22-cv-05240-RFL

1    Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in

2    compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any

3    such motion must describe the circumstances with specificity, set forth in detail the reasons why the

4    disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm

5    that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.

6    In addition, any such motion must be accompanied by a competent declaration describing the parties'

7    efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

8    discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the

9    disclosure.

10           In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert

11   shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

12   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its

13   Designated House Counsel or Expert.

14   8. PROSECUTION BAR [*OPTIONAL*]

15          Absent written consent from the Producing Party, any individual who receives access to

16   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY

17   CONFIDENTIAL – SOURCE CODE"] information shall not be involved in the prosecution of patents or

18   patent applications relating to [insert subject matter of the invention and of highly confidential technical

19   information to be produced], including without limitation the patents asserted in this action and any patent

20   or application claiming priority to or otherwise related to the patents asserted in this action, before any

21   foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent

22   Office").[11] For purposes of this paragraph, "prosecution" includes directly or indirectly drafting,

23   amending, advising, or otherwise affecting the scope or maintenance of patent claims.[12] To avoid any

24   doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent

25   before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte*

26

27   [11] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to
     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to implement an "Ethical Wall."

28   [12] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

1  reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY

2  CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL –

3  SOURCE CODE"] information is first received by the affected individual and shall end two (2) years

4  after final termination of this action.[13]

5  9. SOURCE CODE [*OPTIONAL*]

6     (a)     To the extent production of source code becomes necessary in this case, a Producing

7  Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or

8  includes confidential, proprietary or trade secret source code.

9     (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall

10  be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be

11  subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

12  ONLY" information [*Optional*: including the Prosecution Bar set forth in Paragraph 8], and may be

13  disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

14  information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated

15  House Counsel.[14]

16     (c)     Any source code produced in discovery shall be made available for inspection, in a

17  format allowing it to be reasonably reviewed and searched, during normal business hours or at other

18  mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon

19  location.[15] The source code shall be made available for inspection on a secured computer in a secured

20  room without Internet access or network access to other computers, and the Receiving Party shall not

21

22  [13] *Alternative:* It may be appropriate for the Prosecution Bar to apply only to individuals who receive access to
another party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" technical or source code information

23  pursuant to this Order, such as under circumstances where one or more parties is not expected to produce "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that is technical in nature or "HIGHLY

24  CONFIDENTIAL – SOURCE CODE" information,

25  [14] It may be appropriate under certain circumstances to allow House Counsel access to derivative materials including
"HIGHLY CONFIDENTIAL – SOURCE CODE" information, such as exhibits to motions or expert reports,

26  [15] *Alternative*: Any source code produced in discovery shall be made available for inspection in a format through

27  which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times
at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be
disclosed. This alternative may be appropriate if the Producing Party and/or its counsel are located in a different

28  jurisdiction than counsel and/or experts for the Receiving Party.

1    copy, remove, or otherwise transfer any portion of the source code onto any recordable media or

2    recordable device. The Producing Party may visually monitor the activities of the Receiving Party's

3    representatives during any source code review, but only to ensure that there is no unauthorized recording,

4    copying, or transmission of the source code.[16]

5    (d)    The Receiving Party may request paper copies of limited portions of source code that are

6    reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for

7    deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other

8    than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all

9    such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL –

10   SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy

11   form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the

12   Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for

13   purposes of dispute resolution.

14   (e)    The Receiving Party shall maintain a record of any individual who has inspected any

15   portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies

16   of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create

17   any electronic or other images of the paper copies and shall not convert any of the information contained

18   in the paper copies into any electronic format. The Receiving Party shall only make additional paper

19   copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers

20   (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for

21   the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing

22   Party at the end of each day and must not be given to or left with a court reporter or any other

23   unauthorized individual.[17]

24

25   [16] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the
     names of any individuals inspecting the source code and dates and times of inspection, and the names of any

26   individuals to whom paper copies of portions of source code are provided.

27   [17] The nature of the source code at issue in a particular case may warrant additional protections or restrictions, For
     example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the
     Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing,

28   pleading, or expert report.

**8.    10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL —— ATTORNEYS' EYES ONLY," [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] that Party must by another Party (including a third Party), the Party subject to a requirement to produce the designated information must, to the extent permitted by applicable law:

(a)    (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[18]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court, law enforcement or government agency.

---

[18] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

9.    11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    (a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL—SOURCE CODE"]by any person whose interests are implicated. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    3.    make the information requested available for inspection by the Non-Party.

(c)    (c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party

1    before a determination by the court.[19] Absent a court order to the contrary, the Non-Party shall

2    bear the burden and expense of seeking protection in this court of its Protected Material.

3    <u>10.</u>    ~~12.~~ UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5    Material to any person or in any circumstance not authorized under this Stipulated Protective

6    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

7    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

8    Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

9    made of all the terms of this Order, and (d) request such person or persons to execute the

10   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11   ~~13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL~~

12   ~~When a Producing Party gives notice to Receiving Parties that certain inadvertently~~

13   ~~produced material is subject to a claim of privilege or other protection, the obligations of the~~

14   ~~Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).[20] This~~

15   ~~provision is not intended to modify whatever procedure may be established in an e-discovery~~

16   ~~order that provides for production without prior privilege review. Pursuant to Federal Rule of~~

17   ~~Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a~~

18   ~~communication or information covered by the attorney-client privilege or work product~~

19   ~~protection, the parties may incorporate their agreement in the stipulated protective order~~

20   ~~submitted to the court.~~

21   _____

22   ~~[19] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.~~

23   ~~[20] *Alternative*: The parties may agree that the recipient of an inadvertent production may not "sequester" or in any~~
24   ~~way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006. This could~~
25   ~~include a restriction against "presenting" the document(s) to the court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations.~~

26   ~~An alternate provision could state: "If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the~~
27   ~~information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is~~
28   ~~resolved. This includes a restriction against presenting the information to the court for a determination of the claim."~~

11.    PRODUCTION OF PRIVILEGED MATERIAL

11.1.    No Waiver by Disclosure. This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Stipulation, if a Party (the "Disclosing Party") discloses information in connection with this action that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture – in this or any other federal or state action or proceeding – of any claim of privilege or work-product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.

11.2.    Notification Requirements; Best Efforts of Receiving Party. A Disclosing Party must promptly notify the Receiving Party of the Privileged Information ("the Receiving Party"), in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure and explain why the Protected Information is privileged. Upon such notification, the Receiving Party must cease reviewing, disseminating, or using the Privileged Information. Unless it contests the claim of attorney-client privilege or work product protection in accordance with Section 11.3 – the Receiving Party must promptly (a) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has, and (b) provide written certification that it will cease further review, dissemination, and use of the Privileged Information. If the Disclosing Party wishes to remove files or metadata from a production deliverable, it shall provide an overlay production to replace any affected deliverables.

11.3.    Contesting Claim of Privilege or Work Product Protection. If the Receiving Party of Privileged Information contests the claim of attorney-client privilege or work-product protection, the Receiving Party must first meet and confer with the Disclosing Party pursuant to the Protective Order.  If the Parties reach an impasse following the meet and confer, the Parties

1    shall submit a joint letter to the Court outlining the dispute (a "Privilege Disclosure Letter"). The

2    Privilege Disclosure Letter must not assert as a ground for compelling disclosure the fact or

3    circumstances of the production to the Receiving Party. Pending resolution of the Privilege

4    Disclosure Letter, the Receiving Party must not use the challenged information in any way and

5    must not disclose the challenged information to any person or use the challenged information.

6        11.4.    Attorney's Ethical Responsibilities. Nothing in this Order overrides any attorney's

7    ethical responsibilities to refrain from examining or disclosing materials that the attorney knows

8    or reasonably should know to be privileged and/or otherwise protected and to inform the

9    Disclosing Party that such materials have been produced.

10        11.5.    Burden of Proving Privilege or Work-Product Protection. The Disclosing Party

11    retains the burden – upon challenge pursuant to Section 11.3 – of establishing the privileged or

12    protected nature of the Privileged Information.

13        11.6.    In camera Review. Nothing in this Order limits the right of any Party to petition

14    the Court for an *in camera* review of the Privileged Information.

15        11.7.    Voluntary and Subject Matter Waiver. This Order does not preclude a Party from

16    voluntarily waiving the attorney-client privilege or work product protection. The provisions of

17    Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may

18    use information produced under this Order to support a claim or defense.

19        11.8.    Review. Nothing contained herein is intended to or shall serve to limit a Party's

20    right to conduct a review of documents, ESI or information (including metadata) for relevance,

21    responsiveness and/or segregation of privileged and/or protected information before production.

22    Further nothing contained herein is intended to reduce the time frame provided to the Disclosing

23    Party to complete their review should they choose to do so.

24        11.9.    Proportionality. Nothing contained herein is intended to limit a Party's

25    proportionality and burden arguments specifically related to the costs to conduct a review of

26    documents, ESI or information (including metadata) for relevance, responsiveness and/or

27    segregation of privileged and/or protected information before production.

28

12.    ~~14.~~ MISCELLANEOUS

12.1.    ~~14.1~~    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2.    ~~14.2~~    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

~~14.3    [*Optional:* Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.]~~

12.3.    ~~14.4~~    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving ~~Party's~~Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the ~~Protected Material~~information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

12.4.    Parties Bound. The undersigned Outside Counsel of Record represent that they are authorized to execute and stipulate to entry of this Protective Order on behalf of their respective clients. Each person employed by any Party hereto or their counsel to whom

1    disclosure is made of any Protected Material shall be bound by the terms of this Protective

2    Order.

3        12.5.    Enforcement. The Court shall have the authority to enforce the provisions of this

4    Protective Order as part of the litigation. Any person or entity that violates the terms of this

5    Protective Order shall be subject to proceedings before the Court for the purposes of appropriate

6    sanctions or other remedies, and the Court shall have continuing jurisdiction to resolve any

7    controversy regarding enforcement of, or claims of violation of, this Protective Order after

8    issuance of the final judgment.

9        12.6.    Modification. As discovery in this case progresses, this Order may be modified or

10    amended either by written agreement of the Parties or by order of the Court upon good cause

11    shown.

12        12.7.    No Waiver. Nothing contained herein shall be deemed a waiver of:

13            (a)    any Party's or third party's right to object to any discovery requests on any

14    ground, including on relevance, proportionality, or burden;

15            (b)    any Party's right to seek an order compelling discovery with respect to any

16    discovery request;

17            (c)    any Party's right to object to the admission of any evidence on any ground

18    in this Proceeding;

19            (d)    any Party's or third party's use and review of its own documents and its

20    own Protected Material in its sole and complete discretion; or

21            (e)    the status of any material as a trade secret.

22    13.    15. FINAL DISPOSITION

23        Within 60 days after the final disposition of this action, as defined in paragraphSection 4,

24    each Receiving Party must return all Protected Material to the Producing Party or destroy such

25    material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

26    compilations, summaries, and any other format reproducing or capturing any of the Protected

27    Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

28

submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60- day deadline that (1) identifies (by category, where appropriate) all

the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries, or any other format reproducing or

capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

product, and consultant and expert work product, even if such materials contain Protected

Material. Any such archival copies that contain or constitute Protected Material remain subject to

this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____    _____
                                                            Attorneys for Plaintiff

DATED: _____    _____
                                                            Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____    _____
                                                            [Name of Judge]
                                                            United States District/Magistrate Judge

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of ~~_____ [insert formal name of the case and the number and initials assigned to it by the court]~~*In re Tesla Advanced Driver Assistance Systems Litigation*, Case No. 3:22-cv-05240-RFL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: ~~_____~~ _____

City and State where sworn and signed: _____


Printed name: ~~_____~~ _____
                      ~~[printed name]~~

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Signature: _____

[signature]

1  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3  Dated:  September 4, 2024                **WILMER CUTLER PICKERING HALE AND DORR LLP**

4

5

6                                          By:    */s/ Alan Schoenfeld*

7                                                 Alan Schoenfeld

8                                          *Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

9

10

11                                         **COTCHETT PITRE & MCCARTHY LLP**

12  Dated:  September 4, 2024

13                                         By:    */s/ Julie L. Fieber*
                                                  Frank M. Pitre
14                                                Frank M. Pitre (SBN 100077)
                                                  fpitre@cpmlegal.com
15                                                Thomas E. Loeser (SBN 202724)
                                                  tloeser@cpmlegal.com
16                                                Julie L. Fieber (SBN 202857)
                                                  jfieber@cpmlegal.com
17                                                Nabilah A. Hossain (SBN 329689)
                                                  nhossain@cpmlegal.com
18                                         **BOTTINI & BOTTINI, INC.**

19                                                Francis A. Bottini, Jr. (SBN 175783)
                                                  fbottini@bottinilaw.com
20
                                           **CASEY GERRY SCHENK FRANCAVILLA**
21
                                           **BLATT & PENFIELD, LLP**
22
                                                  David S. Casey, Jr. (SBN 060768)
23                                                dcasey@cglaw.com
                                                  Gayle M. Blatt (SBN 122048)
24                                                gmb@cglaw.com
                                                  Jeremy Robinson (SBN 188325)
25                                                jrobinson@cglaw.com
                                                  P. Camille Guerra (SBN 326546)
26                                                camille@cglaw.com

27                                         *Attorneys for Plaintiffs and the Proposed Class*

28

## ATTORNEY ATTESTATION

I, Alan Schoenfeld, am the ECF User whose ID and password are being used to file this joint stipulation. In compliance with Civil Local Rule 5-l(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each signatory.

Dated:   September 5, 2024          By:   */s/ Alan Schoenfeld*
                                          Alan Schoenfeld

1

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3

Dated: _____

4
                                        _____
                                        By: Hon. Rita F. Lin
5                                           United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28