March 20, 2025

<u>**VIA ECF-FILING & EMAIL**</u>
Honorable Rita F. Lin
rflpo@cand.uscourts.gov
United States District Court
Northern District of California
San Francisco Courthouse
Courtroom 15, 18th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

  **Re:**   *In re Tesla Advanced Driver Assistance Systems Litigation*
      **Northern District of California, Case No. 3:22-cv-05240-RFL**

Your Honor:

  Pursuant to the Court's Standing Order, the undersigned submit this joint letter regarding a discovery dispute between the parties Plaintiff Thomas LoSavio ("Plaintiff") and Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collectively "Tesla").

  <u>**Plaintiff's Position:**</u> This dispute concerns custodians and document types to be searched for 10 requests in Plaintiff's First and Second Requests for Production ("RFP"), seeking the foundation for Tesla's representations that its vehicles have the hardware needed for autonomy or can (or will be able to) operate autonomously across the country. Plaintiff also seeks the Court's assistance with Tesla's dilatory discovery conduct. For clarity, Plaintiff's specific requests to the Court are bolded below and also stated in the proposed order submitted herewith.

  Plaintiff propounded his First RFP on August 30, 2024, and Second RFP on October 10, 2024; Tesla substantively responded on October 31st and November 11th, respectively (*see* Exs. A and B). However, as of March 18th, Tesla has produced only 44,338 pages of documents, of which 39,729 pages are Owners Manuals; <u>its total production (excluding owner manuals) is 4,609 pages</u>. The parties met and conferred telephonically on December 17th, January 21st, and February 24th, and sent multiple letters.

  On January 21st, Tesla proposed (for the first time) using search terms for 10 of the requests in the First and Second RFPs: RPD Nos. 6, 9, 11, 16-19, 26-28. It proposes 5 junior Autopilot engineers as search custodians: RJ Sekator, Dhaval Shroff, Akshay Vijay Phatak, Pete Scheutzow, and Kalena Brown.[1] It proposes to search emails and a chat application but not text messages or any other media. **Plaintiff proposes adding 5 custodians: Elon Musk, who directly made or approved the statements at issue and oversees Tesla's marketing; Ashok Elluswamy, Andrej Karpathy, and CJ Moore, all senior directors reporting directly to Musk; and Christopher Payne, a senior Autopilot engineer. Plaintiff also requests that**

---

[1] Recent depositions of Messrs. Shroff and Phatak confirm that neither was involved in Tesla's public representations or marketing regarding the statements at issue in this suit.

**searches cover not just emails but any other communication system used by these Tesla engineers in their work, including text messages if applicable**. On February 24th the parties met and conferred telephonically but could not reach agreement.

Tesla should include Messrs. Musk, Elluswamy, Karpathy, Moore, and Payne among search custodians. There is ample legal support for this request. *See, e.g.*, *In re Facebook*, 2021 WL 10282213 at *5-6 (N.D. Cal. 2021) (compelling Facebook to produce custodial files of CEO Mark Zuckerberg and COO Sheryl Sandberg); *Blankenship v. Fox News Network, LLC*, 2021 WL 2345972, at *3-5 (S.D. W. Va. 2021) (upholding magistrate judge's order compelling discovery from six senior executives, in addition to 16 other executives or directors); *Shenwick v. Twitter, Inc.*, 2018 WL 833085, at *1 (N.D. Cal. 2018) (compelling Twitter to produce custodial files of CEO Jack Dorsey). As these cases confirm, it is not Tesla's unilateral right to choose custodians.

Here, Plaintiff's proposed custodians possess unique relevant information. Musk made or approved the statements at issue and the other 4 custodians were his direct reports and senior Autopilot engineers. Information they exchanged is relevant to show the foundation for these representations, their knowledge of facts contrary to the advertising, and the actual autonomous capabilities of Tesla vehicles. Tesla's unsupported claim that the searches would be duplicative does not defeat Plaintiff's position, because one custodian may have documents or handwritten notes that others discarded. *See, e.g., Shenwick*, 2018 WL 833085, *1. Further, Tesla's search should include any communications media used by Musk and his Autopilot engineers. Tesla knows how its personnel communicated and where relevant documents might be kept. Its unilateral decision to limit the search to emails and a chat application is improper.

Tesla claims these searches already produce hundreds of thousands of document hits, but it makes that representation based on a draft list of search terms that the parties are still working to refine and its numbers appear to include duplicate hits. Tesla also complains that some of the RFPs are too broadly worded, but even the cases it cites approved RFPs that were just as broad or broader, such as one seeking, "All Documents and Things related to marketing efforts or initiatives…." *Roblox Corp. v. WowWee Group, Ltd.*, 2023 WL 5507176, *2 (N.D. Cal. 2023). Also relevant is that with Plaintiff's addition, the proposed custodian list still only numbers 10 people. Compare that to *Handloser v. HCL America, Inc.*, 2020 WL 7405686 (N.D. Cal. 2020), cited by Tesla, where the files of 16 custodians had already been searched.

Next, Plaintiff is concerned that Tesla is slow walking discovery. For example, Tesla has not agreed to produce any documents for Plaintiff's Sixth and Seventh RPDs, covering Request Nos. 38 through 55. *See* Exs. C and D. Instead, it offers to meet and confer on all but two requests. One exception is Request No. 41, to which it refuses to respond because, it claims, "Tesla does not engage in advertising." Ex. C at 8:4-18. Tesla's website, emails to potential customers, and Mr. Musk's many public presentations and statements promoting Tesla vehicles are all advertising, so that response is improper and Tesla should amend and respond. The result of Tesla's strategy is weeks or more of unnecessary and improper delay. Tesla calls the discovery overbroad, duplicative and irrelevant, but these boilerplate objections, even if true which they are not, do not support a blanket refusal to participate in discovery. For example, contrary to Tesla's characterization of RFP No. 44 as irrelevant, Tesla used high-definition

mapping for a website video purporting to show a Tesla operating autonomously, so it is relevant whether it secured similar map data for its cross-country travel claims. Tesla also argues that only two of the requests are relevant to class certification, but that is neither true nor relevant because the ongoing discovery is not limited to certification. The fact discovery cutoff is approaching so all discovery must move forward.

**Plaintiff requests that Tesla be required to complete its production for all document requests for which it has not proposed search terms within 2 weeks and that for the Sixth and Seventh RFPs, Tesla amend its responses to identify document categories it will produce, produce those documents, and amend to identify categories it will not search for or produce and the basis for that refusal**. Then the parties can meet and confer.

<u>**Tesla's Position**</u>

Plaintiff's demands demonstrate why they are premature. Plaintiff acknowledges that the discovery cutoff is months away.[2] For his 1st to 5th sets of RFPs, Plaintiff's main quibble regards the several document requests for which Tesla already agreed to conduct custodial searches. He recognizes that the parties are "still working to refine" the search terms, yet demands the Court's intervention now. His demand regarding the 6th and 7th sets of RFPs likewise is premature. Tesla timely served its responses and objections to those two sets, but Plaintiff has ignored Tesla's offer to meet and confer. His attempt to end-run this Court's standing order should be rejected.

To be clear, Tesla takes its discovery obligations seriously and has complied with them. It is no surprise that Tesla has sought to meet and confer so often; Plaintiff cannot serve disproportionate requests and complain when Tesla seeks to find an agreeable resolution. Whenever Plaintiff has requested to meet and confer, Tesla has promptly agreed. Indeed, through these meet-and-confers, the parties were able to reach a reasonable scope as to many document requests from Plaintiff's 1st to 5th sets of document requests, for which Tesla has either produced documents or will be producing documents as it agreed to.[3] Other than the custodial searches, Plaintiff identifies no real live dispute, for example, that Tesla has refused to produce documents or failed to produce documents by a court-imposed deadline.

*Custodial Searches for RFP Nos. 6, 9, 11, 16-19, and 26-28.* These document requests concern the technical aspects of Tesla's ADAS development, and focus principally on the factual basis of the three Tesla statements underlying Plaintiff's claims, two of which were posted on Tesla's website or included in Tesla's newsletter. Dkt. 95 (MTD Order) at 6. As "the party who will be responding to discovery requests," Tesla "is entitled to select the custodians it deems most likely to possess responsive information." *B&G Foods N. Am., Inc. v. Embry*, 2024 WL 626962, at *3 (E.D. Cal. Feb. 14, 2024). Tesla's choice of custodians is more than reasonable here, given

---

[2] The Parties' Joint Stipulation to Modify Briefing Schedule for Class Certification, ordered by the Court on January 14, 2025, extends only the class certification briefing deadlines by three months. The other deadlines should be adjusted because they were linked to the class certification hearing date. If deadlines were extended, fact discovery would close in August 2025.

[3] Plaintiff complains about Tesla's delay in producing other documents, but omits that Tesla repeatedly asked Plaintiff to identify those requests relevant to class certification since September 2024, and Plaintiff has identified only two, for which Tesla has produced documents.

that Plaintiff's own proposed search terms for the five custodians the parties agreed on yield hundreds of thousands of document hits, proving the reasonableness of the custodians. Four of Plaintiff's proposed additional custodians worked on Tesla's Autopilot teams, just as the five current custodians did. The documents and communications concerning the development of Tesla's ADAS technology, and in particular, those related to the three Tesla statements at issue, will therefore likely be similar. Plaintiff claims that the current five custodians (including the one proposed by Plaintiff himself) are "junior" engineers, but omits that they have worked on ADAS technology for years, with four of them having been working at Tesla for about ten years; that they have worked closely with senior leadership at Tesla; and that they were and are plugged into the issues that are the subject of the requests at issue. *See In re Morgan Stanley Mortgate Pass-Through Certificates Litig.*, 2013 WL 4838796, at *2 (S.D.N.Y. Sept. 11, 2013) ("[T]he fact that a rejected custodian's role was immaterially different than a designated custodian's role is not a legitimate basis to justify expanding the list of custodians."). Plaintiff offers no support for his assertion that his proposed additional custodians "possess unique relevant information," and this is the exact kind of speculation that courts have cautioned against. *See Lauris v. Novartis AG*, 2016 WL 7178602, at *4 (E.D. Cal. Dec. 8, 2016) (court should "require more than mere speculation" before requiring additional custodians). Nor can Plaintiff show why he "expect[s] to discover information from these custodians that differs from discovery they have already obtained from the others." *Handloser v. HCL Am., Inc.*, 2020 WL 7405686, at *2 (N.D. Cal. Dec. 17, 2020).

Moreover, under Rule 26's proportionality requirement, the Court should reject Plaintiff's request to designate Mr. Musk as a custodian, especially given the limited categories of RFPs at issue. Courts routinely reject efforts to add high-level executives where the plaintiff fails to show that the defendants' "proposed discovery plan … would not produce responsive documents." *Lauris*, 2016 WL 7178602, at *4; *see also Handloser*, 2020 WL 7405686, at *2 (denying request to add two "executives" as custodians because discovery would likely be duplicative); *Roblox Corp. v. WowWee Grp. Ltd.*, 2023 WL 5507176, at *3 (N.D. Cal. Aug. 25, 2023) (similar). The relevant RFPs all seek information about *Tesla*, and Tesla's proposed custodians all have worked on projects that may lead to responsive documents. Plaintiff offers no basis to find that Mr. Musk's records will show anything unique, and Plaintiff's evident distaste with Mr. Musk is no reason to license cumulative and burdensome discovery of an apex employee. At a minimum, Plaintiff's request is premature. He should first review Tesla's production before claiming additional custodians are necessary. *See Lauris*, 2016 WL 7178602, at *4-5.[4]

For the RFPs at issue, Tesla has already collected and intends to search through emails and work chats from the five agreed-upon custodians over the *nine*-year period Plaintiff has requested. Plaintiff now asks the Court for more. Plaintiff specifically mentions text messages, but he does not explain any basis why custodians' text messages will contain different or unique relevant

---

[4] At least one of Plaintiff's cases—the most recent one—supports the same proposition. *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, 2021 WL 10282213, at *1-2 (N.D. Cal. Nov. 14, 2021) (noting that adding additional custodians "requires a showing that the disputed custodians possess uniquely relevant information *that is not available from the sources already designated*" and finding that "it is likely that Zuckerberg and Sandberg possess information relevant to the Plaintiffs' allegations and differs *from discovery already obtained from other custodians*") (emphasis added).

information not already captured in their emails and workchats. Given the cumulative nature of the request, Plaintiff falls well short of justifying the significant burden this would impose. *See Lubrizol Corp. v. Int'l Bus. Machines Corp.*, 2023 WL 3453643, at *3-4 (N.D. Ohio May 15, 2023) (collecting cases). As for Plaintiff's otherwise unqualified and unspecified request for any other "communications media," his fishing expedition for these unspecified, cumulative materials cannot constitute good cause.

  *6th and 7th Sets of RFPs.* As for Plaintiff's recently-served 6th and 7th sets of RFPs, Tesla has timely served its responses on February 24 and March 3, respectively. Similar to Plaintiff's previous sets of RFPs, most of the document requests in these two latest sets are facially overbroad, duplicative, and irrelevant. Tesla agreed to meet and confer on multiple document requests, aiming to either clarify the relevance or narrow the scope of these requests. But Plaintiff ignored Tesla's reasonable request to confer, opting instead to file this letter brief. In fact, it was only during the parties' exchange of drafts for this letter brief that Plaintiff attempted to justify the purported relevance of RFP No. 44, for the first time. The issues of relevance or proportionality of these two sets of document requests may be a dispute for another day, but Plaintiff should not be allowed to bypass the Court's standing order to burden the Court with a premature dispute.

    Respectfully submitted,

Dated: March 20, 2025       **COTCHETT PITRE & McCARTHY LLP**

      By:   <u>/s/ Julie L. Fieber</u>
         Frank M. Pitre (SBN 100077)
         fpitre@cpmlegal.com
         Thomas E. Loeser (SBN 202724)
         tloeser@cpmlegal.com
         Julie L. Fieber (SBN 202857)
         jfieber@cpmlegal.com
         Andrew W. Britton (SBN 340052)
         abritton@cpmlegal.com

      *Attorneys for Plaintiffs Thomas LoSavio,*
      *Brenda Broussard, and the Proposed Class*

      **BOTTINI & BOTTINI, INC.**
         Francis A. Bottini, Jr. (SBN 175783)
         fbottini@bottinilaw.com

      *Attorneys for Plaintiff Dominick Battiato*
      *and the Proposed Class*

      **CASEY GERRY SCHENK FRANCAVILLA**
      **BLATT & PENFIELD, LLP**
         David S. Casey, Jr. (SBN 060768)
         dcasey@cglaw.com
         Gayle M. Blatt (SBN 122048)
         gmb@cglaw.com

P. Camille Guerra (SBN 326546)
camille@cglaw.com

*Attorneys for Plaintiffs Christopher Mallow, Jazmin Imaguchi, and the Proposed Class*

Dated:  March 20, 2025

**WILMER CUTLER PICKERING HALE AND DORR LLP**

By:    */s/ Alan Schoenfeld*
Alan Schoenfeld (*pro hac vice*)
Alan.Schoenfeld@wilmerhale.com
David Marcus (SBN 158704)
David.Marcus@wilmerhale.com
Allison Que (SBN 324044)
Allison.Que@wilmerhale.com

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

# EXHIBIT A

DAVID C. MARCUS (SBN 158704)
david.marcus@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Tel.: (213) 443-5312

ALLISON BINGXUE QUE (SBN 324044)
allison.que@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel.: (650) 858-6000

ALAN SCHOENFELD (*pro hac vice*)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel.: (212) 937-7294

*Attorneys for Defendant Tesla, Inc., Tesla
Lease Trust, and Tesla Finance LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation** | Case No. 3:22-cv-05240-RFL<br><br>**DEFENDANTS TESLA, INC., TESLA LEASE TRUST, AND TESLA FINANCE LLC'S AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF THOMAS LOSAVIO'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Tesla, Inc. Tesla Lease Trust, and Tesla Finance LLC (together, "Tesla"), by and through its undersigned counsel, hereby amends and supplements their response to the First Set of Requests for Production (together the "Requests," and individually a "Request," including the applicable Definitions and Instructions) propounded by Plaintiff Thomas LoSavio. These responses and objections are made without prejudice to Tesla's right to assert additional, amended, or supplemental responses or objections pursuant to Rule 26(e).

## GENERAL OBJECTIONS

Each Request is subject to the General Objections set forth below, in addition to the specific objections and limitations set forth in the respective responses. The General Objections form part of the response to each Request and are set forth to avoid duplication for each response.

The following responses are made solely for the purpose of this action. Each response is subject to any and all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all objections and grounds that would require the exclusion of any statement or material herein, if any question were asked of, or any statement or material contained herein were made by, witnesses present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Tesla has not completed its investigation into the subject matter of and allegations raised in this lawsuit. Accordingly, the following responses are based upon Tesla's knowledge, information, and belief as of the date hereof. Tesla reserves the right to make any further supplemental or amended response. These responses are made without prejudice to Tesla's right to present in any proceeding in this litigation such additional evidence as may be hereafter discovered or evaluated.

Tesla makes the following General Objections, whether or not separately set forth in each response to each Request:[1]

---

[1] LoSavio's Requests include certain definitions that are not used in and do not actually impact the Requests. Even where objectionable, Tesla does not include objections to these un-used definitions, but Tesla does so without waiver of any objections it has to these definitions to the extent they are used in other requests served by LoSavio.

TESLA'S AM. & SUPPL. R&OS TO                                    Case. No. 3:22-CV-05240-RFL
PLAINTIFF'S 1ST SET OF RFPS

1.    Tesla objects to the Requests to the extent they seek the production of documents that are not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

2.    Tesla objects to the Requests to the extent they require the production of documents containing proprietary or confidential information or trade secrets.  Tesla will produce documents containing proprietary or confidential information or trade secrets in response to the Requests in accordance with and subject to the Protective Order.

3.    Tesla objects to the Requests to the extent they impose any requirements inconsistent with the parties' ESI protocol.

4.    Tesla objects to the Requests to the extent they seek information through the production of documents that is not relevant to the subject matter of this action.

5.    Tesla objects to the Requests to the extent they seek the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Such documents and information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver.

6.    Tesla objects to the Requests to the extent that they seek documents or information that Tesla is legally (including contractually) prohibited from disclosing, including documents or information that would require Tesla to breach a confidentiality provision of any non-disclosure agreement, contract, protective order, settlement, or other duty to a third party to maintain confidentiality.

7.    Tesla objects to the Requests to the extent they seek documents or information not within the possession, custody, or control of Tesla.  An objection on this ground does not constitute a representation or admission that such information does in fact exist.

8.    Tesla objects to the Requests to the extent they seek documents or information already in Plaintiff's possession, custody, or control.

9.      Tesla objects to the Requests to the extent they seek to impose obligations upon it beyond those required or permitted by the Federal Rules of Civil Procedure.

10.      Tesla objects to the definition of "Communications" or "Communications" because it is overly broad, unduly burdensome, and purports to seek information that is not relevant or proportional to the needs of the case. Tesla will interpret these terms consistent with their ordinary usage and in a way to include information reasonably necessary to identify or describe information relevant and proportional to the needs of this case, consistent with its obligations under the Federal Rules of Civil Procedure.

11.      Tesla objects to the definition of "Document" or "Documents" because it is overly broad, unduly burdensome, and purports to seek information that is not relevant or proportional to the needs of the case. Tesla further objects to the definition to the extent it imposes obligations greater than or inconsistent with the requirements of Rule 34 and the parties' anticipated ESI Protocol. Tesla will construe "Document" or "Documents" to be synonymous in meaning with the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a) and in compliance with the parties' ESI Protocol.

12.      Tesla objects to the definition of "You," "Your," and "Defendant" because such definition requires Tesla to be aware of all persons purporting to act on its behalf. Tesla also objects to the terms "agents," "representatives," "consultants," "attorneys," and the definition of "Person" (which is incorporated in the definition of "You," "Your," and "Defendant"), as overbroad and unduly burdensome. Tesla objects to the inclusion of "attorneys" because it implicates the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Tesla will interpret "You," "Your," and "Defendant" to mean Tesla, Inc., Tesla Lease Trust, Tesla Finance, LLC, as well as its officers, directors, subsidiaries, and employees.

13.      Tesla objects to Instruction No. 1 because it calls for the identification and production of ESI that would require disproportional, burdensome, and expensive use of time and resources and thus imposes obligations greater than or inconsistent with the requirements of Rule 34 and the parties' ESI Protocol. Tesla further objects to the requirements described in Instruction

No. 1, including the requirement to produce full families to the extent that the requirement calls for the production of documents or information protected by the attorney-client privilege, attorney work product, or any other applicable privileges or protections. Tesla will produce documents and ESI in compliance with the requirements of Rules 26 and 34, as well as the ESI protocol.

14. Tesla objects to Instruction No. 2 because it requests documents not in Tesla's possession, custody, or control. Tesla further objects to Instruction No. 2 because it requests "all" documents and is broader than Tesla's agreement to search for and produce documents in Tesla's possession, custody or control based on the parties' agreement on custodians and search terms.

15. Tesla objects to Instruction No. 3 to the extent it imposes any production deadline. Tesla will produce any responsive documents, subject to the objections stated herein, on a rolling basis within time frames agreed upon by the Parties or included in a Court Order.

16. Tesla objects to Instruction No. 4 to the extent it imposes obligations greater than or inconsistent with the requirements of Rule 26. Tesla will produce documents and ESI in compliance with the requirements of Rule 26(b) and any future ESI Protocol to be entered into or otherwise ordered by the Court.

17. Tesla objects to Instruction No. 5 to the extent that it imposes obligations greater than or inconsistent with the requirements of Rule 34. Tesla will respond to the Requests in accordance with Rule 34.

The foregoing General Objections are hereby incorporated into each response and objection below.

1   ambiguous; Tesla will interpret that term to mean Tesla Models 3, S, X, and Y that were offered

2   for sale as new vehicles and that were delivered to the customer in 2017 or later.  Tesla further

3   objects to the Request to the extent it is duplicative of other Requests, including but not limited to

4   Request Nos. 3, 4, 14, & 15.

5       Subject to and without waiving the foregoing objections and per the parties' agreement,

6   Tesla will provide a response by October 31, 2024.

7   **OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

8       Subject to and without waiving the foregoing objections, Tesla will conduct a reasonable

9   search and produce non-privileged and reasonably accessible documents responsive to this request.

10  Tesla responds further that to date it has not sought regulatory approval from CADMV to operate

11  SAE Level 3 or higher technologies without a safety driver and therefore will not search for or

12  produce documents responsive to that aspect of this Request.

13  **REQUEST FOR PRODUCTION NO. 6:**

14      All DOCUMENTS related or referring to any effort by YOU to test, validate, drive, or

15  operate one of YOUR vehicles autonomously across the United States.

16  **RESPONSE TO REQUEST NO 6:**

17      Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

18  further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and

19  disproportional to the needs of the case in seeking "All DOCUMENTS."  Tesla further objects to

20  the term "across the United States" as vague and ambiguous, and will interpret that term to mean

21  from one coast of the United States to the other.  Tesla further objects to this Request because the

22  word "autonomously" is undefined.  Tesla further objects to this Request to the extent it seeks the

23  production of documents containing information protected by the attorney-client privilege, the

24  work-product doctrine, or any other applicable privilege.  Tesla further objects to this Request as

25  duplicative of other Requests, including Requests Nos. 7, 17, and 19.

26      Subject to and without waiving the foregoing objections and per the parties' agreement,

27  Tesla will provide a response by October 31, 2024.

28

1

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

2

Subject to and without waiving the foregoing objections, Tesla will perform a reasonable

3

search for responsive, non-privileged, and reasonably accessible documents after meeting-and-

4

conferring on the scope and proportional need for this request.

5

**REQUEST FOR PRODUCTION NO. 7:**

6

All DOCUMENTS related or referring to any statement by YOU, including but not limited

7

to on YOUR website, blog, or Elon Musk's personal Twitter or X site, concerning operation of any

8

of YOUR vehicles from coast to coast of the United States.

9

**RESPONSE TO REQUEST NO 7:**

10

Tesla incorporates each of the General Objections as if they were stated in full. Tesla

11

further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and

12

disproportional to the needs of the case in seeking "All DOCUMENTS related or referring to any

13

statement." Tesla further objects to the term "any statement … concerning operation of any of

14

YOUR vehicles from coast to coast of the United States" as vague and ambiguous; Tesla will

15

interpret the term to refer to the statement that the Court held survived Tesla's motion to dismiss,

16

that is, the statement made during Tesla's October 19, 2016 news conference that Tesla would "be

17

able to demonstrate a demonstration drive of our full autonomy all the way from LA to New York.

18

So basically from home in LA to let's say dropping you off in Times Square, NY and then having

19

the car parking itself by the end of next year without the need for a single touch." Dkt. 96 at 4

20

(quoting the SAC ¶ 60) ("Cross-Country Statement");[2] *id.* at 6. Tesla further objects to this

21

Request to the extent it asks for information already in the possession of Plaintiff or available

22

publicly. Tesla further objects to this Request to the extent it seeks the production of documents

23

containing information protected by the attorney-client privilege, the work-product doctrine, or

24

any other applicable privilege. Tesla further objects to this Request to the extent that it is

25

duplicative of other Requests, including but not limited to Request No. 13.

26

27

28

---

[2] This statement now remains in paragraph 60 of the TAC.

1  Subject to and without waiving the foregoing objections and per the parties' agreement,

2  Tesla will provide a response by October 31, 2024.

3  **OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

4  Subject to and without waiving the foregoing objections, Tesla will perform a reasonable

5  search for responsive, non-privileged, and reasonably accessible documents after meeting-and-

6  conferring on the scope and proportional need for this request.

7  **REQUEST FOR PRODUCTION NO. 8:**

8  All documentation provided to Plaintiff by YOU through the Tesla touchscreen in his 2017

9  Tesla Model S vehicle related or referring to software updates to that vehicle, including release

10  notes.

11  **RESPONSE TO REQUEST NO 8:**

12  Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

13  further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and

14  disproportional to the needs of the case in seeking "All documentation."  Telsa further objects to

15  the term "his 2017 Tesla Model S" as vague and ambiguous; Telsa will interpret it to mean the

16  vehicle as described in paragraph 16 of the TAC.   Tesla further objects to this Request because it

17  asks for information already in the possession, custody, or control of Plaintiff.

18  Subject to and without waiving the foregoing objections and per the parties' agreement,

19  Tesla will provide a response by October 31, 2024.

20  **OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

21  Subject to and without waiving the foregoing objections, Tesla will conduct a reasonable

22  search and produce non-privileged and reasonably accessible documents and communications

23  responsive to this request.

24  **REQUEST FOR PRODUCTION NO. 9:**

25  All DOCUMENTS related or referring to any evaluation or testing YOU have performed

26  of LIDAR technologies in YOUR model year 2017 or newer vehicles.

27

28

**RESPONSE TO REQUEST NO 9:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS related or referring to any evaluation or testing." Tesla further objects to the extent this Request relies on "LIDAR technologies" as that term is undefined; Tesla will interpret the term to mean the Light Detection and Ranging technology, which is a method for determining ranges by targeting an object or a surface with a laser and measuring the time for the reflected light to return to the receiver. Tesla further objects to this Request because the term "YOUR model year 2017 or newer vehicles" is vague and ambiguous; Tesla will interpret that term to mean Tesla Models 3, S, X, and Y that were offered for sale as new vehicles and that were delivered to the customer in 2017 or later. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections and per the parties' agreement, Tesla will provide a response by October 31, 2024.

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the foregoing objections, Tesla will perform a reasonable search for responsive, non-privileged, and reasonably accessible documents after meeting-and-conferring on the scope and proportional need for this request.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS related or referring to the TESLA advanced driver assistance package, including Enhanced Autopilot and Full Self-Driving Capability features, including any updates to those technologies, in YOUR 2017 model year Model S vehicles.

**RESPONSE TO REQUEST NO 10:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and

disproportional to the needs of the case in seeking "All DOCUMENTS related to or referring to" Tesla's ADAS package. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Tesla further objects to the Request to the extent it is duplicative of other Requests, including but not limited to Request Nos. 8, 11, 13.

Subject to and without waiving the foregoing objections and per the parties' agreement, Tesla will provide a response by October 31, 2024.

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:**

Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS related or referring to YOUR development of advanced driver assistance technologies between January 1, 2016, through January 1, 2017.

**RESPONSE TO REQUEST NO 11:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS Related or referring to" Tesla's development of ADAS technologies within a whole year. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Tesla further objects to the Request to the extent it is duplicative of other Requests, including but not limited to Request No. 10.

Subject to and without waiving the foregoing objections and per the parties' agreement, Tesla will provide a response by October 31, 2024.

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer with Plaintiff regarding this Request.

1  **OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

2     Subject to and without waiving the foregoing objections, Tesla responds that it has not

3  applied for the CADMV's Autonomous Vehicle Deployment (AVD) Program and therefore will

4  not search for or produce documents in response to this Request.

5  **REQUEST FOR PRODUCTION NO. 16:**

6     All DOCUMENTS YOU relied upon for YOUR assertions that YOUR model year 2017

7  vehicles have all the hardware needed for full self driving capability.

8  **RESPONSE TO REQUEST NO 16:**

9     Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

10  further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and

11  disproportional to the needs of the case in seeking "All DOCUMENTS."  Tesla further objects to

12  the phrase "YOUR assertions that YOUR model year 2017 vehicles have all the hardware needed

13  for full self driving capability" as vague and ambiguous; Tesla will interpret that phrase to refer to

14  the statements that the Court held survived Tesla's motion to dismiss, which are: (1) "All Tesla

15  vehicles produced in our factory … have the hardware needed for full-self-driving capability" as

16  stated in Tesla's website; and (2) "All Tesla vehicles produced in our factory now have full self-

17  driving hardware, enabling a rapidly expanding set of new Autopilot features to be introduced over

18  time" as stated in Tesla's November 12, 2016 newsletter.  Dkt. 96 at 6 (citing SAC ¶¶ 153-154)

19  ("Hardware-Related Statements").[3]  Tesla objects to this Request on the basis that the phrase

20  "relied upon" is vague and ambiguous; Tesla will interpret this term to mean directly referring to

21  the quoted statements.  Tesla further objects to this Request to the extent it seeks the production

22  of documents containing information protected by the attorney-client privilege, the work-product

23  doctrine, or any other applicable privilege.  Tesla further objects to the Request to the extent it is

24  duplicative of other Requests, including but not limited to Request Nos. 17, 18, & 19.

25     Subject to and without waiving the foregoing objections and per the parties' agreement,

26  Tesla will provide a response by October 31, 2024.

27

28

---

[3] These statements are now in paragraphs 159 and 160 of the TAC.

1    **OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

2        Subject to and without waiving the foregoing objections, Tesla will perform a reasonable

3    search for responsive, non-privileged, and reasonably accessible documents after meeting-and-

4    conferring on the scope and proportional need for this request.

5    **REQUEST FOR PRODUCTION NO. 17:**

6        All DOCUMENTS YOU relied upon for YOUR October 19, 2016 news conference

7    statement that YOU would "be able to demonstrate a demonstration drive of our full autonomy all

8    the way from LA to New York.  So basically from home in LA to let's say dropping you off in

9    Times Square, NY and then having the car parking itself by the end of the next year without the

10   need for a single touch."

11   **RESPONSE TO REQUEST NO 17:**

12       Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

13   further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and

14   disproportional to the needs of the case in seeking "All DOCUMENTS."  Tesla further objects to

15   this Request on the basis that the phrase "relied upon" is vague and ambiguous; Tesla will interpret

16   this Request to be seeking documents directly referring to the quoted statement.  Tesla further

17   objects to this Request to the extent it seeks the production of documents containing information

18   protected by the attorney-client privilege, the work-product doctrine, or any other applicable

19   privilege.  Tesla further objects that this Request relies on an incomplete purported quotation of

20   the statement made.  Tesla further objects to the Request to the extent it is duplicative of other

21   Requests, including but not limited to Requests No. 6, 7, and 19.

22       Subject to and without waiving the foregoing objections and per the parties' agreement,

23   Tesla will provide a response by October 31, 2024.

24   **OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

25       Subject to and without waiving the foregoing objections, Tesla will perform a reasonable

26   search for responsive, non-privileged, and reasonably accessible documents after meeting-and-

27   conferring on the scope and proportional need for this request.

28

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS YOU relied upon for YOUR assertions that any of YOUR vehicles have all the hardware needed for full self driving capability.

**RESPONSE TO REQUEST NO 18:**

Tesla incorporates each of the General Objections as if they were stated in full.  Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS."  Tesla further objects to the phrase "YOUR assertions that YOUR model year 2017 vehicles have all the hardware needed for full self driving capability" as vague and ambiguous; Tesla will interpret phrase to refer to the Hardware-Related Statements as defined above in response to Request No. 16.  Tesla further objects to this Request on the basis that the phrase "relied upon" is vague and ambiguous; Tesla will interpret this Request to be seeking documents directly referring to the Hardware-Related Statements.  Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Tesla further objects to the Request to the extent it is duplicative of other Requests, including but not limited to Request No. 16.

Subject to and without waiving the foregoing objections and per the parties' agreement, Tesla will provide a response by October 31, 2024.

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

Subject to and without waiving the foregoing objections, Tesla will perform a reasonable search for responsive, non-privileged, and reasonably accessible documents after meeting-and-conferring on the scope and proportional need for this request.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS YOU relied upon for YOUR assertions that any of YOUR vehicles would be able to drive autonomously from Los Angeles to New York.

1  **RESPONSE TO REQUEST NO 19:**

2      Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

3  further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and

4  disproportional to the needs of the case in seeking "All DOCUMENTS."  Tesla further objects to

5  the phrase "YOUR assertions that any of YOUR vehicles would be able to drive autonomously

6  from Los Angeles to New York" as vague and ambiguous; Tesla will interpret phrase to refer to

7  the Cross-Country Statements as defined above in response to Request No. 7.  Tesla further objects

8  to this Request on the basis that the phrase "relied upon" is vague and ambiguous; Tesla will

9  interpret this Request to be seeking documents directly referring to the quoted statement.  Tesla

10  further objects to this Request to the extent it seeks the production of documents containing

11  information protected by the attorney-client privilege, the work-product doctrine, or any other

12  applicable privilege.  Tesla further objects to the Request to the extent it is duplicative of other

13  Requests, including but not limited to Request Nos. 6, 7, 17.

14      Subject to and without waiving the foregoing objections and per the parties' agreement,

15  Tesla will provide a response by October 31, 2024.

16  **OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

17      Subject to and without waiving the foregoing objections, Tesla will perform a reasonable

18  search for responsive, non-privileged, and reasonably accessible documents after meeting-and-

19  conferring on the scope and proportional need for this request.

20

21

22

23

24

25

26

27

28

Dated:  October 31, 2024

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

*/s/ Alan E. Schoenfeld*
Alan E. Schoenfeld

*Attorneys for Defendant Tesla, Inc., Tesla Lease Trust,
and Tesla Finance LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 31, 2024, I caused DEFENDANTS TESLA, INC.,
TESLA LEASE TRUST, and TESLA FINANCE, LLC'S AMENDED AND SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO PLAINTIFF THOMAS LOSAVIO'S REQUESTS FOR
PRODUCTION OF DOCUMENTS (SET ONE) to be served to the following persons listed
below and in the manner so indicated.

**COTCHETT PITRE & MCCARTHY LLP**

FRANK M. PITRE
fpitre@cpmlegal.com
JULIE L. FIEBER
jfieber@cpmlegal.com
THOMAS E. LOESER
tloeser@cpmlegal.Com
NABILAH A. HOSSAIN
nhossain@cpmlegal.com
ANDREW W. BRITTON
abritton@cpmlegal.Com

**BOTTINI & BOTTINI, INC.**

FRANCIS A. BOTTINI, JR.
fbottini@bottinilaw.com
NICHOLAUS H. WOLTERING
nwoltering@bottinilaw.com

**CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD, LLP**

DAVID S. CASEY, JR.
 dcasey@cglaw.com
GAYLE M. BLATT
gmb@cglaw.com
JEREMY ROBINSON
jrobinson@cglaw.com
P. CAMILLE GUERRA
camille@cglaw.com
MICHAEL J. MORPHEW
mmorphew@cglaw.com

*Attorneys for Plaintiff Thomas J. LoSavio and Proposed Class*

*/s Alan E. Schoenfeld*
Alan E. Schoenfeld

# EXHIBIT B

DAVID C. MARCUS (SBN 158704)
david.marcus@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Tel.: (213) 443-5312

ALLISON BINGXUE QUE (SBN 324044)
allison.que@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel.: (650) 858-6000

ALAN SCHOENFELD (*pro hac vice*)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel.: (212) 937-7294

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation** | Case No. 3:22-cv-05240-RFL<br><br>**DEFENDANTS TESLA, INC., TESLA LEASE TRUST, AND TESLA FINANCE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF THOMAS LOSAVIO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Tesla, Inc. Tesla Lease Trust, and Tesla Finance LLC (together, "Tesla"), by and through its undersigned counsel, hereby responds and objects to the Second Set of Requests for Production (together the "Requests," and individually a "Request," including the applicable Definitions and Instructions) propounded by Plaintiff Thomas LoSavio.  The responses and objections are made without prejudice to Tesla's right to assert additional, amended, or supplemental responses or objections pursuant to Rule 26(e).

## GENERAL OBJECTIONS

Each Request is subject to the General Objections set forth below, in addition to the specific objections and limitations set forth in the respective responses.  The General Objections form part of the response to each Request and are set forth to avoid duplication for each response.

The following responses are made solely for the purpose of this action.  Each response is subject to any and all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all objections and grounds that would require the exclusion of any statement or material herein, if any question were asked of, or any statement or material contained herein were made by, witnesses present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Tesla has not completed its investigation into the subject matter of and allegations raised in this lawsuit.   Accordingly, the following responses are based upon Tesla's knowledge, information, and belief as of the date hereof.   Tesla reserves the right to make any further supplemental or amended response.   These responses are made without prejudice to Tesla's right to present in any proceeding in this litigation such additional evidence as may be hereafter discovered or evaluated.

Tesla makes the following General Objections, whether or not separately set forth in each response to each Request:[1]

---

[1] LoSavio's Requests include certain definitions that are not used in and do not actually impact the Requests.  Even where objectionable, Tesla does not include objections to these un-used definitions, but Tesla does so without waiver of any objections it has to these definitions to the extent they are used in other requests served by LoSavio.

TESLA'S R&OS TO                                                    Case. No. 3:22-CV-05240-RFL
PLAINTIFF LOSAVIO'S 2ND SET OF RFPS

1    1.    Tesla objects to the Requests to the extent they seek the production of documents
2  that are not "proportional to the needs of the case, considering the importance of the issues at stake
3  in the action, the amount in controversy, the parties' relative access to relevant information, the
4  parties' resources, the importance of the discovery in resolving the issues, and whether the burden
5  or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

6    2.    Tesla objects to the Requests to the extent they require the production of documents
7  containing proprietary or confidential information or trade secrets.  Tesla will produce documents
8  containing proprietary or confidential information or trade secrets in response to the Requests in
9  accordance with and subject to the Protective Order.

10    3.    Tesla objects to the Requests to the extent they impose any requirements
11  inconsistent with the parties' ESI protocol.

12    4.    Tesla objects to the Requests to the extent they seek information through the
13  production of documents that is not relevant to the subject matter of this action.

14    5.    Tesla objects to the Requests to the extent they seek the production of documents
15  containing information protected by the attorney-client privilege, the work-product doctrine, or
16  any other applicable privilege.  Such documents and information will not be provided in
17  response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver.

18    6.    Tesla objects to the Requests to the extent that they seek documents or
19  information that Tesla is legally (including contractually) prohibited from disclosing, including
20  documents or information that would require Tesla to breach a confidentiality provision of any non-
21  disclosure agreement, contract, protective order, settlement, or other duty to a third party to maintain
22  confidentiality.

23    7.    Tesla objects to the Requests to the extent they seek documents or information
24  not within the possession, custody, or control of Tesla.  An objection on this ground does not
25  constitute a representation or admission that such information does in fact exist.

26    8.    Tesla objects to the Requests to the extent they seek documents or information
27  already in Plaintiff's possession, custody, or control.

28

9.     Tesla further objects to the Requests to the extent the seek information already available publicly.

10.     Tesla objects to the Requests because they seek to impose obligations upon it beyond those required or permitted by the Federal Rules of Civil Procedure.

11.     Tesla further objects to the Requests to the extent they seek classwide discovery. Tesla is continuing to investigate the underlying facts regarding the scope of unnamed putative class members who have a binding arbitration agreement with Tesla and reserves its right to move to compel arbitration as to such putative class members.

12.     Tesla objects to the definition of "Communications" or "Communications" because it is overly broad, unduly burdensome, and purports to seek information that is not relevant or proportional to the needs of the case. Tesla will interpret these terms consistent with their ordinary usage and in a way to include information reasonably necessary to identify or describe information relevant and proportional to the needs of this case, consistent with its obligations under the Federal Rules of Civil Procedure.

13.     Tesla objects to the definition of "Document" or "Documents" because it is overly broad, unduly burdensome, and purports to seek information that is not relevant or proportional to the needs of the case. Tesla further objects to the definition to the extent it imposes obligations greater than or inconsistent with the requirements of Rule 34 and the parties' ESI Protocol. Tesla will construe "Document" or "Documents" to be synonymous in meaning with the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a) and in compliance with the parties' ESI Protocol.

14.     Tesla objects to the definition of "You," "Your," and "Defendant" because such definition requires Tesla to be aware of all persons purporting to act on its behalf. Tesla also objects to the terms "agents," "representatives," "consultants," "attorneys," and the definition of "Person" (which is incorporated in the definition of "You," "Your," and "Defendant"), as overbroad and unduly burdensome. Tesla objects to the inclusion of "attorneys" because it implicates the attorney-client privilege, the attorney work product doctrine, or any other applicable

1  privilege.  Tesla will interpret "You," "Your," and "Defendant" to mean Tesla, Inc., Tesla Lease

2  Trust, Tesla Finance, LLC, as well as its officers, directors, subsidiaries, and employees.

3       15.    Tesla objects to the term "Full Self Driving" as vague and ambiguous, and

4  undefined.  Tesla's many advanced driver-assistance features have evolved over time and have

5  been grouped into packages with various names, including Autopilot, Basic Autopilot, Enhanced

6  Autopilot, Full Self-Driving Capability, and, currently, Full-Self Driving (Supervised). Tesla will

7  interpret the term "Full Self Driving" to refer to the features included in the Full Self-Driving

8  Capability package (now called Full-Self Driving (Supervised)), which is an SAE Level 2

9  advanced driver-assistance system.  Those features currently include Autopark, Summon, Actually

10  Smart Summon (previously known as Smart Summon), Auto Lane Change, Navigate on Autopilot,

11  Traffic Light and Stop Sign Control, and Autosteer on City Streets.

12       16.    Tesla objects to Instruction No. 1 because it calls for the identification and

13  production of ESI that would require disproportional, burdensome, and expensive use of time and

14  resources and thus imposes obligations greater than or inconsistent with the requirements of Rule

15  34 and the parties' ESI Protocol.  Tesla further objects to the requirements described in Instruction

16  No. 1, including the requirement to produce full families to the extent that the requirement calls

17  for the production of documents or information protected by the attorney-client privilege, attorney

18  work product, or any other applicable privileges or protections.  Tesla will produce documents and

19  ESI in compliance with the requirements of Rules 26 and 34, as well as the ESI protocol.

20       17.    Tesla objects to Instruction No. 2 because it requests documents not in Tesla's

21  possession, custody or control.  Tesla further objects to Instruction No. 2 because it requests "all"

22  documents and is broader than Tesla's agreement to search for and produce documents in Tesla's

23  possession, custody or control based on the parties' agreement on custodians and search terms.

24       18.    Tesla objects to Instruction No. 3 to the extent it imposes any production deadline.

25  Tesla will produce any responsive documents, subject to the objections stated herein, on a rolling

26  basis within time frames agreed upon by the Parties or included in a Court Order.

27

28

1

19.    Tesla objects to Instruction No. 4 to the extent it imposes obligations greater than or inconsistent with the requirements of Rule 26. Tesla will produce documents and ESI in compliance with the requirements of Rule 26(b) and any future ESI Protocol to be entered into or otherwise ordered by the Court.

20.    Tesla objects to Instruction No. 5 to the extent that it imposes obligations greater than or inconsistent with the requirements of Rule 34. Tesla will respond to the Requests in accordance with Rule 34.

The foregoing General Objections are hereby incorporated into each response and objection below.

1   any other applicable privilege.  Tesla further objects to this Request to the extent it is duplicative

2   of other Requests, including Request No. 25.

3           Subject to and without waiving the foregoing objections, Tesla refers Plaintiff to the

4   documents that Tesla will produce in response to Request No. 25, if any.  Tesla is also willing to

5   meet and confer on the scope of documents sought by this Request.

6   **REQUEST FOR PRODUCTION NO. 25:**

7           Copies of any blog post YOU have ever posted on YOUR website related or referring to

8   whether YOUR vehicles have the hardware needed for full self-driving capability from January 1,

9   2016 through the present.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

11          Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

12  further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and

13  disproportional to the needs of the case in seeking "any blog post."  Tesla objects to this Request

14  because it is irrelevant to the parties' claims and defenses.  Tesla further objects to this Request to

15  the extent it seeks information that can be obtained from other public sources that are more

16  convenient and less burdensome.  Tesla further objects to this Request to the extent it seeks the

17  production of documents containing information protected by the attorney-client privilege, the

18  work-product doctrine, or any other applicable privilege.  Tesla further objects to this Request to

19  the extent it is duplicative of other Requests, including Request No. 24.

20          Subject to and without waiving the foregoing objections, Tesla will conduct a reasonable

21  search and produce the published version of any blog post referring to "whether [Tesla's] vehicles

22  have the hardware needed for full self-driving capability" from January 1, 2016 through the

23  present.

24  **REQUEST FOR PRODUCTION NO. 26:**

25          All DOCUMENTS related or referring to YOUR decision to offer a hardware upgrade

26  related to Full Self-Driving for purchase to YOUR customers in 2021.

27

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

2        Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

3    further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and

4    disproportional to the needs of the case in seeking "All DOCUMENTS."  Tesla further objects to

5    this Request because the term "Full Self-Driving" is undefined.  Tesla will interpret the term

6    according to the definition in the General Objections.  Tesla further objects to this Request to the

7    extent it seeks the production of documents containing information protected by the attorney-

8    client privilege, the work-product doctrine, or any other applicable privilege.

9        Subject to and without waiving the foregoing objections, Tesla will conduct a reasonable

10   search and produce responsive, non-privileged, and reasonably accessible documents sufficient to

11   show the reasons for Tesla's decision to offer the 2021 upgrade to its Full Self-Driving

12   (Supervised) package.

13   **REQUEST FOR PRODUCTION NO. 27:**

14       All DOCUMENTS related or referring to any analysis YOU have performed or

15   commissioned of the hardware necessary for YOUR vehicles to be fully self-driving at any time

16   from January 1, 2014 to the present.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

18       Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

19   further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and

20   disproportional to the needs of the case in seeking "All DOCUMENTS" and "any analysis."  Tesla

21   further objects to this Request because the term "fully self-driving" is undefined.  Tesla further

22   objects to this Request as overbroad and goes beyond the proposed class period.  Tesla objects to

23   this Request as irrelevant to the parties' claims and defenses.  Tesla further objects to this Request

24   to the extent it seeks the production of documents containing information protected by the

25   attorney-client privilege, the work-product doctrine, or any other applicable privilege.

26       Subject to and without waiving the foregoing objections, Tesla will conduct a reasonable

27   search for and produce responsive, non-privileged, and reasonably accessible documents sufficient

28

1  to show Tesla's analysis, from January 1, 2016 to the present, of the hardware necessary for

2  achieving full autonomy, to the extent such documents exist.

3  **REQUEST FOR PRODUCTION NO. 28:**

4       All DOCUMENTS related or referring to any analysis YOU have performed or

5  commissioned on the use of LIDAR in any of YOUR vehicles at any time from January 1, 2014

6  to the present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

8       Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

9  further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and

10  disproportional to the needs of the case in seeking "All DOCUMENTS" and "any analysis."  Tesla

11  further objects to this Request as overbroad and goes beyond the proposed class period.  Tesla

12  further objects to this Request as irrelevant to the parties' claims and defenses.  Tesla further

13  objects to this Request to the extent it seeks the production of documents containing information

14  protected by the attorney-client privilege, the work-product doctrine, or any other applicable

15  privilege.  Tesla further objects to this Request to the extent it is duplicative of other Requests,

16  including Request No. 27.

17       Subject to and without waiving the foregoing objections, Tesla will conduct a reasonable

18  search for and produce responsive, non-privileged, and reasonably accessible documents sufficient

19  to show Tesla's analysis, from January 1, 2016 to the present, of whether to use LIDAR on retail

20  Tesla vehicles, to the extent such documents exist.

21  **REQUEST FOR PRODUCTION NO. 29:**

22       DOCUMENTS sufficient to identify all recalls of YOUR vehicles related to the full self-

23  driving capability at any time from January 1, 2017 to the present.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

25       Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

26  further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and

27  disproportional to the needs of the case in seeking "all recalls … related to the full self-driving

28

capability." Tesla further objects to the term "recalls" as vague, ambiguous, and misleading because Tesla's over-the-air software updates have often been referred to by the press as "recalls," which do not accurately describe the nature of such software updates. Tesla further objects to this Request as irrelevant to the parties' claims and defenses. Tesla further objects to this Request to the extent it seeks information that can be obtained from other public sources that are more convenient and less burdensome. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer on the scope of documents sought by this Request.

Dated: November 11, 2024             **WILMER CUTLER PICKERING HALE AND DORR LLP**

                                     */s Alan Schoenfeld*
                                     Alan Schoenfeld

                                     *Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on November 11, 2024, I caused DEFENDANTS TESLA, INC.,

3

TESLA LEASE TRUST, AND TESLA FINANCE LLC'S RESPONSES AND OBJECTIONS

4

TO PLAINTIFF THOMAS LOSAVIO'S SECOND SET OF REQUESTS FOR PRODUCTION

5

OF DOCUMENTS to be served to the following persons listed below and in the manner so

6

indicated.

7

**COTCHETT PITRE & MCCARTHY LLP**

8

FRANK M. PITRE

9

fpitre@cpmlegal.com
JULIE L. FIEBER

10

jfieber@cpmlegal.com
THOMAS E. LOESER

11

tloeser@cpmlegal.Com
NABILAH A. HOSSAIN

12

nhossain@cpmlegal.com
ANDREW W. BRITTON

13

abritton@cpmlegal.Com

14

**BOTTINI & BOTTINI, INC.**

15

FRANCIS A. BOTTINI, JR.

16

fbottini@bottinilaw.com

17

**CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD, LLP**

18

19

DAVID S. CASEY, JR.

20

 dcasey@cglaw.com
GAYLE M. BLATT

21

gmb@cglaw.com
JEREMY ROBINSON

22

jrobinson@cglaw.com
P. CAMILLE GUERRA

23

camille@cglaw.com
MICHAEL J. MORPHEW

24

mmorphew@cglaw.com

25

*Attorneys for Plaintiff Thomas J. LoSavio and Proposed Class*

26

27

*/s Allison Que*
Allison Que

28

# EXHIBIT C

1  DAVID C. MARCUS (SBN 158704)          ALAN SCHOENFELD (*pro hac vice*)
2  david.marcus@wilmerhale.com           alan.schoenfeld@wilmerhale.com
   WILMER CUTLER PICKERING              WILMER CUTLER PICKERING
3       HALE AND DORR LLP                    HALE AND DORR LLP
   350 South Grand Avenue, Suite 2400    7 World Trade Center
4  Los Angeles, California 90071         250 Greenwich Street
   Tel.: (213) 443-5312                  New York, New York 10007
5                                        Tel.: (212) 937-7294
6  ALLISON BINGXUE QUE (SBN 324044)
   allison.que@wilmerhale.com
7  WILMER CUTLER PICKERING
        HALE AND DORR LLP
8  2600 El Camino Real, Suite 400
   Palo Alto, California 94306
9  Tel.: (650) 858-6000

10 *Attorneys for Defendant Tesla, Inc., Tesla*
11 *Lease Trust, and Tesla Finance LLC*

12                    UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14  **In re Tesla Advanced Driver Assistance**      Case No. 3:22-cv-05240-RFL
    **Systems Litigation**
15
16                                                  **DEFENDANTS TESLA, INC., TESLA**
                                                    **LEASE TRUST, AND TESLA FINANCE**
17                                                  **LLC'S RESPONSES AND**
                                                    **OBJECTIONS TO PLAINTIFF**
18                                                  **THOMAS LOSAVIO'S REQUESTS**
                                                    **FOR PRODUCTION OF DOCUMENTS**
19                                                  **(SET SIX)**
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Tesla, Inc. Tesla Lease Trust, and Tesla Finance LLC (together, "Tesla"), by and through its undersigned counsel, hereby responds and objects to the Sixth Set of Requests for Production (together the "Requests," and individually a "Request," including the applicable Definitions and Instructions) propounded by Plaintiff Thomas LoSavio.   These responses and objections are made without prejudice to Tesla's right to assert additional, amended, or supplemental responses or objections pursuant to Rule 26(e).

8

## GENERAL OBJECTIONS

9
10
11

Each Request is subject to the General Objections set forth below, in addition to the specific objections and limitations set forth in the respective responses.  The General Objections form part of the response to each Request and are set forth to avoid duplication for each response.

12
13
14
15
16
17

The following responses are made solely for the purpose of this action.  Each response is subject to any and all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all objections and grounds that would require the exclusion of any statement or material herein, if any question were asked of, or any statement or material contained herein were made by, witnesses present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

18
19
20
21
22
23

Tesla has not completed its investigation into the subject matter of and allegations raised in this lawsuit.   Accordingly, the following responses are based upon Tesla's knowledge, information, and belief as of the date hereof.   Tesla reserves the right to make any further supplemental or amended response.   These responses are made without prejudice to Tesla's right to present in any proceeding in this litigation such additional evidence as may be hereafter discovered or evaluated.

24
25
26

Tesla makes the following General Objections, whether or not separately set forth in each response to each Request:[1]

27
28

---

[1] LoSavio's Requests include certain definitions that are not used in and do not actually impact the Requests.  Even where objectionable, Tesla does not include objections to these un-used definitions, but Tesla does so without waiver of any objections it has to these definitions to the extent they are used in other requests served by LoSavio.

TESLA'S R&OS TO
PLAINTIFF'S 6TH SET OF RFPS

Case. No. 3:22-CV-05240-RFL

1.    Tesla objects to the Requests to the extent they seek the production of documents that are not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

2.    Tesla objects to the Requests to the extent they require the production of documents containing proprietary or confidential information or trade secrets. Tesla will produce documents containing proprietary or confidential information or trade secrets in response to the Requests in accordance with and subject to the Protective Order.

3.    Tesla objects to the Requests to the extent they impose any requirements inconsistent with the parties' ESI protocol.

4.    Tesla objects to the Requests to the extent they seek information through the production of documents that is not relevant to the subject matter of this action.

5.    Tesla objects to the Requests to the extent they seek the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Such documents and information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver.

6.    Tesla objects to the Requests to the extent that they seek documents or information that Tesla is legally (including contractually) prohibited from disclosing, including documents or information that would require Tesla to breach a confidentiality provision of any non-disclosure agreement, contract, protective order, settlement, or other duty to a third party to maintain confidentiality.

7.    Tesla objects to the Requests to the extent they seek documents or information not within the possession, custody, or control of Tesla. An objection on this ground does not constitute a representation or admission that such information does in fact exist.

8.    Tesla objects to the Requests to the extent they seek documents or information already in Plaintiff's possession, custody, or control.

9.      Tesla objects to the Requests to the extent they seek to impose obligations upon it beyond those required or permitted by the Federal Rules of Civil Procedure.

10.     Tesla objects to the definition of "Communications" or "Communications" because it is overly broad, unduly burdensome, and purports to seek information that is not relevant or proportional to the needs of the case. Tesla will interpret these terms consistent with their ordinary usage and in a way to include information reasonably necessary to identify or describe information relevant and proportional to the needs of this case, consistent with its obligations under the Federal Rules of Civil Procedure.

11.     Tesla objects to the definition of "Document" or "Documents" because it is overly broad, unduly burdensome, and purports to seek information that is not relevant or proportional to the needs of the case. Tesla further objects to the definition to the extent it imposes obligations greater than or inconsistent with the requirements of Rule 34 and the parties' anticipated ESI Protocol. Tesla will construe "Document" or "Documents" to be synonymous in meaning with the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a) and in compliance with the parties' ESI Protocol.

12.     Tesla objects to the definition of "You," "Your," and "Defendant" because such definition requires Tesla to be aware of all persons purporting to act on its behalf. Tesla also objects to the terms "agents," "representatives," "consultants," "attorneys," and the definition of "Person" (which is incorporated in the definition of "You," "Your," and "Defendant"), as overbroad and unduly burdensome. Tesla objects to the inclusion of "attorneys" because it implicates the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Tesla will interpret "You," "Your," and "Defendant" to mean Tesla, Inc., Tesla Lease Trust, Tesla Finance, LLC, as well as its officers, directors, subsidiaries, and employees.

13.     Tesla objects to Instruction No. 1 because it calls for the identification and production of ESI that would require disproportional, burdensome, and expensive use of time and resources and thus imposes obligations greater than or inconsistent with the requirements of Rule 34 and the parties' ESI Protocol. Tesla further objects to the requirements described in Instruction

No. 1, including the requirement to produce full families to the extent that the requirement calls for the production of documents or information protected by the attorney-client privilege, attorney work product, or any other applicable privileges or protections. Tesla will produce documents and ESI in compliance with the requirements of Rules 26 and 34, as well as the ESI protocol.

14. Tesla objects to Instruction No. 2 because it requests documents not in Tesla's possession, custody, or control. Tesla further objects to Instruction No. 2 because it requests "all" documents and is broader than Tesla's agreement to search for and produce documents in Tesla's possession, custody or control based on the parties' agreement on custodians and search terms.

15. Tesla objects to Instruction No. 3 to the extent it imposes any production deadline. Tesla will produce any responsive documents, subject to the objections stated herein, on a rolling basis within time frames agreed upon by the Parties or included in a Court Order.

16. Tesla objects to Instruction No. 4 to the extent it imposes obligations greater than or inconsistent with the requirements of Rule 26. Tesla will produce documents and ESI in compliance with the requirements of Rule 26(b) and any future ESI Protocol to be entered into or otherwise ordered by the Court.

17. Tesla objects to Instruction No. 5 to the extent that it imposes obligations greater than or inconsistent with the requirements of Rule 34. Tesla will respond to the Requests in accordance with Rule 34.

18. Tesla objects to Instruction No. 6 to the extent that it imposes obligations greater than or inconsistent with the requirements of Rules 26 and 34 or obligations inconsistent with timeframes agreed upon by the Parties or included in a Court Order. Tesla will produce any responsive documents, subject to the objections stated herein, on a rolling basis within timeframes agreed upon by the Parties or included in a Court Order.

The foregoing General Objections are hereby incorporated into each response and objection below.

1  **SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

2  **REQUEST FOR PRODUCTION NO. 38:**

3      All DOCUMENTS relating or referring to any consideration YOU gave to obtaining

4  approval in any state to sell or operate, with or without a safety driver, vehicles with technologies

5  rated by the Society of Automotive Engineers ("SAE") at Level 3 or higher, from January 1, 2016,

6  through the present, including but not limited to applications, agency communications, market

7  research, sales plans, internal analysis, or any related internal communications or presentations.

8  **RESPONSE TO REQUEST NO 38:**

9      Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

10 further objects to this Request because the term "consideration" is vague and ambiguous.  Tesla

11 further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs

12 of the case in seeking "All DOCUMENTS" regarding "any consideration" given "to obtaining

13 approval in any state."  Tesla further objects to this Request to the extent it seeks the production

14 of documents containing information protected by the attorney-client privilege, the work-product

15 doctrine, or any other applicable privilege.

16     Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer

17 on the scope of documents sought by this Request.

18 **REQUEST FOR PRODUCTION NO. 39:**

19     All DOCUMENTS relating or referring to any sales plans, training or guidance for YOUR

20 sales personnel concerning the capabilities or limitations of YOUR Enhanced Autopilot or Full

21 Self Driving technology packages, including but not limited to sales scripts, training videos,

22 instructions, marketing materials, showroom videos, customer handouts, owners' manuals, from

23 January 1, 2016, to the present.

24 **RESPONSE TO REQUEST NO 39:**

25     Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

26 further objects to this Request because the terms "sales plans" and "guidance" are vague and

27 ambiguous.  Tesla further objects to this Request as overbroad, unduly burdensome, and

28

1   disproportional to the needs of the case in seeking "All DOCUMENTS" regarding "any sales

2   plans, training or guidance." Tesla further objects to this Request to the extent it seeks publicly

3   available materials and/or materials Tesla has already produced such as owners' manuals. Tesla

4   further objects to the Request to the extent it is duplicative of other Requests, including but not

5   limited to Request No. 36, for which Tesla has already agreed to conduct a reasonable search and

6   produce any non-privileged and reasonably accessible documents responsive to that request. Tesla

7   further objects to this Request to the extent it seeks the production of documents containing

8   information protected by the attorney-client privilege, the work-product doctrine, or any other

9   applicable privilege.

10          Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer

11   on the scope of documents sought by this Request after Plaintiff has reviewed Tesla's productions

12   to duplicative Request No. 36.

13   **REQUEST FOR PRODUCTION NO. 40:**

14          All DOCUMENTS provided to YOUR sales associates relating or referring to use and

15   operation of YOUR Enhanced Autopilot or Full Self Driving technology packages, from January

16   1, 2016, to the present.

17   **RESPONSE TO REQUEST NO 40:**

18          Tesla incorporates each of the General Objections as if they were stated in full. Tesla

19   further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs

20   of the case in seeking "All DOCUMENTS." Tesla further objects to the Request to the extent it

21   is duplicative of other Requests, including but not limited to Request No. 36, for which Tesla has

22   already agreed to conduct a reasonable search and produce any non-privileged and reasonably

23   accessible documents responsive to that request. Tesla further objects to this Request to the extent

24   it seeks the production of documents containing information protected by the attorney-client

25   privilege, the work-product doctrine, or any other applicable privilege.

26

27

28

1   Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer

2   on the scope of documents sought by this Request after Plaintiff has reviewed Tesla's productions

3   to duplicative Request No. 36.

4   **REQUEST FOR PRODUCTION NO. 41:**

5   All DOCUMENTS relating or referring to any internal or external marketing analyses for

6   the advertising of YOUR Enhanced Autopilot or Full Self Driving technologies, from January 1,

7   2016, to the present.

8   **RESPONSE TO REQUEST NO 41:**

9   Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

10  further objects to this Request because the terms "marketing analyses" and "advertising" are vague

11  and ambiguous.  Tesla further objects to this Request as overbroad, unduly burdensome, and

12  disproportional to the needs of the case in seeking "All DOCUMENTS" regarding "any internal

13  or external marketing analyses."  Tesla further objects to this Request because Tesla does not

14  "market" or "advertise" its Enhanced Autopilot or Full Self Driving technologies through

15  traditional means such as television, radio, print, or sponsorship.  Tesla further objects to this

16  Request to the extent it seeks the production of documents containing information protected by the

17  attorney-client privilege, the work-product doctrine, or any other applicable privilege.

18  Because Tesla does not engage in advertising, it will not search for responsive documents.

19  **REQUEST FOR PRODUCTION NO. 42:**

20  All DOCUMENTS relating or referring to any internal or external pricing analyses for the

21  sales price(s) and terms of YOUR Enhanced Autopilot or Full Self Driving technologies, from

22  January 1, 2016, to the present.

23  **RESPONSE TO REQUEST NO 42:**

24  Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

25  further objects to this Request because the term "sales … terms" is vague and ambiguous.  Tesla

26  further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs

27  of the case in seeking "All DOCUMENTS" regarding "any internal or external pricing analyses."

28

Tesla further objects to the Request to the extent it is duplicative of other Requests, including but not limited to Request No. 35, for which Tesla has already agreed to conduct a reasonable search and produce any non-privileged documents responsive to that request.  Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer on the scope of documents sought by this Request after Plaintiff has reviewed Tesla's productions to duplicative Request No. 35.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS relating or referring to any analyses YOU have performed regarding the quality of mapping required for a vehicle with YOUR Enhanced Autopilot or Full Self Driving technologies to drive autonomously from Los Angeles to New York.

**RESPONSE TO REQUEST NO 43:**

Tesla incorporates each of the General Objections as if they were stated in full.  Tesla further objects to this Request because the term "quality of mapping" is vague and ambiguous. Tesla further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS" regarding "any analyses."   Tesla further objects to this Request as it seeks information irrelevant to the issues in this case.  Tesla further objects to the Request to the extent it is duplicative of other Requests, including but not limited to Request No. 6, for which Tesla has already produced non-privileged, responsive documents based on a reasonable search and has further agreed to conduct a reasonable search of five custodians' emails. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer on the scope of documents sought by this Request after Plaintiff has reviewed Tesla's productions to duplicative Request No. 6.

1

**REQUEST FOR PRODUCTION NO. 44:**

2

All DOCUMENTS relating or referring to any agreements YOU have with anyone to

3

obtain mapping data for use with YOUR Enhanced Autopilot or Full Self Driving technologies.

4

**RESPONSE TO REQUEST NO 44:**

5

Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

6

further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs

7

of the case in seeking "All DOCUMENTS" regarding "any agreements . . . with anyone."  Tesla

8

further objects to this Request as it seeks information irrelevant to the issues in this case.  Tesla

9

further objects to the Requests to the extent it seeks documents or information that Tesla is legally

10

(including contractually) prohibited from disclosing, including documents or information that

11

would require Tesla to breach a confidentiality provision of any non-disclosure agreement,

12

contract, protective order, settlement, or other duty to a third party to maintain confidentiality.

13

Tesla further objects to this Request to the extent it seeks the production of documents containing

14

information protected by the attorney-client privilege, the work-product doctrine, or any other

15

applicable privilege.

16

Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer

17

on the scope of documents sought by this Request.

18

**REQUEST FOR PRODUCTION NO. 45:**

19

DOCUMENTS relating or referring to any analyses by YOU, either directly or through

20

third parties, of customer perceptions of the capabilities or limitations of YOUR Enhanced

21

Autopilot or Full Self Driving technologies, from January 1, 2016, to the present.

22

**RESPONSE TO REQUEST NO 45:**

23

Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

24

further objects to this Request because the term "customer perceptions" is vague and ambiguous.

25

Tesla further objects to this Request as overbroad, unduly burdensome, and disproportional to the

26

needs of the case in seeking "DOCUMENTS" regarding "any analyses."   Tesla further objects to

27

28

1    this Request to the extent it seeks the production of documents containing information protected

2    by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

3          Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer

4    on the scope of documents sought by this Request.

5

6    Dated:  February 24, 2025          **WILMER CUTLER PICKERING**

                                         **HALE AND DORR LLP**

7

8                                        */s/ Alan E. Schoenfeld*
                                         Alan E. Schoenfeld

9

10                                       *Attorneys for Defendant Tesla, Inc., Tesla Lease Trust,*
                                         *and Tesla Finance LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2 I hereby certify that on February 24, 2025, I caused DEFENDANTS TESLA, INC.,

3 TESLA LEASE TRUST, and TESLA FINANCE, LLC'S AMENDED AND SUPPLEMENTAL

4 RESPONSES AND OBJECTIONS TO PLAINTIFF THOMAS LOSAVIO'S REQUESTS FOR

5 PRODUCTION OF DOCUMENTS (SET SIX) to be served to the following persons listed

6 below and in the manner so indicated.

7 **COTCHETT PITRE & MCCARTHY LLP**

8 FRANK M. PITRE

9 fpitre@cpmlegal.com
JULIE L. FIEBER

10 jfieber@cpmlegal.com
THOMAS E. LOESER

11 tloeser@cpmlegal.Com
NABILAH A. HOSSAIN

12 nhossain@cpmlegal.com
ANDREW W. BRITTON

13 abritton@cpmlegal.Com
MAKENA KERSHAW

14 mkershaw@cpmlegal.com

15 **BOTTINI & BOTTINI, INC.**

16

17 FRANCIS A. BOTTINI, JR.
fbottini@bottinilaw.com

18 **CASEY GERRY SCHENK FRANCAVILLA**

19 **BLATT & PENFIELD, LLP**

20 DAVID S. CASEY, JR.

21 dcasey@cglaw.com
GAYLE M. BLATT

22 gmb@cglaw.com
P. CAMILLE GUERRA

23 camille@cglaw.com
MICHAEL J. MORPHEW

24 mmorphew@cglaw.com

25 *Attorneys for Plaintiff Thomas J. LoSavio and Proposed Class*

26

27 */s/ Allison Que*
Allison Que

28

# EXHIBIT D

1    DAVID C. MARCUS (SBN 158704)        ALAN SCHOENFELD (*pro hac vice*)
     david.marcus@wilmerhale.com          alan.schoenfeld@wilmerhale.com
2    WILMER CUTLER PICKERING           WILMER CUTLER PICKERING
         HALE AND DORR LLP                  HALE AND DORR LLP
3    350 South Grand Avenue, Suite 2400   7 World Trade Center
     Los Angeles, California 90071        250 Greenwich Street
4    Tel.: (213) 443-5312                 New York, New York 10007
                                          Tel.: (212) 937-7294
5
     ALLISON BINGXUE QUE (SBN 324044)
6    allison.que@wilmerhale.com
     WILMER CUTLER PICKERING
7        HALE AND DORR LLP
     2600 El Camino Real, Suite 400
8    Palo Alto, California 94306
     Tel.: (650) 858-6000
9
10   *Attorneys for Defendant Tesla, Inc., Tesla*
     *Lease Trust, and Tesla Finance LLC*
11

12                  **UNITED STATES DISTRICT COURT**

13                  **NORTHERN DISTRICT OF CALIFORNIA**

14   **In re Tesla Advanced Driver Assistance**      Case No. 3:22-cv-05240-RFL
     **Systems Litigation**
15

16                                              **DEFENDANTS TESLA, INC., TESLA**
                                                **LEASE TRUST, AND TESLA FINANCE**
17                                              **LLC'S RESPONSES AND**
                                                **OBJECTIONS TO PLAINTIFF**
18                                              **THOMAS LOSAVIO'S REQUESTS**
                                                **FOR PRODUCTION OF DOCUMENTS**
19                                              **(SET SEVEN)**

20

21

22

23

24

25

26

27

28

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Tesla, Inc. Tesla Lease Trust, and Tesla Finance LLC (together, "Tesla"), by and through its undersigned counsel, hereby responds and objects to the Seventh Set of Requests for Production (together the "Requests," and individually a "Request," including the applicable Definitions and Instructions) propounded by Plaintiff Thomas LoSavio. These responses and objections are made without prejudice to Tesla's right to assert additional, amended, or supplemental responses or objections pursuant to Rule 26(e).

## GENERAL OBJECTIONS

Each Request is subject to the General Objections set forth below, in addition to the specific objections and limitations set forth in the respective responses. The General Objections form part of the response to each Request and are set forth to avoid duplication for each response.

The following responses are made solely for the purpose of this action. Each response is subject to any and all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all objections and grounds that would require the exclusion of any statement or material herein, if any question were asked of, or any statement or material contained herein were made by, witnesses present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Tesla has not completed its investigation into the subject matter of and allegations raised in this lawsuit. Accordingly, the following responses are based upon Tesla's knowledge, information, and belief as of the date hereof. Tesla reserves the right to make any further supplemental or amended response. These responses are made without prejudice to Tesla's right to present in any proceeding in this litigation such additional evidence as may be hereafter discovered or evaluated.

Tesla makes the following General Objections, whether or not separately set forth in each response to each Request:[1]

---

[1] LoSavio's Requests include certain definitions that are not used in and do not actually impact the Requests. Even where objectionable, Tesla does not include objections to these un-used definitions, but Tesla does so without waiver of any objections it has to these definitions to the extent they are used in other requests served by LoSavio.

TESLA'S R&OS TO                                                    Case. No. 3:22-CV-05240-RFL
PLAINTIFF'S 7TH SET OF RFPS

1.     Tesla objects to the Requests to the extent they seek the production of documents that are not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

2.     Tesla objects to the Requests to the extent they require the production of documents containing proprietary or confidential information or trade secrets.  Tesla will produce documents containing proprietary or confidential information or trade secrets in response to the Requests in accordance with and subject to the Protective Order.

3.     Tesla objects to the Requests to the extent they impose any requirements inconsistent with the parties' ESI protocol.

4.     Tesla objects to the Requests to the extent they seek information through the production of documents that is not relevant to the subject matter of this action.

5.     Tesla objects to the Requests to the extent they seek the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Such documents and information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver.

6.     Tesla objects to the Requests to the extent that they seek documents or information that Tesla is legally (including contractually) prohibited from disclosing, including documents or information that would require Tesla to breach a confidentiality provision of any non-disclosure agreement, contract, protective order, settlement, or other duty to a third party to maintain confidentiality.

7.     Tesla objects to the Requests to the extent they seek documents or information not within the possession, custody, or control of Tesla.  An objection on this ground does not constitute a representation or admission that such information does in fact exist.

8.     Tesla objects to the Requests to the extent they seek documents or information already in Plaintiff's possession, custody, or control.

9.      Tesla objects to the Requests to the extent they seek to impose obligations upon it beyond those required or permitted by the Federal Rules of Civil Procedure.

10.     Tesla objects to the definition of "Communications" or "Communications" because it is overly broad, unduly burdensome, and purports to seek information that is not relevant or proportional to the needs of the case. Tesla will interpret these terms consistent with their ordinary usage and in a way to include information reasonably necessary to identify or describe information relevant and proportional to the needs of this case, consistent with its obligations under the Federal Rules of Civil Procedure.

11.     Tesla objects to the definition of "Document" or "Documents" because it is overly broad, unduly burdensome, and purports to seek information that is not relevant or proportional to the needs of the case. Tesla further objects to the definition to the extent it imposes obligations greater than or inconsistent with the requirements of Rule 34 and the parties' anticipated ESI Protocol. Tesla will construe "Document" or "Documents" to be synonymous in meaning with the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a) and in compliance with the parties' ESI Protocol.

12.     Tesla objects to the definition of "You," "Your," and "Defendant" because such definition requires Tesla to be aware of all persons purporting to act on its behalf. Tesla also objects to the terms "agents," "representatives," "consultants," "attorneys," and the definition of "Person" (which is incorporated in the definition of "You," "Your," and "Defendant"), as overbroad and unduly burdensome. Tesla objects to the inclusion of "attorneys" because it implicates the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Tesla will interpret "You," "Your," and "Defendant" to mean Tesla, Inc., Tesla Lease Trust, Tesla Finance, LLC, as well as its officers, directors, subsidiaries, and employees.

13.     Tesla objects to Instruction No. 1 because it calls for the identification and production of ESI that would require disproportional, burdensome, and expensive use of time and resources and thus imposes obligations greater than or inconsistent with the requirements of Rule 34 and the parties' ESI Protocol. Tesla further objects to the requirements described in Instruction

No. 1, including the requirement to produce full families to the extent that the requirement calls for the production of documents or information protected by the attorney-client privilege, attorney work product, or any other applicable privileges or protections. Tesla will produce documents and ESI in compliance with the requirements of Rules 26 and 34, as well as the ESI protocol.

14.    Tesla objects to Instruction No. 2 because it requests documents not in Tesla's possession, custody, or control. Tesla further objects to Instruction No. 2 because it requests "all" documents and is broader than Tesla's agreement to search for and produce documents in Tesla's possession, custody or control based on the parties' agreement on custodians and search terms.

15.    Tesla objects to Instruction No. 3 to the extent it imposes any production deadline. Tesla will produce any responsive documents, subject to the objections stated herein, on a rolling basis within time frames agreed upon by the Parties or included in a Court Order.

16.    Tesla objects to Instruction No. 4 to the extent it imposes obligations greater than or inconsistent with the requirements of Rule 26. Tesla will produce documents and ESI in compliance with the requirements of Rule 26(b) and any future ESI Protocol to be entered into or otherwise ordered by the Court.

17.    Tesla objects to Instruction No. 5 to the extent that it imposes obligations greater than or inconsistent with the requirements of Rule 34. Tesla will respond to the Requests in accordance with Rule 34.

18.    Tesla objects to Instruction No. 6 to the extent that it imposes obligations greater than or inconsistent with the requirements of Rules 26 and 34 or obligations inconsistent with timeframes agreed upon by the Parties or included in a Court Order. Tesla will produce any responsive documents, subject to the objections stated herein, on a rolling basis within timeframes agreed upon by the Parties or included in a Court Order.

The foregoing General Objections are hereby incorporated into each response and objection below.

1    **SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

2    **REQUEST FOR PRODUCTION NO. 46:**

3        All DOCUMENTS relating or referring to any validation YOU have conducted of YOUR

4    Enhanced Autopilot technologies from January 1, 2016, through the present.

5    **RESPONSE TO REQUEST NO 46:**

6        Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

7    further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs

8    of the case in seeking "All DOCUMENTS" regarding "any validation" for a period of over nine

9    years.  Tesla further objects to the Request to the extent it is duplicative of other Requests,

10   including but not limited to Request Nos. 48, 49, and 50.  Tesla further objects to this Request to

11   the extent it seeks the production of documents containing information protected by the attorney-

12   client privilege, the work-product doctrine, or any other applicable privilege.

13       Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer

14   regarding this Request.

15   **REQUEST FOR PRODUCTION NO. 47:**

16       All DOCUMENTS relating or referring to the validation of YOUR Full Self-Driving

17   Capability technologies, including the "extensive software validation" previously referenced on

18   YOUR webpage, and as quoted in the Third Amended Complaint at 58:15-17 and also as

19   represented in YOUR November 12, 2016 email to Plaintiff attached as Exhibit D to the Third

20   Amended Complaint, from January 1, 2016 to the present.

21   **RESPONSE TO REQUEST NO 47:**

22       Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

23   further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs

24   of the case in seeking "All DOCUMENTS" for a period of over nine years.  Tesla further objects

25   to the Request to the extent it is duplicative of other Requests, including but not limited to Request

26   Nos. 48, 49, and 50.  Tesla further objects to this Request to the extent it seeks the production of

27

28

1  documents containing information protected by the attorney-client privilege, the work-product

2  doctrine, or any other applicable privilege.

3      Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer

4  regarding this Request.

5  **REQUEST FOR PRODUCTION NO. 48:**

6      Any reports, presentations, analyses, studies, or equivalent work by YOU to define the

7  requirements for validation of YOUR Enhanced Autopilot or Full Self-Driving technologies from

8  January 1, 2016, through the present.

9  **RESPONSE TO REQUEST NO 48:**

10      Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

11  further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs

12  of the case in seeking "Any reports, presentations, analyses, studies, or equivalent work" for a

13  period of over nine years.  Tesla further objects to the Request to the extent it is duplicative of

14  other Requests, including but not limited to Request Nos. 46, 47, 49 and 50.  Tesla further objects

15  to this Request to the extent it seeks the production of documents containing information protected

16  by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

17      Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer

18  regarding this Request.

19  **REQUEST FOR PRODUCTION NO. 49:**

20      Any reports, presentations, analyses, studies, or equivalent work by YOU documenting

21  YOUR progress towards validation of YOUR Enhanced Autopilot or Full Self-Driving

22  technologies from January 1, 2016, through the present.

23  **RESPONSE TO REQUEST NO 49:**

24      Tesla incorporates each of the General Objections as if they were stated in full.  Tesla

25  further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs

26  of the case in seeking "Any reports, presentations, analyses, studies, or equivalent work" for a

27  period of over nine years.  Tesla further objects to the Request to the extent it is duplicative of

28

other Requests, including but not limited to Request Nos. 46, 47, 48 and 50. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 50:**

Any reports, presentations, analyses, studies, or equivalent work by YOU documenting the schedule for completion of the validation of YOUR Enhanced Autopilot or Full Self-Driving technologies from January 1, 2016, through the present.

**RESPONSE TO REQUEST NO 50:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "Any reports, presentations, analyses, studies, or equivalent work" for a period of over nine years. Tesla further objects to the Request to the extent it is duplicative of other Requests, including but not limited to Request Nos. 46, 47, 48 and 49. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS relating or referring to YOUR 2021 decision to discontinue use of radar on YOUR vehicles using the Enhanced Autopilot or Full Self Driving technology packages.

**RESPONSE TO REQUEST NO 51:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS." Tesla further objects to the term "YOUR 2021 decision to discontinue use of radar" as vague, ambiguous, and misleading. Tesla further objects

to the Request to the extent it is duplicative of other Requests, including but not limited to Request No. 27. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer regarding this Request after Plaintiff has reviewed Tesla's productions to duplicative Request No. 27.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS providing measurement results or summarization of results for test coverage, also known as code coverage, for YOUR Enhanced Autopilot or Full Self Driving software, from January 1, 2016, to the present.

**RESPONSE TO REQUEST NO 52:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request because the phrases "measurement results" and "summarization of results for test coverage" are vague and ambiguous. Tesla further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS" for a period of over nine years. Tesla further objects to this Request as it seeks information irrelevant to the issues in this case. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS relating or referring to the decision by YOUR prior supplier, Mobileye, to stop supplying sensors to YOU in or around September 2016, including but not limited to related correspondence with Mobileye.

**RESPONSE TO REQUEST NO 53:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS." Tesla further objects to this Request as it seeks information irrelevant to the issues in this case. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Tesla further objects to the Requests to the extent it seeks documents or information that Tesla is legally (including contractually) prohibited from disclosing, including documents or information that would require Tesla to breach a confidentiality provision of any non-disclosure agreement, contract, protective order, settlement, or other duty to a third party to maintain confidentiality.

Subject to and without waiving the foregoing objections, Tesla will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS relating or referring to YOUR 2022 decision to discontinue use of ultrasonic sensors on YOUR vehicles using the Enhanced Autopilot or Full Self Driving technology packages.

**RESPONSE TO REQUEST NO 54:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS." Tesla further objects to the term "YOUR 2021 decision to discontinue use of ultrasonic sensor" as vague, ambiguous, and misleading. Tesla further objects to the Request to the extent it is duplicative of other Requests, including but not limited to Request No. 27. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer regarding this Request after Plaintiff has reviewed Tesla's productions to duplicative Request No. 27.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS relating or referring to YOUR 2022 decision to add radar on YOUR vehicles using the Enhanced Autopilot or Full Self Driving technology packages.

**RESPONSE TO REQUEST NO 55:**

Tesla incorporates each of the General Objections as if they were stated in full.  Tesla further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS."  Tesla further objects to the term "YOUR 2022 decision to add radar on YOUR vehicles using the Enhanced Autopilot or Full Self Driving technology packages" as vague, ambiguous, and misleading.  Tesla further objects to the Request to the extent it is duplicative of other Requests, including but not limited to Request No. 27.  Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer regarding this Request after Plaintiff has reviewed Tesla's productions to duplicative Request No. 27.

Dated:  March 3, 2025

**WILMER CUTLER PICKERING HALE AND DORR LLP**

*/s/ Alan E. Schoenfeld*
Alan E. Schoenfeld

*Attorneys for Defendant Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

1

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2025, I caused DEFENDANTS TESLA, INC., TESLA LEASE TRUST, and TESLA FINANCE, LLC'S AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF THOMAS LOSAVIO'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET SEVEN) to be served to the following persons listed below and in the manner so indicated.

**COTCHETT PITRE & MCCARTHY LLP**

FRANK M. PITRE
fpitre@cpmlegal.com
JULIE L. FIEBER
jfieber@cpmlegal.com
THOMAS E. LOESER
tloeser@cpmlegal.Com
NABILAH A. HOSSAIN
nhossain@cpmlegal.com
ANDREW W. BRITTON
abritton@cpmlegal.Com
MAKENA KERSHAW
mkershaw@cpmlegal.com

**BOTTINI & BOTTINI, INC.**

FRANCIS A. BOTTINI, JR.
fbottini@bottinilaw.com

**CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD, LLP**

DAVID S. CASEY, JR.
 dcasey@cglaw.com
GAYLE M. BLATT
gmb@cglaw.com
P. CAMILLE GUERRA
camille@cglaw.com
MICHAEL J. MORPHEW
mmorphew@cglaw.com

*Attorneys for Plaintiff Thomas J. LoSavio and Proposed Class*

*/s/ Allison Que*
Allison Que