# EXHIBIT A

1  ambiguous; Tesla will interpret that term to mean Tesla Models 3, S, X, and Y that were offered
2  for sale as new vehicles and that were delivered to the customer in 2017 or later.  Tesla further
3  objects to the Request to the extent it is duplicative of other Requests, including but not limited to
4  Request Nos. 3, 4, 14, & 15.

5       Subject to and without waiving the foregoing objections and per the parties' agreement,
6  Tesla will provide a response by October 31, 2024.

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the foregoing objections, Tesla will conduct a reasonable search and produce non-privileged and reasonably accessible documents responsive to this request. Tesla responds further that to date it has not sought regulatory approval from CADMV to operate SAE Level 3 or higher technologies without a safety driver and therefore will not search for or produce documents responsive to that aspect of this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS related or referring to any effort by YOU to test, validate, drive, or operate one of YOUR vehicles autonomously across the United States.

**RESPONSE TO REQUEST NO 6:**

Tesla incorporates each of the General Objections as if they were stated in full.  Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS."  Tesla further objects to the term "across the United States" as vague and ambiguous, and will interpret that term to mean from one coast of the United States to the other.  Tesla further objects to this Request because the word "autonomously" is undefined.  Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Tesla further objects to this Request as duplicative of other Requests, including Requests Nos. 7, 17, and 19.

Subject to and without waiving the foregoing objections and per the parties' agreement, Tesla will provide a response by October 31, 2024.

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the foregoing objections, Tesla will perform a reasonable search for responsive, non-privileged, and reasonably accessible documents after meeting-and-conferring on the scope and proportional need for this request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS related or referring to any statement by YOU, including but not limited to on YOUR website, blog, or Elon Musk's personal Twitter or X site, concerning operation of any of YOUR vehicles from coast to coast of the United States.

**RESPONSE TO REQUEST NO 7:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS related or referring to any statement." Tesla further objects to the term "any statement … concerning operation of any of YOUR vehicles from coast to coast of the United States" as vague and ambiguous; Tesla will interpret the term to refer to the statement that the Court held survived Tesla's motion to dismiss, that is, the statement made during Tesla's October 19, 2016 news conference that Tesla would "be able to demonstrate a demonstration drive of our full autonomy all the way from LA to New York. So basically from home in LA to let's say dropping you off in Times Square, NY and then having the car parking itself by the end of next year without the need for a single touch." Dkt. 96 at 4 (quoting the SAC ¶ 60) ("Cross-Country Statement");[2] *id.* at 6. Tesla further objects to this Request to the extent it asks for information already in the possession of Plaintiff or available publicly. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Tesla further objects to this Request to the extent that it is duplicative of other Requests, including but not limited to Request No. 13.

---

[2] This statement now remains in paragraph 60 of the TAC.

| TESLA'S AM. & SUPPL. R&OS TO | Case. No. 3:22-CV-05240-RFL |
| PLAINTIFF'S 1ST SET OF RFPS | |

Subject to and without waiving the foregoing objections and per the parties' agreement, Tesla will provide a response by October 31, 2024.

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving the foregoing objections, Tesla will perform a reasonable search for responsive, non-privileged, and reasonably accessible documents after meeting-and-conferring on the scope and proportional need for this request.

**REQUEST FOR PRODUCTION NO. 8:**

All documentation provided to Plaintiff by YOU through the Tesla touchscreen in his 2017 Tesla Model S vehicle related or referring to software updates to that vehicle, including release notes.

**RESPONSE TO REQUEST NO 8:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All documentation." Telsa further objects to the term "his 2017 Tesla Model S" as vague and ambiguous; Telsa will interpret it to mean the vehicle as described in paragraph 16 of the TAC. Tesla further objects to this Request because it asks for information already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing objections and per the parties' agreement, Tesla will provide a response by October 31, 2024.

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving the foregoing objections, Tesla will conduct a reasonable search and produce non-privileged and reasonably accessible documents and communications responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS related or referring to any evaluation or testing YOU have performed of LIDAR technologies in YOUR model year 2017 or newer vehicles.

**RESPONSE TO REQUEST NO 9:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS related or referring to any evaluation or testing." Tesla further objects to the extent this Request relies on "LIDAR technologies" as that term is undefined; Tesla will interpret the term to mean the Light Detection and Ranging technology, which is a method for determining ranges by targeting an object or a surface with a laser and measuring the time for the reflected light to return to the receiver. Tesla further objects to this Request because the term "YOUR model year 2017 or newer vehicles" is vague and ambiguous; Tesla will interpret that term to mean Tesla Models 3, S, X, and Y that were offered for sale as new vehicles and that were delivered to the customer in 2017 or later. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections and per the parties' agreement, Tesla will provide a response by October 31, 2024.

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the foregoing objections, Tesla will perform a reasonable search for responsive, non-privileged, and reasonably accessible documents after meeting-and-conferring on the scope and proportional need for this request.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS related or referring to the TESLA advanced driver assistance package, including Enhanced Autopilot and Full Self-Driving Capability features, including any updates to those technologies, in YOUR 2017 model year Model S vehicles.

**RESPONSE TO REQUEST NO 10:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and

1  disproportional to the needs of the case in seeking "All DOCUMENTS related to or referring to"
2  Tesla's ADAS package.  Tesla further objects to this Request to the extent it seeks the production
3  of documents containing information protected by the attorney-client privilege, the work-product
4  doctrine, or any other applicable privilege.  Tesla further objects to the Request to the extent it is
5  duplicative of other Requests, including but not limited to Request Nos. 8, 11, 13.

6  Subject to and without waiving the foregoing objections and per the parties' agreement,
7  Tesla will provide a response by October 31, 2024.

8  **OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:**

9  Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer
10 regarding this Request.

11 **REQUEST FOR PRODUCTION NO. 11:**

12 All DOCUMENTS related or referring to YOUR development of advanced driver
13 assistance technologies between January 1, 2016, through January 1, 2017.

14 **RESPONSE TO REQUEST NO 11:**

15 Tesla incorporates each of the General Objections as if they were stated in full.  Tesla
16 further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and
17 disproportional to the needs of the case in seeking "All DOCUMENTS Related or referring to"
18 Tesla's development of ADAS technologies within a whole year.  Tesla further objects to this
19 Request to the extent it seeks the production of documents containing information protected by the
20 attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Tesla
21 further objects to the Request to the extent it is duplicative of other Requests, including but not
22 limited to Request No. 10.

23 Subject to and without waiving the foregoing objections and per the parties' agreement,
24 Tesla will provide a response by October 31, 2024.

25 **OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

26 Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer
27 with Plaintiff regarding this Request.

28

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the foregoing objections, Tesla responds that it has not applied for the CADMV's Autonomous Vehicle Deployment (AVD) Program and therefore will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS YOU relied upon for YOUR assertions that YOUR model year 2017 vehicles have all the hardware needed for full self driving capability.

**RESPONSE TO REQUEST NO 16:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS." Tesla further objects to the phrase "YOUR assertions that YOUR model year 2017 vehicles have all the hardware needed for full self driving capability" as vague and ambiguous; Tesla will interpret that phrase to refer to the statements that the Court held survived Tesla's motion to dismiss, which are: (1) "All Tesla vehicles produced in our factory … have the hardware needed for full-self-driving capability" as stated in Tesla's website; and (2) "All Tesla vehicles produced in our factory now have full self-driving hardware, enabling a rapidly expanding set of new Autopilot features to be introduced over time" as stated in Tesla's November 12, 2016 newsletter. Dkt. 96 at 6 (citing SAC ¶¶ 153-154) ("Hardware-Related Statements").[3] Tesla objects to this Request on the basis that the phrase "relied upon" is vague and ambiguous; Tesla will interpret this term to mean directly referring to the quoted statements. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Tesla further objects to the Request to the extent it is duplicative of other Requests, including but not limited to Request Nos. 17, 18, & 19.

Subject to and without waiving the foregoing objections and per the parties' agreement, Tesla will provide a response by October 31, 2024.

---

[3] These statements are now in paragraphs 159 and 160 of the TAC.

TESLA'S AM. & SUPPL. R&OS TO    Case. No. 3:22-CV-05240-RFL
PLAINTIFF'S 1ST SET OF RFPS

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Subject to and without waiving the foregoing objections, Tesla will perform a reasonable search for responsive, non-privileged, and reasonably accessible documents after meeting-and-conferring on the scope and proportional need for this request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS YOU relied upon for YOUR October 19, 2016 news conference statement that YOU would "be able to demonstrate a demonstration drive of our full autonomy all the way from LA to New York. So basically from home in LA to let's say dropping you off in Times Square, NY and then having the car parking itself by the end of the next year without the need for a single touch."

**RESPONSE TO REQUEST NO 17:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS." Tesla further objects to this Request on the basis that the phrase "relied upon" is vague and ambiguous; Tesla will interpret this Request to be seeking documents directly referring to the quoted statement. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Tesla further objects that this Request relies on an incomplete purported quotation of the statement made. Tesla further objects to the Request to the extent it is duplicative of other Requests, including but not limited to Requests No. 6, 7, and 19.

Subject to and without waiving the foregoing objections and per the parties' agreement, Tesla will provide a response by October 31, 2024.

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving the foregoing objections, Tesla will perform a reasonable search for responsive, non-privileged, and reasonably accessible documents after meeting-and-conferring on the scope and proportional need for this request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS YOU relied upon for YOUR assertions that any of YOUR vehicles have all the hardware needed for full self driving capability.

**RESPONSE TO REQUEST NO 18:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS." Tesla further objects to the phrase "YOUR assertions that YOUR model year 2017 vehicles have all the hardware needed for full self driving capability" as vague and ambiguous; Tesla will interpret phrase to refer to the Hardware-Related Statements as defined above in response to Request No. 16. Tesla further objects to this Request on the basis that the phrase "relied upon" is vague and ambiguous; Tesla will interpret this Request to be seeking documents directly referring to the Hardware-Related Statements. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Tesla further objects to the Request to the extent it is duplicative of other Requests, including but not limited to Request No. 16.

Subject to and without waiving the foregoing objections and per the parties' agreement, Tesla will provide a response by October 31, 2024.

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

Subject to and without waiving the foregoing objections, Tesla will perform a reasonable search for responsive, non-privileged, and reasonably accessible documents after meeting-and-conferring on the scope and proportional need for this request.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS YOU relied upon for YOUR assertions that any of YOUR vehicles would be able to drive autonomously from Los Angeles to New York.

**RESPONSE TO REQUEST NO 19:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS." Tesla further objects to the phrase "YOUR assertions that any of YOUR vehicles would be able to drive autonomously from Los Angeles to New York" as vague and ambiguous; Tesla will interpret phrase to refer to the Cross-Country Statements as defined above in response to Request No. 7. Tesla further objects to this Request on the basis that the phrase "relied upon" is vague and ambiguous; Tesla will interpret this Request to be seeking documents directly referring to the quoted statement. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Tesla further objects to the Request to the extent it is duplicative of other Requests, including but not limited to Request Nos. 6, 7, 17.

Subject to and without waiving the foregoing objections and per the parties' agreement, Tesla will provide a response by October 31, 2024.

**OCTOBER 31, 2024 SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving the foregoing objections, Tesla will perform a reasonable search for responsive, non-privileged, and reasonably accessible documents after meeting-and-conferring on the scope and proportional need for this request.

any other applicable privilege. Tesla further objects to this Request to the extent it is duplicative of other Requests, including Request No. 25.

Subject to and without waiving the foregoing objections, Tesla refers Plaintiff to the documents that Tesla will produce in response to Request No. 25, if any. Tesla is also willing to meet and confer on the scope of documents sought by this Request.

**REQUEST FOR PRODUCTION NO. 25:**

Copies of any blog post YOU have ever posted on YOUR website related or referring to whether YOUR vehicles have the hardware needed for full self-driving capability from January 1, 2016 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "any blog post." Tesla objects to this Request because it is irrelevant to the parties' claims and defenses. Tesla further objects to this Request to the extent it seeks information that can be obtained from other public sources that are more convenient and less burdensome. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Tesla further objects to this Request to the extent it is duplicative of other Requests, including Request No. 24.

Subject to and without waiving the foregoing objections, Tesla will conduct a reasonable search and produce the published version of any blog post referring to "whether [Tesla's] vehicles have the hardware needed for full self-driving capability" from January 1, 2016 through the present.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS related or referring to YOUR decision to offer a hardware upgrade related to Full Self-Driving for purchase to YOUR customers in 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS." Tesla further objects to this Request because the term "Full Self-Driving" is undefined. Tesla will interpret the term according to the definition in the General Objections. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Tesla will conduct a reasonable search and produce responsive, non-privileged, and reasonably accessible documents sufficient to show the reasons for Tesla's decision to offer the 2021 upgrade to its Full Self-Driving (Supervised) package.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS related or referring to any analysis YOU have performed or commissioned of the hardware necessary for YOUR vehicles to be fully self-driving at any time from January 1, 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS" and "any analysis." Tesla further objects to this Request because the term "fully self-driving" is undefined. Tesla further objects to this Request as overbroad and goes beyond the proposed class period. Tesla objects to this Request as irrelevant to the parties' claims and defenses. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Tesla will conduct a reasonable search for and produce responsive, non-privileged, and reasonably accessible documents sufficient

to show Tesla's analysis, from January 1, 2016 to the present, of the hardware necessary for achieving full autonomy, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS related or referring to any analysis YOU have performed or commissioned on the use of LIDAR in any of YOUR vehicles at any time from January 1, 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "All DOCUMENTS" and "any analysis." Tesla further objects to this Request as overbroad and goes beyond the proposed class period. Tesla further objects to this Request as irrelevant to the parties' claims and defenses. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Tesla further objects to this Request to the extent it is duplicative of other Requests, including Request No. 27.

Subject to and without waiving the foregoing objections, Tesla will conduct a reasonable search for and produce responsive, non-privileged, and reasonably accessible documents sufficient to show Tesla's analysis, from January 1, 2016 to the present, of whether to use LIDAR on retail Tesla vehicles, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to identify all recalls of YOUR vehicles related to the full self-driving capability at any time from January 1, 2017 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Tesla incorporates each of the General Objections as if they were stated in full. Tesla further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case in seeking "all recalls … related to the full self-driving

capability." Tesla further objects to the term "recalls" as vague, ambiguous, and misleading because Tesla's over-the-air software updates have often been referred to by the press as "recalls," which do not accurately describe the nature of such software updates. Tesla further objects to this Request as irrelevant to the parties' claims and defenses. Tesla further objects to this Request to the extent it seeks information that can be obtained from other public sources that are more convenient and less burdensome. Tesla further objects to this Request to the extent it seeks the production of documents containing information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Tesla is willing to meet and confer on the scope of documents sought by this Request.

Dated: November 11, 2024        **WILMER CUTLER PICKERING HALE AND DORR LLP**

*/s Alan Schoenfeld*
Alan Schoenfeld

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*