FRANK M. PITRE (SBN 100077)
fpitre@cpmlegal.com
JULIE L. FIEBER (SBN 202857)
jfieber@cpmlegal.com
THOMAS E. LOESER (SBN 202724)
tloeser@cpmlegal.com
MAKENA A. KERSHAW (SBN 356645)
mkershaw@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577

FRANCIS A. BOTTINI, JR. (SBN 175783)
fbottini@bottinilaw.com
NICHOLAUS H. WOLTERING (SBN 337193)
nwoltering@bottinilaw.com
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Fax: (858) 914-2002

DAVID S. CASEY, JR. (SBN 060768)
dcasey@cglaw.com
GAYLE M. BLATT (SBN 122048)
gmb@cglaw.com
JEREMY ROBINSON (SBN 188325)
jrobinson@cglaw.com
P. CAMILLE GUERRA (SBN 326546)
camille@cglaw.com
MICHAEL J. MORPHEW (SBN 304463)
mmorphew@cglaw.com
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation** | Case No. 3:22-cv-05240-RFL<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO EXTEND CASE DEADLINES**<br><br>Judge: Hon. Rita F. Lin<br>Courtroom: 15 – 18th Floor |

1   Plaintiff has agreed to Tesla's proposed changes to the class certification briefing schedule, although Plaintiff believes that the May 28, 2025, Case Management Conference should remain on calendar. However, Tesla's insistence that fact discovery deadlines be extended only 3 months is unrealistic given the parties' discovery disputes.[1]

On March 20, 2025, the parties submitted a joint discovery letter (ECF No. 126), which was referred to Magistrate Judge Ryu (ECF No. 130). On April 10, 2025, the parties jointly requested that Magistrate Judge Ryu resolve disputes for 7 document searches targeting Tesla's basis for representations about vehicle hardware and autonomy. (ECF No. 131.) Plaintiff requested to add 5 custodians, including Mr. Musk and his direct reports, to the 5 custodians Tesla named, and proposed broader search terms for 3 of the searches. (The parties have already agreed on terms for the other 4 searches.)

On April 18, 2025, Magistrate Judge Ryu issued an order granting in part and denying in part Plaintiff's requests, and the parties will begin carrying out that order this week. (ECF No. 133.) The parties must resolve remaining disagreements on search terms, Tesla must produce documents, Plaintiff must review them, then conduct depositions which may identify necessary follow-up discovery and perhaps generate additional disputes, and at the same time the parties will be finishing the briefing on class certification and Tesla's anticipated summary judgment motion.[2]

For context, Tesla has produced only 4,744 pages of documents to date (excluding its owners manuals), covering document requests served as far back as August 30, 2024. The documents requested go to the foundation for Tesla's representations that its vehicles from October 2016 to the present have all the hardware necessary for full self-driving and would be able to autonomously drive cross-country. This document production is necessary for Plaintiff to be able to meaningfully depose the Tesla employees responsible for the representations at issue, specifically Mr. Musk and his direct

---

[1] Tesla's Request accurately summarizes the scheduling history, although there is a discrepancy with Tesla's description of the April 3, 2025, meet-and-confer. Schoenfeld Dec. ¶ 5. The parties discussed their different positions. Plaintiff proposed a stipulation that included discussion of those differences and asking the Court for resolution. Tesla proposed stipulating to a 3-month fact discovery extension and leaving additional extensions future discussion. Plaintiff agreed to consider Tesla's stipulation but did not agree to Tesla's proposal.

[2] On April 10, 2025, Plaintiff inquired whether Tesla planned to file for summary judgment concurrent with the class certification motion. Tesla indicated it had not yet decided.

reports on the autopilot team. Although Plaintiff has deposed 2 of the engineers Tesla had identified as knowledgeable about these issues, neither proved knowledgeable about these representations.

Although Tesla believes it "premature" to extend fact discovery beyond the roughly 3 months it proposes, it is clear that the remaining fact discovery will not be completed by Tesla's proposed October 3, 2025, deadline. Even Tesla concedes that date will need to be revisited. Tesla's proposed schedule prejudices Plaintiffs by artificially constraining the time available for necessary discovery, while benefiting only Tesla by further delaying resolution of this matter. It requires Plaintiff to guess at what time will actually be allowed, making it difficult to plan and prioritize. Further, given Tesla's past reluctance to produce documents and anticipated disputes over future depositions, particularly Mr. Musk's, Tesla's proposed schedule seems calculated to pressure Plaintiff to prepare his case with incomplete information.

It is not unusual to grant extensions in complex class actions where, as here, there are significant discovery disputes. Plaintiff's proposed fact discovery schedule is realistic given the work remaining. Therefore, Plaintiff respectfully requests that the Court adopt the parties' agreed changes to the class certification briefing schedule, retain the May 28, 2025, Case Management Conference on calendar, and extend the cutoff date for fact discovery to January 30, 2026, with the last day to notice depositions set for January 2, 2026.

Plaintiff's proposed schedule is set out in the table below:

|  | **Current Date** | **Modified Date** |
|---|---|---|
| Motion for Class Certification and expert disclosures and reports relating to class certification | May 6, 2025 | Unchanged |
| Case Management Statement | May 21, 2025 | Unchanged |
| Case Management Conference | May 28, 2025, at 10:00 AM | Unchanged |
| Mediation | June 4, 2025 | Unchanged |
| Opposition to Motion for Class Certification and disclosures of rebuttal expert witnesses and | June 3, 2025 | June 17, 2025 |

|  | **Current Date** | **Modified Date** |
|---|---|---|
| expert reports relating to class certification | | |
| Reply in support of Motion for Class Certification | July 1, 2025 | July 22, 2025 |
| Motion for Class Certification Hearing | April 29, 2025, at 10:00 AM | August 19, 2025, at 10:00 AM |
| Last Day to Notice Depositions | May 28, 2025 | January 2, 2026 |
| Close of Fact Discovery | June 30, 2025 | January 30, 2026 |

Dated: April 21, 2025            **COTCHETT. PITRE & MCCARTHY, LLP**

By: _____
JULIE L. FIEBER
*Attorney for Plaintiffs and Proposed Class*