| | |
|---|---|
| David C. Marcus (SBN 158704) | Alan Schoenfeld (*pro hac vice*) |
| david.marcus@wilmerhale.com | alan.schoenfeld@wilmerhale.com |
| Christopher T. Casamassima (SBN 211280) | WILMER CUTLER PICKERING |
| chris.casamassima@wilmerhale.com |    HALE AND DORR LLP |
| Joshua A. Vittor (SBN 326221) | 7 World Trade Center |
| joshua.vittor@wilmerhale.com | 250 Greenwich Street |
| WILMER CUTLER PICKERING | New York, New York 10007 |
|    HALE AND DORR LLP | Tel: (212) 937-7294 |
| 350 South Grand Avenue, Suite 2400 | |
| Los Angeles, California 90071 | Allison Bingxue Que (SBN 324044) |
| Tel: (213) 443-5300 | allison.que@wilmerhale.com |
| | WILMER CUTLER PICKERING |
| |    HALE AND DORR LLP |
| | 2600 El Camino Real, Suite 400 |
| | Palo Alto, California 94306 |
| | Tel: (650) 858-6000 |

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation** | Case No. 3:22-cv-05240-RFL |
| | **CLASS ACTION** |
| | **DECLARATION OF DHAVAL SHROFF IN SUPPORT OF PLAINTIFF'S MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND SUPPORTING EXHIBITS[1]** |
| | Judge:     Hon. Rita F. Lin |
| | Courtroom:  15 – 18th Floor |

---

[1] Tesla believes Plaintiff's motion to seal should have been filed under L.R. 79-5(f), in which case this supporting statement would have been due on May 13, 2025. Out of abundance of caution, Tesla submits this statement pursuant to the deadline imposed by L.R. 7-11.

I, Dhaval Shroff, do hereby declare as follows:

1. I am an autopilot engineer at Tesla, Inc., defendant in the above-captioned case. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. Pursuant to Local Rule 79-5(f), I submit this Declaration in support of Plaintiff LoSavio's Administrative Motion to File Under Seal Portions of Plaintiff's Motion for Class Certification and Supporting Exhibits (Dkt.137) filed in connection with Plaintiff's Motion for Class Certification (Dkt.138) and accompanying exhibits (Dkts. 138-4 through 138-6, 138-18, 138-19, 138-21 through 138-23, 138-29, 138-31).

3. I work closely with Tesla teams on a variety of technical matters, including full-self driving technologies, which I am personally involved in, and about which I was deposed in this case.

4. Tesla does not seek to seal any portion of the Motion for Class Certification. As explained below, however, certain exhibits attached to the Motion for Class Certification include confidential and sensitive information that should warrant sealing.

5. Exhibit 2 to the Declaration of Julie L. Fieber (Dkt. 138-2, "Fieber Declaration) is the Expert Declaration of Gerald Goldhaber. Paragraphs 28, 30 and 32 to 34 of the Expert Declaration include references to Tesla's internal processes for product testing and development, the disclosure of which would provide competitors with competitive advantage. Tesla does not seek to seal the remainder of Exhibit 2.

6. Exhibit 3 to the Fieber Declaration is the Expert Declaration of Vincent Socci. Paragraphs 29 and 33 of the Expert Declaration refer to Tesla's internal documentation regarding the availability of certain packages to purchasers at various points in time. Paragraph 34 references Tesla's internal documentation related to Tesla's ADAS technology research and development. The underlying materials should remain sealed, as they reveal sensitive information about methods and factors concerning product testing and development. Tesla does not seek to seal the remainder of Exhibit 3.

Declaration of Dhaval Shroff in Support of Plaintiff's Administrative Motion to File Under Seal
Case No. 3:22-cv-05240-RFL

1

1       7.      Exhibit 4 to the Fieber Declaration is the Expert Declaration of Edward Stockton.
2  Paragraph 26 of the Expert Declaration references transaction data for owners or lessees of
3  Tesla vehicles. Paragraphs 22 and 29 cite purported damages claims calculated based on
4  Tesla's transaction data. While the information summarized in the report need not be sealed,
5  the underlying data upon which those summaries are based and affixed to the report in Tabs 3-
6  10 would reveal sensitive information about Tesla customers, and about how Tesla structures
7  and organizes its data related to customers' transactions. For these reasons, Tesla asks that this
8  data and documentation referenced in Exhibit 4 (which are included as Tabs 3-10 to Exhibit 4
9  and also Exhibit 6 to the Fieber Declaration, *infra* ¶ 8) remained sealed.
10      8.      Exhibit 6 to the Fieber Declaration includes excerpts from Defendants' Amended
11 Responses to Plaintiff's First Set of Interrogatories. The text above "INTERROGATORY
12 NO.2" contains detailed information about how Tesla structures and organizes data related to
13 customers' transactions. This information should remain sealed. Tesla does not seek to seal
14 the remainder of Exhibit 6.
15      9.      Exhibit 16 to the Fieber Declaration includes excerpts from the deposition of
16 Tesla engineer Dhaval Shroff. Portions of these excerpts contain discussion of Tesla hardware
17 technology, and certain testimony, previously designated as "Highly Confidential – Attorney's
18 Eyes Only," should remain sealed. In particular, page 190 lines 1 through 13 contain details of
19 Tesla's internal research and development workflow. Tesla requests that this testimony and
20 any underlying technology contained in any exhibits remain sealed for the reasons set forth
21 above, ¶ 6. Tesla does not seek to seal the remainder of the testimony in Exhibit 16.
22      10.     Exhibit 17 to the Fieber Declaration includes excerpts from the deposition of
23 Tesla engineer Akshay Phatak. Portions of the excerpts contain discussion of documents that
24 Tesla requests remain sealed, as explained below, ¶¶ 11-12. While the excerpted deposition
25 testimony does not implicate the same concerns as the underlying documents, certain
26 testimony, previously designated as "Highly Confidential – Attorney's Eyes Only," should
27 remain sealed. In particular, page 62, line 19 through 22, page 63, line 16 through 24, page

1    130, line 4 through page 131 line 7, and page 137 line 17 to 24 contain detailed descriptions of
2    Tesla's internal research and development on its ADAS technology as well as proprietary
3    information contained in Exhibit 20, described below.  Tesla requests that such testimony
4    remain sealed.  Tesla does not seek to seal the remainder of the testimony in Exhibit 17.

5         11.   Exhibit 20 to the Fieber Declaration is a Tesla internal, working document that
6    contains sensitive technological and proprietary information, including, for example, detailed
7    descriptions of the mechanism and function of hardware components of Tesla's ADAS
8    offerings and related operational parameters and diagnostics information.  Tesla has a business
9    interest in keeping such information confidential.  For these reasons, this document should
10   remain sealed.

11        12.   Exhibit 21 to the Fieber Declaration is a Tesla internal document that contains
12   sensitive technological and proprietary information related to Hardware 2.5, including the
13   architecture diagram, functional flow, operating mechanism, and operational parameters.  Tesla
14   has a business interest in keeping such information confidential.  For these reasons, this
15   document should remain sealed.

16        13.   Exhibit 27 to the Fieber Declaration is a Tesla internal document that contains
17   sensitive financial information that could reveal how Tesla compiles and analyzes its financial
18   performance.  Tesla has a strong business interest in keeping this information confidential, and
19   for these reasons, this document should remain sealed.

20        14.   Exhibit 29 is a Tesla internal, working document on its ADAS packages and
21   features offerings.  It contains sensitive technological and business information, including
22   internal instructions on identifying and classifying vehicle configurations, as well as customer
23   response strategies.  Tesla has a business interest in keeping such information confidential.  For
24   these reasons, this document should remain sealed.

25

26        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the
27   United States of America that the foregoing is true and correct.

28

Declaration of Dhaval Shroff in Support of Plaintiff's Administrative Motion to     3
File Under Seal
Case No. 3:22-cv-05240-RFL

EXECUTED this 12th day of May, 2025 in Palo Alto, California.

By: <u>/s/      Dhaval Shroff</u>
Dhaval Shroff

**<u>SIGNATURE ATTESTATION</u>**

I am the ECF User whose identification and password are being used to file the foregoing. Pursuant to Civil Local Rule 5-1(i), I hereby attest that the other signatories have concurred in this filing.

Date:  May 12, 2025          By: <u>/s/ Allison Que</u>
Allison Que

Declaration of Dhaval Shroff in Support of Plaintiff's Administrative Motion to File Under Seal
Case No. 3:22-cv-05240-RFL

4