May 22, 2025

**VIA ECF FILING & E-MAIL**
Honorable Chief Magistrate Judge Donna M. Ryu (dmrpo@cand.uscourts.gov)

Re:   In re Tesla Advanced Driver Assistance Systems Litigation
      Northern District of California, Case No. 3:22-cv-05240-RFL

Your Honor:

Pursuant to the Court's Standing Order, the undersigned submit this joint letter regarding a discovery dispute between the parties Plaintiff Thomas LoSavio ("Plaintiff") and Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collectively "Tesla"). The parties met and conferred on the topics herein most recently by video on May 21, 2025.

Relevant case management deadlines include: June 4, 2025 – Mediation; June 17, 2025 – Opposition to Motion for Class Certification and related rebuttal expert materials; July 22, 2025 – Reply; August 12, 2025 – Class Certification hearing. As set out in the Court's Scheduling Order dated April 25, 2025 (ECF No. 136), the next case management conference will be reset after the Class Certification hearing. Deadlines for the last day to notice depositions and the close of fact discovery will be reset at the post-certification case management conference.

**Issue 1 – Plaintiff's Response to Tesla's Interrogatories (Nos. 14-17).**

**Tesla's Position:** Tesla propounded its second set of interrogatories on March 26, 2025 (Nos. 13-17). Plaintiff served his responses on April 25, 2025, but declined to respond substantively to Interrogatory Nos. 14-17, stating only that Plaintiff would meet and confer about those interrogatories. The parties met and conferred on May 6, 2025, and then again on May 21, 2025, and Plaintiff refused to amend his responses to Interrogatory Nos. 14-17.

The four interrogatories at issue each ask Plaintiff to describe the meaning of a particular term—"full self driving capability," "fully self-driving," "full autonomy," and "self-driving," respectively—each of which Plaintiff uses in his complaint. *See* Consolidated Third Amended Complaint ("Complaint"), ECF No. 102 ¶¶ 58, 93, 127, 132. Plaintiff refuses to respond on the grounds that these terms appear multiple times and in multiple contexts in the Complaint. This is improper. This is a consumer fraud case in which Plaintiff has alleged that certain representations by Tesla relating to its autonomous driving technology were misleading; the meaning of these terms is therefore central to Plaintiff's claims.

May, 22, 2025
Page 2

Plaintiff argues that the term "full self driving capability" "does not appear in the Complaint." Not so: it appears 25 times (excluding attachments).[1] *See*, *e.g.*, ECF No. 102 ¶ 159. And the fact that Plaintiff was able to define a similar term during his deposition should make it easy for him to explain what it means in writing. If Plaintiff believes the terms at issue have multiple meanings in multiple contexts throughout his Complaint, he should say so in a verified response to Interrogatory Nos. 14-17. But the fact that these terms may have multiple meanings does not obviate Plaintiff's obligation to explain what he meant when he included those words in his Complaint. If anything, it makes it even more necessary for Plaintiff to clarify what each instance of each term means, in order to ensure his allegations are clear. Plaintiff identified no basis or authority for his refusal to do so. *See 21X Capital Ltd. v. Werra*, 2008 WL 131918, at *1 (N.D. Cal. Jan. 11, 2008) ("The party resisting relevant, non-privileged discovery has the burden of showing why discovery should not go forward.").

**Plaintiff's Position:** Tesla's wording choice is the problem here. For example, ROG 14 asks: "Describe the meaning of the term 'full self driving capability' as used in Your Complaint," but while that exact phrase does not appear in the Complaint (because Tesla left out the hyphen when it drafted its interrogatories), there are 31 appearances of the phrase with the hyphen added (not counting the Complaint's attachments). Similarly, the phrase "fully self-driving" appears 31 times, "full autonomy" appears 10 times, and "self-driving" appears 223 times, again not counting the Complaint's attachments. This is important because, in some instances, context changes the meaning, for example where self-driving is used in the context of SAE levels (¶ 33) or a quote (¶ 10) versus its general usage in the Complaint. Plaintiff asked Tesla to identify one usage or a specific context for each phrase to avoid this ambiguity. Instead, Tesla doubled down and now insists that Plaintiff provide a definition for each use of the phrase in the Complaint. Tesla's position violates the basic rule that a party cannot avoid numerical limits on interrogatories by combining them into one interrogatory with subparts. *Collaboration Props., Inc. v. Polycom, Inc.*, 224 F.R.D. 473, 475 (N.D. Cal. 2004) (interrogatory asking about "all" products treated as having 26 subparts where there were 26 products).

Plaintiff is not trying to avoid defining these phrases. In fact, he defined them at his deposition, for example answering the question, "What was your understanding at the time of what [full self-driving capability] meant?" as follows: "I didn't have any understanding other than the ordinary definition of those words. Q What is the ordinary definition of those words? A Full would mean complete and total, not partial. Self would mean by itself without human intervention. Driving, driving. Capability, ability." LoSavio Tr. at 46:11-18. But Tesla's proposal, that, for example, Plaintiff define each of the 223 uses of the phrase "self-driving" in the Complaint, serves no proper purpose, provides no relevant information, yet is clearly burdensome to Plaintiff, and that burden is disproportionate to any potential benefit from

---

[1] The fact that Interrogatory No. 14 omits the hyphen that the Complaint uses in the term "self-driving" is not a plausible excuse for Plaintiff's refusal to respond.

defining the phrase every time it is used in the Complaint. *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 4426512, at *3 (N.D. Cal. 2013) ("the court is required to limit discovery if 'the burden or expense of the proposed discovery outweighs its likely benefit'"). What is relevant here is what the phrase means in the context of the claims plead and, for that, one definition suffices, and whether Tesla did or did not include a hyphen does not matter. Plaintiff's proposed compromise addresses that by offering to provide a written definition specific to the claims at issue.

**The Parties' Final Proposed Compromises:** **Plaintiff proposes** that Tesla identify one specific use of each phrase either by citing to the Complaint or, more generally, with respect to one or all of the claims asserted, and then a definition can be provided.

**Tesla:** Plaintiff asked Tesla to identify which specific uses of each of the terms in question Tesla is interested in. But given Plaintiff's apparent position that the terms have different meanings in different contexts, Tesla seeks clarification as to what each instance of each term means.

**Issue 2 – Plaintiff's Response to Tesla's Requests for Admission (Nos. 57-91, 93-102, 104, 109-115, 118-127).**

**Tesla's Position:** Tesla propounded its first set of Requests for Admission ("RFAs") on March 26, 2025 (Nos. 1-127). At Plaintiff's counsel's request, Tesla agreed to extend Plaintiff's response deadline by seven days. Plaintiff served his responses on May 2, 2025. Despite being afforded additional time to respond to Tesla's RFAs, Plaintiff refused to respond to the majority of the requests as written, in many cases offering self-serving narratives instead. The parties met and conferred on May 6, 2025, and then again on May 21, 2025, and Plaintiff maintained his refusal to respond to over half of the RFAs.

RFA Nos. 57-127 each ask Plaintiff to admit that he reviewed certain statements described in the Complaint within 60 days after those statements were published. These requests are plainly relevant, both to show what Plaintiff knew at the time he purchased his Tesla vehicle, and to show whether and when Plaintiff considered the statements he now contends were misleading. Of these 71 requests, Plaintiff refuses to respond—and subsequently has refused to amend his response—to 63 of them, stating in each instance that he is "unable to admit or deny the Request at this time." Plaintiff's responses to these RFAs are deficient. Plaintiff may not treat requests for admission as "a mere procedural exercise requiring minimally acceptable conduct." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994). He must provide "full and efficient discovery, not evasion and word play." *Id.*

In response to RFA Nos. 57-91, 93-102, 104, 109-115, and 118-121, Plaintiff objects that the RFAs each refer to a paragraph containing "multiple statements from multiple sources

May, 22, 2025
Page 4

published at multiple times." But the fact that a given paragraph of the Complaint contains multiple statements does not relieve Plaintiff of his obligation to answer a request for admission that he reviewed those statements within 60 days after they were published, and Plaintiff has not articulated any basis or authority for his refusal to do so.

In response to RFA Nos. 122-127, Plaintiff claims that the relevant paragraph identified in each request "contains no description of any specific statements that could be 'reviewed' by Plaintiff; rather, it contains legal allegations regarding Defendants' conduct generally." But the paragraphs in question contain specific allegations about representations and alleged misrepresentations made by Tesla. Plaintiff should be able to identify the statements described in those paragraphs and whether he reviewed them within 60 days of when they were made. To the extent Plaintiff believes he reviewed one statement but not another, he "should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." *Marchand*, 22 F.3d at 938.

Plaintiff's invocation of *United States v. Consolidated Edison Co.*, 1988 WL 138275 (E.D.N.Y. 1988), a forty-year-old out-of-district case, is unavailing. Tesla is not "attempt[ing] to seek admissions to the contents of documents incorporated by reference" in Plaintiff's Complaint. Rather, Tesla is seeking to discern whether and when Plaintiff reviewed cited statements. That is a "simple and direct" request for "singular relevant facts," *Runway TV, LLC v. De Gray*, 2020 WL 6712253, at *2 (C.D. Cal. Sep. 15, 2020)—facts which are patently relevant issue in this consumer fraud case. If Plaintiff (or the class he purports to represent) did not see a statement, he cannot have relied on the statement. Similarly, the notion that Tesla served these RFAs to "distract" from Plaintiff's class certification briefing is nonsense. The RFAs seek discoverable information that Plaintiff is required to provide; the timing of Tesla's service of the RFAs is irrelevant.

**Plaintiff's Position:** Tesla's RFAs are deficient because they combine multiple statements, or fail to reference any statement, and then demand that Plaintiff admit to reviewing the statement within an undefined time frame. For example, RFA No. 57 asks for an admission that Plaintiff "reviewed the statements described in paragraph 6 (and footnotes 3 and 4) of the Complaint within 60 days after those statements were Published." Paragraph 6 of the Complaint references a 2016 Musk statement and an October 2016 blog post; footnote 3 cites the blog post; footnote 4 is a link to an article from Vanity Fair magazine. There is no objective way to determine what Plaintiff is being asked to admit in this RFA. As another example, RFA 122 seeks an admission that Plaintiff reviewed the statements in ¶ 196 of the Complaint, but that paragraph does not list a statement, instead it provides language going to the elements of Plaintiff's UCL claim.

May, 22, 2025
Page 5


An RFA should be "simple and direct, and should be limited to singular relevant facts." *Runway TV, LLC v. De Gray*, 2020 WL 6712253, at *2 (C.D. Cal. 2020) (citing *Securities and Exchange Comm'n v. Micro-Moisture Controls, Inc.*, 21 F.R.D. 164, 166 (S.D.N.Y. 1957)). "An attempt to seek admissions to the contents of documents incorporated by reference is improper, except when warranted by exceptional circumstances." *United States v. Consolidated Edison Co.*, 1988 WL 138275, *2 (E.D.N.Y. 1988) (holding RFAs that sought admissions as to truth of the contents of attached documents improper). Here, for example, RFA No. 57 seeks an admission as to an entire Vanity Fair article and improperly puts the burden on Plaintiff to try to determine what portion of the article contain matters to be admitted or denied. As in *Consolidated Edison*, Tesla's RFAs are improper. Particularly given that Tesla served its 127 RFAs precisely to coincide with Plaintiff's briefing on class certification, there appears no proper purpose served by this discovery, but rather it served solely to distract and interfere with that briefing.

**The Parties' Final Proposed Compromises:** **Plaintiff:** Plaintiff has responded with an admission or denial where the RFA, as drafted, permitted that response. Tesla may rework its RFAs or propound additional RFAs but, consistent with case law, each RFA should be "simple and direct" and "limited to singular relevant facts." Further, having propounded 127 RFAs already, before Tesla propounds dozens, or more, of additional RFAs, it should establish that the new requests are both relevant and proportional to the needs of the case. *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 4426512, at *3 (N.D. Cal. 2013).

**Tesla**: Plaintiff suggested that Tesla break out each of the disputed RFAs so that each RFA covers only one statement. Tesla's position is that this is unnecessary and inefficient and would only increase the burden on Plaintiff by increasing the number of RFAs he would have to respond to.


\*\*\*

May, 22, 2025
Page 6

                Respectfully submitted,

Dated: May 22, 2025      **WILMER CUTLER PICKERING HALE AND DORR LLP**

      By:    */s/ Alan Schoenfeld*
      Alan Schoenfeld (*pro hac vice*)
      Alan.Schoenfeld@wilmerhale.com
      David Marcus (SBN 158704)
      David.Marcus@wilmerhale.com
      Allison Que (SBN 324044)
      Allison.Que@wilmerhale.com

*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

Dated: May 22, 2025      **COTCHETT PITRE & McCARTHY LLP**

      By:    */s/ Julie L. Fieber*
      Frank M. Pitre (SBN 100077)
      fpitre@cpmlegal.com
      Thomas E. Loeser (SBN 202724)
      tloeser@cpmlegal.com
      Julie L. Fieber (SBN 202857)
      jfieber@cpmlegal.com
      Andrew W. Britton (SBN 340052)
      abritton@cpmlegal.com

*Attorneys for Plaintiffs Thomas LoSavio, Brenda Broussard, and the Proposed Class*

**BOTTINI & BOTTINI, INC.**
      Francis A. Bottini, Jr. (SBN 175783)
      fbottini@bottinilaw.com

*Attorneys for Plaintiff Dominick Battiato and the Proposed Class*

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**

David S. Casey, Jr. (SBN 060768)
dcasey@cglaw.com
Gayle M. Blatt (SBN 122048)
gmb@cglaw.com
P. Camille Guerra (SBN 326546)
camille@cglaw.com

*Attorneys for Plaintiffs Christopher Mallow, Jazmin Imaguchi, and the Proposed Class*