# EXHIBIT A

1    Subject to and without waiving the foregoing objections, and construing the Interrogatory as

2 seeking communications that Mr. LoSavio himself had, Plaintiff responds as follows: Plaintiff had no

3 nonprivileged, responsive communications.

4 **INTERROGATORY NO. 14:**

5    Describe the meaning of the term "full self driving capability" as used in Your Complaint.

6 **RESPONSE TO INTERROGATORY NO. 14:**

7    Plaintiff incorporates by reference the general objections and objections to instructions and

8 definitions stated above as if fully set forth herein. Plaintiff further objects to the extent that this

9 interrogatory seeks information protected by the attorney-client privilege and/or the work product

10 doctrine. Plaintiff further objects to the extent that this interrogatory impermissibly seeks the

11 premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set

12 forth factual analyses, comparative analyses, and opinions, or theories that may be subject to expert

13 testimony. Plaintiff objects to this interrogatory as vague and ambiguous with respect to the phrase

14 "as used in Your Complaint," given that the phrase, or close approximations thereof, appears multiple

15 times and in multiple contexts in the Third Amended Complaint, such that it requires Plaintiff to

16 guess which use of the phrase is the object of the Interrogatory.

17    Subject to and without waiving the foregoing objections, Plaintiff will meet and confer on the

18 scope and intended object of the Interrogatory.

19 **INTERROGATORY NO. 15:**

20    Describe the meaning of the term "fully self-driving" as used in Your Complaint.

21 **RESPONSE TO INTERROGATORY NO. 15:**

22    Plaintiff incorporates by reference the general objections and objections to instructions and

23 definitions stated above as if fully set forth herein. Plaintiff further objects to the extent that this

24 interrogatory seeks information protected by the attorney-client privilege and/or the work product

25 doctrine. Plaintiff further objects to the extent that this interrogatory impermissibly seeks the

26 premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set

27 forth factual analyses, comparative analyses, and opinions, or theories that may be subject to expert

28 testimony. Plaintiff objects to this interrogatory as vague and ambiguous with respect to the phrase

1    "as used in Your Complaint," given that the phrase, or close approximations thereof, appears multiple

2    times and in multiple contexts in the Third Amended Complaint, such that it requires Plaintiff to

3    guess which use of the phrase is the object of the Interrogatory.

4         Subject to and without waiving the foregoing objections, Plaintiff will meet and confer on the

5    scope and intended object of the Interrogatory.

6    **INTERROGATORY NO. 16:**

7         Describe the meaning of the term "full autonomy" as used in Your Complaint.

8    **RESPONSE TO INTERROGATORY NO. 16:**

9         Plaintiff incorporates by reference the general objections and objections to instructions and

10    definitions stated above as if fully set forth herein. Plaintiff further objects to the extent that this

11    interrogatory seeks information protected by the attorney-client privilege and/or the work product

12    doctrine. Plaintiff further objects to the extent that this interrogatory impermissibly seeks the

13    premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set

14    forth factual analyses, comparative analyses, and opinions, or theories that may be subject to expert

15    testimony. Plaintiff objects to this interrogatory as vague and ambiguous with respect to the phrase

16    "as used in Your Complaint," given that the phrase, or close approximations thereof, appears multiple

17    times and in multiple contexts in the Third Amended Complaint, such that it requires Plaintiff to

18    guess which use of the phrase is the object of the Interrogatory.

19         Subject to and without waiving the foregoing objections, Plaintiff will meet and confer on the

20    scope and intended object of the Interrogatory.

21    **INTERROGATORY NO. 17:**

22         Describe the meaning of the term "self-driving" as used in Your Complaint.

23    **RESPONSE TO INTERROGATORY NO. 17:**

24         Plaintiff incorporates by reference the general objections and objections to instructions and

25    definitions stated above as if fully set forth herein. Plaintiff further objects to the extent that this

26    interrogatory seeks information protected by the attorney-client privilege and/or the work product

27    doctrine. Plaintiff further objects to the extent that this interrogatory impermissibly seeks the

28    premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set

forth factual analyses, comparative analyses, and opinions, or theories that may be subject to expert testimony. Plaintiff objects to this interrogatory as vague and ambiguous with respect to the phrase "as used in Your Complaint," given that the phrase, or close approximations thereof, appears multiple times and in multiple contexts in the Third Amended Complaint, such that it requires Plaintiff to guess which use of the phrase is the object of the Interrogatory.

Subject to and without waiving the foregoing objections, Plaintiff will meet and confer on the scope and intended object of the Interrogatory.


Dated: April 25, 2025                    **COTCHETT, PITRE & McCARTHY, LLP**

                                         By:    */s/ Julie L. Fieber*
                                                FRANK M. PITRE
                                                JULIE L. FIEBER
                                                THOMAS E. LOESER
                                                MAKENA A. KERSHAW

                                         *Attorneys for Plaintiff Thomas LoSavio and the Proposed Class*

1  that he did not lease his Tesla Vehicle when he purchased it. This admission should not be construed

2  as a concession that the method of acquisition has any relevance to the claims or defenses in this

3  litigation. Plaintiff otherwise denies this Request unless expressly admitted.

4  **REQUEST NO. 56**

5      Admit that You did not apply for or obtain any financing for Your Tesla Vehicle when you

6  purchased it.

7  **RESPONSE TO REQUEST NO. 56**

8      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

9  objects to this Request as irrelevant, immaterial, as the financing method used to acquire the Tesla

10  Vehicle has no bearing on the claims or defenses in this litigation. The method of acquisition — whether

11  by outright purchase, lease, or financing — has no relevance to Tesla's alleged misrepresentations

12  regarding the autonomous driving capabilities of its vehicles, which are the subject of this action.

13      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff admits

14  that he did not lease his Tesla Vehicle when he purchased it. This admission should not be construed

15  as a concession that the method of acquisition has any relevance to the claims or defenses in this

16  litigation. Plaintiff otherwise denies this Request unless expressly admitted.

17  **REQUEST NO. 57**

18      Admit that You reviewed the statements described in paragraph 6 (and footnotes 3 and 4)

19  of the Complaint within 60 days after those statements were Published.

20  **RESPONSE TO REQUEST NO. 57**

21      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

22  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

23  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

24  as it refers to multiple distinct statements from multiple sources published at multiple times across three

25  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

26  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

27  certain statements, when the material issue is whether Tesla made false or misleading statements, not

28  whether or not Plaintiff reviewed them 60 days after publication.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1   Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

2   unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

3   sources published at multiple times, and it cannot be determined from the Request which specific

4   statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

5   time. Without specificity as to which particular statements among the numerous references in paragraph

6   6, footnote 3, and footnote 4 of the Complaint this Request pertains to, Plaintiff cannot reasonably

7   formulate a definitive response without engaging in unwarranted speculation as to the intended scope

8   of the Request.

9   **REQUEST NO. 58**

10   Admit that You reviewed the statements described in paragraph 7 of the Complaint within 60

11   days after those statements were Published.

12   **RESPONSE TO REQUEST NO. 58**

13   Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff

14   further objects to this Request as vague and ambiguous, particularly with respect to the phrases

15   "reviewed" and "statements described." Plaintiffs further object to "statements described" as

16   impermissibly compound, as it refers to multiple distinct statements from multiple sources published

17   at multiple times. Plaintiff further objects to the relevance of this Request to the extent it is an

18   improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain

19   statements, when the material issue is whether Tesla made false or misleading statements, not whether

20   or not Plaintiff reviewed them 60 days after publication.

21   Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

22   unable to admit or deny the Request at this time. Defendant refers to multiple statements from

23   multiple sources published at multiple times, and it cannot be determined from the Request which

24   specific statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the

25   Request at this time. Without specificity as to which particular statements among the numerous

26   references in paragraph 6, footnote 3, and footnote 4 of the Complaint this Request pertains to,

27   Plaintiff cannot reasonably formulate a definitive response without engaging in unwarranted

28   speculation as to the intended scope of the Request.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)   67
Case No. 3:22-cv-05240-RFL

**REQUEST NO. 59**

Admit that You reviewed the statements described in paragraph 8 (and footnotes 5 and 6) of the Complaint within 60 days after those statements were Published.

**RESPONSE TO REQUEST NO. 59**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across three separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them 60 days after publication.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple sources published at multiple times, and it cannot be determined from the Request which specific statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this time. Without specificity as to which particular statements among the numerous references in paragraph 8, footnote 5, and footnote 6 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a definitive response without engaging in unwarranted speculation as to the intended scope of the Request.

**REQUEST NO. 60**

Admit that You reviewed the statements described in paragraph 18 of the Complaint within 60 days after those statements were Published.

**RESPONSE TO REQUEST NO. 60**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times. Plaintiff

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    68
Case No. 3:22-cv-05240-RFL

1  further objects to the relevance of this Request to the extent it is an improper attempt to create artificial

2  timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is

3  whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them 60 days

4  after publication.

5      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

6  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

7  sources published at multiple times, and it cannot be determined from the Request which specific

8  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

9  time. Without specificity regarding which particular statements among the numerous statements made

10  by both Musk and Tesla referenced in paragraph 18 of the Complaint this Request addresses, Plaintiff

11  cannot reasonably formulate a definitive response without engaging in unwarranted speculation as to

12  the intended scope of the Request.

13  **REQUEST NO. 61**

14      Admit that You reviewed the statements described in paragraph 19 of the Complaint within 60

15  days after those statements were Published.

16  **RESPONSE TO REQUEST NO. 61**

17      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

18  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

19  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

20  as it refers to multiple distinct statements from multiple sources published at multiple times. Plaintiff

21  further objects to the relevance of this Request to the extent it is an improper attempt to create artificial

22  timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is

23  whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them 60 days

24  after publication.

25      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

26  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

27  sources published at multiple times, and it cannot be determined from the Request which specific

28  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1   time. Without specificity regarding which particular statements among the numerous statements made

2   by both Musk and Tesla referenced in paragraph 19 of the Complaint this Request addresses, Plaintiff

3   cannot reasonably formulate a definitive response without engaging in unwarranted speculation as to

4   the intended scope of the Request.

5   **REQUEST NO. 62**

6       Admit that You reviewed the statements described in paragraph 43 (and footnote 12) of the

7   Complaint within 60 days after those statements were Published.

8   **RESPONSE TO REQUEST NO. 62**

9       Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

10  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

11  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

12  as it refers to multiple distinct statements from multiple sources published at multiple times across two

13  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

14  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

15  certain statements, when the material issue is whether Tesla made false or misleading statements, not

16  whether or not Plaintiff reviewed them 60 days after publication.

17      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

18  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

19  sources published at multiple times, and it cannot be determined from the Request which specific

20  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

21  time. Without specificity as to which particular statements among the numerous references in paragraph

22  43 and footnote 12 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

23  definitive response without engaging in unwarranted speculation as to the intended scope of the

24  Request.

25  **REQUEST NO. 63**

26      Admit that You reviewed the statements described in paragraph 44 (and footnotes 13 and 14)

27  of the Complaint within 60 days after those statements were Published.

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    70
Case No. 3:22-cv-05240-RFL

**RESPONSE TO REQUEST NO. 63**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across three separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them 60 days after publication.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple sources published at multiple times, and it cannot be determined from the Request which specific statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this time. Without specificity as to which particular statements among the numerous references in paragraph 44, footnote 13, and footnote 14 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a definitive response without engaging in unwarranted speculation as to the intended scope of the Request.

**REQUEST NO. 64**

Admit that You reviewed the statements described in paragraph 45 (and footnote 15) of the Complaint within 60 days after those statements were Published.

**RESPONSE TO REQUEST NO. 64**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across two separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is whether Tesla made false or misleading statements, not

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1  whether or not Plaintiff reviewed them 60 days after publication.

2  Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

3  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

4  sources published at multiple times, and it cannot be determined from the Request which specific

5  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

6  time. Without specificity as to which particular statements among the numerous references in paragraph

7  45 and footnote 15 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

8  definitive response without engaging in unwarranted speculation as to the intended scope of the

9  Request.

10  **REQUEST NO. 65**

11  Admit that You reviewed the statements described in paragraph 46 (and footnote 16) of the

12  Complaint within 60 days after those statements were Published.

13  **RESPONSE TO REQUEST NO. 65**

14  Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

15  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

16  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

17  as it refers to multiple distinct statements from multiple sources published at multiple times across two

18  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

19  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

20  certain statements, when the material issue is whether Tesla made false or misleading statements, not

21  whether or not Plaintiff reviewed them 60 days after publication.

22  Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

23  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

24  sources published at multiple times, and it cannot be determined from the Request which specific

25  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

26  time. Without specificity as to which particular statements among the numerous references in paragraph

27  46 and footnote 16 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

28  definitive response without engaging in unwarranted speculation as to the intended scope of the

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    72
Case No. 3:22-cv-05240-RFL

1    Request.

2    **REQUEST NO. 66**

3        Admit that You reviewed the statements described in paragraph 48 (and footnote 18) of the

4    Complaint within 60 days after those statements were Published.

5    **RESPONSE TO REQUEST NO. 66**

6        Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

7    objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

8    "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

9    as it refers to multiple distinct statements from multiple sources published at multiple times across two

10   separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

11   it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

12   certain statements, when the material issue is whether Tesla made false or misleading statements, not

13   whether or not Plaintiff reviewed them 60 days after publication.

14       Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

15   unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

16   sources published at multiple times, and it cannot be determined from the Request which specific

17   statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

18   time. Without specificity as to which particular statements among the numerous references in paragraph

19   48 and footnote 18 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

20   definitive response without engaging in unwarranted speculation as to the intended scope of the

21   Request.

22   **REQUEST NO. 67**

23       Admit that You reviewed the statements described in paragraph 49 (and footnotes 20 and 21)

24   of the Complaint within 60 days after those statements were Published.

25   **RESPONSE TO REQUEST NO. 67**

26       Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

27   objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

28   "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    73
Case No. 3:22-cv-05240-RFL

1    as it refers to multiple distinct statements from multiple sources published at multiple times across three

2    separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

3    it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

4    certain statements, when the material issue is whether Tesla made false or misleading statements, not

5    whether or not Plaintiff reviewed them 60 days after publication.

6         Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

7    unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

8    sources published at multiple times, and it cannot be determined from the Request which specific

9    statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

10   time. Without specificity as to which particular statements among the numerous references in paragraph

11   49, footnote 20, and footnote 21 of the Complaint this Request pertains to, Plaintiff cannot reasonably

12   formulate a definitive response without engaging in unwarranted speculation as to the intended scope

13   of the Request.

14   **REQUEST NO. 68**

15        Admit that You reviewed the statements described in paragraph 50 (and footnote 22) of the

16   Complaint within 60 days after those statements were Published.

17   **RESPONSE TO REQUEST NO. 68**

18        Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

19   objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

20   "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

21   as it refers to multiple distinct statements from multiple sources published at multiple times across two

22   separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

23   it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

24   certain statements, when the material issue is whether Tesla made false or misleading statements, not

25   whether or not Plaintiff reviewed them 60 days after publication.

26        Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

27   unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

28   sources published at multiple times, and it cannot be determined from the Request which specific

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)     74
Case No. 3:22-cv-05240-RFL

1  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

2  time. Without specificity as to which particular statements among the numerous references in paragraph

3  50 and footnote 22 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

4  definitive response without engaging in unwarranted speculation as to the intended scope of the

5  Request.

6  **REQUEST NO. 69**

7      Admit that You reviewed the statements described in paragraph 51 (and footnote 23) of the

8  Complaint within 60 days after those statements were Published.

9  **RESPONSE TO REQUEST NO. 69**

10      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

11  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

12  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

13  as it refers to multiple distinct statements from multiple sources published at multiple times across two

14  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

15  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

16  certain statements, when the material issue is whether Tesla made false or misleading statements, not

17  whether or not Plaintiff reviewed them 60 days after publication.

18      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

19  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

20  sources published at multiple times, and it cannot be determined from the Request which specific

21  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

22  time. Without specificity as to which particular statements among the numerous references in paragraph

23  53 and footnote 23 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

24  definitive response without engaging in unwarranted speculation as to the intended scope of the

25  Request.

26  **REQUEST NO. 70**

27      Admit that You reviewed the statements described in paragraph 52 (and footnote 24) of the

28  Complaint within 60 days after those statements were Published.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    75
Case No. 3:22-cv-05240-RFL

1

**RESPONSE TO REQUEST NO. 70**

2

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

3

objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

4

"statements described." Plaintiffs further object to "statements described" as impermissibly compound,

5

as it refers to multiple distinct statements from multiple sources published at multiple times across two

6

separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

7

it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

8

certain statements, when the material issue is whether Tesla made false or misleading statements, not

9

whether or not Plaintiff reviewed them 60 days after publication.

10

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

11

unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

12

sources published at multiple times, and it cannot be determined from the Request which specific

13

statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

14

time. Without specificity as to which particular statements among the numerous references in paragraph

15

52 and footnote 24 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

16

definitive response without engaging in unwarranted speculation as to the intended scope of the

17

Request.

18

**REQUEST NO. 71**

19

Admit that You reviewed the statements described in paragraph 53 (and footnote 25) of the

20

Complaint within 60 days after those statements were Published.

21

**RESPONSE TO REQUEST NO. 71**

22

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

23

objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

24

"statements described." Plaintiffs further object to "statements described" as impermissibly compound,

25

as it refers to multiple distinct statements from multiple sources published at multiple times across two

26

separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

27

it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

28

certain statements, when the material issue is whether Tesla made false or misleading statements, not

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)     76
Case No. 3:22-cv-05240-RFL

1   whether or not Plaintiff reviewed them 60 days after publication.

2          Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

3   unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

4   sources published at multiple times, and it cannot be determined from the Request which specific

5   statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

6   time. Without specificity as to which particular statements among the numerous references in paragraph

7   53 and footnote 25 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

8   definitive response without engaging in unwarranted speculation as to the intended scope of the

9   Request.

10  **REQUEST NO. 72**

11         Admit that You reviewed the statements described in paragraph 57 (and footnote 29) of the

12  Complaint within 60 days after those statements were Published.

13  **RESPONSE TO REQUEST NO. 72**

14         Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

15  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

16  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

17  as it refers to multiple distinct statements from multiple sources published at multiple times across two

18  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

19  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

20  certain statements, when the material issue is whether Tesla made false or misleading statements, not

21  whether or not Plaintiff reviewed them 60 days after publication.

22         Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

23  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

24  sources published at multiple times, and it cannot be determined from the Request which specific

25  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

26  time. Without specificity as to which particular statements among the numerous references in paragraph

27  57 and footnote 29 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

28  definitive response without engaging in unwarranted speculation as to the intended scope of the

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    77
Case No. 3:22-cv-05240-RFL

1  Request.

2  **REQUEST NO. 73**

3  Admit that You reviewed the statements described in paragraph 58 (and footnote 30) of the

4  Complaint within 60 days after those statements were Published.

5  **RESPONSE TO REQUEST NO. 73**

6  Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

7  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

8  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

9  as it refers to multiple distinct statements from multiple sources published at multiple times across two

10  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

11  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

12  certain statements, when the material issue is whether Tesla made false or misleading statements, not

13  whether or not Plaintiff reviewed them 60 days after publication.

14  Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

15  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

16  sources published at multiple times, and it cannot be determined from the Request which specific

17  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

18  time. Without specificity as to which particular statements among the numerous references in paragraph

19  58 and footnote 30 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

20  definitive response without engaging in unwarranted speculation as to the intended scope of the

21  Request.

22  **REQUEST NO. 74**

23  Admit that You reviewed the statements described in paragraph 59 (and footnotes 31 and 32)

24  of the Complaint within 60 days after those statements were Published.

25  **RESPONSE TO REQUEST NO. 74**

26  Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

27  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

28  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)     78
Case No. 3:22-cv-05240-RFL

1   as it refers to multiple distinct statements from multiple sources published at multiple times across three

2   separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

3   it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

4   certain statements, when the material issue is whether Tesla made false or misleading statements, not

5   whether or not Plaintiff reviewed them 60 days after publication.

6          Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

7   unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

8   sources published at multiple times, and it cannot be determined from the Request which specific

9   statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

10  time. Without specificity as to which particular statements among the numerous references in paragraph

11  59, footnote 31, and footnote 32 of the Complaint this Request pertains to, Plaintiff cannot reasonably

12  formulate a definitive response without engaging in unwarranted speculation as to the intended scope

13  of the Request.

14  **REQUEST NO. 75**

15         Admit that You reviewed the statements described in paragraph 59(a) (and footnotes 33,

16  34, 35, and 36) of the Complaint within 60 days after those statements were Published.

17  **RESPONSE TO REQUEST NO. 75**

18         Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

19  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

20  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

21  as it refers to multiple distinct statements from multiple sources published at multiple times across five

22  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

23  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

24  certain statements, when the material issue is whether Tesla made false or misleading statements, not

25  whether or not Plaintiff reviewed them 60 days after publication.

26         Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

27  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

28  sources published at multiple times, and it cannot be determined from the Request which specific

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)   79
Case No. 3:22-cv-05240-RFL

1  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

2  time. Without specificity as to which particular statements among the numerous references in paragraph

3  59(a), footnote 33, footnote 34, footnote 35, and footnote 36 of the Complaint this Request pertains to,

4  Plaintiff cannot reasonably formulate a definitive response without engaging in unwarranted

5  speculation as to the intended scope of the Request.

6  **REQUEST NO. 76**

7      Admit that You reviewed the statements described in paragraph 59(b) (and footnote 37) of the

8  Complaint within 60 days after those statements were Published.

9  **RESPONSE TO REQUEST NO. 76**

10      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

11  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

12  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

13  as it refers to multiple distinct statements from multiple sources published at multiple times across two

14  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

15  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

16  certain statements, when the material issue is whether Tesla made false or misleading statements, not

17  whether or not Plaintiff reviewed them 60 days after publication.

18      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

19  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

20  sources published at multiple times, and it cannot be determined from the Request which specific

21  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

22  time. Without specificity as to which particular statements among the numerous references in paragraph

23  59(b) and footnote 37 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate

24  a definitive response without engaging in unwarranted speculation as to the intended scope of the

25  Request.

26  **REQUEST NO. 77**

27      Admit that You reviewed the statements described in paragraph 60(a) (and footnote 38) of the

28  Complaint within 60 days after those statements were Published.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)     80
Case No. 3:22-cv-05240-RFL

**RESPONSE TO REQUEST NO. 77**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across two separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them 60 days after publication.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple sources published at multiple times, and it cannot be determined from the Request which specific statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this time. Without specificity as to which particular statements among the numerous references in paragraph 60(a) and footnote 38 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a definitive response without engaging in unwarranted speculation as to the intended scope of the Request.

**REQUEST NO. 78**

Admit that You reviewed the statements described in paragraph 60(b) (and footnote 39) of the Complaint within 60 days after those statements were Published.

**RESPONSE TO REQUEST NO. 78**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across two separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is whether Tesla made false or misleading statements, not

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    81
Case No. 3:22-cv-05240-RFL

1    whether or not Plaintiff reviewed them 60 days after publication.

2          Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

3    unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

4    sources published at multiple times, and it cannot be determined from the Request which specific

5    statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

6    time. Without specificity as to which particular statements among the numerous references in paragraph

7    60(b) and footnote 39 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate

8    a definitive response without engaging in unwarranted speculation as to the intended scope of the

9    Request.

10   **REQUEST NO. 79**

11         Admit that You reviewed the statements described in paragraph 60(c) (and footnote 40) of the

12   Complaint within 60 days after those statements were Published.

13   **RESPONSE TO REQUEST NO. 79**

14         Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

15   objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

16   "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

17   as it refers to multiple distinct statements from multiple sources published at multiple times across two

18   separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

19   it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

20   certain statements, when the material issue is whether Tesla made false or misleading statements, not

21   whether or not Plaintiff reviewed them 60 days after publication.

22         Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

23   unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

24   sources published at multiple times, and it cannot be determined from the Request which specific

25   statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

26   time. Without specificity as to which particular statements among the numerous references in paragraph

27   60(c) and footnote 40 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate

28   a definitive response without engaging in unwarranted speculation as to the intended scope of the

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    82
Case No. 3:22-cv-05240-RFL

1  Request.

2  **REQUEST NO. 80**

3  Admit that You reviewed the statements described in paragraph 61 (and footnotes 41 and 42)

4  of the Complaint within 60 days after those statements were Published.

5  **RESPONSE TO REQUEST NO. 80**

6  Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

7  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

8  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

9  as it refers to multiple distinct statements from multiple sources published at multiple times across three

10  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

11  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

12  certain statements, when the material issue is whether Tesla made false or misleading statements, not

13  whether or not Plaintiff reviewed them 60 days after publication.

14  Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

15  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

16  sources published at multiple times, and it cannot be determined from the Request which specific

17  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

18  time. Without specificity as to which particular statements among the numerous references in paragraph

19  61, footnote 41, and footnote 42 of the Complaint this Request pertains to, Plaintiff cannot reasonably

20  formulate a definitive response without engaging in unwarranted speculation as to the intended scope

21  of the Request.

22  **REQUEST NO. 81**

23  Admit that You reviewed the statements described in paragraph 62 (and footnote 43) of the

24  Complaint within 60 days after those statements were Published.

25  **RESPONSE TO REQUEST NO. 81**

26  Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

27  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

28  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    83
Case No. 3:22-cv-05240-RFL

1   as it refers to multiple distinct statements from multiple sources published at multiple times across two

2   separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

3   it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

4   certain statements, when the material issue is whether Tesla made false or misleading statements, not

5   whether or not Plaintiff reviewed them 60 days after publication.

6          Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

7   unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

8   sources published at multiple times, and it cannot be determined from the Request which specific

9   statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

10  time. Without specificity as to which particular statements among the numerous references in paragraph

11  62 and footnote 43 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

12  definitive response without engaging in unwarranted speculation as to the intended scope of the

13  Request.

14  **REQUEST NO. 82**

15         Admit that You reviewed the statements described in paragraph 63 (and footnote 44) of the

16  Complaint within 60 days after those statements were Published.

17  **RESPONSE TO REQUEST NO. 82**

18         Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

19  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

20  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

21  as it refers to multiple distinct statements from multiple sources published at multiple times across two

22  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

23  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

24  certain statements, when the material issue is whether Tesla made false or misleading statements, not

25  whether or not Plaintiff reviewed them 60 days after publication.

26         Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

27  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

28  sources published at multiple times, and it cannot be determined from the Request which specific

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)     84
Case No. 3:22-cv-05240-RFL

1  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

2  time. Without specificity as to which particular statements among the numerous references in paragraph

3  63 and footnote 44 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

4  definitive response without engaging in unwarranted speculation as to the intended scope of the

5  Request.

6  **REQUEST NO. 83**

7      Admit that You reviewed the statements described in paragraph 64 (and footnote 45) of the

8  Complaint within 60 days after those statements were Published.

9  **RESPONSE TO REQUEST NO. 83**

10      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

11  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

12  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

13  as it refers to multiple distinct statements from multiple sources published at multiple times across two

14  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

15  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

16  certain statements, when the material issue is whether Tesla made false or misleading statements, not

17  whether or not Plaintiff reviewed them 60 days after publication.

18      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

19  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

20  sources published at multiple times, and it cannot be determined from the Request which specific

21  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

22  time. Without specificity as to which particular statements among the numerous references in paragraph

23  64 and footnote 45 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

24  definitive response without engaging in unwarranted speculation as to the intended scope of the

25  Request.

26  **REQUEST NO. 84**

27      Admit that You reviewed the statements described in paragraph 65 (and footnote 46) of the

28  Complaint within 60 days after those statements were Published.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    85
Case No. 3:22-cv-05240-RFL

**RESPONSE TO REQUEST NO. 84**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across two separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them 60 days after publication.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple sources published at multiple times, and it cannot be determined from the Request which specific statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this time. Without specificity as to which particular statements among the numerous references in paragraph 65 and footnote 46 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a definitive response without engaging in unwarranted speculation as to the intended scope of the Request.

**REQUEST NO. 85**

Admit that You reviewed the statements described in paragraph 66 (and footnote 47) of the Complaint within 60 days after those statements were Published.

**RESPONSE TO REQUEST NO. 85**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across two separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is whether Tesla made false or misleading statements, not

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)
Case No. 3:22-cv-05240-RFL

86

1    whether or not Plaintiff reviewed them 60 days after publication.

2         Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

3    unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

4    sources published at multiple times, and it cannot be determined from the Request which specific

5    statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

6    time. Without specificity as to which particular statements among the numerous references in paragraph

7    66 and footnote 47 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

8    definitive response without engaging in unwarranted speculation as to the intended scope of the

9    Request.

10   **REQUEST NO. 86**

11        Admit that You reviewed the statements described in paragraph 67 (and footnote 48) of the

12   Complaint within 60 days after those statements were Published.

13   **RESPONSE TO REQUEST NO. 86**

14        Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

15   objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

16   "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

17   as it refers to multiple distinct statements from multiple sources published at multiple times across two

18   separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

19   it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

20   certain statements, when the material issue is whether Tesla made false or misleading statements, not

21   whether or not Plaintiff reviewed them 60 days after publication.

22        Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

23   unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

24   sources published at multiple times, and it cannot be determined from the Request which specific

25   statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

26   time. Without specificity as to which particular statements among the numerous references in paragraph

27   67 and footnote 48 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

28   definitive response without engaging in unwarranted speculation as to the intended scope of the

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    87
Case No. 3:22-cv-05240-RFL

1  Request.

2  **REQUEST NO. 87**

3    Admit that You reviewed the statements described in paragraph 70 (and footnote 49) of the

4  Complaint within 60 days after those statements were Published.

5  **RESPONSE TO REQUEST NO. 87**

6    Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

7  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

8  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

9  as it refers to multiple distinct statements from multiple sources published at multiple times across two

10  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

11  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

12  certain statements, when the material issue is whether Tesla made false or misleading statements, not

13  whether or not Plaintiff reviewed them 60 days after publication.

14    Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

15  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

16  sources published at multiple times, and it cannot be determined from the Request which specific

17  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

18  time. Without specificity as to which particular statements among the numerous references in paragraph

19  70 and footnote 49 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

20  definitive response without engaging in unwarranted speculation as to the intended scope of the

21  Request.

22  **REQUEST NO. 88**

23    Admit that You reviewed the statements described in paragraph 72 (and footnotes 50 and 51)

24  of the Complaint within 60 days after those statements were Published.

25  **RESPONSE TO REQUEST NO. 88**

26    Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

27  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

28  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    88
Case No. 3:22-cv-05240-RFL

1   as it refers to multiple distinct statements from multiple sources published at multiple times across three

2   separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

3   it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

4   certain statements, when the material issue is whether Tesla made false or misleading statements, not

5   whether or not Plaintiff reviewed them 60 days after publication.

6       Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

7   unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

8   sources published at multiple times, and it cannot be determined from the Request which specific

9   statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

10  time. Without specificity as to which particular statements among the numerous references in paragraph

11  72, footnote 50, and footnote 51 of the Complaint this Request pertains to, Plaintiff cannot reasonably

12  formulate a definitive response without engaging in unwarranted speculation as to the intended scope

13  of the Request.

14  **REQUEST NO. 89**

15      Admit that You reviewed the statements described in paragraph 75 (and footnote 53) of the

16  Complaint within 60 days after those statements were Published.

17  **RESPONSE TO REQUEST NO. 89**

18      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

19  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

20  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

21  as it refers to multiple distinct statements from multiple sources published at multiple times across two

22  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

23  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

24  certain statements, when the material issue is whether Tesla made false or misleading statements, not

25  whether or not Plaintiff reviewed them 60 days after publication.

26      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

27  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

28  sources published at multiple times, and it cannot be determined from the Request which specific

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    89
Case No. 3:22-cv-05240-RFL

statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this time. Without specificity as to which particular statements among the numerous references in paragraph 75 and footnote 53 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a definitive response without engaging in unwarranted speculation as to the intended scope of the Request.

**REQUEST NO. 90**

Admit that You reviewed the statements described in paragraph 76 (and footnote 54) of the Complaint within 60 days after those statements were Published.

**RESPONSE TO REQUEST NO. 90**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across two separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them 60 days after publication.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple sources published at multiple times, and it cannot be determined from the Request which specific statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this time. Without specificity as to which particular statements among the numerous references in paragraph 76 and footnote 54 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a definitive response without engaging in unwarranted speculation as to the intended scope of the Request.

**REQUEST NO. 91**

Admit that You reviewed the statements described in paragraph 77 (and footnote 55) of the Complaint within 60 days after those statements were Published.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1

**RESPONSE TO REQUEST NO. 91**

2       Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

3   objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

4   "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

5   as it refers to multiple distinct statements from multiple sources published at multiple times across two

6   separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

7   it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

8   certain statements, when the material issue is whether Tesla made false or misleading statements, not

9   whether or not Plaintiff reviewed them 60 days after publication.

10      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

11  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

12  sources published at multiple times, and it cannot be determined from the Request which specific

13  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

14  time. Without specificity as to which particular statements among the numerous references in paragraph

15  77 and footnote 55 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

16  definitive response without engaging in unwarranted speculation as to the intended scope of the

17  Request.

18  **REQUEST NO. 92**

19      Admit that You reviewed the statements described in paragraph 78 of the Complaint within 60

20  days after those statements were Published.

21  **RESPONSE TO REQUEST NO. 92**

22      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

23  objects to this Request as vague and ambiguous, particularly with respect to the phrase "reviewed."

24  Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create

25  artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material

26  issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them

27  60 days after publication.

28      Subject to and without waiving the foregoing General and Specific Objections, a reasonable

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    91
Case No. 3:22-cv-05240-RFL

1  inquiry concerning the matter has been made. Plaintiff is unable to admit or deny the Request at this

2  time because he cannot recall when he reviewed the statements described in paragraph 78 of the

3  Complaint. Accordingly, Plaintiff lacks sufficient information to admit or deny this Request.

4  **REQUEST NO. 93**

5      Admit that You reviewed the statements described in paragraph 80 (and footnote 56) of the

6  Complaint within 60 days after those statements were Published.

7  **RESPONSE TO REQUEST NO. 93**

8      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

9  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

10 "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

11 as it refers to multiple distinct statements from multiple sources published at multiple times across two

12 separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

13 it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

14 certain statements, when the material issue is whether Tesla made false or misleading statements, not

15 whether or not Plaintiff reviewed them 60 days after publication.

16      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

17 unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

18 sources published at multiple times, and it cannot be determined from the Request which specific

19 statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

20 time. Without specificity as to which particular statements among the numerous references in paragraph

21 80 and footnote 56 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

22 definitive response without engaging in unwarranted speculation as to the intended scope of the

23 Request.

24 **REQUEST NO. 94**

25      Admit that You reviewed the statements described in paragraph 81 (and footnotes 57, 58, 59,

26 and 60) of the Complaint within 60 days after those statements were Published.

27 **RESPONSE TO REQUEST NO. 94**

28      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    92
Case No. 3:22-cv-05240-RFL

1  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

2  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

3  as it refers to multiple distinct statements from multiple sources published at multiple times across five

4  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

5  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

6  certain statements, when the material issue is whether Tesla made false or misleading statements, not

7  whether or not Plaintiff reviewed them 60 days after publication.

8       Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

9  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

10 sources published at multiple times, and it cannot be determined from the Request which specific

11 statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

12 time. Without specificity as to which particular statements among the numerous references in paragraph

13 81, footnote 57, footnote 58, footnote 59, and footnote 60 of the Complaint this Request pertains to,

14 Plaintiff cannot reasonably formulate a definitive response without engaging in unwarranted

15 speculation as to the intended scope of the Request.

16 **REQUEST NO. 95**

17      Admit that You reviewed the statements described in paragraph 82 (and footnote 61) of the

18 Complaint within 60 days after those statements were Published.

19 **RESPONSE TO REQUEST NO. 95**

20      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

21 objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

22 "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

23 as it refers to multiple distinct statements from multiple sources published at multiple times across two

24 separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

25 it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

26 certain statements, when the material issue is whether Tesla made false or misleading statements, not

27 whether or not Plaintiff reviewed them 60 days after publication.

28      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    93
Case No. 3:22-cv-05240-RFL

1  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

2  sources published at multiple times, and it cannot be determined from the Request which specific

3  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

4  time. Without specificity as to which particular statements among the numerous references in paragraph

5  82 and footnote 60 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

6  definitive response without engaging in unwarranted speculation as to the intended scope of the

7  Request.

8  **REQUEST NO. 96**

9      Admit that You reviewed the statements described in paragraph 87 (and footnotes 65 and 66)

10 of the Complaint within 60 days after those statements were Published.

11 **RESPONSE TO REQUEST NO. 96**

12     Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

13 objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

14 "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

15 as it refers to multiple distinct statements from multiple sources published at multiple times across three

16 separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

17 it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

18 certain statements, when the material issue is whether Tesla made false or misleading statements, not

19 whether or not Plaintiff reviewed them 60 days after publication.

20     Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

21 unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

22 sources published at multiple times, and it cannot be determined from the Request which specific

23 statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

24 time. Without specificity as to which particular statements among the numerous references in paragraph

25 87, footnote 65, and footnote 66 of the Complaint this Request pertains to, Plaintiff cannot reasonably

26 formulate a definitive response without engaging in unwarranted speculation as to the intended scope

27 of the Request.

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    94
Case No. 3:22-cv-05240-RFL

**REQUEST NO. 97**

Admit that You reviewed the statements described in paragraph 88 (and footnote 67) of the Complaint within 60 days after those statements were Published.

**RESPONSE TO REQUEST NO. 97**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across two separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them 60 days after publication.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple sources published at multiple times, and it cannot be determined from the Request which specific statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this time. Without specificity as to which particular statements among the numerous references in paragraph 88 and footnote 67 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a definitive response without engaging in unwarranted speculation as to the intended scope of the Request.

**REQUEST NO. 98**

Admit that You reviewed the statements described in paragraph 96 (and footnote 73) of the Complaint within 60 days after those statements were Published.

**RESPONSE TO REQUEST NO. 98**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across two

1  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

2  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

3  certain statements, when the material issue is whether Tesla made false or misleading statements, not

4  whether or not Plaintiff reviewed them 60 days after publication.

5      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

6  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

7  sources published at multiple times, and it cannot be determined from the Request which specific

8  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

9  time. Without specificity as to which particular statements among the numerous references in paragraph

10  96 and footnote 73 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

11  definitive response without engaging in unwarranted speculation as to the intended scope of the

12  Request.

13  **REQUEST NO. 99**

14      Admit that You reviewed the statements described in paragraph 97 (and footnote 74) of the

15  Complaint within 60 days after those statements were Published.

16  **RESPONSE TO REQUEST NO. 99**

17      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

18  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

19  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

20  as it refers to multiple distinct statements from multiple sources published at multiple times across two

21  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

22  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

23  certain statements, when the material issue is whether Tesla made false or misleading statements, not

24  whether or not Plaintiff reviewed them 60 days after publication.

25      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

26  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

27  sources published at multiple times, and it cannot be determined from the Request which specific

28  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1  time. Without specificity as to which particular statements among the numerous references in paragraph

2  97 and footnote 74 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

3  definitive response without engaging in unwarranted speculation as to the intended scope of the

4  Request.

5  **REQUEST NO. 100**

6       Admit that You reviewed the statements described in paragraph 99 (and footnote 77) of the

7  Complaint within 60 days after those statements were Published.

8  **RESPONSE TO REQUEST NO. 100**

9       Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

10  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

11  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

12  as it refers to multiple distinct statements from multiple sources published at multiple times across two

13  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

14  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

15  certain statements, when the material issue is whether Tesla made false or misleading statements, not

16  whether or not Plaintiff reviewed them 60 days after publication.

17       Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

18  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

19  sources published at multiple times, and it cannot be determined from the Request which specific

20  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

21  time. Without specificity as to which particular statements among the numerous references in paragraph

22  99 and footnote 77 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

23  definitive response without engaging in unwarranted speculation as to the intended scope of the

24  Request.

25  **REQUEST NO. 101**

26       Admit that You reviewed the statements described in paragraph 100 (and footnotes 78 and 79)

27  of the Complaint within 60 days after those statements were Published.

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    97
Case No. 3:22-cv-05240-RFL

**RESPONSE TO REQUEST NO. 101**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across three separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them 60 days after publication.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple sources published at multiple times, and it cannot be determined from the Request which specific statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this time. Without specificity as to which particular statements among the numerous references in paragraph 100, footnote 78, and footnote 79 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a definitive response without engaging in unwarranted speculation as to the intended scope of the Request.

**REQUEST NO. 102**

Admit that You reviewed the statements described in paragraph 103 (and footnote 82) of the Complaint within 60 days after those statements were Published.

**RESPONSE TO REQUEST NO. 102**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across two separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is whether Tesla made false or misleading statements, not

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1    whether or not Plaintiff reviewed them 60 days after publication.

2         Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

3    unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

4    sources published at multiple times, and it cannot be determined from the Request which specific

5    statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

6    time. Without specificity as to which particular statements among the numerous references in paragraph

7    103 and footnote 82 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

8    definitive response without engaging in unwarranted speculation as to the intended scope of the

9    Request.

10   **REQUEST NO. 103**

11        Admit that You reviewed the statements described in paragraph 108 of the Complaint within 60

12   days after those statements were Published.

13   **RESPONSE TO REQUEST NO. 103**

14        Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

15   objects to this Request as vague and ambiguous, particularly with respect to the phrase "reviewed."

16   Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create

17   artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material

18   issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them

19   60 days after publication.

20        Subject to and without waiving the foregoing General and Specific Objections, Plaintiff

21   responds as follows: Admitted.

22   **REQUEST NO. 104**

23        Admit that You reviewed the statements described in paragraph 119 (and footnote 93) of the

24   Complaint within 60 days after those statements were Published.

25   **RESPONSE TO REQUEST NO. 104**

26        Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

27   objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

28   "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    99
Case No. 3:22-cv-05240-RFL

1  as it refers to multiple distinct statements from multiple sources published at multiple times across two

2  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

3  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

4  certain statements, when the material issue is whether Tesla made false or misleading statements, not

5  whether or not Plaintiff reviewed them 60 days after publication.

6      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

7  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

8  sources published at multiple times, and it cannot be determined from the Request which specific

9  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

10  time. Without specificity as to which particular statements among the numerous references in paragraph

11  119 and footnote 93 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

12  definitive response without engaging in unwarranted speculation as to the intended scope of the

13  Request.

14  **REQUEST NO. 105**

15      Admit that You reviewed the statements described in paragraph 120 of the Complaint within 60

16  days after those statements were Published.

17  **RESPONSE TO REQUEST NO. 105**

18      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

19  objects to this Request as vague and ambiguous, particularly with respect to the phrase "reviewed."

20  Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create

21  artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material

22  issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them

23  60 days after publication.

24      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff

25  responds as follows: Admitted.

26  **REQUEST NO. 106**

27      Admit that You reviewed the statements described in paragraph 122 of the Complaint within 60

28  days after those statements were Published.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    100
Case No. 3:22-cv-05240-RFL

1    objects to this Request as vague and ambiguous, particularly with respect to the phrase "reviewed."

2    Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create

3    artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material

4    issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them

5    60 days after publication.

6          Subject to and without waiving the foregoing General and Specific Objections, Plaintiff

7    responds as follows: Admitted.

8    **REQUEST NO. 109**

9          Admit that You reviewed the statements described in paragraph 128 (and footnote 97) of the

10   Complaint within 60 days after those statements were Published.

11   **RESPONSE TO REQUEST NO. 109**

12         Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

13   objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

14   "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

15   as it refers to multiple distinct statements from multiple sources published at multiple times across two

16   separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

17   it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

18   certain statements, when the material issue is whether Tesla made false or misleading statements, not

19   whether or not Plaintiff reviewed them 60 days after publication.

20         Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

21   unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

22   sources published at multiple times, and it cannot be determined from the Request which specific

23   statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

24   time. Without specificity as to which particular statements among the numerous references in paragraph

25   128 and footnote 97 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

26   definitive response without engaging in unwarranted speculation as to the intended scope of the

27   Request.

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    102
Case No. 3:22-cv-05240-RFL

1

**REQUEST NO. 110**

2

Admit that You reviewed the statements described in paragraph 130 (and footnote 98) of the

3

Complaint within 60 days after those statements were Published.

4

**RESPONSE TO REQUEST NO. 110**

5

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

6

objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

7

"statements described." Plaintiffs further object to "statements described" as impermissibly compound,

8

as it refers to multiple distinct statements from multiple sources published at multiple times across two

9

separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

10

it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

11

certain statements, when the material issue is whether Tesla made false or misleading statements, not

12

whether or not Plaintiff reviewed them 60 days after publication.

13

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

14

unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

15

sources published at multiple times, and it cannot be determined from the Request which specific

16

statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

17

time. Without specificity as to which particular statements among the numerous references in paragraph

18

130 and footnote 98 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

19

definitive response without engaging in unwarranted speculation as to the intended scope of the

20

Request.

21

**REQUEST NO. 111**

22

Admit that You reviewed the statements described in paragraph 131 (and footnote 99) of

23

the Complaint within 60 days after those statements were Published.

24

**RESPONSE TO REQUEST NO. 111**

25

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

26

objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

27

"statements described." Plaintiffs further object to "statements described" as impermissibly compound,

28

as it refers to multiple distinct statements from multiple sources published at multiple times across two

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

2  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

3  certain statements, when the material issue is whether Tesla made false or misleading statements, not

4  whether or not Plaintiff reviewed them 60 days after publication.

5      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

6  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

7  sources published at multiple times, and it cannot be determined from the Request which specific

8  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

9  time. Without specificity as to which particular statements among the numerous references in paragraph

10  131 and footnote 99 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a

11  definitive response without engaging in unwarranted speculation as to the intended scope of the

12  Request.

13  **REQUEST NO. 112**

14      Admit that You reviewed the statements described in paragraph 132 (and footnote 100) of the

15  Complaint within 60 days after those statements were Published.

16  **RESPONSE TO REQUEST NO. 112**

17      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

18  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

19  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

20  as it refers to multiple distinct statements from multiple sources published at multiple times across two

21  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

22  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

23  certain statements, when the material issue is whether Tesla made false or misleading statements, not

24  whether or not Plaintiff reviewed them 60 days after publication.

25      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

26  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

27  sources published at multiple times, and it cannot be determined from the Request which specific

28  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

1  time. Without specificity as to which particular statements among the numerous references in paragraph

2  132 and footnote 100 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate

3  a definitive response without engaging in unwarranted speculation as to the intended scope of the

4  Request.

5  **REQUEST NO. 113**

6       Admit that You reviewed the statements described in paragraph 136 (and footnote 105) of the

7  Complaint within 60 days after those statements were Published.

8  **RESPONSE TO REQUEST NO. 113**

9       Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

10  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

11  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

12  as it refers to multiple distinct statements from multiple sources published at multiple times across two

13  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

14  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

15  certain statements, when the material issue is whether Tesla made false or misleading statements, not

16  whether or not Plaintiff reviewed them 60 days after publication.

17       Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

18  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

19  sources published at multiple times, and it cannot be determined from the Request which specific

20  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

21  time. Without specificity as to which particular statements among the numerous references in paragraph

22  136 and footnote 105 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate

23  a definitive response without engaging in unwarranted speculation as to the intended scope of the

24  Request.

25  **REQUEST NO. 114**

26       Admit that You reviewed the statements described in paragraph 141 (and footnote 114) of the

27  Complaint within 60 days after those statements were Published.

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    105
Case No. 3:22-cv-05240-RFL

1

**RESPONSE TO REQUEST NO. 114**

2          Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

3    objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

4    "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

5    as it refers to multiple distinct statements from multiple sources published at multiple times across two

6    separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

7    it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

8    certain statements, when the material issue is whether Tesla made false or misleading statements, not

9    whether or not Plaintiff reviewed them 60 days after publication.

10          Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

11    unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

12    sources published at multiple times, and it cannot be determined from the Request which specific

13    statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

14    time. Without specificity as to which particular statements among the numerous references in paragraph

15    141 and footnote 114 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate

16    a definitive response without engaging in unwarranted speculation as to the intended scope of the

17    Request.

18    **REQUEST NO. 115**

19          Admit that You reviewed the statements described in paragraph 158 (and footnote 128) of the

20    Complaint within 60 days after those statements were Published.

21    **RESPONSE TO REQUEST NO. 115**

22          Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

23    objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

24    "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

25    as it refers to multiple distinct statements from multiple sources published at multiple times across two

26    separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

27    it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

28    certain statements, when the material issue is whether Tesla made false or misleading statements, not

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    106
Case No. 3:22-cv-05240-RFL

1  whether or not Plaintiff reviewed them 60 days after publication.

2      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

3  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

4  sources published at multiple times, and it cannot be determined from the Request which specific

5  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

6  time. Without specificity as to which particular statements among the numerous references in paragraph

7  158 and footnote 128 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate

8  a definitive response without engaging in unwarranted speculation as to the intended scope of the

9  Request.

10 **REQUEST NO. 116**

11     Admit that You reviewed the statements described in paragraph 159 of the Complaint within 60

12 days after those statements were Published.

13 **RESPONSE TO REQUEST NO. 116**

14     Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

15 objects to this Request as vague and ambiguous, particularly with respect to the phrase "reviewed."

16 Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create

17 artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material

18 issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them

19 60 days after publication.

20     Subject to and without waiving the foregoing General and Specific Objections, Plaintiff

21 responds as follows: Admitted.

22 **REQUEST NO. 117**

23     Admit that You reviewed the statements described in paragraph 160 of the Complaint within 60

24 days after those statements were Published.

25 **RESPONSE TO REQUEST NO. 117**

26     Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

27 objects to this Request as vague and ambiguous, particularly with respect to the phrase "reviewed."

28 Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    107
Case No. 3:22-cv-05240-RFL

1   artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material

2   issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them

3   60 days after publication.

4       Subject to and without waiving the foregoing General and Specific Objections, Plaintiff

5   responds as follows: Admitted.

6   **REQUEST NO. 118**

7       Admit that You reviewed the statements described in paragraph 162 of the Complaint within 60

8   days after those statements were Published.

9   **RESPONSE TO REQUEST NO. 118**

10      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

11  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

12  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

13  as paragraph 162 references multiple newspapers (The Wall Street Journal, The New York Times, and

14  The San Francisco Chronicle) that Plaintiff read daily over a period of years, along with numerous

15  unspecified "statements" by both Tesla and Musk appearing in those publications at unidentified times,

16  resulting in potentially hundreds of different statements. Plaintiff further objects to the relevance of this

17  Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff

18  may have reviewed certain statements, when the material issue is whether Tesla made false or

19  misleading statements, not whether or not Plaintiff reviewed them 60 days after publication.

20      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

21  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

22  sources published at multiple times, and it cannot be determined from the Request which specific

23  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

24  time. Without specificity regarding which particular statements among the numerous publications and

25  representations referenced in paragraph 162 of the Complaint this Request addresses, Plaintiff cannot

26  reasonably formulate a definitive response without engaging in unwarranted speculation as to the

27  intended scope of the Request.

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)     108
Case No. 3:22-cv-05240-RFL

**REQUEST NO. 119**

Admit that You reviewed the statements described in paragraph 163 (and footnote 130) of the Complaint within 60 days after those statements were Published.

**RESPONSE TO REQUEST NO. 119**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across two separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them 60 days after publication.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple sources published at multiple times, and it cannot be determined from the Request which specific statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this time. Without specificity as to which particular statements among the numerous references in paragraph 163 and footnote 130 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate a definitive response without engaging in unwarranted speculation as to the intended scope of the Request.

**REQUEST NO. 120**

Admit that You reviewed the statements described in paragraph 164 (and footnote 131) of the Complaint within 60 days after those statements were Published.

**RESPONSE TO REQUEST NO. 120**

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and "statements described." Plaintiffs further object to "statements described" as impermissibly compound, as it refers to multiple distinct statements from multiple sources published at multiple times across two

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    109
Case No. 3:22-cv-05240-RFL

1  separate sections of the Complaint. Plaintiff further objects to the relevance of this Request to the extent

2  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

3  certain statements, when the material issue is whether Tesla made false or misleading statements, not

4  whether or not Plaintiff reviewed them 60 days after publication.

5  Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

6  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

7  sources published at multiple times, and it cannot be determined from the Request which specific

8  statements Plaintiff should respond to; therefore, Plaintiff is unable to admit or deny the Request at this

9  time. Without specificity as to which particular statements among the numerous references in paragraph

10  164 and footnote 131 of the Complaint this Request pertains to, Plaintiff cannot reasonably formulate

11  a definitive response without engaging in unwarranted speculation as to the intended scope of the

12  Request.

13  **REQUEST NO. 121**

14  Admit that You reviewed the statements described in paragraph 184 of the Complaint within 60

15  days after those statements were Published.

16  **RESPONSE TO REQUEST NO. 121**

17  Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

18  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

19  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

20  as paragraph 184 broadly references statements made in "numerous forums" including Tesla's blog and

21  website, Musk's Twitter account, earnings calls, investor statements, conferences, public events,

22  television, radio, podcasts, and "other publicly available media" across unspecified time periods.

23  Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create

24  artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material

25  issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them

26  60 days after publication.

27  Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

28  unable to admit or deny the Request at this time. Defendant refers to multiple statements from multiple

1    sources published at multiple times, and it cannot be determined from the Request to which specific

2    statements Plaintiff should respond to. Without specificity regarding as to which particular statements

3    across diverse media platforms over an extended timeframe the Request concerns, Plaintiff cannot

4    reasonably formulate a definitive response without engaging in unwarranted speculation as to the

5    intended scope of the Request.

6    **REQUEST NO. 122**

7        Admit that You reviewed the statements described in paragraph 196 of the Complaint within 60

8    days after those statements were Published.

9    **RESPONSE TO REQUEST NO. 122**

10        Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

11    objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

12    "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

13    as paragraph 196 of the Complaint does not "describe" any specific statements whatsoever; rather, it

14    recites legal conclusions regarding Defendants' alleged violations of the Consumer Legal Remedies Act

15    ("CLRA"), broadly references Tesla's "false, misleading, and deceptive marketing, representations, and

16    omissions" without identifying any particular statements. Plaintiff further objects to the relevance of

17    this Request to the extent it is an improper attempt to create artificial timelines regarding when Plaintiff

18    may have reviewed certain statements, when the material issue is whether Tesla made false or

19    misleading statements, not whether or not Plaintiff reviewed them 60 days after publication.

20        Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

21    unable to admit or deny the Request at this time. Paragraph 196 contains no description of any specific

22    statements that could be "reviewed" by Plaintiff; rather, it contains legal allegations regarding

23    Defendants' conduct generally and, therefore, Plaintiff is unable to admit or deny the Request at this

24    time. Without specificity regarding which particular statements this Request addresses, Plaintiff cannot

25    reasonably formulate a definitive response without engaging in unwarranted speculation as to the

26    intended scope of the Request.

27

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    111
Case No. 3:22-cv-05240-RFL

1

**REQUEST NO. 123**

2

Admit that You reviewed the statements described in paragraph 209 of the Complaint within 60

3

days after those statements were Published.

4

**RESPONSE TO REQUEST NO. 123**

5

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

6

objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

7

"statements described." Plaintiffs further object to "statements described" as impermissibly compound,

8

as paragraph 209 provides a detailed legal analysis of Defendants' allegedly "unfair" business practices

9

under the Unfair Competition Law ("UCL"), identifying identifies categories of conduct spanning

10

multiple years, including marketing practices, representations to regulators versus the public, strategic

11

placement of information across various platforms, and numerous other alleged acts and omissions.

12

Plaintiff further objects to the relevance of this Request to the extent it is an improper attempt to create

13

artificial timelines regarding when Plaintiff may have reviewed certain statements, when the material

14

issue is whether Tesla made false or misleading statements, not whether or not Plaintiff reviewed them

15

60 days after publication.

16

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

17

unable to admit or deny the Request at this time. Defendant refers to unspecified "statements"

18

purportedly described in a paragraph that contains legal allegations rather than specific statements.

19

Paragraph 209 details patterns of conduct spanning numerous marketing campaigns, platforms, and

20

time periods without identifying any particular statements with publication dates. Without specification

21

of which particular statements, on which particular dates, through which particular media this Request

22

refers to, Plaintiff cannot reasonably formulate a definitive response without engaging in unwarranted

23

speculation as to the intended scope of the Request.

24

**REQUEST NO. 124**

25

Admit that You reviewed the statements described in paragraph 213 of the Complaint within 60

26

days after those statements were Published.

27

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    112
Case No. 3:22-cv-05240-RFL

1

**RESPONSE TO REQUEST NO. 124**

2

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

3

objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

4

"statements described." Plaintiffs further object to "statements described" as impermissibly compound,

5

as paragraph 213 contains legal allegations regarding Defendants' "fraudulent" business practices under

6

the UCL, broadly referencing "representations... about the abilities, limitations, flaws, and value of the

7

Class Vehicles and Tesla's ADAS packages and technology," not descriptions of specific statements

8

with identifiable publication dates. Plaintiff further objects to the relevance of this Request to the extent

9

it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

10

certain statements, when the material issue is whether Tesla made false or misleading statements, not

11

whether or not Plaintiff reviewed them 60 days after publication.

12

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

13

unable to admit or deny the Request at this time. Defendant refers to unspecified "statements"

14

purportedly described in a paragraph that contains legal allegations rather than specific statements.

15

Without identification of which particular representations, on which particular dates, through which

16

particular media channels this Request refers to, Plaintiff cannot reasonably formulate a definitive

17

response without engaging in unwarranted speculation as to the intended scope of the Request.

18

**REQUEST NO. 125**

19

Admit that You reviewed the statements described in paragraph 222 of the Complaint within 60

20

days after those statements were Published.

21

**RESPONSE TO REQUEST NO. 125**

22

Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

23

objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

24

"statements described." Plaintiffs further object to "statements described" as impermissibly compound,

25

as paragraph 222 contains legal allegations regarding Defendants' fraudulent misrepresentations

26

concerning Tesla's ADAS packages, referencing references "misrepresentation, nondisclosure, and

27

concealment of material facts" and broadly alleging that "Defendants knowingly misrepresented the

28

Class Vehicles and Tesla's ADAS packages" without identifying any particular statements with

COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    113
Case No. 3:22-cv-05240-RFL

1   publication dates. Plaintiff further objects to the relevance of this Request to the extent it is an improper

2   attempt to create artificial timelines regarding when Plaintiff may have reviewed certain statements,

3   when the material issue is whether Tesla made false or misleading statements, not whether or not

4   Plaintiff reviewed them 60 days after publication.

5           Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

6   unable to admit or deny the Request at this time. Defendant refers to unspecified "statements"

7   purportedly described in a paragraph that contains legal allegations rather than specific statements.

8   Without identification of which particular representations, on which particular dates, through which

9   particular media channels this Request refers to, Plaintiff cannot reasonably formulate a definitive

10  response without engaging in unwarranted speculation as to the intended scope of the Request.

11  **REQUEST NO. 126**

12          Admit that You reviewed the statements described in paragraph 228 of the Complaint within 60

13  days after those statements were Published.

14  **RESPONSE TO REQUEST NO. 126**

15          Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

16  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

17  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

18  as paragraph 228 contains legal allegations regarding Defendants' negligent misrepresentations

19  concerning Tesla's ADAS packages, general alleging that "Defendants misrepresented the abilities,

20  limitations, flaws, and value of Class Vehicles and ADAS packages" without identifying any specific

21  statements with publication dates. Plaintiff further objects to the relevance of this Request to the extent

22  it is an improper attempt to create artificial timelines regarding when Plaintiff may have reviewed

23  certain statements, when the material issue is whether Tesla made false or misleading statements, not

24  whether or not Plaintiff reviewed them 60 days after publication.

25          Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

26  unable to admit or deny the Request at this time. Defendant refers to unspecified "statements"

27  purportedly described in a paragraph that contains legal allegations rather than specific statements.

28  Without identification of which particular representations, on which particular dates, through which

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    114
Case No. 3:22-cv-05240-RFL

1  particular media channels this Request refers to, Plaintiff cannot reasonably formulate a definitive

2  response without engaging in unwarranted speculation as to the intended scope of the Request.

3  **REQUEST NO. 127**

4      Admit that You reviewed the statements described in paragraph 237 of the Complaint

5  within 60 days after those statements were Published.

6  **RESPONSE TO REQUEST NO. 127**

7      Plaintiff incorporates each of the General Objections as if fully set forth herein. Plaintiff further

8  objects to this Request as vague and ambiguous, particularly with respect to the phrases "reviewed" and

9  "statements described." Plaintiffs further object to "statements described" as impermissibly compound,

10  as paragraph 237 contains legal allegations regarding Defendants' negligence concerning Tesla's

11  representations of their ADAS packages, general referencing Defendants' representations that "they

12  were on the cusp of advancing their ADAS technology to the point of being able to deliver fully self-

13  driving vehicles within a reasonable time in the near future" without identifying any specific statements

14  with publication dates. Plaintiff further objects to the relevance of this Request to the extent it is an

15  improper attempt to create artificial timelines regarding when Plaintiff may have reviewed certain

16  statements, when the material issue is whether Tesla made false or misleading statements, not whether

17  or not Plaintiff reviewed them 60 days after publication.

18      Subject to and without waiving the foregoing General and Specific Objections, Plaintiff is

19  unable to admit or deny the Request at this time. Defendant refers to unspecified "statements"

20  purportedly described in a paragraph that contains legal allegations rather than specific statements.

21  Without identification of which particular representations, on which particular dates, through which

22  particular media channels this Request refers to, Plaintiff cannot reasonably formulate a definitive

23  response without engaging in unwarranted speculation as to the intended scope of the Request.

24  Dated: May 2, 2025                **COTCHETT, PITRE & McCARTHY, LLP**

25

26                By:    */s/ Julie L. Fieber*
                          FRANK M. PITRE

27                            JULIE L. FIEBER
                          THOMAS E. LOESER

28                            MAKENA A. KERSHAW
                        *Attorneys for Plaintiff Thomas LoSavio and the Proposed Class*

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff LoSavio's Responses to Defendants' First Set of Requests for Admission (Nos. 1-127)    115
Case No. 3:22-cv-05240-RFL