FRANK M. PITRE (SBN 100077)
fpitre@cpmlegal.com
JULIE L. FIEBER (SBN 202857)
jfieber@cpmlegal.com
THOMAS E. LOESER (SBN 202724)
tloeser@cpmlegal.com
MAKENA A. KERSHAW (SBN 356645)
mkershaw@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577

FRANCIS A. BOTTINI, JR. (SBN 175783)
fbottini@bottinilaw.com
NICHOLAUS H. WOLTERING (SBN 337193)
nwoltering@bottinilaw.com
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Fax: (858) 914-2002

DAVID S. CASEY, JR. (SBN 060768)
dcasey@cglaw.com
GAYLE M. BLATT (SBN 122048)
gmb@cglaw.com
P. CAMILLE GUERRA (SBN 326546)
camille@cglaw.com
**CASEY GERRY FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Fax: (619) 544-9232

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Tesla Advanced Driver Assistance Systems Litigation | Case No. 3:22-cv-05240-RFL<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND SUPPORTING EXHIBITS**<br><br>No Hearing Necessary<br><br>Judge: Hon. Rita F. Lin<br>Courtroom: 15 – 18th Floor |

Administrative Motion to File Under Seal Portions of Plaintiff's Reply in Support of Motion for Class Certification and Supporting Exhibits;
Case No. 3:22-cv-05240-RFL

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

Pursuant to Civil Local Rule 79-5 and the Stipulated Protective Order entered by the Court on September 6, 2024 ("Protective Order") (Dkt. No. 111), Plaintiff hereby submits this Motion to File Under Seal.

### I. Plaintiff Conditionally Lodged Under Seal Documents Designated as Confidential or Highly Confidential by Defendant Tesla

Pursuant to Civil Local Rule 79-5(e), Plaintiff hereby notifies the Court that he has conditionally filed under seal documents which have been designated Confidential or Highly Confidential by Tesla, or which contain or reference information so designated. Specifically, Plaintiff, in support of his Motion for Class Certification, has conditionally filed under seal: (1) portions of Plaintiff's Reply in Support of his Motion for Class Certification ("Reply"), (2) portions of Plaintiff's Objections to the Declaration of Brenda Lee in support of his Reply to Class Certification Motion and Request to Strike ("Objections"), and (3) Exhibits 30, 33, 34, 35 to the Declaration of Makena A. Kershaw in support of Plaintiff's Reply in support of Motion for Class Certification ("Kershaw Declaration") in full. Pursuant to the Protective Order, "Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law." See Protective Order, ¶ 12.3. This application is also based on the information set forth in the Kershaw Declaration, filed concurrently herewith.

Pursuant to Civil Local Rule 79-5(d) and the Court's Standing Order, the following attachments accompany this motion: (1) the Declaration of Makena A. Kershaw identifying the portions the documents that are the subject of this Motion to File Under Seal; (2) redacted versions of Plaintiff's Reply, Objections, and Exhibits 30, 33, 34, and 35 to the Kershaw Declaration; and (3) unredacted versions of Plaintiff's Reply in support of his Motion for Class Certification Motion, Plaintiff's Objections to the Declaration of Brenda Lee, and Exhibits 30, 33, 34, and 35 to the Kershaw Declaration, with redacted portions designated as "Confidential" or "Highly Confidential" identified by highlighting.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Administrative Motion to File Under Seal Portions of Plaintiff's Reply in Support of Motion for Class Certification and Supporting Exhibits;
Case No. 3:22-cv-05240-RFL

1

## II. Discussion

Concurrent with this Motion, Plaintiff is filing his Reply and his Objections, which contains portions of statements or information from documents designated by Defendants as "Confidential" or "Highly Confidential." Additionally, Exhibits 30, 33, 34, and 35 to the Kershaw Declaration also contain information designated "Confidential" or "Highly Confidential" by the Defendants. To comply with the Protective Order and Civil Local Rule 79-5, Plaintiff has lodged the Reply, the Objections, and "Confidential" or "Highly Confidential" supporting documents under seal. To the best of Plaintiff's knowledge, the redactions are consistent with Defendants' confidentiality designations. Plaintiff has erred on the side of caution in designating for confidentiality to ensure otherwise confidential information is not filed in the public docket.

Plaintiff further recognizes that public policy favors public access to court records. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1124, 1134-35 (9th Cir. 2003). It is well established that a "party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure." *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 WL 6202719, at *1 (N.D. Cal. Dec. 12, 2012). Plaintiff takes no position at this time on whether Defendants' designations comply with this policy.

While the Ninth Circuit has not definitively addressed whether a motion for class certification constitutes a dispositive motion warranting the heightened "compelling justification" standard for document sealing, courts in this District have generally treated class certification motions as non-dispositive. *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 10537440, at *3 (N.D. Cal. Aug. 6, 2014). However, a motion for class certification may be dispositive when it concerns issues "central to the merits of Plaintiffs' causes of action," *Google*, 2014 WL 10537740, at *4, or where the "denial of class status means that the stakes are too low for the named plaintiffs to continue the matter." *English v. Apple Inc.*, No. 14-cv-01619-WHO, 2015 WL 13427750, at *2 (N.D. Cal. Aug. 6, 2015).

As the designating party, the burden ultimately rests with Defendants to articulate with specificity the bases for sealing records under either standard. Accordingly, Plaintiff takes no position

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Administrative Motion to File Under Seal Portions of Plaintiff's Reply in Support of Motion for Class Certification and Supporting Exhibits;
Case No. 3:22-cv-05240-RFL

2

1  as to the propriety of the designations of confidentiality by Defendants. Should the Court decide that
2  the Certification Motion qualifies as a dispositive motion, Defendants must demonstrate compelling
3  reasons to justify the sealing and/or redaction of such documents. *Kamakana*, 447 F.3d at 1179.

### III.     Conclusion

Plaintiff filed this administrative motion in compliance with the Protective Order and Civil Local Rule 79-5 to identify portions of the Certification Motion and exhibits that Defendant has designated "Confidential" or "Highly Confidential" and to redact the information in accordance therewith.

Dated:  July 22, 2025

**COTCHETT PITRE & MCCARTHY LLP**

By:     */s/     Makena A. Kershaw*
Makena A. Kershaw (SBN 356645)
mkershaw@cpmlegal.com
Julie L. Fieber (SBN 202857)
jfieber@cpmlegal.com
Frank M. Pitre (SBN 100077)
fpitre@cpmlegal.com
Thomas E. Loeser (SBN 202724)
tloeser@cpmlegal.com

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
David S. Casey, Jr. (SBN 060768)
dcasey@cglaw.com
Gayle M. Blatt (SBN 122048)
gmb@cglaw.com
P. Camille Guerra (SBN 326546)
camille@cglaw.com

*Attorneys for Plaintiffs and the Proposed Class*

Administrative Motion to File Under Seal Portions of Plaintiff's Reply in Support of Motion for Class Certification and Supporting Exhibits;
Case No. 3:22-cv-05240-RFL

3