FRANK M. PITRE (SBN 100077)
fpitre@cpmlegal.com
JULIE L. FIEBER (SBN 202857)
jfieber@cpmlegal.com
THOMAS E. LOESER (SBN 202724)
tloeser@cpmlegal.com
MAKENA A. KERSHAW (SBN 356645)
mkershaw@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577

DAVID S. CASEY, JR. (SBN 060768)
dcasey@cglaw.com
GAYLE M. BLATT (SBN 122048)
gmb@cglaw.com
P. CAMILLE GUERRA (SBN 326546)
camille@cglaw.com
**CASEY GERRY FRANCAVILLA BLATT LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Fax: (619) 544-9232

FRANCIS A. BOTTINI, JR. (SBN 175783)
fbottini@bottinilaw.com
NICHOLAUS H. WOLTERING (SBN 337193)
nwoltering@bottinilaw.com
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Fax: (858) 914-2002

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation**<br><br>*This Filing Relates To All Actions* | Case No. 3:22-cv-05240-RFL<br><br>**PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF BRENDA LEE IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATIONAND REQUEST TO STRIKE**<br><br>Judge: Hon. Rita F. Lin<br>Date:    August 12, 2025<br>Time:    10:00 a.m.<br>Courtroom: 15 – 18th Floor |

Plaintiff's Objections to the Lee Declaration and Request to Strike.
Case No. 3:22-cv-05240-RFL

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

## I. INTRODUCTION

To support its arguments in opposition to class certification, Tesla submitted a declaration from its employee, Brenda Lee, purporting to substantiate a chart on website activity which, Tesla claims, shows that only a sliver of its website traffic was directed to the website pages regarding its FSD technologies. Plaintiff subsequently deposed Ms. Lee to explore the source of that data and various anomalies apparent on its face, particularly a series of unexplained zero entries showing no activity at all on website pages of interest for significant portions of time. That examination has revealed serious problems with the data Tesla is offering in support of its opposition. The Court should strike the Declaration of Brenda Lee and attached website data, because: (1) by Tesla's own admission the data ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (2) neither Tesla nor Ms. Lee ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (3) the exhibit contains obvious errors, including empty cells for months when the webpages demonstrably existed and received traffic. These fundamental deficiencies render the evidence inadmissible, unreliable, and misleading, and it fails to meet basic evidentiary standards under the Federal Rules of Evidence. Accordingly, this Court should strike the Declaration of Ms. Lee in its entirety.

## II. ARGUMENT

### A. Exhibit A Contains Admittedly Unreliable Data That Systematically Undercounts Website Traffic

Exhibit A purports to show monthly website traffic data from January 2017 through March 2025 for Tesla's main website (Column C) and three specific Tesla web pages: the Autopilot page at tesla.com/autopilot (Column D or "Autopilot page"); the Autopilot Support page at tesla.com/support/autopilot (Column E or "Autopilot Support page"); and Tesla's Blog Post at tesla.com/blog/all-tesla-cars-being-produced-now-have-full-self-driving-hardware (Column F or "Tesla's Blog Post").

Critically, ***the exhibit contains no data from fall 2016***—the period when Tesla first made many of the misrepresentations at issue in this litigation. Further, Ms. Lee's deposition testimony exposes several fundamental problems with this data which require its exclusion.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiff's Objections to the Lee Declaration and Request to Strike.
Case No. 3:22-cv-05240-RFL

1

1. **The Data in Exhibit A is an Admitted Gross Underestimation**

Ms. Lee testified that Tesla's website traffic data ██████████ ████████████████████████████████████ ████████████████████████████████████████ Declaration of Makena Kershaw in Support of Reply ("Kershaw Decl.") (filed herewith), Ex. 35 (Lee Tr.) at 24:1-4. This exclusion is particularly problematic for Apple users, as Ms. Lee explained that ████████ ████████████████████████████████████████ ████████████████████████ *Id.* at 23:11-13.

In short, the data in Exhibit A is a gross underestimation of Tesla's actual site traffic. When directly confronted with this reality, Ms. Lee ████████████████████████████████ ████████ *Id.* at 26:13-16. This admission alone should disqualify Exhibit A from consideration—Tesla is asking the Court to rely on evidence that its own witness acknowledges provides only a fraction of the actual data, ████████████████████████████████████ ████████████████████████ Courts cannot base findings on evidence that the proponent's own witness admits is systematically incomplete and inaccurate.

2. **Ms. Lee Took No Steps to Verify the Accuracy of The Data**

Ms. Lee's testimony also reveals a complete ████████████████████ Tesla does not ████████████████████ (*Id.* at 44:16-18), and Ms. Lee took ████████████████ data in Exhibit A. Her testimony demonstrates a troubling pattern of ████████████ ████████████████████

Specifically, Ms. Lee testified that she ████████████████████████████████████ (*Id.* at 72:7-10, 12-17, 20-21):

Plaintiff's Objections to the Lee Declaration and Request to Strike.
Case No. 3:22-cv-05240-RFL

2

Ms. Lee took ███████ for portions of time when she was not working at the company (*Id.* at 73:16-17; 74:4-6; 74:14-21):



Ms. Lee's lack of knowledge extends to the very platform she relied upon for all data. She took ███████ *Id.* at 78:14-19. Ms. Lee also ███████ (*Id.* at 79:10-16):

Ms. Lee admitted ███████

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiff's Objections to the Lee Declaration and Request to Strike.
Case No. 3:22-cv-05240-RFL

3

1  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 80:7-13.

3  This ▮▮▮▮▮▮▮▮▮▮▮ particularly concerning for the eight months of data from before Ms. Lee's employment at Tesla (January-July 2017). Despite presenting data from this period, Ms. Lee ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 43:13-21. The result is an exhibit based entirely on unverified, third-party data that Ms. Lee cannot authenticate and has never attempted to validate.

### 3. There Are Clear Errors and Gaps in the Data as Apparent from the Empty Cells in 2017, 2018, a Portion of 2024, and 2025.

The most critical evidence that the data in Exhibit A is unreliable is the fact that it reports no site visits whatsoever from January through November 2017 for the websites www.tesla.com/autopilot and www.tesla.com/blog/all-tesla-cars-being-produced-now-have-full-self-driving-hardware (columns D and F), and from January 2017 through March 2019 for the website www.tesla.com/support/autopilot (column E).[1] . Ms. Lee testified that when she queried these periods, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 61:6-9; 74:7-12. When asked to explain these empty cells, Ms. Lee ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 61:6-9, 72:7-10. In short, Tesla's chart contains 11 months of missing data which is presented as if it were valid, rather than evidence of a serious problem with the underlying data source.

Plaintiff cross referenced the gaps in Tesla's data using the Wayback Machine—a nonprofit digital archive which captures periodic snapshots of publicly available webpages. Review of archival material captured by the Wayback Machine proves both that these webpages existed and were receiving traffic during the periods showing empty data in Tesla's chart.[2] The Wayback Machine

---

[1] Tesla's data also shows no website visits from September 2024 through March 2025 for the website www.tesla.com/blog/all-tesla-cars-being-produced-now-have-full-self-driving-hardware (column F), but it is possible that data gap coincides with Tesla's removal of the blogpost.

[2] The Wayback Machine, operated by the nonprofit Internet Archive, captures and preserves web pages over time. Archived snapshots show Tesla's Autopilot page existed throughout 2017, contradicting Exhibit A's missing data. Internet Archive, "Wayback Machine Snapshots of tesla.com/autopilot," https://web.archive.org/web/20170901000000*/https://www.tesla.com/autopilot (accessed Jul. 14, 2025); Internet Archive, "Wayback Machine Snapshots of tesla.com/blog/all-tesla-

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

Plaintiff's Objections to the Lee Declaration and Request to Strike.
Case No. 3:22-cv-05240-RFL

4

works by taking periodic "snapshots" of publicly available webpages, either through automated web crawlers or manual user submissions.[3] These snapshots preserve the content of a page as it appeared at a specific time. The existence of an archived webpage is evidence of a site visit, and multiple snapshots taken during the time period are evidence of multiple site visits. Therefore, the existence of archived images of the subject webpages is evidence that there were visits during those time periods, and that the empty entries in Tesla's charts are not because there were no visits, as Tesla appears to be suggesting to the Court, but rather because there is some sort of unexplained error in the underlying data.

The contradiction between Ms. Lee's empty data and documented reality is stark. For example, on June 17, 2017—the day Tesla released Autopilot 2.0 v8.1—67 snapshots of the Tesla Autopilot page were captured, yet Ms. Lee's exhibit shows no traffic data for that entire month. Similarly, throughout 2017, the Wayback Machine captured multiple snapshots of Tesla's blog post, demonstrating active page content and user engagement during periods when Exhibit A shows *zero data*.

When confronted with this contradictory evidence, Ms. Lee ███████████████████
████████████████████████████████████████████████████████████████████████
*Id.* at 64:22-23; 71:25-72:4. Even when presented with documented proof that the pages existed during the periods showing empty data, Ms. Lee ████████████████████████████
████████████████████████ *Id.* at 71:25-72:4.

This pattern of empty data cells, combined with Ms. Lee's complete ████████████
████████████████████████ demonstrates a fundamental disregard for data integrity. Ms. Lee's testimony reveals ████████████████████████
████████████████████████████████████████████████████████

---

cars-being-produced-now-have-full-self-driving-hardware,"
https://web.archive.org/web/20170901000000*/tesla.com/blog/all-tesla-cars-being-produced-now-have-full-self-driving-hardware (accessed Jul. 14, 2025).

[3] Save Pages in the Wayback Machine, INTERNET ARCHIVE, https://help.archive.org/help/save-pages-in-the-wayback-machine/ (last visited July 17, 2025); Wayback Machine General Information, INTERNET ARCHIVE, https://help.archive.org/help/wayback-machine-general-information/ (last visited July 17, 2025).

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiff's Objections to the Lee Declaration and Request to Strike.
Case No. 3:22-cv-05240-RFL

5

1  ████████████████████████████████████████████████████████
2  ██████████████████████████████████

3  This contradiction between documented page existence and visits versus Tesla's claimed
4  absence of traffic data exposes fundamental flaws in Exhibit A that render it unreliable and
5  inadmissible. At worst, something is fundamentally faulty with Tesla's underlying data collection
6  system, making the entire exhibit suspect. At best, the exhibit represents such a gross underestimation
7  of actual traffic—█████████████████████████████████████████
8  ██████—that it clearly does not accurately portray Tesla's website traffic. *Id.* at 24:1-4; 26:13-16.
9  Tesla's website "data" contains systematic data collection errors that it cannot explain and that
10  it failed to make clear to the Court. It also presents such an incomplete picture of actual traffic that it
11  misleads rather than informs. When Ms. Lee was asked whether her numbers ████████████
12  █████████████████████████████ *Id.* at 26:13-16. Despite this, Tesla offered this
13  deficient data as evidence without qualification or explanation of its limitations. A court cannot rely
14  on evidence that the presenting party's own witness acknowledges may be fundamentally incomplete
15  or inaccurate.

16  **B.    Exhibit A Fails to Meet Evidentiary Standards Under Federal Rules of Evidence**

17  Federal Rule of Evidence 602 requires witnesses to have personal knowledge of matters they
18  testify about. Ms. Lee lacks this knowledge for critical portions of Exhibit A. She started at Tesla in
19  August 2017 yet presents data from January through July 2017 without any verification. *Id.* at 43:2-8.

20  Authentication requires showing that evidence is what it purports to be. Ms. Lee's testimony
21  reveals ████████████████████████ at all. *Id.* at 73:13-14. She cannot establish that the
22  ████████████████████████████████████████████████ (*Id.* at 78:18-19), ████
23  ██████████████████████████████ (*id.* at 44:9-10), ████████████████████████
24  This complete absence of authentication renders Exhibit A inadmissible under Rule 901.

25  **III.   CONCLUSION**

26  Tesla's website data is inadmissible and unreliable. The data is admittedly incomplete,
27  contains obvious errors, and lacks any verification or authentication. These are not mere
28  technicalities—they go to the heart of whether this evidence can be trusted in federal litigation. The

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Plaintiff's Objections to the Lee Declaration and Request to Strike.
Case No. 3:22-cv-05240-RFL

6

Court should strike both the exhibit and declaration as inadmissible under Federal Rules of Evidence 602 and 901, and because it fails to meet basic foundational requirements.

Dated: July 22, 2025

**COTCHETT PITRE & MCCARTHY LLP**

By:   /s/   *Julie L. Fieber*
Julie L. Fieber (SBN 202857)
jfieber@cpmlegal.com
Frank M. Pitre (SBN 100077)
fpitre@cpmlegal.com
Thomas E. Loeser (SBN 202724)
tloeser@cpmlegal.com
Makena A. Kershaw (SBN 356645)
mkershaw@cpmlegal.com

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
David S. Casey, Jr. (SBN 060768)
dcasey@cglaw.com
Gayle M. Blatt (SBN 122048)
gmb@cglaw.com
P. Camille Guerra (SBN 326546)
camille@cglaw.com

*Attorneys for Plaintiffs and the Proposed Class*

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Plaintiff's Objections to the Lee Declaration and Request to Strike.
Case No. 3:22-cv-05240-RFL

7