UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGGS A. MATSKO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TESLA, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-05240-RFL  (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 141 |

Pending before the court is the joint discovery letter filed by Plaintiff Thomas LoSavio and Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collectively, "Tesla") regarding Plaintiff's responses to Tesla's Interrogatories and Requests for Admission ("RFAs"). [Docket No. 141 (JDL).] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for disposition without oral argument and issues the following order.

**Plaintiff's Responses to Interrogatory Nos. 14-17:** This dispute concerns Plaintiff's refusal to respond to Tesla's interrogatories requesting that Plaintiff provide definitions of four terms that appear in the Consolidated Third Amended Complaint (Docket No. 102 (TAC)): "full self driving capability," "fully self-driving," "full autonomy," and "self-driving."  JDL at 1-2. According to Plaintiff, the "context changes the meaning" of these terms and, because they appear repeatedly throughout the TAC, defining each term is unduly burdensome. At the court's request (Docket No. 146), Plaintiff identified illustrative examples of how the same term has different meanings in the TAC:

> For "full self driving capability," *compare* Third Amended Complaint ("TAC") ¶ 57 ("$8,000 for 'Full Self-Driving Capability'") *with* ¶ 58 ("the hardware needed for full selfdriving capability").

>   For "fully self driving," *compare* TAC ¶ 11 ("make its vehicles fully self-driving in some situations and would soon make them fully self-driving in all situations") *with* ¶ 33 ("fully self-driving technology does not occur until SAE Levels 4 and 5").
>
>   For "full autonomy," *compare* TAC ¶ 58 ("Full autonomy will enable a Tesla to be substantially safer than a human driver") *with* ¶ 60(a) ("referred to Hardware 2.0 as a 'full autonomy hardware suite'").
>
>   For "self-driving," *compare* TAC ¶ 18 ("Tesla's self-driving software was still being refined") *with* ¶ 36 ("truly autonomous, self-driving cars") *with* ¶ 118 n.92 ("Tesla, "Tesla Self-Driving Demonstration" (Nov. 18, 2016), https://www.tesla.com/videos/autopilot-self-driving-hardware-neighborhood-long").

[Docket No. 147.]

Plaintiff does not argue that simply because "the phrase 'fully self-driving' appears 31 times, "full autonomy' appears 10 times, and 'self-driving' appears 223 times" (JDL at 2), those phrases have 31, 10, and 223 unique meanings. Rather, the above examples seem to indicate Plaintiff's position that the meanings of each term fall into two categories: they have one meaning when referring to cars or a feature of a car, and another meaning when used to describe hardware or software. Accordingly, Plaintiff shall supplement his responses to Interrogatory Nos. 14-17. Plaintiff need not provide definitions for each term 223 times on a paragraph-by-paragraph basis. Instead, Plaintiff may group terms together based on their particular definitions and identify the paragraph(s) in which the term is used in that manner (e.g., "as it is used in paragraphs [X, Y, and Z], [term] means [definition]").

**Plaintiff's Responses to RFA Nos. 57-91, 93-102, 104, 109-115, and 118-127.** Plaintiff objects to these RFAs on grounds that they are impermissibly compound and seeking legal conclusions. JDL at 4-5. "Requests for Admission should be drafted in such a way that a response can be rendered upon a mere examination of the request." *Blacher v. Buffaloe*, No. CV 16-5016-GW (AGR), 2019 WL 3099629, at *2 (C.D. Cal. Mar. 22, 2019) (cleaned up). "To facilitate clear and succinct responses, the facts stated within the request must be singularly, specifically, and carefully detailed." *Id.* (cleaned up). "Because an admission is binding, an RFA must not be compound, conjunctive, or contain ambiguities." *His & Her Corp. v. Shake-N-Go Fashion, Inc.*, No. CV 11-05323-CAS (VBKx), 2015 WL 13916584, at *1 (C.D. Cal. Mar. 23, 2015).

Tesla's RFAs do not comport with these requirements. For instance, RFA No. 59 asks

1  Plaintiff to "[a]dmit that You reviewed the statements described in paragraph 8 (and footnotes 5

2  and 6) of the Complaint within 60 days after those statements were Published." [Docket No. 141-2

3  at 67.] Paragraph 8 alleges:

> Indeed, in every year since 2016, Tesla and Musk have repeatedly made deceptive and misleading statements to consumers indicating that a fully self-driving, fully autonomous Tesla vehicle was just around the corner, often expressly stating that would occur by the end of that calendar year or within the "next year."[5] For example, in May 2019, after years of failing to deliver on prior promises, Musk again promised consumers that a fully self-driving Tesla car would be available by the end of that year, tweeting that "everyone with Tesla Full Self-Driving will be able" to take a fully automated trip in their Tesla from Los Angeles to New York.[6] While tens of thousands of U.S. and California consumers have purchased or leased new Tesla vehicles with ADAS technology in 2019 and every year since, Tesla has yet to deliver on its repeated promises of a fully self-driving car at any distance—much less a fully automated three-thousand-mile journey across the country.

TAC ¶ 8. Footnote 5 is a citation to "The Dawn Project, 'Elon Musk's broken promises,' https://dawnproject.com/wp-content/uploads/2022/06/The-Dawn-Project-Musk-promises-1min-NA.mp4?_=2 (collecting video clips of Musk making such promises from 2014 to 2021)." Footnote 6 cites "Elon Musk, https://twitter.com/elonmusk/status/1126611407984779264 (May 9, 2019, 3:14 PM)." RFA No. 59 thus improperly asks Plaintiff to admit or deny at least 5 separate statements in a single request.

Plaintiff also complains that certain RFAs seek admissions to legal conclusions. JDL at 4. Plaintiff points to RFA No. 122, which seeks an admission that Plaintiff "reviewed the statements described in paragraph 196 of the Complaint within 60 days after those statements were Published." Docket No. 141-2 at 111. Paragraph 196 does not allege facts; rather, it alleges that Tesla's conduct amounts to a statutory violation:

> Defendants' wrongful acts, practices, and conduct alleged herein—including but not limited to their false, misleading, and deceptive marketing, representations, and omissions regarding the present and likely future abilities, limitations, flaws, and value of Class Vehicles and ADAS packages and technology, and the time periods in which Tesla's ADAS packages and technology would result in a fully self-driving vehicle—are "unfair or deceptive acts or practices" in violation of the CLRA. *Id.* § 1770(a).

TAC ¶ 196. Plaintiff's objections on this ground are appropriate. *See Music Grp. Macao Com.*

*Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 579688, at *2 (N.D. Cal. Feb. 11, 2015) ("Although Defendant has nominally tied his RFA to the facts of the case, the request remains an abstract legal conclusion: whether certain conduct is illegal. The RFA does not request underlying facts that may establish that the act was illegal, which may well be appropriate RFAs. Rather, the RFA merely requests the legal conclusion of illegality. Under such circumstances, Plaintiff is not bound to answer the RFA and has properly objected on the ground that it calls for a legal conclusion."); *Rattie v. Balfour Beatty Infrastructure, Inc.,* No. 22-CV-05061-RS (LJC), 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (denying motion to compel further responses to "RFAs [that] are clearly designed to seek an admission of an issue that is in dispute, and should be resolved at trial, rather than through discovery").

Plaintiff is therefore not required to supplement his responses to RFA Nos. 57-91, 93-102, 104, 109-115, and 118-127. Tesla's assertion that revising its RFAs would be "unnecessary and inefficient and would only increase the burden on Plaintiff by increasing the number of RFAs he would have to respond to" (JDL at 5) is unpersuasive. Forcing Plaintiff to parse out each statement hidden within a request and tailor his response accordingly is more burdensome than Tesla re-drafting these requests to clearly identify facts for which Tesla seeks an admission. If Tesla still seeks responses to these RFAs, it may draft new requests that ask Plaintiff to admit or deny clearly stated facts, but not disputed legal conclusions.

**IT IS SO ORDERED.**

Dated: July 22, 2025

_____
Donna M. Ryu
Chief Magistrate Judge

4