David C. Marcus (SBN 158704)
david.marcus@wilmerhale.com
Christopher T. Casamassima (SBN 211280)
chris.casamassima@wilmerhale.com
Joshua A. Vittor (SBN 326221)
joshua.vittor@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Tel: (213) 443-5300

Alan Schoenfeld (*pro hac vice*)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 937-7294

Allison Bingxue Que (SBN 324044)
allison.que@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000

*Attorneys for Defendants Tesla, Inc., Tesla Lease
Trust, and Tesla Finance LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re Tesla Advanced Driver Assistance Systems Litigation** | Case No. 3:22-cv-05240-RFL <br> <u>**CLASS ACTION**</u> <br><br> **TESLA'S OPPOSITION TO LOSAVIO'S OBJECTION AND REQUEST TO STRIKE THE DECLARATION OF BRENDA LEE** <br><br> Judge:      Hon. Rita F. Lin <br> Date:       August 12, 2025 <br> Time:      10:00 a.m.. <br> Courtroom: 15 – 18th Floor |

Perhaps recognizing that the Declaration of Brenda Lee and the website traffic data attached as Exhibit A are fatal to his motion for class certification, LoSavio's so-called "Objection to the Declaration of Brenda Lee and Request to Strike" (Dkt. 149-2) (the "Request") is a transparent and procedurally defective attempt to circumvent the Court's brief-length limits.  It is also meritless: The website traffic data was properly authenticated, retrieved through a reliable process, and introduced with sufficient foundation; and neither the purported under-inclusiveness of the data nor the limited empty data entries affects the data's clear relevance to the *proportionality* of traffic to the sub-page containing the Hardware Statement versus the overall site.  LoSavio's Request should be denied.

## I.      LOSAVIO'S REQUEST IS PROCEDURALLY IMPROPER

LoSavio's six-page Request—in addition to his 15-page reply brief in support of his class certification motion—clearly violates both the Local Rules and the Court's standing order.  Civil L.R. 7-3(c) ("[a]ny evidentiary … objections to the opposition must be contained *within* the reply brief or memorandum.") (emphasis added); Standing Order at 6 ("For … class certification motions, … reply briefs cannot exceed 15 pages.").  The Request should accordingly be stricken in its entirety.  *See, e.g.*, *Talece Inc. v. Zheng Zhang*, 2020 WL 5366633, at *3 n.1 (N.D. Cal. Sept. 8, 2020) (striking excess pages and declining to rule on objections); *Ken Tu v. Dongbu Ins. Co. Ltd.*, 2018 WL 4219238, at *4 (N.D. Cal. Sept. 5, 2018) ("Dongbu attempted to evade the 15 page limit by filing a motion to strike instead of voicing its evidentiary objections in its reply brief as required under the Local Rules.  The Court therefore DENIES Dongbu's motion to strike, 'and will only address the evidentiary arguments to the extent they are raised' in Dongbu's reply brief."); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111, 1119 (N.D. Cal. 2011) (denying party's separately-filed motion to strike based on a similar violation of Local Rule 7-3(c)).[1]

---

[1] Rather than engage in improper self-help, LoSavio could have moved to increase the page limits.  The Court's Standing Order explains that "[m]otions to increase page limits will rarely be granted, but any such motion must be filed no later than two court days before the brief is due." Standing Order at 6.  LoSavio ignored this requirement:  he did not file a motion to increase page limits, let alone a timely one, even though it had been more than a month since Tesla filed Ms. Lee's declaration and two weeks since her deposition.  This is not the first time LoSavio has failed to comply with the Local Rules.  He has twice filed the sealing motion in relation to his class

## II.     LOSAVIO'S REQUEST IS MERITLESS

In addition to the other arguments in Tesla's class certification opposition brief (Dkt. 146), the website traffic data in Exhibit A to Lee's Declaration supports Tesla's argument that LoSavio failed to meet his burden of showing common exposure to the Hardware Statement.  In particular, Exhibit A shows that traffic to the two sub-pages on Tesla's website alleged to contain the Hardware Statement (Columns D and F) constituted only a small portion of the traffic to the overall website (Column C).  As explained below, the website traffic data was properly authenticated and retrieved by Ms. Lee through a reliable process.

### A.     The Website Traffic Data Satisfies Both Rules 602 and 901

To start, LoSavio's reliance on Federal Rules of Evidence 602 and 901 is misplaced. "Federal Rule of Evidence 602 requires that '[g]enerally, a witness must have personal knowledge of the matter to which she testifies[,] [and] [e]vidence to prove such knowledge may consist of the witness' own testimony.  *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009).  At her deposition, Ms. Lee (1) confirmed that she personally created Exhibit A to her declaration (Que Decl. Ex. AA ("Lee Dep. Tr.")[2] at 39:7-9), (2) explained how she retrieved the data (*id.* at 39:10-40:2), and (3) further explained the data contained in each column of Exhibit A (*id.* at 22:8-19; 24:13-18; 25:16-22; 26:1-7; 26:21-27:2; 28:8-18; 31:1-16).  All this testimony— which LoSavio does not challenge—demonstrates Ms. Lee's personal knowledge of her declaration and the attached website traffic data, thus satisfying Rule 602.  *MultiCraft Imports, Inc. v. Mariposa USA, Inc.*, 2018 WL 11351987, at *2 n.5 (C.D. Cal. May 30, 2018) (overruling Rule 602 objection to the testimony of a witness who "attested to his personal knowledge of the matters within his declaration").

Nevertheless, LoSavio attempts to discredit Ms. Lee's personal knowledge of the data in Exhibit A, citing her purported lack of knowledge about whether the "platform"—Google Analytics—experienced any outage or "can experience any outage."  Request at 3:27-4:2.  This

---

certification briefs under the wrong local rule, cutting short Tesla's time to file a supporting sealing statement.  Dkts. 137 & 148.

[2] Filed concurrently herewith.

1   argument is at odds with LoSavio's own acknowledgement that Google Analytics is a third-party

2   tool (*see id.* at 4:6).  The underlying evidence is not Google Analytics' operation, but the website

3   traffic data itself (captured when Google Analytics was in operation).  Whether Ms. Lee was aware

4   of some hypothetical third-party outage at an unspecified time—an unsupported suggestion made

5   without any foundation—has no bearing on the authenticity or admissibility of her declaration or

6   the data contained in the attached Exhibit A.

7       Rule 901 is likewise satisfied because Ms. Lee's declaration lays adequate foundation to

8   authenticate the website traffic data contained in Exhibit A.  In particular, Ms. Lee's sworn

9   declaration states that Exhibit A to her declaration is "a true and correct copy of the traffic data [she]

10  pulled in March 2025 from Google Cloud Platform."  Dkt. 146-12, ¶ 3.  This constitutes sufficient

11  authentication of the traffic data.  *Columbia Pictures Indus., Inc. v. Fung*, 2007 WL 9627642, at *4

12  n.2 (C.D. Cal. July 2, 2007) (holding foundational requirement of authentication is satisfied "by (i)

13  Valkonen's statements that said documents are printouts and postings from defendants' websites;

14  and (ii) the identifying information and dates appearing on such documents") (citing cases); *see also*

15  *Crawford v. Combs*, 2020 WL 1043625, at *4 (N.D. Cal. Mar. 4, 2020) (sworn declarations and

16  copies of documents authenticated by sworn declaration fall under Rule 901).

17      LoSavio's assertion that Ms. Lee "took no steps to verify the accuracy of the data" (Request

18  at 2:16) reflects a fundamental misunderstanding of how data is generated and retrieved.  LoSavio

19  seems to suggest that the best (or perhaps the only) way to "verify" the data in Exhibit A would be

20  to have someone else at Tesla confirm the data.  *See, e.g.*, *id.* at 3:3-4; 4:3-7.  But as Ms. Lee testified,

21  Google Analytics captures data through "an automated process," and she used Google Analytics to

22  pull the website traffic data at issue "directly" from the Google Cloud Platform.  Lee Dep. Tr. 84:23-

23  85:12; *see also* Request at 2:27-28 (quoting Lee's testimony that "I just pulled the data directly from

24  what I could pull from the database").  LoSavio does not appear to challenge this process as

25  unreliable.  Nor can LoSavio counter the fact that Google Analytics is a well-established and reliable

26  data analytical tool.  *See Google Analytics*, https://developers.google.com/analytics ("Google

27  Analytics is the go-to platform for millions of website and app owners seeking to gain a deeper

28  understanding of their website and app performance.").  And contrary to LoSavio's assertion, Ms.

1  Lee indeed took extra steps to confirm she was pulling the right data from Google Analytics by

2  verifying the query she used was correct—a fact to which she repeatedly testified (Lee Dep. Tr.

3  74:23-75:2; 75:13-76:7) and LoSavio conveniently omitted from his Request.

**B.    The Website Traffic Data Is Highly Probative And Admissible**

5  LoSavio may not like the data, but his dissatisfaction is not a valid basis for exclusion. *See*

6  *Boyd v. City & Cnty. of San. Fran.*, 576 F.3d 938, 948 (9th Cir. 2009) ("Proof that evidence was

7  prejudicial to one party is insufficient to establish that the prejudice was unfair."). LoSavio seizes

8  on empty data entries in Exhibit A (Request at 4:9-5:14), but he ignores the well-established

9  principle that imperfections or discrepancies in data do not necessarily warrant its exclusion as

10  evidence. *See, e.g.*, *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab.*

11  *Litig.*, 505 F. Supp. 3d 770, 776 (S.D. Ohio 2020) (citing cases including *Obrey v. Johnson*, 400

12  F.3d 691, 695 (9th Cir. 2005)). Nor has he cited any authority supporting the wholesale exclusion

13  of data merely because some entries are incomplete. *Cf. In re Keurig Green Mountain Single-Serve*

14  *Coffee Antitrust Litig.*, 2025 WL 354671, at *35 (S.D.N.Y. Jan. 30, 2025) (declining to use missing

15  data as a ground to exclude expert "[i]n the absence of evidence that the missing … data could

16  translate into other methodological problems"). Thus, to the extent the Request seeks to challenge

17  the data's accuracy—which it fails to do—such a challenge would go to the data's weight, not its

18  admissibility, particularly at the class certification stage, since "evidentiary rules unrelated to expert

19  testimony are not applied with rigor in deciding motions for class certification." *A.A. v. Cnty. of*

20  *Riverside*, 2017 WL 5624296, at *4 (C.D. Cal. Nov. 7, 2017); *see also Keilholtz v. Lennox Hearth*

21  *Prods. Inc.*, 268 F.R.D. 330, 337 n.3 (N.D. Cal. 2010) ("On a motion for class certification … 'the

22  Federal Rules of Evidence take on a substantially reduced significance, as compared to a typical

23  evidentiary hearing or trial.'").

24  Under these standards, the website traffic data that Ms. Lee was able to retrieve is highly

25  probative of the individualized nature of the putative classmembers' exposure to the Hardware

26  Statement. Dkt. 146 at 3:9-13; 8:10-15. As Tesla explained in its opposition to LoSavio's class

27  certification motion, LoSavio bears the burden of showing common exposure to the Hardware

28  Statement, for which he offers no evidence whatsoever. *Id.* at 7:7-8:9. In particular, LoSavio does

not show that all classmembers visited Tesla's website at all—much less that they visited a specific sub-page that contained the Hardware Statement.  Thus, the website traffic data only further demonstrates why LoSavio fails to meet his burden to show common exposure, because the sub-page containing the Hardware Statement received only a small portion of the total website's traffic. While the website traffic data contains empty data entries for a limited period of time (Request at 4:9-6:2), the burden is ultimately on LoSavio, not Tesla, to demonstrate common exposure throughout the whole proposed class period.  LoSavio's Request is nothing but a distraction from his own failure to meet the burden of proof.

LoSavio's other argument—that the website traffic data in Exhibit A might be underinclusive—likewise misses the mark.  He argues that the data may have excluded users with certain security settings blocking cookies (Request at 2:1-15), but ignores Ms. Lee's testimony that this exclusion applies uniformly across all data columns in Exhibit A (Lee Dep. Tr. 23:15-24:4; 25:7-26:16).  In other words, if certain users were excluded due to cookie-blocking settings, they would be excluded from both the numerator (traffic to the sub-pages containing the Hardware Statement) and the denominator (overall site traffic) of the proportional comparison between these two figures, which is the primary probative value of Exhibit A.  Thus, even assuming each proposed classmember visited Tesla's website when purchasing EAP or FSDC (a fact LoSavio fails to establish), any uniform exclusion of traffic would not affect the relative ratio and would have no bearing on the data's relevance to the issue at hand—namely, the (lack of) visibility and prominence of the Hardware Statement within the broader website context.

For the foregoing reasons, the Request should be denied.

1

2

Respectfully submitted,

3

Dated: July 29, 2025

4

WILMER CUTLER PICKERING
HALE AND DORR LLP

5

6

By:    /s/ Alan Schoenfeld

7

Alan Schoenfeld

8

9

*Attorneys for Defendants Tesla, Inc., Tesla
Lease Trust, Tesla Finance LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                          **SIGNATURE ATTESTATION**

3          I am the ECF User whose identification and password are being used to file the foregoing.

4   Pursuant to Civil Local Rule 5-1(i), I hereby attest that the other signatories have concurred in this

5   filing.

6

7   Date:  July 29, 2025                    By:  */s/ Alan Schoenfeld*_____

8                                                Alan Schoenfeld

9

10                          **CERTIFICATE OF SERVICE**

11          I hereby certify that on July 29, 2025, I electronically filed the above document and

12  supporting documents with the Clerk of the Court using CM/ECF which will send electronic

13  notification of such filing to all registered counsel.

14

15  Dated:  July 29, 2025                    By:  */s/ Alan Schoenfeld*_____

16                                                Alan Schoenfeld

17

18

19

20

21

22

23

24

25

26

27

28