# MAKENA KERSHAW DECL. EX. 34



**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

# Transcript of Edward M. Stockton

**Date:** June 2, 2025
**Case:** Matsko, et al. -v- Tesla, Inc., et al.

**Planet Depos**

**Phone:** 888.433.3767 | **Email:** transcripts@planetdepos.com
www.planetdepos.com
Michigan #8598 | Nevada #089F | New Mexico #566

```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

                      SAN FRANCISCO DIVISION



IN RE TESLA ADVANCED DRIVER  )
ASSISTANCE SYSTEMS LITIGATION)
                             )
                             )  NO. 3:22-CV-5240-RFL
                             )
_____)




             -- C O N F I D E N T I A L --

               FOR ATTORNEYS' EYES ONLY

           IN-PERSON VIDEOTAPED DEPOSITION OF
                      EDWARD STOCKTON
                   MONDAY, JUNE 2, 2025










STENOGRAPHIC REPORTER:  CHRISTA YAN, CSR NO. 14316, RPR
                                                  _____
```

```
 1    PERSONAL APPEARANCES:

 2    FOR PLAINTIFFS AND THE PUNITIVE CLASS:
          COTCHETT PITRE & MCCARTHY LLP
 3        BY:  JULIE FIEBER, ATTORNEY-AT-LAW
               MAKENA-KALA KERSHAW, ATTORNEY-AT-LAW
 4        840 Malcolm Road, Suite 200
          Burlingame, California 94010
 5        (650) 697-6000
          jfieber@cpmlegal.com
 6


 7    FOR TESLA:
          WILMER CUTLER PICKERING HALE AND DORR LLP
 8        BY:  DAVID MARCUS, ATTORNEY-AT-LAW
               LAKSHMI REDDY, ATTORNEY-AT-LAW
 9        350 S Grand Avenue, Suite 2400
          Los Angeles, California 90071
10        (213) 443-5312
          david.marcus@wilmerhale.com
11

12

13

14    ALSO PRESENT PERSONALLY:
      PHILIP ASTOR, The Videographer
15    AENGUS CARR, Tesla
      MORGAN SCOTT, CPM Associate
16

17

18

19

20

21
                          --oOo--
22

23

24

25
```

```
1                    INDEX OF EXAMINATIONS

2                                                    PAGE

3    MR. MARCUS                                      6

4

5

6                          --oOo--

7

8

9    Witness's Changes or Corrections               89

10   Reporter's Certificate                         91

11

12

13                         --oOo--

14

15                      E X H I B I T S

16   EXHIBIT         FOR IDENTIFICATION             PAGE

17   Exhibit 1   -   Fieber DEC Ex. 4               15

18   Exhibit 2   -   Fieber DEC Ex. 15              70

19

20

21

22                         --oOo--

23

24

25
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY
Transcript of Edward M. Stockton
Conducted on June 2, 2025      4

```
 1          BE IT REMEMBERED that on MONDAY, the 2ND DAY OF
 2     JUNE, 2025, at the hour of 10:02 A.M., Pacific Standard
 3     Time, of said day, at 50 California Street, Suite 3600,
 4      San Francisco, California 94111, before me personally,
 5      CHRISTA YAN, a Certified Shorthand Reporter, State of
 6     California, personally appeared EDWARD STOCKTON, who was
 7    examined as a witness in said cause; that said transcript
 8    format was prepared in accordance with California Code of
 9                    Regulations Section 2473.
10
11
12
13
14
15
16                              --oOo--
17
18
19
20
21
22
23
24
25
```

| | | |
|---|---|---|
| 1 | a basis to assign the value. | 11:57:07 |
| 2 | BY MR. MARCUS: | 11:57:08 |
| 3 | Q   Right.  So at the time of your declaration, you | 11:57:08 |
| 4 | did not assign a value to over-the-air updates received by | 11:57:11 |
| 5 | Tesla customers who purchased FSDC, correct? | 11:57:13 |
| 6 | A   That is -- | 11:57:17 |
| 7 | MS. FIEBER:  Objection.  Form.  Asked and answered. | 11:57:17 |
| 8 | THE WITNESS:  That is correct. | 11:57:18 |
| 9 | BY MR. MARCUS: | 11:57:19 |
| 10 | Q   Thank you. | 11:57:20 |
| 11 | On page 10 of your declaration, Footnote 9, are | 11:57:20 |
| 12 | you there, sir? | 11:57:39 |
| 13 | A   I am. | 11:57:40 |
| 14 | Q   On page 10 of your declaration of Footnote 9, you | 11:57:40 |
| 15 | make reference to, quote, The core alleged | 11:57:48 |
| 16 | misrepresentation regarding self-driving technology, | 11:57:52 |
| 17 | unquote.  Correct? | 11:57:56 |
| 18 | A   Yes. | 11:57:57 |
| 19 | Q   You don't say what the core alleged | 11:57:58 |
| 20 | misrepresentation is in your declaration, correct? | 11:58:02 |
| 21 | A   I don't link it to the word core. | 11:58:05 |
| 22 | Q   What is the core alleged representation at issue | 11:58:15 |
| 23 | in this case, sir? | 11:58:21 |
| 24 | MS. FIEBER:  Form. | 11:58:24 |
| 25 | THE WITNESS:  My understanding, as a nonlawyer, is | 11:58:24 |

| | | |
|---|---|---|
| 1 | that there are features that consumers bought, and they | 11:58:28 |
| 2 | didn't receive those features. | 11:58:35 |
| 3 | BY MR. MARCUS: | 11:58:36 |
| 4 | Q   Can you be any more specific as to what you term | 11:58:37 |
| 5 | the core alleged misrepresentations, what they were in | 11:58:42 |
| 6 | this case? | 11:58:46 |
| 7 | A   For my purposes, I understand them to be | 11:58:46 |
| 8 | undelivered features. | 11:58:54 |
| 9 | Q   What undelivered features? | 11:58:55 |
| 10 | A   The subject features. | 11:58:57 |
| 11 | Q   And when you say, Subject features, what do you | 11:58:58 |
| 12 | mean? | 11:59:04 |
| 13 | A   The ones we've discussed.  Nothing new.  The | 11:59:04 |
| 14 | features that we have discussed. | 11:59:10 |
| 15 | Q   And so when you say that the core alleged | 11:59:12 |
| 16 | misrepresentations were FSDC and EAP were not delivered? | 11:59:17 |
| 17 | MS. FIEBER:  Objection.  Form. | 11:59:30 |
| 18 | THE WITNESS:  Yes.  That is my... yes.  There are | 11:59:30 |
| 19 | features that consumers paid for but did not receive. | 11:59:38 |
| 20 | BY MR. MARCUS: | 11:59:40 |
| 21 | Q   What were those features? | 11:59:41 |
| 22 | MS. FIEBER:  Asked and answered.  Form. | 11:59:43 |
| 23 | THE WITNESS:  I have described the subject features | 11:59:45 |
| 24 | that are what I have been talking about. | 11:59:48 |
| 25 | | |

| | | |
|---|---|---|
| 1 | BY MR. MARCUS: | 11:59:49 |
| 2 | Q    Please tell me what they are now. | 11:59:50 |
| 3 | A    Full Self-Driving and enhanced -- Full | 11:59:51 |
| 4 | Self-Driving, you wanted to add a C to that, and Enhanced | 11:59:55 |
| 5 | Autopilot. | 12:00:02 |
| 6 | Q    Those are the core alleged misrepresentations in | 12:00:02 |
| 7 | this case? | 12:00:05 |
| 8 | MS. FIEBER:  Objection.  Form. | 12:00:05 |
| 9 | THE WITNESS:  I want to be careful with | 12:00:06 |
| 10 | misrepresentation because I think that's a different... a | 12:00:08 |
| 11 | different area on which I'm not answering opinions.  I | 12:00:11 |
| 12 | think that might be a loaded term. | 12:00:14 |
| 13 | BY MR. MARCUS: | 12:00:15 |
| 14 | Q    Well, you used the term misrepresentation in | 12:00:19 |
| 15 | paragraph 9 -- strike that. | 12:00:19 |
| 16 | You used the term misrepresentation in | 12:00:24 |
| 17 | Footnote 9, page 10 of your declaration, right? | 12:00:27 |
| 18 | A    Yes. | 12:00:28 |
| 19 | Q    What did you mean by that when you used it in | 12:00:28 |
| 20 | Footnote 9? | 12:00:31 |
| 21 | A    Essentially what I meant is that I noted that the | 12:00:32 |
| 22 | word supervised was in some of the materials.  I consulted | 12:00:34 |
| 23 | counsel, and they said no, that the use of that word | 12:00:39 |
| 24 | doesn't change our fundamental allegations.  These -- the | 12:00:41 |
| 25 | allegations still apply even when the word supervised is | 12:00:49 |

1  there.  It's as simple as that.  12:00:51
2      Q    Okay.  So let me just try one more time.  You  12:00:53
3  used the term the core misrepresentation regarding  12:00:59
4  self-driving technology.  What was or were the core  12:01:02
5  misrepresentation or misrepresentations that you're aware  12:01:10
6  of in this case that are alleged?  12:01:12
7      MS. FIEBER:  Asked and answered.  Form.  12:01:14
8      THE WITNESS:  Yeah, I think I have answered that.  12:01:15
9  That the -- what I've called the subject features,  12:01:17
10 consumers paid for those, didn't get them.  And yeah,  12:01:24
11 that's -- it's -- I'm not adding anything new or another  12:01:30
12 layer of distinction with this footnote.  I'm just  12:01:34
13 pointing out that I checked out.  I noticed that in the  12:01:37
14 marketing material, checked with counsel, and I describe  12:01:40
15 that in a footnote.  That's all.  12:01:44
16 BY MR. MARCUS:  12:01:45
17     Q    In your declaration you don't point to a specific  12:01:51
18 false statement made by Tesla, correct?  12:01:58
19     A    No, I'm not the source of that.  12:01:58
20     Q    Are you aware of any specific false statement  12:02:00
21 made by Tesla?  12:02:02
22     MS. FIEBER:  Objection.  Form.  12:02:02
23     THE WITNESS:  No.  That's not in my assignment.  12:02:03
24 BY MR. MARCUS:  12:02:06
25     Q    Your declaration does not quantify the harm  12:02:07

REPORTER'S CERTIFICATE

    I, Christa Yan, CSR No. 14316, do hereby declare:

    That, prior to being examined, the witness named in the foregoing proceeding was by me duly sworn pursuant to Section 30(f)(1) of the Federal Rules of Civil Procedure, and the proceeding is a true record of the testimony given by the witness as accurately as possible. That said proceeding was taken down by me stenographically at the time therein named and thereafter reduced to text under my direction.

    ___ That said witness was requested to review the transcript and make any changes to the transcript as a result of that review pursuant to Section 30(e) of the Federal Rules of Civil Procedure.
    ___ No changes have been provided by the witness during the period allowed.
    ___ The changes made by the witness are appended to the transcript.
    ___ No request was made that the transcript be reviewed pursuant to Section 30(e) of the Federal Rules of Civil Procedure.

    I further declare that I have no interest in the event of the action. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    WITNESS my hand this 4th day of June 2025.

_____
Christa Yan, CSR NO. 14316