DAVID C. MARCUS (SBN 158704)
david.marcus@wilmerhale.com
CHRISTOPHER T. CASAMASSIMA (SBN 211280)
chris.casamassima@wilmerhale.com
JOSHUA A. VITTOR (SBN 326221)
joshua.vittor@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Tel.: (213) 443-5312

ALAN SCHOENFELD (*pro hac vice*)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel.: (212) 937-7294

ALLISON BINGXUE QUE (SBN 324044)
allison.que@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel.: (650) 858-6000

*Attorneys for Defendant Tesla, Inc., Tesla Lease Trust,*
*and Tesla Finance LLC*

## UNITED STATES DISTRICT COURT

## NORTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Tesla Advanced Driver Assistance Systems Litigation | Case No. 3:22-cv-05240-RFL<br><br>**CLASS ACTION**<br><br>**DEFENDANTS TESLA, INC., TESLA LEASE TRUST, AND TESLA FINANCE LLC'S ANSWER TO CONSOLIDATED FOURTH AMENDED COMPLAINT** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collectively, "Tesla"), by and through their undersigned counsel, hereby answer and assert affirmative defenses as follows to Plaintiff's Fourth Amended Complaint (ECF No. 163, "FAC"), dated August 29, 2025.  Tesla reserves the right to amend this answer or to assert other defenses as this action proceeds.  Except as expressly admitted, qualified, or otherwise answered here, Tesla denies each and every allegation and assertion in the FAC.  To the extent the paragraphs in the FAC are grouped under headings and sub-headings, Tesla responds generally that such headings and sub-headings (which are not repeated below) state unsupported legal conclusions as to which no response is required.  To the extent a response is necessary, Tesla denies each heading and sub-heading in the FAC and incorporates by reference this response in each paragraph below as if fully set forth herein.  To the extent Tesla responds that a document or source speaks for itself, or refers the Court to a document or source for a complete and accurate description of its contents, such assertion shall not be deemed to be an admission that the contents of any such document or source are truthful, accurate or complete.  Any allegations contained in the FAC that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied.  Tesla generally denies any averments in the FAC's unnumbered paragraphs, pictures, captions, footnotes, and prayer for relief.  Tesla denies any characterization, including bolding, italics or paraphrasing of any alleged statement or that is not a quote of the actual complete statements in context.  Based on all of the foregoing, as well as specifically enumerated herein, Tesla denies that Plaintiff or the proposed class is entitled to any relief whatsoever.

On May 15, 2024, the Court granted in part and denied in part Tesla's motion to dismiss the FAC (ECF No. 96, "MTD Order").  The Court held, among other things, that Plaintiff's fraud and related negligence-based claims may go forward only to the extent they are based on two alleged representations: (1) representations that Tesla vehicles have the hardware needed for full self-driving capability ("Hardware Statement"), and (2) representations that a Tesla car would be able to drive itself cross-country in the coming year ("Cross-Country Statement").  *See* MTD Order at 2-3.  Therefore, as to Plaintiff, Tesla expressly denies any allegation or assertion in the FAC that

is not based on either the Hardware Statement or the Cross-Country Statement.  On August 19, 2025, the Court granted Plaintiff's motion for class certification, but held that Plaintiff had failed to demonstrate class-wide exposure to the Cross-Country Statement.  ECF No. 164 at 12 ("Class Order").  The Court certified the class only with respect to the Hardware Statement. *Id*.  Therefore, as to the putative class, Tesla expressly denies any allegation or assertion in the FAC that is not based on the Hardware Statement.

The paragraph preceding the allegations does not require a response.  To the extent a response is required, Tesla admits that Plaintiff Thomas LoSavio ("Plaintiff") brings this consolidated class action against Tesla but denies that Plaintiff or the proposed class is entitled to any relief.  To the extent this paragraph incorporates the allegations below, Tesla refers the Court to Tesla's answer to each and every allegation below.

Subject to the foregoing, Tesla answers as follows.

1.      Paragraph 1 contains legal arguments and conclusions to which no response is required.  To the extent Paragraph 1 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answers to those allegations.  To the extent a response is required, Tesla denies the allegations in Paragraph 1, except admits that Plaintiff purports to bring a putative consumer class action against Tesla.

2.      To the extent Paragraph 2 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answers to those allegations.  Tesla denies the remaining allegations in Paragraph 2.

3.      To the extent Paragraph 3 purports to characterize, quote from, or summarize a video posted on Tesla's website, the content of that video speaks for itself, and Tesla respectfully refers the Court to that video for a complete and accurate recitation of its content.  To the extent Paragraph 3 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answers to those allegations.  Tesla denies the remaining allegations in Paragraph 3.

4.      To the extent Paragraph 4 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answers to those allegations.  To the extent Paragraph 4 purports to characterize, quote, or summarize an article posted by the Dawn Project or a June 2,

2020 *Forbes* article, the content of those articles speaks for itself, and Tesla respectfully refers the Court to those articles for a complete and accurate recitation of their content. Tesla admits that Plaintiff purports to characterize several incidents. Tesla denies that Autopilot caused those accidents and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Tesla denies the remaining allegations in Paragraph 4.

5. To the extent Paragraph 5 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answer to those allegations. Tesla denies the remaining allegations in Paragraph 5.

6. To the extent Paragraph 6 purports to characterize, quote, or summarize a blog post posted on Tesla's website on October 19, 2016, the content of that blog post speaks for itself, and Tesla respectfully refers the Court to that blog post for a complete and accurate recitation of its content. To the extent Paragraph 6 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answer to those allegations. Tesla denies the remaining allegations in Paragraph 6.

7. To the extent Paragraph 7 purports to characterize, quote from, or summarize a page on Tesla's website, the content of the webpage speaks for itself, and Tesla respectfully refers the Court to that webpage for a complete and accurate recitation of its content. To the extent Paragraph 7 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answer to those allegations. Tesla denies the remaining allegations in Paragraph 7.

8. To the extent Paragraph 8 purports to characterize, quote from, or summarize an article posted by The Dawn Project or a May 9, 2019 X post by Mr. Musk, the content of those sources speaks for itself, and Tesla respectfully refers the Court to those sources for a complete and accurate recitation of their content. To the extent Paragraph 8 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answers to those allegations. Tesla denies the remaining allegations in Paragraph 8.

9. To the extent Paragraph 9 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answers to those allegations. Tesla denies the remaining allegations in Paragraph 9.

10.      To the extent Paragraph 10 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answers to those allegations.  Tesla denies the remaining allegations in Paragraph 10.

11.      Tesla admits that Plaintiff LoSavio purchased a new Tesla Model S in 2017.  Tesla admits that Plaintiff paid $5,000 for Enhanced Autopilot and $3,000 for Full Self-Driving Capability ("FSDC," more recently named "Full Self-Driving (Supervised)").  Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 11.  To the extent Paragraph 11 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answers to those allegations.  Tesla denies the remaining allegations in Paragraph 11.

12.      Tesla admits that Plaintiff purports to bring this action on behalf of himself and a putative class defined in Paragraph 12.  Tesla admits that Plaintiff brings claims and seeks relief as set forth in Paragraph 12, although Tesla denies that Plaintiff and/or the proposed class is entitled to the relief he seeks.  To the extent Paragraph 12 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answers to those allegations.  Tesla denies the remaining allegations in Paragraph 12.

13.      Paragraph 13 contains legal arguments and conclusions to which no response is required.  Tesla does not contest subject matter jurisdiction for purposes of this matter.  To the extent a response is required, Tesla denies the remaining allegations in Paragraph 13.

14.      Tesla admits that until December 2021, Tesla, Inc. was headquartered in Palo Alto, California.  Tesla admits that it has a factory in Fremont, California that manufactures Tesla vehicles.  Tesla admits that it owns and operates Tesla stores in California to sell Tesla vehicles.  Tesla admits that Tesla, Inc. is registered with the California Secretary of State to do business in California and is licensed by the California Department of Motor Vehicles ("DMV") as a vehicle dealer and a vehicle manufacturer.  Tesla admits that Defendants Tesla Finance LLC and Tesla Lease Trust have their principal places of business in California.  Paragraph 14 otherwise contains legal arguments and conclusions to which no response is required.  Tesla does not contest personal

1   jurisdiction for purposes of this matter.  To the extent a response is required, Tesla otherwise denies

2   the remaining allegations in Paragraph 14.

3        15.    Paragraph 15 contains legal arguments and conclusions to which no response is

4   required.  Tesla does not contest venue for the purposes of this matter.  To the extent a response is

5   required, Tesla denies the remaining allegations in Paragraph 15.

6        16.    Tesla denies knowledge or information sufficient to form a belief as to the truth or

7   falsity of the allegations in the first, second, and fifth sentences of Paragraph 16.  Tesla admits that

8   Plaintiff LoSavio purchased a new 2017 Tesla Model S in or about January 2017 in California

9   from Tesla.   Tesla admits that Plaintiff LoSavio in January 2017 paid $5,000 for Enhanced

10   Autopilot and $3,000 for FSDC, which were in addition to the base price he paid for that new 2017

11   Tesla Model S.  Tesla denies the remaining allegations in Paragraph 16.

12        17.    Tesla admits that Plaintiff LoSavio paid more than $100,000 for his 2017 Tesla

13   Model S as referred to in Paragraph 16.  Tesla denies knowledge or information sufficient to form

14   a belief as to the truth or falsity of the remaining allegations contained in Paragraph 17.  Plaintiff

15   does not identify the source of the allegations regarding Tesla's representations in Paragraph 17,

16   which renders it unduly vague and improperly forces Tesla to speculate about its supposed basis,

17   and Tesla therefore denies those allegations on that basis.  To the extent those representations go

18   beyond the two specific pre-purchase statements identified in the Court's motion to dismiss order

19   on which Plaintiff's claims may proceed (MTD Order at 2-3), no response is required; to avoid

20   any doubt, Tesla denies the related allegations of Paragraph 17 as irrelevant to the case to the extent

21   a response is required.  To the extent Paragraph 17 purports to incorporate or summarize any

22   allegations below, Tesla refers the Court to Tesla's answers to those allegations.  Tesla denies the

23   remaining allegations in Paragraph 17.

24        18.    Plaintiff does not identify the source of the allegations regarding Tesla's

25   representations in Paragraph 18, which renders it unduly vague and improperly forces Tesla to

26   speculate about its supposed basis, and Tesla therefore denies those allegations on that basis.  To

27   the extent those representations go beyond the two specific pre-purchase statements identified in

28   the MTD Order on which Plaintiff's claims may proceed, no response is required; to avoid any

doubt, Tesla denies the related allegations of Paragraph 18 as irrelevant to the case to the extent a response is required.  To the extent Paragraph 18 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answers to those allegations.  Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18.

19.     Tesla admits that in January 2017 Plaintiff LoSavio purchased his 2017 Tesla Model S as referred to in Paragraph 16.  Tesla admits that in January 2017 Plaintiff LoSavio paid $5,000 for Enhanced Autopilot and $3,000 for FSDC, both of which would be continuously upgraded through over-the-air software updates.  Plaintiff does not identify the source of the allegations regarding Tesla's representations in Paragraph 19, which renders it unduly vague and improperly forces Tesla to speculate about its supposed basis, and Tesla therefore denies those allegations on that basis.  To the extent those representations go beyond the two specific pre-purchase statements identified in the MTD Order on which Plaintiff's claims may proceed, no response is required; to avoid any doubt, Tesla denies the related allegations of Paragraph 19 as irrelevant to the case to the extent a response is required.  To the extent Paragraph 19 purports to incorporate or summarize any allegations below, Tesla refers the Court to Tesla's answers to those allegations.  Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19.

20.     Admitted except that Tesla denies that it is incorporated in Delaware.

21.     Tesla admits that it operates stores and galleries for customers to see vehicles before ordering them.  Tesla admits that it designs, develops, manufactures, and tests its electric vehicles and the advanced driver assistance system ("ADAS") technology on those vehicles.  Tesla admits that it markets its vehicles on its website, in marketing materials, and in its galleries and showrooms.  Tesla admits that it sells and leases its electric vehicles directly to consumers, including through its website and retail stores owned and operated by Tesla.  Tesla otherwise denies the remaining allegations in Paragraph 21.

22.     Tesla admits that Mr. Musk has a personal X account; to the extent Paragraph 22 purports to describe that account and its followers, the content of that account speaks for itself,

and Tesla respectfully refers the Court to that account.  Tesla admits that as of the date of this Answer, Mr. Musk is Tesla's largest shareholder and avers that information regarding Tesla's stock is a matter of public record and speaks for itself.  Tesla denies the remaining allegations in Paragraph 22.

23.    Admitted.

24.    Admitted.

25.    Paragraph 25 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 25.

26.    Paragraph 26 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 26.

27.    Paragraph 27 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 27.

28.    Paragraph 28 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 28.

29.    To the extent Paragraph 29 purports to describe SAE International and characterize or summarize its publication titled "Taxonomy and Definitions for Terms Related to Driving Automation Systems for On-Road Motor Vehicles" ("SAE Levels"), the content of that source speaks for itself, and Tesla respectfully refers the Court to that source for a complete and accurate recitation of its content. Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 29.

30.    To the extent Paragraph 30 purports to characterize or summarize the SAE Levels issued by SAE International or as described by *The Wall Street Journal*, the content of those sources speaks for itself, and Tesla respectfully refers the Court to those sources for a complete and accurate recitation of their content.  Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 30.

31.    Tesla admits that the SAE Levels have been referred to by regulatory agencies including the National Transportation Safety Board ("NTSB"), the National Highway Traffic

Safety Administration ("NHTSA"), and U.S. Department of Transportation.  Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31.

32.    To the extent Paragraph 32 purports to characterize, quote from, or summarize the SAE Levels issued by SAE International, the content of that source speaks for itself, and Tesla respectfully refers the Court to that source for a complete and accurate recitation of its content. Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 32.

33.    To the extent Paragraph 33 purports to characterize, quote from, or summarize a May 2022 document published by NHTSA, the content of that document speaks for itself, and Tesla respectfully refers the Court to that document for a complete and accurate recitation of its content.  Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 33.

34.    Tesla admits that as of the date of this Answer, Tesla's ADAS technology is at SAE Level 2.  Tesla denies the remaining allegations in Paragraph 34.

35.    Plaintiff does not identify the source of the allegations in Paragraph 35, which renders it unduly vague and improperly forces Tesla to speculate about its supposed basis, and Tesla therefore denies the allegations in Paragraph 35 on that basis.  Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 35.

36.    Tesla admits that its current ADAS-equipped vehicles are installed with hardware including cameras (and a radar unit for some of the vehicles) but not lidars.  Plaintiff does not identify the source of the allegations in Paragraph 36, which renders it unduly vague and improperly forces Tesla to speculate about its supposed basis, and Tesla therefore denies the allegations in Paragraph 36 on that basis.  Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36.

37.    Tesla admits that Elon Musk invested in Tesla and became chairman of the Company's Board in 2004.  Tesla denies the remaining allegations in Paragraph 37.

38.     Tesla admits that Elon Musk became Tesla's Chief Executive Officer in 2008. Tesla admits that Tesla released the Roadster in 2008. Tesla admits that the Roadster was an electric vehicle powered by lithium-ion batteries. Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 38.

39.     Admitted.

40.     Tesla admits that, since 2014, Tesla began equipping its Model S sedan with hardware that was intended to facilitate ADAS features. Tesla admits that Mr. Musk has been involved in the development of Tesla's ADAS technology, and as part of that work, communicated with Tesla's Autopilot engineering team. To the extent that Paragraph 40 purports to characterize, quote from, or summarize a December 6, 2021 *The New York Times* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content. To the extent the allegations in Paragraph 40 are considered as Tesla's representations, those representations go beyond the two specific pre-purchase statements identified in the Court's MTD Order on which Plaintiff's claims may proceed, and no response is required; to avoid any doubt, Tesla denies those allegations as irrelevant to the case to the extent a response is required. Tesla denies the remaining allegations in Paragraph 40.

41.     Tesla admits that some of its Autopilot features include adaptive cruise control technology. To the extent Paragraph 41 purports to characterize, quote from, or summarize a document published by NHTSA, the content of that document speaks for itself, and Tesla respectfully refers the Court to that document for a complete and accurate recitation of its content. Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 41.

42.     Tesla admits that some of its Autopilot features include lane keeping assistance technology. Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42.

43.     To the extent Paragraph 43 purports to characterize, quote from, or summarize an October 2, 2014 X post by *CNN Business*, the content of that post speaks for itself, and Tesla

respectfully refers the Court to that post for a complete and accurate recitation of its content. To the extent the allegations in Paragraph 43 are considered as Tesla's representations, those representations go beyond the two specific pre-purchase statements identified in the Court's MTD Order on which Plaintiff's claims may proceed, and no response is required; to avoid any doubt, Tesla denies those allegations as irrelevant to the case to the extent a response is required. Tesla denies the remaining allegations in Paragraph 43.

44.      Tesla admits that, in October 2015, it released its Autopilot version 7.0 software on Model S vehicles that enabled the then-available Autopilot features. To the extent Paragraph 44 purports to characterize, quote from, or summarize a July 1, 2016 *Reuters* article or an August 24, 2017 *The Wall Street Journal* article, the content of those articles speaks for itself, and Tesla respectfully refers the Court to those articles for a complete and accurate recitation of their content. To the extent the allegations in Paragraph 44 are considered as Tesla's representations, those representations go beyond the two specific pre-purchase statements identified in the Court's MTD Order on which Plaintiff's claims may proceed, and no response is required; to avoid any doubt, Tesla denies those allegations as irrelevant to the case to the extent a response is required. Tesla denies the remaining allegations in Paragraph 44.

45.      To the extent Paragraph 45 purports to characterize, quote from, or summarize a December 21, 2015 *Fortune* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content. To the extent the allegations in Paragraph 45 are considered as Tesla's representations, those representations go beyond the two specific pre-purchase statements identified in the Court's MTD Order on which Plaintiff's claims may proceed, and no response is required; to avoid any doubt, Tesla denies those allegations as irrelevant to the case to the extent a response is required. Tesla denies the remaining allegations in Paragraph 45.

46.      To the extent Paragraph 46 purports to characterize, quote from, or summarize a January 2016 conference call held by Mr. Musk with reporters or a X post by Mr. Musk, the content of those sources speaks for themselves, and Tesla respectfully refers the Court to those sources for a complete and accurate recitation of their content. To the extent the allegations in Paragraph 46

1   are considered as Tesla's representations, those representations go beyond the two specific pre-

2   purchase statements identified in the Court's MTD Order on which Plaintiff's claims may proceed,

3   and no response is required; to avoid any doubt, Tesla denies those allegations as irrelevant to the

4   case to the extent a response is required.  Tesla denies the remaining allegations in Paragraph 46.

5        47.    The allegations in Paragraph 47 are irrelevant to this case that is brought on behalf

6   of a proposed California class, and Tesla therefore denies the allegations in Paragraph 47 on that

7   basis.  To the extent Paragraph 47 purports to characterize, quote from, or summarize a September

8   14, 2016 *The New York Times* article regarding a January 20, 2016 incident involving a Tesla

9   vehicle, the content of that article speaks for itself, and Tesla respectfully refers the Court to that

10  article for a complete and accurate recitation of its content.  Tesla denies that Autopilot caused that

11  incident and otherwise denies knowledge or information sufficient to form a belief as to the truth

12  or falsity of the remaining allegations in Paragraph 47.

13       48.    To the extent Paragraph 48 purports to characterize, quote from, or summarize a

14  February 10, 2016 *Consumer Reports* article, the content of that article speaks for itself, and Tesla

15  respectfully refers the Court to that article for a complete and accurate recitation of its content.

16  Tesla denies the remaining allegations in Paragraph 48.

17       49.    To the extent Paragraph 49 purports to characterize, quote from, or summarize a

18  June 19, 2017 NTSB report, two *The New York Times* articles (one dated July 1, 2016 and one

19  dated September 11, 2016), and a June 30, 2016 blog post on Tesla's website, regarding a May 7,

20  2016 incident involving a Tesla vehicle, the content of those sources speaks for itself, and Tesla

21  respectfully refers the Court to those sources for a complete and accurate recitation of their content.

22  Tesla denies that Autopilot caused that incident and otherwise denies knowledge or information

23  sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49.

24       50.    To the extent Paragraph 50 purports to characterize, quote from, or summarize an

25  interview posted on YouTube on June 2, 2016, the content of that interview speaks for itself, and

26  Tesla respectfully refers the Court to that interview for a complete and accurate recitation of its

27  content.  To the extent the allegations in Paragraph 50 are considered as Tesla's representations,

28  those representations go beyond the two specific pre-purchase statements identified in the Court's

MTD Order on which Plaintiff's claims may proceed, and no response is required; to avoid any doubt, Tesla denies those allegations as irrelevant to the case to the extent a response is required. Tesla otherwise denies the allegations in Paragraph 50.

51.     To the extent Paragraph 51 purports to characterize, quote from, or summarize a July 1, 2016 *Reuters* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of their content.  To the extent the allegations in Paragraph 51 are considered as Tesla's representations, those representations go beyond the two specific pre-purchase statements identified in the Court's MTD Order on which Plaintiff's claims may proceed, and no response is required; to avoid any doubt, Tesla denies those allegations as irrelevant to the case to the extent a response is required.  Tesla otherwise denies the allegations in Paragraph 51.

52.     To the extent Paragraph 52 purports to characterize, quote from, or summarize a July 14, 2016 press release issued by *Consumer Reports*, the content of that press release speaks for itself, and Tesla respectfully refers the Court to that press release for a complete and accurate recitation of its content.  Tesla denies the remaining allegations in Paragraph 52.

53.     To the extent Paragraph 53 purports to characterize, quote from, or summarize a July 20, 2016 blog post by Mr. Musk, the content of that blog post speaks for itself, and Tesla respectfully refers the Court to that blog post for a complete and accurate recitation of its content. To the extent the allegations in Paragraph 53 are considered as Tesla's representations, those representations go beyond the two specific pre-purchase statements identified in the Court's MTD Order on which Plaintiff's claims may proceed, and no response is required; to avoid any doubt, Tesla denies those allegations as irrelevant to the case to the extent a response is required.  Tesla otherwise denies the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are irrelevant to this case that is brought on behalf of a proposed California class, and Tesla therefore denies the allegations in Paragraph 54 on that basis.  To the extent Paragraph 54 purports to characterize, quote from, or summarize an August 15, 2016 *Reuters* article regarding an August 2016 incident involving a Tesla vehicle, the content of the article speaks for itself, and Tesla respectfully refers the Court to that article for a complete

and accurate recitation of its content. Tesla denies that Autopilot caused that incident and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 54.

55. To the extent Paragraph 55 purports to characterize, quote from, or summarize a September 14, 2016 *Reuters* article, the content of the article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content. Tesla denies the remaining allegations in Paragraph 55.

56. The allegations in Paragraph 56 are irrelevant to this case that is brought on behalf of a proposed California class, and Tesla therefore denies the allegations in Paragraph 56 on that basis. Tesla admits that it received a letter from German regulators around October 16, 2016. To the extent Paragraph 56 purports to characterize, quote from, or summarize that letter or an October 16, 2016 *Reuters* article, the content of those sources speaks for itself, and Tesla respectfully refers the Court to those sources for a complete and accurate recitation of their content. Tesla admits that the term "autopilot" is similar to the term "autopilot" that has been long used in the aviation industry. To the extent the Autopilot name is considered as Tesla's representation, such representation goes beyond the two specific pre-purchase statements identified in the Court's MTD Order on which Plaintiff's claims may proceed, and no response is required; to avoid any doubt, Tesla denies the related allegations as irrelevant to the case to the extent a response is required. Tesla otherwise denies the remaining allegations in Paragraph 56.

57. Tesla admits that it announced a new suite of hardware on October 19, 2016, including Enhanced Autopilot and FSDC packages. Tesla admits that the purchase price for Enhanced Autopilot at the time was $5,000 and the purchase price for FSDC (which includes Enhanced Autopilot) was $8,000. To the extent Paragraph 57 purports to characterize, quote from, or summarize the announcement made by Tesla on October 19, 2016 or an October 20, 2016 *Motor Trend* article reporting on that announcement, the content of those sources speaks for itself, and Tesla respectfully refers the Court to those sources for a complete and accurate recitation of their content. To the extent the allegations in Paragraph 57 are considered as Tesla's representations, some of those representations go beyond the two specific pre-purchase statements identified in the

1   Court's MTD Order on which Plaintiff's claims may proceed, and no response is required; to avoid

2   any doubt, Tesla denies those allegations as irrelevant to the case to the extent a response is

3   required.  Tesla otherwise denies the remaining allegations in Paragraph 57.

4          58.    To the extent Paragraph 58 purports to characterize, quote from, or summarize a

5   blog post published by Tesla tilted "All Tesla Cars Being Produced Now Have Full Self-Driving

6   Hardware," the content of that blog post speaks for itself, and Tesla respectfully refers the Court

7   to that blog post for a complete and accurate recitation of its content.  To the extent the allegations

8   in Paragraph 58 are considered as Tesla's representations, some of those representations go beyond

9   the two specific pre-purchase statements identified in the Court's MTD Order on which Plaintiff's

10  claims may proceed, and no response is required; to avoid any doubt, Tesla denies those allegations

11  as irrelevant to the case to the extent a response is required.  Paragraph 58 otherwise contains legal

12  arguments and conclusions to which no response is required; to the extent a response is required,

13  Tesla denies those allegations.  Tesla otherwise denies the remaining allegations in Paragraph 58.

14         59.    To the extent Paragraph 59 purports to characterize, quote from, or summarize

15  content posted on Tesla's website, an October 20, 2016 X post by Mr. Musk, a 2022 deposition

16  transcript from a different case, a December 6, 2021 *The New York Times* article, a January 19,

17  2023 *Bloomberg News* article, or certain videos purportedly posted by Tesla on Vimeo, the content

18  of those sources speaks for itself, and Tesla respectfully refers the Court to those sources for a

19  complete and accurate recitation of their content.  To the extent the allegations in Paragraph 59 are

20  considered as Tesla's representations, those representations go beyond the two specific pre-

21  purchase statements identified in the Court's MTD Order on which Plaintiff's claims may proceed,

22  and no response is required; to avoid any doubt, Tesla denies those allegations as irrelevant to the

23  case to the extent a response is required.  Tesla otherwise denies the remaining allegations in

24  Paragraph 59.

25         60.    Tesla admits that on October 19, 2016 Tesla held a conference call with reporters.

26  To the extent Paragraph 60 purports to characterize, quote from, or summarize statements made

27  by Mr. Musk during the October 19, 2016 conference call, the content of that conference call

28  speaks for itself, and Tesla respectfully refers the Court to that conference call for a complete and

accurate recitation of its content.  To the extent the allegations in Paragraph 60 are considered as Tesla's representations, some of those representations go beyond the two specific pre-purchase statements identified in the Court's MTD Order on which Plaintiff's claims may proceed, and no response is required; to avoid any doubt, Tesla denies those allegations as irrelevant to the case to the extent a response is required.  Tesla otherwise denies the remaining allegations in Paragraph 60.

61.    To the extent Paragraph 61 purports to characterize, quote from, or summarize an August 24, 2017 *The Wall Street Journal* article or a December 6, 2021 *The New York Times* article, the content of those articles speaks for itself, and Tesla respectfully refers the Court to those articles for a complete and accurate recitation of their content.  Tesla otherwise denies the remaining allegations in Paragraph 61.

62.    To the extent Paragraph 62 purports to characterize, quote from, or summarize an October 20, 2016 X post by Mr. Musk, the content of that post speaks for itself, and Tesla respectfully refers the Court to that post for a complete and accurate recitation of its content.  To the extent the allegations in Paragraph 62 are considered as Tesla's representations, those representations go beyond the two specific pre-purchase statements identified in the Court's MTD Order on which Plaintiff's claims may proceed, and no response is required; to avoid any doubt, Tesla denies those allegations as irrelevant to the case to the extent a response is required.  Tesla otherwise denies the remaining allegations in Paragraph 62.

63.    Tesla admits that since 2017 Tesla's website has contained information about Tesla's ADAS features.  To the extent Paragraph 63 purports to characterize, quote from, or summarize a page on Tesla's website, the content of that page speaks for itself, and Tesla respectfully refers the Court to that page for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 63.

64.    To the extent the allegations in Paragraph 64 are considered as Tesla's representations and to the extent Paragraph 64 purports to characterize, quote from, or summarize an April 2017 TED interview, the content of that interview speaks for itself, and Tesla respectfully

1    refers the Court to that interview for a complete and accurate recitation of its content. Tesla

2    otherwise denies the remaining allegations in Paragraph 64.

3        65.    Tesla admits that it held a quarterly earnings call on May 3, 2017. To the extent

4    Paragraph 65 purports to characterize, quote from, or summarize that earnings call, the content of

5    that earnings call speaks for itself, and Tesla respectfully refers the Court to the transcript of that

6    earnings call for a complete and accurate recitation of its content. Tesla otherwise denies the

7    remaining allegations in Paragraph 65.

8        66.    To the extent Paragraph 66 purports to characterize, quote from, or summarize a

9    post by an X user and a response by Mr. Musk on May 21, 2017 and to the extent the allegations

10   in Paragraph 66 are considered as Tesla's representations, the content of those posts speaks for

11   itself, and Tesla respectfully refers the Court to those posts for a complete and accurate recitation

12   of their content. Tesla otherwise denies the remaining allegations in Paragraph 66.

13       67.    To the extent the allegations in Paragraph 67 are considered as Tesla's

14   representations and to the extent Paragraph 67 purports to characterize, quote from, or summarize

15   a March 2018 interview of Mr. Musk at the South by Southwest (SXSW) festival in Texas, the

16   content of that interview speaks for itself, and Tesla respectfully refers the Court to that interview

17   for a complete and accurate recitation of its content. Tesla otherwise denies the remaining

18   allegations in Paragraph 67.

19       68.    Tesla admits that Paragraph 68 purports to characterize an incident involving a

20   Tesla vehicle in March 2018. Tesla denies that Autopilot caused that incident and otherwise denies

21   knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

22   allegations in Paragraph 68.

23       69.    Denied.

24       70.    To the extent the allegations in Paragraph 70 are considered as Tesla's

25   representations and to the extent Paragraph 70 purports to characterize or summarize an interview

26   of Mr. Musk on that show, the content of that interview speaks for itself, and Tesla respectfully

27   refers the Court to that interview for a complete and accurate recitation of its content. Tesla

28   otherwise denies the remaining allegations in Paragraph 70.

71.    The allegations in Paragraph 71 are irrelevant to this case that is brought on behalf of a proposed California class, and Tesla therefore denies the allegations in Paragraph 71 on that basis.  Tesla admits that Paragraph 71 purports to characterize an incident involving a Tesla vehicle in 2018.  Tesla denies that Autopilot caused that incident and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 71.

72.    To the extent the allegations in the first sentence of Paragraph 72 are considered as Tesla's representations and to the extent that sentence purports to characterize, quote from, or summarize a May 14, 2018 X post by Mr. Musk, the content of that post speaks for itself, and Tesla respectfully refers the Court to that post for a complete and accurate recitation of its content.  To the extent the second sentence of Paragraph 72 purports to characterize, quote from, or summarize a June 8, 2022 *The New York Times* article and an academic paper, the content of those sources speaks for itself, and Tesla respectfully refers the Court to those sources for a complete and accurate recitation of their content. Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72.

73.    Tesla admits that the Securities and Exchange Commissions ("SEC") filed a lawsuit against Tesla and that Tesla settled the lawsuit.  To the extent Paragraph 73 purports to characterize, quote from, or summarize that lawsuit and ensuing settlement, the content of the settlement speaks for itself, and Tesla respectfully refers the Court to the SEC's announcement of that settlement for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 73.

74.    The allegations in Paragraph 74 are irrelevant to this case that is brought on behalf of a proposed California class, and Tesla therefore denies the allegations in Paragraph 74 on that basis.  To the extent Paragraph 74 purports to characterize, quote from, or summarize two press releases by Thatcham Research (one published on October 18, 2018 and one published on November 8, 2022), the content of those sources speaks for itself, and Tesla respectfully refers the Court to those sources for a complete and accurate recitation of their content.  Tesla otherwise

1    denies knowledge or information sufficient to form a belief as to the truth or falsity of the

2    allegations in Paragraph 74.

3       75.     To the extent the allegations in Paragraph 75 are considered as Tesla's

4    representations and to the extent Paragraph 75 purports to characterize, quote from, or summarize

5    a post by an X user and a response by Mr. Musk in November 2018, the content of those posts

6    speaks for itself, and Tesla respectfully refers the Court to those posts for a complete and accurate

7    recitation of their content.  Tesla otherwise denies the remaining allegations in Paragraph 75.

8       76.     To the extent the allegations in Paragraph 76 are considered as Tesla's

9    representations and to the extent Paragraph 76 purports to characterize, quote from, or summarize

10   an interview posted by *CBS News* on December 9, 2018 and a December 10, 2018 *Wired* article

11   regarding that interview, the content of those sources speaks for itself, and Tesla respectfully refers

12   the Court to those sources for a complete and accurate recitation of their content.  Tesla otherwise

13   denies the remaining allegations in Paragraph 76.

14      77.     Tesla admits that it held a quarterly earnings call in January 2019.  To the extent

15   Paragraph 77 purports to characterize, quote from, or summarize that earnings call, the content of

16   that earnings call speaks for itself, and Tesla respectfully refers the Court to the transcript of that

17   earnings call for a complete and accurate recitation of its content.  Tesla otherwise denies the

18   remaining allegations in Paragraph 77.

19      78.     To the extent the allegations in Paragraph 78 are considered as Tesla's

20   representations and to the extent Paragraph 78 purports to characterize, quote from, or summarize

21   an ARK Invest podcast, the content of that podcast speaks for itself, and Tesla respectfully refers

22   the Court to that podcast for a complete and accurate recitation of its content.  Tesla otherwise

23   denies the remaining allegations in Paragraph 78.

24      79.     Tesla admits that Paragraph 79 purports to characterize two incidents involving

25   Tesla vehicles in 2016 and March 2019.  Tesla denies that Autopilot caused those incidents and

26   otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of

27   the remaining allegations in Paragraph 79.

28

80.     To the extent the allegations in Paragraph 80 are considered as Tesla's representations and to the extent Paragraph 80 purports to characterize, quote from, or summarize a Lex Fridman podcast posted on YouTube on April 12, 2019, the content of that podcast speaks for itself, and Tesla respectfully refers the Court to that podcast for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 80.

81.     Tesla admits that it hosted "Autonomy Investor Day" in Palo Alto in April 2019. To the extent Paragraph 81 purports to characterize, quote from, or summarize a video purportedly posted by Tesla on Vimeo on April 22, 2019 and other sources regarding that event (including an April 22, 2019 *Engadget* article, a video posted by *Tech Insider* on YouTube on April 22, 2019, an April 22, 2019 *CNN Business* article, and an April 23, 2019 *CNBC* article), the content of those sources speak for itself and Tesla respectfully refers the Court to those sources for a complete and accurate recitation of their content.  To the extent Paragraph 81 purports to characterize, quote from, or summarize a July 7, 2019 X post by Mr. Musk and to the extent such allegations are considered as Tesla's representations, the content of that post speaks for itself, and Tesla respectfully refers the Court to that post for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 81.

82.     To the extent Paragraph 82 purports to characterize, quote from, or summarize a May 9, 2019 X post by Mr. Musk and to the extent such allegations are considered as Tesla's representations, the content of that post speaks for itself, and Tesla respectfully refers the Court to that post for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 82.

83.     Tesla admits that its Navigate on Autopilot feature, when active, allows the vehicle to suggest and, if configured, automatically change lanes to pass other vehicles and follow the navigation route.  To the extent Paragraph 83 purports to characterize, quote from, or summarize a May 22, 2019 *Consumer Reports* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content. Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 83.

84.     To the extent Paragraph 84 purports to characterize, quote from, or summarize an October 8, 2019 *Consumer Reports* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content. Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of Paragraph 84.  To the extent the third sentence of Paragraph 84 purports to characterize, quote from, or summarize a January 10, 2016 X post by Mr. Musk and to the extent such allegations are considered as Tesla's representations, the post speaks for itself, and Tesla respectfully refers the Court to that post for a complete and accurate recitation of its content.  To the extent the allegations in the third sentence of Paragraph 84 are considered as Tesla's representations, those representations go beyond the two specific pre-purchase statements identified in the Court's MTD Order, and no response is required; to avoid any doubt, Tesla denies the allegations in the third sentence of Paragraph 84 as irrelevant to the case to the extent a response is required.

85.     Tesla admits that Paragraph 85 purports to characterize an incident involving a Tesla vehicle in December 2019.  Tesla denies that Autopilot caused that incident and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 85.

86.     Tesla denies the allegations in Paragraph 86, except to aver that information regarding NTSB's recommendations to NHTSA is a matter of public record and speaks for itself.

87.     To the extent the allegations in Paragraph 87 are considered as Tesla's representations and to the extent Paragraph 87 purports to characterize, quote from, or summarize an April 11, 2020 X post by Mr. Musk or a April 30, 2020 *Teslarati* article, the content of those sources speaks for itself, and Tesla respectfully refers the Court to those sources for a complete and accurate recitation of their content.  Tesla otherwise denies the remaining allegations in Paragraph 87.

88.     To the extent the allegations in Paragraph 88 are considered as Tesla's representations and to the extent Paragraph 88 purports to characterize, quote from, or summarize an interview posted on YouTube on July 9, 2020, the content of that interview speaks for itself,

and Tesla respectfully refers the Court to that interview for a complete and accurate recitation of its content. Tesla otherwise denies the remaining allegations in Paragraph 88.

89.     Tesla admits that Paragraph 89 purports to characterize an incident involving a Tesla vehicle in August 2020. Tesla denies that Autopilot caused that incident and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 89.

90.     To the extent Paragraph 90 purports to characterize, quote from, or summarize a September 4, 2020 *Consumer Reports* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content. Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90.

91.     To the extent Paragraph 91 purports to characterize, quote from, or summarize a September 2020 study by the AAA Foundation for Traffic Safety, the content of that study speaks for itself, and Tesla respectfully refers the Court to that study for a complete and accurate recitation of its content. Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91.

92.     Tesla admits that in October 2020 it adjusted the price of the FSDC package to $10,000. Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92.

93.     Tesla admits that its counsel sent a November 20, 2020 letter to the California DMV. To the extent Paragraph 93 purports to characterize, quote from, or summarize that letter, the content of that letter speaks for itself, and Tesla respectfully refers the Court to that letter for a complete and accurate recitation of its content. Tesla otherwise denies the remaining allegations in Paragraph 93.

94.     Tesla admits that its counsel sent a December 14, 2020 letter to the California Department of Motor Vehicles. To the extent Paragraph 94 purports to characterize, quote from, or summarize that letter, the content of that letter speaks for itself, and Tesla respectfully refers the

1  Court to that letter for a complete and accurate recitation of its content.  Tesla otherwise denies the

2  remaining allegations in Paragraph 94.

3       95.    Tesla admits that its counsel sent a December 28, 2020 letter to the California

4  DMV.  To the extent that Paragraph 95 purports to characterize, quote from, or summarize that

5  letter, the content of that letter speaks for itself, and Tesla respectfully refers the Court to that letter

6  for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining

7  allegations in Paragraph 95.

8       96.    To the extent the allegations in Paragraph 96 are considered as Tesla's

9  representations and to the extent Paragraph 96 purports to characterize, quote from, or summarize

10  a December 5, 2020 *Business Insider* article, the content of that article speaks for itself, and Tesla

11  respectfully refers the Court to that article for a complete and accurate recitation of its content.  To

12  the extent Paragraph 96 purports to incorporate or summarize any allegations in Paragraphs 93-95

13  above, Tesla refers the Court to Tesla's answers to those allegations.  Tesla otherwise denies the

14  remaining allegations in Paragraph 96.

15       97.    To the extent Paragraph 97 purports to characterize, quote from, or summarize an

16  announcement by non-party Waymo on January 6, 2021, the content of that announcement speaks

17  for itself, and Tesla respectfully refers the Court to that announcement for a complete and accurate

18  recitation of its content.  Tesla otherwise denies knowledge or information sufficient to form a

19  belief as to the truth or falsity of the remaining allegations in Paragraph 97.

20       98.    Tesla admits that it released its earnings in January 2021 and avers that information

21  regarding Tesla's earnings is a matter of public record and speaks for itself.  To the extent

22  Paragraph 98 purports to characterize, quote from, or summarize news articles discussing Tesla's

23  financial condition (including a January 31, 2020 *CNN Business* article, a November 4, 2020 *CNN*

24  *Business* article, a November 25, 2018 *CNBC* article, a November 3, 2020 *CNBC* article, and an

25  April 23, 2019 *CNBC* article), the content of those news articles speaks for itself, and Tesla

26  respectfully refers the Court to those articles for a complete and accurate recitation of their content.

27  Tesla denies the remaining allegations in Paragraph 98.

28

99.     Tesla admits that it held a quarterly earnings call in January 2021.  To the extent Paragraph 99 purports to characterize, quote from, or summarize that earnings call, the content of that earnings call speaks for itself, and Tesla respectfully refers the Court to the transcript of that earnings call for a complete and accurate recitation of its content.  Tesla denies the remaining allegations in Paragraph 99.

100.    To the extent Paragraph 100 purports to characterize, quote from, or summarize a May 2, 2019 *CNBC* article or a March 19, 2023 *The Washington Post* article, the content of those articles speaks for itself, and Tesla respectfully refers the Court to those articles for a complete and accurate recitation of their content.  Tesla otherwise denies the remaining allegations in Paragraph 100.

101.    Tesla admits that it had a phone call with the California DMV staff on March 9, 2021.  To the extent Paragraph 101 purports to characterize, quote from, or summarize a memo memorializing that call, the content of that memo speaks for itself, and Tesla respectfully refers the Court to that memo for a complete and accurate recitation of that memo's content.  Tesla otherwise denies the remaining allegations in Paragraph 101.

102.    Tesla admits that it received an April 21, 2021 letter from the California DMV.  To the extent Paragraph 102 purports to characterize, quote from, or summarize that letter, the content of that letter speaks for itself, and Tesla respectfully refers the Court to that letter for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 102.

103.    To the extent the allegations in Paragraph 103 are considered as Tesla's representations and to the extent Paragraph 103 purports to characterize, quote from, or summarize an April 17, 2021 X post by Mr. Musk, the content of that post speaks for itself, and Tesla respectfully refers the Court to that post for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 103.

104.    Tesla admits that, beginning in 2021, Model 3 and Model Y vehicles built for the North America market were no longer equipped with radar, followed by Model X and Model S in 2022.  To the extent Paragraph 104 purports to characterize, quote from, or summarize a March

25, 2021 *TechCrunch* article or a June 2, 2021 *Reuters* article, the content of those articles speaks for itself, and Tesla respectfully refers the Court to those articles for a complete and accurate recitation of their content. Tesla otherwise denies the remaining allegations in Paragraph 104.

105.    Tesla admits that the California DMV started an investigation into Tesla's marketing of its ADAS technology. To the extent Paragraph 105 purports to characterize, summarize, quote from, or refer to a May 17, 2021 *Los Angeles Times* article regarding that investigation, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content. Tesla otherwise denies the remaining allegations in Paragraph 105.

106.    Tesla avers that information regarding the order issued by NHTSA in June 2021 is a matter of public record and speaks for itself. To the extent Paragraph 106 purports to characterize or summarize that order, the content of that order speaks for itself, and Tesla respectfully refers the Court to that order for a complete and accurate recitation of its content. Tesla otherwise denies the allegations in Paragraph 106.

107.    Tesla admits that in July 2021 it released the "FSD Beta 9" version to a select number of Tesla vehicle owners as an update to the FSDC package. To the extent Paragraph 107 purports to characterize or summarize the "FSD Beta 9" version, Tesla respectfully refers the Court to the release note for a complete and accurate recitation of its content. Tesla otherwise denies the remaining allegations in Paragraph 107.

108.    Tesla admits that it held a quarterly earnings call on July 26, 2021. To the extent Paragraph 108 purports to characterize, quote from, or summarize that earnings call, the content of that earnings call speaks for itself, and Tesla respectfully refers the Court to the transcript of that earnings call for a complete and accurate recitation of its content. Tesla otherwise denies the remaining allegations in Paragraph 108.

109.    Tesla avers that information regarding the investigation by NHTSA in August 2021 is a matter of public record and speaks for itself. To the extent that Paragraph 109 purports to characterize, quote from, or summarize the August 2021 NHTSA investigation or an August 16, 2021 *The New York Times* article regarding that investigation, the content of that investigation

speaks for itself, and Tesla respectfully refers the Court to that investigation for a complete and accurate recitation of its content. Tesla otherwise denies the remaining allegations in Paragraph 109.

110.   To the extent Paragraph 110 purports to characterize, quote from, or summarize public statements made by two U.S. Senators, the content of those public statements speaks for itself, and Tesla respectfully refers the Court to those statements for a complete and accurate recitation of their content. Tesla otherwise denies the remaining allegations in Paragraph 110.

111.   Tesla admits that it received an August 31, 2021 letter from NHTSA requesting information relating to vehicles operating either the Autopilot or the Traffic Aware Cruise Control feature. Tesla avers that the August 31, 2021 NHTSA letter is a matter of public record and refers the Court to that public record for a full and accurate recitation of its content. Tesla further admits that it produced documents in response to NHTSA's requests. Tesla otherwise denies the remaining allegations in Paragraph 111.

112.   Tesla admits that a wider release of "FSD Beta" was announced in September 2021. To the extent Paragraph 112 purports to characterize, quote from, or summarize public statements by NTSB Chair Jennifer Homendy regarding Tesla's release of "FSD Beta," the content of those statements speaks for itself, and Tesla respectfully refers the Court to those statements for a complete and accurate recitation of their content. Tesla denies the remaining allegations in Paragraph 112.

113.   Tesla admits that NHTSA requested information from Tesla on October 12, 2021. Tesla avers that information regarding NHTSA's October 12, 2021 request is a matter of public record and refers the Court to that public record for a full and accurate recitation of its content. Tesla otherwise denies the remaining allegations in Paragraph 113.

114.   Tesla admits that, shortly after it released version 10.3 of "FSD Beta," it temporarily rolled back that version to improve the software. Tesla otherwise denies the remaining allegations in Paragraph 114.

115.   To the extent Paragraph 115 purports to characterize, quote from, or summarize an October 26, 2021 *CNBC* article, the content of that article speaks for itself, and Tesla respectfully

refers the Court to that article for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 115.

116.   Tesla admits that it released an update to "FSD Beta" on October 25, 2021 to improve the software.  Tesla avers that the November 2021 recall is a matter of public record and refers the Court to that public record for a full and accurate recitation of its content.  To the extent Paragraph 116 purports to characterize, summarize, or quote from a November 2, 2021 *Associated Press* article, a February 2, 2022 *The Washington Post* article, or a February 18, 2022 *ArsTechnica* article, the content of those articles speaks for itself, and Tesla respectfully refers the Court to those articles for a complete and accurate recitation of their content.  Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 116.

117.   To the extent Paragraph 117 purports to characterize, quote from, or summarize a November 18, 2021 *CNN Business* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content.  Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 117.

118.   To the extent Paragraph 118 purports to characterize, quote from, or summarize a December 6, 2021 *The New York Times* article or a video posted on Tesla's website on November 18, 2016, the content of those sources speaks for itself, and Tesla respectfully refers the Court to those sources for a complete and accurate recitation of their content.  Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 118.

119.   To the extent the allegations in Paragraph 119 are considered as Tesla's representations and to the extent Paragraph 119 purports to characterize, quote from, or summarize a Lex Fridman podcast posted on YouTube on December 28, 2021, the content of that podcast speaks for itself, and Tesla respectfully refers the Court to that podcast for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 119.

120. Tesla admits that it held a quarterly earnings call in January 2022. To the extent Paragraph 120 purports to characterize, quote from, or summarize that earnings call, the content of that earnings call speaks for itself, and Tesla respectfully refers the Court to the transcript of that earnings call for a complete and accurate recitation of its content. Tesla otherwise denies the remaining allegations in Paragraph 120.

121. To the extent Paragraph 121 purports to characterize, quote from, or summarize a June 2, 2022 *San Francisco Chronicle* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content. Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121.

122. The allegations in Paragraph 122 are irrelevant to this case that is brought on behalf of a proposed California class, and Tesla therefore denies the allegations in Paragraph 122 on that basis. Plaintiff does not identify the source of the allegations in Paragraph 122, which renders it unduly vague and improperly forces Tesla to speculate about its supposed basis, and Tesla therefore denies the allegations in Paragraph 122 on that basis.

123. To the extent Paragraph 123 purports to characterize, quote from, or summarize a July 13, 2022 white paper published by the Dawn Project, the content of that white paper speaks for itself, and Tesla respectfully refers the Court to that white paper for a complete and accurate recitation of its content. Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123.

124. To the extent Paragraph 124 purports to characterize, quote from, or summarize a July 14, 2022 *Electrek* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content. Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 124.

125. Tesla admits that in September 2022, the price of FSDC on new Tesla vehicles was adjusted from $12,000 to $15,000. Tesla otherwise denies the remaining allegations in Paragraph 125.

126.    Tesla admits that it held a quarterly earnings call on October 19, 2022.  To the extent Paragraph 126 purports to characterize, quote from, or summarize that earnings call, the content of that earnings call speaks for itself, and Tesla respectfully refers the Court to the transcript of that earnings call for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 126.

127.    To the extent Paragraph 127 purports to characterize, quote from, or summarize the October 19, 2022 earnings call, the content of that earnings call speaks for itself, and Tesla respectfully refers the Court to the transcript of that earnings call for a complete and accurate recitation of its content.  Paragraph 127 otherwise contains legal arguments and conclusions to which no response is required.  Tesla denies the remaining allegations in Paragraph 127.

128.    To the extent Paragraph 128 purports to characterize, quote from, or summarize an October 20, 2022 *Reuters* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content.  To the extent Paragraph 128 purports to incorporate or summarize any allegations in Paragraphs 126 and 127 above, Tesla refers the Court to Tesla's answers to those allegations.  Tesla otherwise denies the remaining allegations in Paragraph 128.

129.    Plaintiff does not identify the source of the allegations in the first sentence of Paragraph 129, which renders it unduly vague and improperly forces Tesla to speculate about its supposed basis, and Tesla therefore denies those allegations on that basis.  Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 129.  Tesla otherwise denies the remaining allegations in Paragraph 129.

130.    Tesla admits that it held a quarterly earnings call on January 26, 2023.  To the extent Paragraph 130 purports to characterize, quote from, or summarize that earnings call, the content of that earnings call speaks for itself, and Tesla respectfully refers the Court to the transcript of that earnings call for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 130.

131.    To the extent the allegations in Paragraph 131 are considered as Tesla's representations and to the extent Paragraph 131 purports to characterize, quote from, or summarize

an interview posted on YouTube on March 7, 2023, the content of that interview speaks for itself, and Tesla respectfully refers the Court to that interview for a complete and accurate recitation of its content. Tesla otherwise denies the remaining allegations in Paragraph 131.

132. Tesla admits that it held a quarterly earnings call on April 19, 2023. To the extent Paragraph 132 purports to characterize, quote from, or summarize that earnings call, the content of that earnings call speaks for itself, and Tesla respectfully refers the Court to the transcript of that earnings call for a complete and accurate recitation of its content. Tesla otherwise denies the remaining allegations in Paragraph 132.

133. To the extent Paragraph 133 purports to characterize, summarize, or quote from materials on the California DMV website, the content of that website speaks for itself, and Tesla respectfully refers the Court to that website for a complete and accurate recitation of its content. Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133.

134. To the extent Paragraph 134 purports to characterize, quote from, or summarize a June 10, 2023 *The Washington Post* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content. Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 134.

135. To the extent Paragraph 135 purports to characterize, quote from, or summarize a July 18, 2023 *Reuters* article regarding a July 5, 2023 incident involving a Tesla vehicle, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content. Tesla denies that Autopilot caused that incident and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 135.

136. Tesla admits that it held a quarterly earnings call on July 19, 2023. To the extent that Paragraph 136 purports to characterize, quote from, or summarize that earnings call, the content of that earnings call speaks for itself, and Tesla respectfully refers the Court to the

1  transcript of that earnings call for a complete and accurate recitation of its content.  Tesla otherwise

2  denies the remaining allegations in Paragraph 136.

3      137.    To the extent Paragraph 137 purports to characterize, quote from, or summarize an

4  August 10, 2023 *Reuters* article and a December 12, 2023 *NBC4 Washington* article regarding a

5  July 19, 2023 incident involving a Tesla vehicle, the content of those articles speaks for itself, and

6  Tesla respectfully refers the Court to those articles for a complete and accurate recitation of their

7  content.  Tesla denies that Autopilot caused that incident and otherwise denies knowledge or

8  information sufficient to form a belief as to the truth or falsity of the remaining allegations in

9  Paragraph 137.

10     138.    Tesla avers that the California Public Utilities Commission ("CPUC") permits are

11  a matter of public record and Tesla respectfully refers this Court to the CPUC website for a

12  complete and accurate recitation of the content.  Tesla otherwise denies knowledge or information

13  sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 138.

14     139.    To the extent "fully self-driving" refers to SAE Level 4 or Level 5 as alleged in

15  Paragraph 30 of the FAC, Tesla admits that as of the date of this Answer, Tesla's ADAS

16  technology has not reached that level.  To the extent Paragraph 139 purports to characterize, quote

17  from, or summarize a video demonstration posted on Mr. Musk's personal X account on August

18  25, 2023 or an August 29, 2023 *Business Insider* article regarding that video demonstration and to

19  the extent the allegations in Paragraph 139 are considered as Tesla's representations, the content

20  of those sources speaks for itself, and Tesla respectfully refers the Court to those sources for a

21  complete and accurate recitation of their content.  Tesla otherwise denies the remaining allegations

22  in Paragraph 139.

23     140.    To the extent Paragraph 140 purports to characterize, quote from, or summarize an

24  October 2023 joint study done by J.D. Power and the Massachusetts Institute of Technology, the

25  content of that study speaks for itself, and Tesla respectfully refers the Court to that study for a

26  complete and accurate recitation of its content.  Tesla otherwise denies knowledge or information

27  sufficient to form a belief as to the truth or falsity of the remaining allegations contained in

28  Paragraph 140.

141.    Tesla admits that it held a quarterly earnings call on October 18, 2023.  To the extent Paragraph 141 purports to characterize, quote from, or summarize that earnings call, the content of that earnings call speaks for itself, and Tesla respectfully refers the Court to the transcript of that earnings call for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 141.

142.    To the extent Paragraph 142 purports to incorporate or summarize any allegations in Paragraph 80 above, Tesla refers the Court to Tesla's answers to those allegations.  Tesla otherwise denies the allegations in Paragraph 142.

143.    Tesla avers that information regarding the NHTSA's investigations into Autopilot is a matter of public record and refers this Court to that record for a complete and accurate recitation of the contents of the investigation.  To the extent the allegations in Paragraph 143 purport to characterize, quote from, or summarize an April 18, 2022 *Bloomberg News* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content.  Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143.

144.    Tesla avers that information regarding the NHTSA's June 2022 announcement is a matter of public record and refers this Court to that announcement for a complete and accurate recitation of the contents of that announcement.  To the extent Paragraph 144 purports to characterize, quote from, or summarize a June 9, 2022 *The New York Times* article or a June 15, 2022 *The Verge* article, the content of those articles speaks for itself, and Tesla respectfully refers the Court to those articles for a complete and accurate recitation of their content.  Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144.

145.    Tesla avers that information regarding NHTSA's February 2023 recall is a matter of public record and refers this Court to that record for a complete and accurate recitation of the contents of the recall.  Tesla otherwise denies the remaining allegations in Paragraph 145.

146.    Tesla avers that information regarding the Special Order issued by NHTSA on July 26, 2023 is a matter of public record and refers this Court to that record for a complete and accurate

recitation of the contents of the order.  Tesla admits that it provided responses to the order.  To the extent Paragraph 146 purports to characterize, quote from, or summarize an August 29, 2023 *Bloomberg* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 146.

147.    To the extent Paragraph 147 purports to characterize, quote from, or summarize a June 9, 2022 *Reuters* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to those articles for a complete and accurate recitation of its content.  Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 147.

148.    Tesla avers that information regarding the California DMV's July 28, 2022 enforcement actions against Tesla is a matter of public record and refers this Court to that record for a complete and accurate recitation of the contents of those actions.  Tesla otherwise denies the remaining allegations in Paragraph 148.

149.    Tesla admits that it has received requests from the U.S. Department of Justice regarding its ADAS technology.  To the extent Paragraph 149 purports to characterize, quote from, or summarize two articles in *Reuters* (one dated October 26, 2022 and one dated May 8, 2024), the content of those articles speaks for itself, and Tesla respectfully refers the Court to those articles for a complete and accurate recitation of their content.  Tesla denies the remaining allegations in Paragraph 149.

150.    Tesla admits that Plaintiff purports to bring this lawsuit on behalf of a proposed California class, but denies that certification of any class is proper under Federal Rule of Civil Procedure 23.  Tesla denies that Plaintiff or the proposed class is entitled to the relief sought in the FAC or in Paragraph 150, or any relief at all.

151.    Tesla admits that Paragraph 151 purports to exclude certain persons from the proposed class.  Paragraph 151 contains legal arguments and conclusions to which no response is required; to the extent a response is required, Tesla denies the allegations in Paragraph 151.

152.    Tesla admits that Plaintiff purports to reserve the right to amend or modify the proposed class definitions but denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

153.    Paragraph 153 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 153, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

154.    Paragraph 154 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 154, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

155.    Paragraph 155 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 155, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

156.    Paragraph 156 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 156, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

157.    Paragraph 157 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 157.

158.    Plaintiff does not identify the source of the allegations regarding Tesla's representations in Paragraph 158 (except for one), which renders it unduly vague and improperly forces Tesla to speculate about its supposed basis, and Tesla therefore denies those allegations on that basis.  To the extent those representations go beyond the two specific pre-purchase statements identified in the Court's MTD Order, no response is required; to avoid any doubt, Tesla denies the allegations of Paragraph 158 as irrelevant to the case to the extent a response is required.  To the extent Paragraph 158 purports to characterize, quote from, or summarize an October 20, 2016 *NBC News* article, the content of that article speaks for itself, and Tesla respectfully refers the Court to that article for a complete and accurate recitation of its content.  Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 158.

159.    Plaintiff does not identify the source of the allegations regarding Tesla's representations in Paragraph 159 (except for one), which renders it unduly vague and improperly forces Tesla to speculate about its supposed basis, and Tesla therefore denies those allegations on that basis.  To the extent those representations go beyond the two specific pre-purchase statements identified in the Court's MTD Order, no response is required; to avoid any doubt, Tesla denies the allegations of Paragraph 159 as irrelevant to the case to the extent a response is required.  To the extent that Paragraph 159 purports to characterize, quote from, or summarize certain statements posted on Tesla's website as of January 26, 2017, the content of the website speaks for itself, and Tesla respectfully refers the Court to the website for a complete and accurate recitation of its content.  Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 159.

160.    Plaintiff does not identify the source of the allegations regarding Tesla's representations in Paragraph 160 (except for one), which renders it unduly vague and improperly forces Tesla to speculate about its supposed basis, and Tesla therefore denies those allegations on that basis.  To the extent those representations go beyond the two specific pre-purchase statements identified in the Court's MTD Order, no response is required; to avoid any doubt, Tesla denies the allegations of Paragraph 160 as irrelevant to the case to the extent a response is required.  To the extent that Paragraph 160 purports to characterize, quote from, or summarize a newsletter LoSavio received on November 12, 2016, the content of that letter speaks for itself, and Tesla respectfully refers the Court to that letter for a complete and accurate recitation of its content.  Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 160.

161.    Plaintiff does not identify the source of the allegations regarding Tesla's representations in Paragraph 161, which renders it unduly vague and improperly forces Tesla to speculate about its supposed basis, and Tesla therefore denies those allegations on that basis.  To the extent those representations go beyond the two specific pre-purchase statements identified in the Court's MTD Order, no response is required; to avoid any doubt, Tesla denies the allegations of Paragraph 161 as irrelevant to the case to the extent a response is required.  Tesla admits that

1    LoSavio made a one-time payment of $8,000 for Enhanced Autopilot and FSDC, including the

2    right to receive over-the-air software updates.  Tesla otherwise denies knowledge or information

3    sufficient to form a belief as to the truth or falsity of the remaining allegations contained in

4    Paragraph 161.

5        162.    Plaintiff does not identify the source of the allegations regarding Tesla's

6    representations in Paragraph 162, which renders it unduly vague and improperly forces Tesla to

7    speculate about its supposed basis, and Tesla therefore denies those allegations on that basis.  Tesla

8    otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of

9    the remaining allegations contained in Paragraph 162.

10        163.    Plaintiff does not identify the source of the allegations regarding Tesla's

11    representations in Paragraph 163 (except for two), which renders it unduly vague and improperly

12    forces Tesla to speculate about its supposed basis, and Tesla therefore denies those allegations on

13    that basis.  To the extent that Paragraph 163 purports to incorporate or summarize the allegations

14    in Paragraph 75, Tesla refers the Court to Tesla's answers to those allegations.  To the extent that

15    Paragraph 163 purports to characterize, quote from, or summarize certain statements posted on

16    Tesla's website as of April 14, 2019, the content of the website speaks for itself, and Tesla

17    respectfully refers the Court to the website for a complete and accurate recitation of its content.

18    Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity

19    of the remaining allegations contained in Paragraph 163.

20        164.    Plaintiff does not identify the source of the allegations regarding Tesla's

21    representations in Paragraph 164 (except for one), which renders it unduly vague and improperly

22    forces Tesla to speculate about its supposed basis, and Tesla therefore denies those allegations on

23    that basis.  To the extent that Paragraph 164 purports to characterize, quote from, or summarize

24    certain statements posted on Tesla's website as of April 2020, the content of the website speaks

25    for itself, and Tesla respectfully refers the Court to the website for a complete and accurate

26    recitation of its content.  Tesla otherwise denies knowledge or information sufficient to form a

27    belief as to the truth or falsity of the remaining allegations contained Paragraph 164.

28

165.    Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 165, except that to the extent that Paragraph 165 purports to characterize, quote from, or summarize certain software update "release notes" issued by Tesla, the content of those release notes speaks for itself, and Tesla respectfully refers the Court to those release notes for a complete and accurate recitation of their content.

166.    Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 166, except that to the extent that Paragraph 166 purports to characterize, quote from, or summarize documentation of certain software updates issued by Tesla, the content of that documentation speaks for itself, and Tesla respectfully refers the Court to that documentation for a complete and accurate recitation of its content.

167.    Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 167, except that to the extent that Paragraph 167 purports to characterize, quote from, or summarize documentation of certain software updates issued by Tesla for the years 2019, 2020, and 2021, the content of that documentation speaks for itself, and Tesla respectfully refers the Court to that documentation for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 167.

168.    Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 168, except that to the extent that Paragraph 168 purports to characterize, quote from, or summarize documentation of certain software updates issued by Tesla, the content of that documentation speaks for itself, and Tesla respectfully refers the Court to that documentation for a complete and accurate recitation of its content.  Tesla otherwise denies the remaining allegations in Paragraph 168.

169.    Tesla admits that Plaintiff LoSavio has visited Tesla service centers to service his car.  Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 169.

170.    Tesla admits that Plaintiff LoSavio has visited Tesla service centers to service his car.  Tesla further admits that, on August 7, 2020, LoSavio brought his car to one of Tesla Service Centers for service.  To the extent Paragraph 170 purports to characterize, quote from, or

1  summarize the invoice issued for that service, the content of that invoice speaks for itself, and

2  Tesla respectfully refers the Court to that invoice for a complete and accurate recitation of its

3  content. Tesla denies the remaining allegations contained in Paragraph 170.

4      171.    Plaintiff does not identify the source of the allegations regarding Tesla's

5  representations in Paragraph 171, which renders it unduly vague and improperly forces Tesla to

6  speculate about its supposed basis, and Tesla therefore denies those allegations on that basis. To

7  the extent that Paragraph 171 purports to characterize, quote from, or summarize Tesla's website

8  or text received by LoSavio, the content of the website or the text speaks for itself, and Tesla

9  respectfully refers the Court to those sources for a complete and accurate recitation of their content.

10 Tesla otherwise denies the remaining allegations in Paragraph 171.

11     172.    Tesla denies knowledge or information sufficient to form a belief as to the truth or

12 falsity of the allegations contained in Paragraph 172, except that to the extent that Paragraph 172

13 purports to characterize, quote from, or summarize the texts received or sent by LoSavio, the

14 content of the texts speaks for itself, and Tesla respectfully refers the Court to those texts for a

15 complete and accurate recitation of their content. Tesla otherwise denies the remaining allegations

16 in Paragraph 172.

17     173.    Tesla avers that information regarding the recall issued by NHTSA in December

18 2021 is a matter of public record and refers the Court to that public record for a full and accurate

19 recitation of its content. Tesla otherwise denies knowledge or information sufficient to form a

20 belief as to the truth or falsity of the allegations contained in Paragraph 173, except that to the

21 extent that Paragraph 173 purports to characterize, quote from, or summarize the texts received or

22 sent by LoSavio, the content of the texts speaks for itself, and Tesla respectfully refers the Court

23 to those texts for a complete and accurate recitation of their content.

24     174.    Tesla denies knowledge or information sufficient to form a belief as to the truth or

25 falsity of the allegations contained in Paragraph 174, except that to the extent that Paragraph 174

26 purports to characterize, quote from, or summarize the texts received or sent by LoSavio, the

27 content of the texts speaks for itself, and Tesla respectfully refers the Court to those texts for a

28 complete and accurate recitation of their content.

175.    Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 175.  Paragraph 175 also contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 175.

176.    Tesla admits that it has been over 7 years since LoSavio purchased his Tesla in January 2017.  Tesla further admits that it has been over 7 years since LoSavio purchased Enhanced Autopilot for $5,000 and FSDC for $3,000 in January 2017.  Tesla otherwise denies the remaining allegations in the first sentence of Paragraph 176.  Plaintiff does not identify the source of the allegations regarding Tesla's representations in the sentence of Paragraph 176, which renders it unduly vague and improperly forces Tesla to speculate about its supposed basis, and Tesla therefore denies those allegations on that basis.  To the extent Paragraph 176 purports to incorporate or summarize any allegations above, Tesla refers the Court to Tesla's answers to those allegations.  Tesla otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 176.

177.    Tesla admits that there are currently other manufacturers marketing vehicles that compete with Tesla's vehicles and ADAS technology.  Plaintiff does not identify the source of the allegations regarding Tesla's representations in Paragraph 177, which renders it unduly vague and improperly forces Tesla to speculate about its supposed basis, and Tesla therefore denies those allegations on that basis.  To the extent Paragraph 177 purports to incorporate or summarize any allegations above, Tesla refers the Court to Tesla's answers to those allegations.  Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 177.

178.    Tesla admits that LoSavio seeks injunctive relief but denies that he or the proposed class is entitled to such relief.  Paragraph 178 otherwise contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 178.

179.    Tesla restates and adopts its answers to each other paragraph of the FAC as if set forth in full here.

180.    Paragraph 180 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 180.

181.    Paragraph 181 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 181.

182.    Paragraph 182 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 182.

183.    Paragraph 183 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 183.

184.    Paragraph 184 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 184.

185.    Paragraph 185 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 185.

186.    Paragraph 186 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 186.

187.    Paragraph 187 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 187.

188.    Tesla admits that Plaintiff seeks relief as set forth in Paragraph 188.  Tesla denies that Plaintiff or the proposed class is entitled to the relief sought in Paragraph 188, or any relief at all.

189.    Tesla restates and adopts its answers to each other paragraph of the FAC as if set forth in full here.

190.    Paragraph 190 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 190.

191.    Paragraph 191 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 191.

192.    Paragraph 192 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 192.

193.    Paragraph 193 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 193.

194.    Paragraph 194 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 194.

195.    Paragraph 195 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 195.

196.    Paragraph 196 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 196.

197.    Paragraph 197 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 197.

198.    Paragraph 198 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 198.

199.    Paragraph 199 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 199.

200.    Paragraph 200 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 200.

201.    Paragraph 201 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 201.

202.    Paragraph 202 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 202.

203.    Paragraph 203 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 203.

204.    Tesla admits that Plaintiff seeks relief as set forth in Paragraph 204.  Tesla denies that Plaintiff or the proposed class is entitled to the relief sought in Paragraph 204, or any relief at all.

205.    Tesla restates and adopts its answers to each other paragraph of the FAC as if set forth in full here.

206.    Paragraph 206 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 206.

207.    Paragraph 207 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 207.

208.    Paragraph 208 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 208.

209.    Paragraph 209 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 209.

210.    Paragraph 210 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 210.

211.    Paragraph 211 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 211.

212.    Paragraph 212 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 212.

213.    Paragraph 213 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 213.

214.    Paragraph 214 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 214.

215.    Paragraph 215 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 215.

216.    Paragraph 216 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 216.

217.    Paragraph 217 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 217.

218.    Paragraph 218 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 218.

219.    Tesla admits that Plaintiff seeks relief as set forth in Paragraph 219.  Tesla denies that Plaintiff or the proposed class is entitled to the relief sought in Paragraph 219, or any relief at all.

220.    Tesla restates and adopts its answers to each other paragraph of the FAC as if set forth in full here.

221.    Paragraph 221 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 221.

222.    Paragraph 222 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 222.

223.    Paragraph 223 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 223.

224.    Paragraph 224 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 224.

225.    Paragraph 225 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 225.

226.    Tesla admits that Plaintiff seeks relief as set forth in Paragraph 226.  Tesla denies that Plaintiff or the proposed class is entitled to the relief sought in Paragraph 226, or any relief at all.

227.    Tesla restates and adopts its answers to each other paragraph of the FAC as if set forth in full here.

228.    Paragraph 228 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 228.

229.    Paragraph 229 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 229.

230.    Paragraph 230 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 230.

231.    Paragraph 231 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 231.

232.    Paragraph 232 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 232.

233.    Paragraph 233 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 233.

234.    Tesla admits that Plaintiff seeks relief as set forth in Paragraph 234.  Tesla denies that Plaintiff or the proposed class is entitled to the relief sought in Paragraph 234, or any relief at all.

235.    Tesla restates and adopts its answers to each other paragraph of the FAC as if set forth here.

236.    Paragraph 236 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 236.

237.    Paragraph 237 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 237.

238.    Paragraph 238 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 238.

239.    Paragraph 239 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 239.

240.    Tesla admits that Plaintiff seeks relief as set forth in Paragraph 240.  Tesla denies that Plaintiff or the proposed class is entitled to the relief sought in Paragraph 240, or any relief at all.

241.    Tesla restates and adopts its answers to each other paragraph of the FAC as if set forth in full here.

242.    Paragraph 242 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 242.

243.    Paragraph 243 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 243.

244.    Paragraph 244 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 244.

245.    Paragraph 245 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 245.

246.    Tesla admits that Plaintiff seeks relief as set forth in Paragraph 246.  Tesla denies that Plaintiff or the putative class is entitled to the relief sought in Paragraph 246, or any relief at all.

247.    Tesla states that no response is required to Plaintiff's prayer for relief.  To the extent a response is required, Tesla denies that Plaintiff or the proposed class is entitled to the relief sought.

## GENERAL DENIAL

Tesla further denies each and every allegation contained in the FAC to which Tesla has not specifically admitted, denied, or otherwise responded to herein.

## AFFIRMATIVE DEFENSES

Tesla asserts the following affirmative defenses and reserves all rights to amend or supplement these defenses when and if amended or additional defenses become appropriate and/or available in this action, including the right to advance additional defenses pertinent to class members.  The statement of any defense herein does not assume the burden of proof for any issue to which the applicable law places the burden of proof on Plaintiff.

### First Affirmative Defense (Statute of Limitations and/or Doctrine of Laches)

Plaintiff's claims (as well as those of many members of the proposed class) are time-barred by the statute of limitations and/or the equitable doctrine of laches.  Plaintiff purchased his car in January 2017 and brought this action over five years later.  As the Court remarked in its MTD Order, without tolling, his claims would be barred as untimely.  Neither the delayed discovery rule nor the doctrine of equitable tolling applies to Plaintiff's claims.  For example, as to the delayed discovery rule, Plaintiff had inquiry notice of any potential claims and failed to exercise adequate diligence to discover all relevant facts.  As to equitable tolling, Plaintiff cannot show that Tesla took active steps to conceal any alleged wrongdoing beyond the alleged misrepresentations themselves.  Further, Plaintiff cannot establish any excuse for his late discovery of the underlying facts giving rise to his claims.

1

**Second Affirmative Defense (Failure to State a Claim)**

2

The FAC and each cause of action fail to state a claim upon which relief can be granted,

3 including because none of the statements that survived the MTD Order is deceptive or misleading

4 and because Plaintiff cannot show that those statements were false when made or that Tesla knew

5 those statements were false when they were made.  In addition, Plaintiff's claims and/or those of

6 the putative class fail because they cannot show that they relied on the alleged misrepresentations

7 when they decided to purchase a Tesla vehicle, the Enhanced Autopilot package, and/or the FSDC

8 package.

9

**Third Affirmative Defense (Limit on Punitive Damages)**

10

To the extent Plaintiff and/or members of the putative class seek punitive damages,

11 Plaintiff and/or members of the putative class are not entitled to punitive damages because Tesla

12 did not act with malice or wanton dishonesty or in any other manner that would give rise to punitive

13 damages liability.

14

To the extent Plaintiff and/or members of the putative class seek punitive damages, an

15 award of such damages would be unconstitutional.  The imposition of punitive damages in this

16 case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United

17 States Constitution because, first, the California standards for determining the amount of the award

18 are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate

19 punishment that serves no legitimate governmental interest, and second, California's post-verdict

20 review procedures for scrutinizing punitive damage verdicts do not provide a meaningful

21 constraint on the discretion of juries to impose punishment.

22

To the extent Plaintiff's claims are based on statements made by Tesla or its employees,

23 the imposition of punitive damages in this case would violate the First Amendment to the United

24 States Constitution.

25

The imposition of punitive damages in this case based on evidence of Tesla's wealth or

26 financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments

27 to the United States Constitution.

28

### Fourth Affirmative Defense (Failure to Mitigate Damages)

If Plaintiff and/or the putative class suffered any harm/damages (which is expressly denied), Plaintiff's claims and/or those of the putative class are barred, in whole or in part, to the extent Plaintiff and/or the putative class failed to exercise reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly denied). Plaintiff's and/or the putative class's acts, omissions, and conduct were the proximate causes of any harm/damages that Plaintiff and/or the putative class allege they have sustained. Plaintiff and/or the putative class could have avoided all purported harm or damages by taking different actions.

### Fifth Affirmative Defense (Economic Loss Doctrine)

Plaintiff's claims of damages (as well as those of many members of the proposed class) are barred by the economic loss doctrine because he has not alleged any non-monetary damage and because he cannot show that he paid any price premium because of Tesla's representations concerning full self-driving technology.

### Sixth Affirmative Defense (Waiver, Estoppel, and/or Unclean Hands)

Plaintiff's claims and/or those of the putative class are barred, in whole or in part, under the doctrines of waiver, estoppel, and/or unclean hands. Plaintiff has been aware for years of the inherent uncertainty of the development of autonomous driving technology, including before he purchased his Tesla vehicle in January 2017, and he unreasonably delayed in challenging Tesla's representations regarding its vehicles' autonomous driving capabilities.

### Seventh Affirmative Defense (Remedy at Law)

To the extent Plaintiff and/or members of the putative class assert equitable claims, such claims are barred because they have an adequate remedy at law. They would be made whole by damages (to the extent there is any, which is expressly denied).

### Eighth Affirmative Defense (Lack of Standing)

Plaintiff's and/or members of the putative class's claims are barred because they lack standing for injunctive relief. Plaintiff cannot plausibly show that he intends to purchase another vehicle from Tesla, and/or that he is likely to be misled by Tesla's representations regarding full self-driving technology. Further, Plaintiff and/or members of the putative class lack standing to

pursue claims under the FAL, CLRA, and UCL for failure to show that they actually relied on the allegedly deceptive or misleading statements that survived the Court's MTD and Class Orders.

### Ninth Affirmative Defense (No Class/Representative Action)

Plaintiff's claims, brought on behalf of himself and the putative members of the purported class as set forth in the FAC, cannot and should not be maintained on a class-action or representative action basis because: those claims, and each of them, fail to meet the necessary requirements for class certification, including, inter alia, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative and/or counsel.

### Tenth Affirmative Defense (Arbitration)

Plaintiff and/or members of the putative class cannot pursue their claims in this forum to the extent they are subject to an arbitration agreement. *Hill v. Xerox Business Servs., LLC*, 59 F.4th 457 (9th Cir. 2023).

### Eleventh Affirmative Defense (CLRA Notice)

Plaintiff's claims and/or those of the putative class under the CLRA are barred, in whole or in part, to the extent they failed to comply with Cal. Civ. Code § 1782(a) by providing written notice of the alleged violation.

### Twelfth Affirmative Defense (Incorporation by Reference)

Tesla hereby reserves and asserts all affirmative and other defenses available under any applicable federal or state law. Tesla presently has insufficient knowledge or information on which to form a basis as to whether it may have additional affirmative or other defenses available. Tesla does not knowingly or intentionally waive any applicable affirmative defenses and reserves the right to assert additional defenses, counterclaims, cross-claims, and third-party claims at any subsequent stage of this action in the event that discovery indicates that such additional defenses or claims would be appropriate.

\* \* \*

**WHEREFORE**, having fully answered all of the allegations of the Complaint to which any answer is required, Tesla prays for relief and judgment:

A.  Denying Plaintiff and putative class members any relief sought in the FAC or any other relief;

B.  Ordering that Plaintiff and putative class members take nothing, and that judgment be entered against Plaintiff and any certified class;

C.  Awarding Tesla costs and expenses incurred as a result of having to defend this action; and

D.  Granting Tesla such other relief the Court may deem just and proper.

Dated:  September 12, 2025

*/s/ Alan Schoenfeld*
ALAN SCHOENFELD (*pro hac vice*)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel.: (212) 937-7294

DAVID C. MARCUS (SBN 158704)
david.marcus@wilmerhale.com
CHRISTOPHER T. CASAMASSIMA (SBN 211280)
chris.casamassima@wilmerhale.com
JOSHUA A. VITTOR (SBN 326221)
joshua.vittor@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Tel.: (213) 443-5312

ALLISON BINGXUE QUE (SBN 324044)
allison.que@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel.: (650) 858-6000

*Attorneys for Defendant Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated: September 12, 2025                    By:    */s/ Alan Schoenfeld*
                                                            Alan Schoenfeld