October 21, 2025

**VIA ECF FILING & E-MAIL**
Honorable Chief Magistrate Judge Donna M. Ryu (dmrpo@cand.uscourts.gov)

  Re: In re Tesla Advanced Driver Assistance Systems Litigation
     Northern District of California, Case No. 3:22-cv-05240-RFL

Your Honor:

  Pursuant to the Court's Standing Order, the undersigned submit this joint letter regarding a discovery dispute between the parties Plaintiff Thomas LoSavio ("Plaintiff") and Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collectively "Tesla"). The parties met and conferred on the topics herein most recently by video on 10/14/2025.

  Relevant case management deadlines include: 3/6/2026 – Deposition deadline; 4/3/2026 – Close of fact discovery; 4/17/2026 – Mediation deadline; 5/1/2026 – Expert reports; 5/29/2026 – Rebuttal expert reports; 6/19/2026 – Close of expert discovery; 7/10/2026 – Dispositive motion deadline; 8/7/2026 – Oppositions due; 8/28/2026 – Replies due; 9/22/2026 – Dispositive motion hearing; 12/15/2026 – Final Pretrial Conference; 1/11/2026 – Trial. *See* 9/24/2025, Minute Order (ECF No. 168).

  Plaintiff propounded RPDs 66 through 78 on 7/22/2025. Tesla responded on 8/21/2025. The parties met and conferred on 10/14/2025. Tesla refuses to amend. These RPDs seek expert materials about consumer surveys and marketing terms and exhibits about the full self-driving capabilities of Tesla vehicles from a California Department of Motor Vehicles administrative proceeding, captioned *In the Matter of the First Amended Accusation Against Tesla, Inc. dba Tesla Motors, Inc.*, Case No. 21-02188.

## Issue 1 – Tesla's Responses to RPDs 66 and 67

  **Plaintiff's Position:** This case concerns Tesla's marketing that all Tesla vehicles "are equipped with the hardware necessary for full self-driving capability." Certification Order (ECF No. 138) at 2-3. The DMV claims, *inter alia*, that Tesla's label "Full Self-Driving Capability" was misleading. DMV Trial Brief at 5. In its defense, Tesla offered a marketing expert, Dr. Nowlis, who conducted a consumer survey to test whether Tesla's advertising misleads consumers into believing that Tesla vehicles are autonomous and do not require active driver supervision. Dr. Nowlis' DMV testimony shows that he tested the label "full self driving capability" ("Q. And then looking again at the slide questions 2 and 4 are, again, saying -- question 2 with respect to autopilot and 4 with respect to full self-driving capability, the question you asked was: "Does the information shown above communicate to you that the autopilot straight driving suite requires active driver supervision?" DMV Day 4 Tr. at 277). Tesla also offered a linguistics expert, Dr. Disner, who similarly analyzed Tesla's use of the label "Full Self-Driving Capability" to determine how reasonable consumers interpret it. ("Q. Let's go to slide Z36. This is just the title slide for "Full Self-Driving Capability." Did you also, as part of

your analysis --well, as part of your preparation for today, analyze the phrase "full self-driving capability" is understood? A. I did." DMV Day 3 Tr. at 46).[1]

RPDs 66 and 67 seeks all documents related to these expert reports and surveys. Tesla objected that the RPDs were overbroad, disproportionate, irrelevant, that its experts did not submit "expert report(s)," and to the extent privileged materials were sought. First, neither request is overbroad or disproportionate to the needs of the case, because both seek a distinct set of documents from hearings conducted just this summer. <u>Moreover, as a compromise, Plaintiff is proposing that Tesla simply produce the demonstratives used by these two experts at the DMV hearing, while reserving the option to seek underlying documents or data referenced therein.</u>

Tesla's proposed compromise, below, would only produce "expert reports and testimony" "that are not privileged and relevant to this case as narrowed by the scope of Judge Lin's motion to dismiss and class certification orders." That proposal is unworkable, since it gives Tesla sole discretion to decide what is relevant and leaves Plaintiff to guess what has been excluded. Discovery provisions are to be applied as broadly and liberally as possible. <u>Hickman v. Taylor, 329 U.S. 495, 506-507 (1947)</u>. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. *Id.* at 507. Here, the two sets of demonstratives relied on by Tesla's experts both relate to consumer understanding of the label "Full Self-Driving Capability" – something directly relevant here because this action concerns the same marketing.

Tesla's unsupported invocation of privilege in its proposed compromise lacks merit, because all Plaintiff seeks is material already shared at the public DMV hearing. As to Tesla's original boilerplate objections, those lacked merit under FRCP Rule 34 for failing to explain "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Essex Ins. Co. v. Interstate Fire & Safety Equip. Co.*, 263 F.R.D. 72, 74 (D. Conn. 2009)(citation omitted).

**Tesla's Position:** Requests Nos. 66 and 67 ask for "[a]ll DOCUMENTS related to or concerning the expert report and consumer survey prepared by [Tesla's experts] in connection with [Tesla's] defense" in the CA DMV Action "including but not limited to the expert report itself, the survey and all survey data, and any testimony." Plaintiff fails to demonstrate the relevance of any of these materials to this case. Nor does he even attempt to justify the breadth of his request for "all" documents "related to or concerning" an expert report and consumer survey—including "all survey data"—from a different litigation, which was not about statements at issue in this case.

Plaintiff argues that just because Tesla produced certain materials and proffered certain witnesses in the CA DMV Action that he is entitled to those materials and witness testimony in this case. Not so: Courts have routinely found that because a party "produced certain documents in [other] cases does not necessarily make them discoverable in this case." *Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at *2-3 (S.D. Cal. Aug. 14, 2009); *see also Moore v. Morgan Stanley & Co., Inc.*, 2008 WL 4681942, *5 (N.D.Ill.2008); *State of Oklahoma ex. Rel. v. Tyson Foods,*

---

[1] In fact, Tesla's own DMV trial brief discusses the Hardware phrase. Trial Brief at 12.

*Inc.*, 2006 WL 2862216, *2 (N.D.Okla.2006). If anything, Plaintiff's theory of relevance here underscores his overbroad approach to discovery, in which he assumes that anything tangentially connected to Tesla's Full Self Driving Capability technology ("FSDC") is automatically relevant here. That theory flies in the face of Judge Lin's Motion to Dismiss and Class Certification orders, which specifically rejected Plaintiff's purported reliance on any alleged misstatements other than the Hardware Statement for purposes of establishing classwide liability. *See* ECF No. 96 at 6-7; ECF No. 157 at 12-13. Because Plaintiff offers no independent basis to support the relevance of the sought materials, his request should be denied.

To start, Tesla's experts' CA DMV testimony does not opine on "the same marketing" at issue in this action nor is it relevant to the claims and defenses in the current action. The DMV's First Amended Accusation identifies two product labels (FSDC and "Autopilot") and two alleged misstatements that were at issue in that case:

1. "[t]he system is designed to be able to conduct short and long-distance trips with no action required by the person in the driver's seat"; and

2. "[f]rom Home – All you will need to do is get in and tell your car where to go. If you don't say anything, your car will look at your calendar and take you there as the assumed destination. Your Tesla will figure out the optimal route, navigating urban streets, complex intersections and freeways. To your Destination – When you arrive at your destination, simply step out at the entrance and your car will enter park seek mode, automatically search for a spot and park itself. A tap on your phone summons it back to you."

First Amended Accusation (November 20, 2023) at 2. Neither the labels nor the alleged misstatements that were at issue in the CA DMV Action are at issue in this action. That Tesla's experts testified about these product labels and alleged misstatements in the CA DMV Action does not render even their testimony relevant here, let alone "all data" underlying a survey pertaining to statements *not* at issue here. *See, e.g.*, *Chen*, 2009 WL 2496729, at *2-3; *Pacific Wine Distributors, Inc. v. Vitol Inc.*, 2022 WL 1489474, at *1 (N.D. Cal. May 11, 2022) (denying motion to compel where "Vitol has not met its burden of showing that every single document, expert report, and deposition transcript (from January 2013 to the present) produced by Chevron in Persian Gulf is relevant to this litigation").

Furthermore, Plaintiff inappropriately distorts the fact that Tesla's CA DMV trial brief made passing reference to the Hardware Statement. The trial brief only mentions the Hardware Statement to illustrate what was *not* at issue in that case. *See* DMV Trial Brief at 12 (distinguishing hardware from software available to utilize full self-driving features). Its mere reference does not warrant wholesale clone discovery into the matters at issue in the CA DMV Action.

The scope of discovery must reflect the narrowed scope of this case. Plaintiff is seeking broad and vaguely defined discovery into issues—*e.g.* the alleged inaccuracy of the Autopilot and FSDC labels—that have been specifically struck from this case. And even if there was some limited factual overlap between this case and the CA DMV Action, that overlap does not justify "a *carte blanche* production of all documents from the prior cases" because Plaintiff must "be able

to demonstrate that the information he seeks is relevant to his claims in *this* case." *Chen* 2009 WL 2496729, at *2-3. Plaintiff has not done so here.

Without meeting and conferring, Plaintiff rejects Tesla's compromise proposal on the bases that it (1) "gives Tesla sole discretion to decide what is relevant;" and (2) would allow Tesla to preserve privilege over any otherwise responsive and relevant privileged documents.

With respect to (1), parties review their documents and make determinations about what is relevant for production all the time in cases everywhere, in every court. Tesla does not have "sole discretion what is relevant . . . leav[ing] Plaintiff to guess what has been excluded" because the Court has defined the scope of what is relevant and the requests at issue define the universe of documents from which Tesla would review and potentially produce. It is Plaintiff, not Tesla, that is trying to act unilaterally here, by arbitrarily defining as relevant documents from another proceeding without any bearing on their substance and without any regard to the Court's instructions about what is relevant here and what is not. If anything, Plaintiff has more direction on what Tesla might produce, not less, than what is typically the case. If Plaintiff is really intimating that Tesla and its counsel would not operate in good faith to produce documents accordingly, that would be baseless and inconsistent with the Northern District Guidelines for Professional Conduct.

Regarding (2), of course Tesla will not agree to waive privilege. That is all Tesla was conveying with respect to its compromise proposal based on the requests at issue. And that is necessary here for Plaintiff's requests, because, despite Plaintiff's argument, the requests are not narrow, but seek documents pursuant to the common but nonetheless overbroad and vague formulation of "all documents related to or concerning" a subject matter. That inherent vagueness and overbreadth is itself one reason why the requests are objectionable and warrant an explicit reservation of any applicable privileges.

**The Parties' Final Proposed Compromises: Plaintiff proposes** that for now, Tesla produce the demonstratives used at the DMV hearing by Dr. Nowlis and Dr. Disner, but reserves the right to seek underlying documents or data referenced therein. **Tesla proposes** that it will produce the expert reports and testimony requested by Plaintiff, if any, that are not privileged and relevant to this case as narrowed by the scope of Judge Lin's motion to dismiss and class certification orders.

**Issue 2 – Tesla's Responses to RPDs 68 through 78**

**Plaintiff's Position:** RPDs 68 through 78 seek release notes for features of Tesla's Full Self-Driving ("FSD") package, *e.g.*, the FSD Beta Update, FSD (Supervised), "ASS and Dumb Summon Feature," etc. These release notes were all listed Tesla exhibits from the DMV proceeding. Tesla refuses production and objected that the requests were disproportional, irrelevant, duplicative of prior RPDs, and sought information previously produced.

As explained above, Tesla's relevance objections fail because the DMV action concerned Tesla's "Full Self-Driving Capability" claim and these release notes will both further describe the capabilities of its FSD features and evidence their limitations, including any hardware-based

limitations. Its unsupported burden objections lack merit, particularly given that Tesla already used each of these documents as exhibits in the DMV action. Its claim that the RPDs are duplicative fails because that objection must do more than generically assert that materials have "already been produced." *Safeair, Inc. v. AirTran Airways, Inc.*, 2009 WL 4066819, at *2–3 (W.D. Wash. Nov. 20, 2009) (party must identify by specific reference which documents are responsive; it cannot leave the requesting party to "guess regarding which previously-produced documents it believes are relevant"*) See also Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652, 656 (D. Mont. 2018). Further demonstrating that its objections are improper, as support Tesla repeatedly references the same 3 documents, TSLA_LOSAVIO_00003583 (a spreadsheet summary of release notes), and LOSAVIO_001960-61 (two photos of the FSD (Supervised) v12.5.4.2 Release Notes). Clearly these 3 documents, 2 of which are for the same feature, do not satisfy 11 discrete RPDs. Tesla should produce the requested exhibits.

**Tesla's Position:** Tesla's reiterates and incorporates by reference its argument in opposition to Issue 1, which applies with equal force the Tesla's responses Plaintiff's Request Nos. 68 through 78. These requests seek release notes produced in the CA DMV Action. Because the fact that these documents were produced in the CA DMV Action does not, in and of itself, render them relevant here, and because Plaintiff has otherwise failed to demonstrate relevance, Plaintiff's motion should be denied.

**The Parties' Final Proposed Compromises: Plaintiff proposes** that Tesla produce the specific exhibits or provide the specific Bates ranges showing where each exhibit has already been produced. This is far from seeking carte blanche production of all documents from the prior case. **Tesla proposes** that it will produce the release notes requested by Plaintiff, if any, that are not privileged and relevant to this case as narrowed by the scope of Judge Lin's motion to dismiss and class certification orders.

Respectfully submitted,

Dated: October 21, 2025              **COTCHETT PITRE & McCARTHY LLP**

                                     By:        */s/ Julie L. Fieber*
                                           Julie L. Fieber (SBN 202857)
                                           *Attorneys for Plaintiff and the Class*

Dated: October 21, 2025              **WILMER CUTLER PICKERING HALE AND DORR LLP**

                                     By:        */s/ Joshua Vittor*
                                           Alan Schoenfeld (*pro hac vice*)
                                           alan.Schoenfeld@wilmerhale.com
                                           David Marcus (SBN 158704)
                                           david.Marcus@wilmerhale.com
                                           Christopher T. Casamassima (SBN 211280)
                                           chris.casamassima@wilmerhale.com

Joshua A. Vittor (SBN 326221)
joshua.vittor@wilmerhale.com
*Attorneys for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*
