FILED

OCT 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS J. LOSAVIO, on behalf of himself and all others similarly situated,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>TESLA, INC., doing business as Tesla Motors, Inc.; TESLA LEASE TRUST; TESLA FINANCE, LLC,<br><br>Defendants - Appellants. | No. 25-7927<br><br>D.C. No.<br>3:22-cv-05240-RFL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Rita F. Lin, District Judge

Argued and Submitted August 31, 2026
San Francisco, California

Before: GOULD, BYBEE, and BRESS, Circuit Judges.

Thomas J. LoSavio brought this class action lawsuit on behalf of himself and similarly situated individuals alleging that Tesla, Inc. and several affiliated companies (collectively, Tesla) violated California's consumer protection statutes

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and common law by misrepresenting Tesla cars' hardware capabilities with respect to the full self-driving (FSD) packages that Tesla sold. The district court certified two classes under Federal Rule of Civil Procedure 23(b)(3) and a third class under Rule 23(b)(2). Tesla filed a motion under Rule 23(f) seeking permission to file an interlocutory appeal challenging the district court's class certification order, which we granted. We have jurisdiction under 28 U.S.C. § 1292(e) and Rule 23(f). *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 662–63 (9th Cir. 2022) (en banc).

Class certification under Rule 23 is reviewed for an abuse of discretion. *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 956 (9th Cir. 2013). However, "an error of law is a per se abuse of discretion." *Id.* "Accordingly, we first review a class certification determination for legal error under a de novo standard, and 'if no legal error occurred, we will proceed to review the . . . decision for abuse of discretion.'" *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1002 (9th Cir. 2018) (ellipsis in original) (quoting *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1091 (9th Cir. 2010)).

We hold that the district court erred by inferring classwide exposure to the allegedly misleading Hardware Statement and concluding that Rule 23(b)(3)'s predominance requirement was satisfied. Our decision is ultimately based on the district court's decision to infer classwide exposure to Tesla's Hardware Statement,

but this legal error has wide-reaching implications for this case. The absence of inferable classwide exposure affects (1) LoSavio's ability to establish an element of his claims on a classwide basis, (2) the classwide applicability of defenses to the statute of limitations, and (3) the boundaries of the injunctive-relief class itself. Since the exposure issue is dispositive, we do not address the propriety of LoSavio's proposed damages model. Accordingly, we vacate the district court's order certifying the (b)(3) classes and the (b)(2) class and remand for further proceedings.

1. The district court erred by inferring classwide exposure to the Hardware Statement. In class action litigation, plaintiffs bear the burden of demonstrating that the requirements of Rule 23—including 23(b)(3)'s predominance requirement—are satisfied. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588–89 (9th Cir. 2012). To satisfy the predominance requirement in this case, LoSavio had to demonstrate classwide exposure to the Hardware Statement. *See id.* at 595–96; *Downey v. Pub. Storage, Inc.*, 258 Cal. Rptr. 3d 290, 299–300 (Ct. App. 2020) (collecting cases).

To carry this burden, California plaintiffs often attempt to establish a presumption of classwide exposure. *See Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624, 630–31 (9th Cir. 2020). To establish a presumption of classwide exposure, "the operative question has become whether the defendant so pervasively disseminated material misrepresentations that all plaintiffs must have been exposed to them." *Id.* at 631. To date, we have recognized a presumption of classwide exposure in two

scenarios: (1) where the misrepresentation was part of an "extensive and long-term [fraudulent] advertising campaign," *Mazza*, 666 F.3d at 595–96 (alteration in original) (quoting *In re Tobacco II Cases*, 207 P.3d 20, 41 (Cal. 2009)); and (2) where the challenged representation appeared on a product's label or in another medium that is typically provided to all customers, *see*, *e.g.*, *Noohi v. Johnson & Johnson Consumer Inc.*, 146 F.4th 854, 869 (9th Cir. 2025) (product labels); *Walker*, 953 F.3d at 627–28, 631 (pre-application policy illustrations given to customers prior to purchase).

The district court analogized this case to the line of cases dealing with product labels, highlighting Tesla's unique marketing strategy and the central role the company's website played in disseminating information about Tesla's vehicles generally and Tesla's FSD technology specifically. To the district court, these factors made it "highly likely" that customers would "visit the website when considering the purchase of an expensive package such as . . . FSD."

The district court's analogy and conclusion were legally erroneous. An inference of exposure is warranted in product label cases because, so long as the label is consistently used, every purchaser necessarily has the allegedly misleading statement in front of him. Here, by contrast, and as the district court recognized, "there [was] no specific requirement forcing [FSD purchasers] through the Autopilot page to complete their purchase." Consequently, the inference of exposure invoked

here requires two assumptions: first, that FSD purchasers made it to the Autopilot webpage; and second, that the buyers were exposed to the Hardware Statement on that webpage. Even if the prominence of the Hardware Statement on the Autopilot webpage supports the second assumption, the first assumption prevents an inference of classwide exposure. *See Sevidal v. Target Corp.*, 117 Cal. Rptr. 3d 66, 73–76, 83–85 (Ct. App. 2010) (refusing to infer exposure where customers had to click an optional tab on a product webpage to view the misleading statement).

Other evidence that LoSavio highlights is also insufficient to prove class members' individual exposure to the Hardware Statement or to support an inference of classwide exposure to the Hardware Statement. Although the district court noted that Tesla's website-traffic data was "consistent with a finding of class-wide exposure," it did so in the context of Tesla's attempts to *rebut* the presumption of exposure. This data, by itself, does not demonstrate that all class members must have been exposed to the Hardware Statement. *See Walker*, 953 F.3d at 631.

To the extent the district court relied on statements that reinforce the core message contained in the Hardware Statement but did not appear on the Autopilot webpage, these statements were not made on a product label or otherwise distributed to all prospective FSD purchasers. *See Noohi*, 146 F.4th at 869; *Walker*, 953 F.3d at 627–28, 631. Nor did these statements constitute (whether alone or in combination with the Hardware Statement's publication on the Autopilot webpage) "an extensive

and long-term advertising campaign" sufficient to warrant an inference of classwide exposure. *Mazza*, 666 F.3d at 595–96.

The exposure problem also infects the district court's analysis of the statute of limitations defenses. The district court concluded that common questions concerning the limitations defenses predominated because the defenses "turn primarily on the objective inquiry of whether Tesla's misrepresentations to the class stopped a consumer from discovering the cause of action or pursuing a lawsuit." But such an inquiry depends on the class members' exposure to the Autopilot website (where Tesla attributed delays in FSD functionality to regulatory hurdles) and, potentially, other statements that Tesla made. Although the presence of some individualized questions concerning a limitations defense will not bar class certification in every case, certification was inappropriate in this particular case because individualized questions of exposure pervade the statute of limitations analysis. *See Cameron v. E.M. Adams & Co.*, 547 F.2d 473, 478 (9th Cir. 1976).

In sum, common questions concerning class members' exposure to the Hardware Statement and the applicability of the limitations defenses do not predominate over individualized questions, and the district court erred when it concluded otherwise. Accordingly, we vacate the portion of the district court's order certifying the (b)(3) classes and remand for further proceedings.

2. Since we hold that the (b)(3) classes were improperly certified, the district court's certification of the injunctive-relief class under Rule 23(b)(2) cannot stand. The district court defined the (b)(2) class to include a subset of individuals in the (b)(3) classes. Because the former is inextricably linked with the latter, the (b)(2) class rises and falls with the (b)(3) classes. Consequently, we also vacate the portion of the order certifying the (b)(2) class and remand to the district court for further proceedings.

**VACATED AND REMANDED.**